1  [See signature page for counsel]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DECLARATORY RELIEF        1        Case No. _____

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs Google Inc. ("Google"), AOL LLC ("AOL"), Yahoo! Inc. ("Yahoo!"), IAC Search & Media, Inc. ("IACSAM"), and Lycos, Inc. ("Lycos") (collectively, "Plaintiffs") hereby demand a jury trial and allege as follows for their complaint against L. Daniel Egger ("Egger"), Software Rights Archive, LLC ("SRA"), and Site Technologies, Inc. ("Site Technologies"). All facts herein are alleged on information and belief except those facts concerning the activities of Google, AOL, Yahoo!, IACSAM, and Lycos.

**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

1. Defendant SRA filed a lawsuit against Plaintiffs Google, AOL, Yahoo!, IACSAM, and Lycos in the Eastern District of Texas, Marshall Division, in an action styled *Software Rights Archive, LLC. v. Google Inc. et al.*, C.A. No. 2:07-cv-511-TJW ("the Eastern District of Texas Action"), alleging infringement of U.S. Patent No. 5,544,352 ("the '352 patent") (a true copy being attached as Exhibit A), U.S. Patent No. 5,832,494 ("the '494 patent") (a true copy being attached as Exhibit B), and U.S. Patent No. 6,233,571 ("the '571 patent") (a true copy being attached as Exhibit C) by Plaintiffs' activities in California and elsewhere (collectively, the '352, '494 and '571 patents will be referred to as "the Patents-In-Suit.") A true and correct copy of the complaint in the Eastern District of Texas Action is attached as Exhibit D.[1]

**PARTIES**

2. Plaintiff Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3. Plaintiff AOL is a limited liability company organized and existing under laws of the state of Delaware with a principal place of business at 22000 AOL Way, Dulles, Virginia, 20166-9323.

4. Plaintiff Yahoo! is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

5. Plaintiff IACSAM is a Delaware Corporation with its principal place of business at 555 12th Street, Suite 500, Oakland, California 94607-3699.

6. Plaintiff Lycos is a Virginia Corporation with its principal place of business at 100 5th Avenue, Suite 501, Waltham, Massachusetts 02451-8724.

7. Defendant Egger is an individual who resides at 2027 West Club Blvd, Durham, NC 27705. Defendant Egger is the managing member of Defendant SRA.

8. Defendant SRA is a limited liability company organized and existing under the laws of Delaware. SRA's business address is 485 Madison Avenue, New York, New York 10022.

9. Defendant Site Technologies is a suspended California corporation having the address of 1120 Forest Ave #301, Pacific Grove, California 93950.

**INTRADISTRICT ASSIGNMENT**

10. Under Civil Local Rules 3-2(c) and (e) and 3-5, this action, being a declaratory judgment action based on patent claims, but also arising out of transactions and the disposition of property in Monterey County and/or Santa Clara County, by an entity that under the jurisdiction of the United States Bankruptcy Court for the Northern District of California San Jose Division, may appropriately be assigned to the San Jose Division.

**FACTS**

11. The patent application that issued as the '352 patent was filed with the United States Patent and Trademark Office ("USPTO") on June 14, 1993 and named Defendant Egger as the sole inventor. Pursuant to an assignment recorded with the USPTO, Defendant Egger assigned all his rights in this application to Libertech, Inc., a Delaware corporation, on or around November 9, 1993.

12. On May 17, 1996, the patent application that issued as the '494 patent was filed as a continuation-in-part application to the application that issued as the '352 patent. It also named Defendant Egger, as well as Shawn Cannon and Ronald D. Sauers, as inventors. Pursuant to an assignment recorded with the USPTO, all three co-inventors assigned all their rights in the application that issued as the '494 patent to Libertech, Inc. on June 18, 1996. A divisional application of the '494 patent issued as the '571 patent.

---

[1] Plaintiffs note for the Court's benefit that a Status Conference has very recently been set for July 29, 2008 in the Eastern District of Texas Action.

COMPLAINT FOR DECLARATORY RELIEF             3             Case No. _____

13. On August 22, 1996, Libertech, Inc. changed its name to Site/Technologies/Inc. Since Libertech, Inc. and Site/Technologies/Inc. are merely different names for the same company, for ease of reference and to avoid confusion, we will continue to refer to Libertech Inc. and Site/Technologies/Inc. as "Libertech" except as where necessary to distinguish between the two names.

14. On or around July 11, 1997, Deltapoint, Inc., a California company ("Deltapoint"), purchased all the shares of Libertech, which became a wholly-owned subsidiary of Deltapoint. After the sale, Libertech remained the sole holder of record title to the '352 patent and the application that would issue as the '494 and '571 patents.

15. Thereafter Deltapoint (the California company and parent of Libertech) changed its name to Site Technologies, Inc.[2] Since Deltapoint, Inc. and Site Technologies, Inc. are merely different names for the same company, for ease of reference and to avoid confusion, we will continue to refer to Deltapoint, Inc. and Site Technologies, Inc. as "Deltapoint" except as where necessary to distinguish between the two names.

16. On or around September 16, 1998, Defendant Egger negotiated with Deltapoint to obtain technology pertaining to a product called "V-Search." Defendant Egger and Deltapoint purportedly entered into a Bill of Sale, Assignment and License Agreement ("1998 Assignment") (Exhibit E) pursuant to which Defendant Egger would pay $100,000 to obtain software, software copyrights, software licenses, trademarks, certain physical property, and rights to the '352 patent and certain related patent applications.

17. Publicly available documents, however, indicate that Defendant Egger did not pay the full purchase price set forth in the Bill of Sale.

18. Nevertheless, on information and belief, in an undated assignment ("Undated Assignment") included with Exhibit E and purportedly attested by Sharon Fugitt, Deltapoint allegedly assigned its interest in the '352 patent to Defendant Egger. (Exhibit E at pp. 6-7).

---

[2] Deltapoint aka "Site Technologies, Inc." is distinguishable from "Site/Technologies/Inc." aka Libertech, the Delaware corporation, by the absence of slashes in its name and the fact that it is a California corporation and not a Delaware corporation.

COMPLAINT FOR DECLARATORY RELIEF 4 Case No. _____

19. However at the time of the 1998 Assignment, Deltapoint did not have title to the '352 patent, nor to any of the other applications that issued as the '494 and '571 patents, and therefore did not convey legal title to Defendant Egger by way of either the Bill of Sale or the Undated Assignment of Exhibit E.

20. Instead, Libertech retained legal title to the '352 patent and the applications that would issue as the '494 and '571 patents.

21. After the alleged (but ineffective) assignment of the '352 patent to Defendant Egger by Deltapoint, around February 1999, Deltapoint entered bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of California, San Jose Division. At this time, Libertech (a.k.a. Site/Technologies/Inc.), the Delaware corporation, had a principal place of business at 380 El Pueblo Rd., Scotts Valley, California 95066, which is its last known address.

22. On or about March 1, 1999, Libertech's (a.k.a. Site/Technologies/Inc.) Certificate of Incorporation expired. On or about December 15, 2000, Jeffrey Ait, Chief Executive Officer of Deltapoint, filed a Certificate of Renewal and Revival of the Certificate of Incorporation of Libertech (a.k.a. Site/Technologies/Inc.), purporting to revive the defunct corporation. On or around December 21, 2000, Mr. Ait then filed a Certificate of Ownership and Merger with the Delaware Secretary of State which stated that Libertech (a.k.a. Site/Technologies/Inc.) was being merged into Deltapoint, with Deltapoint (a.k.a. Site Technologies, Inc.), the California corporation, as the surviving entity. (Exhibit F).

23. Nonetheless, after and despite these events, on February 11, 2005 Defendant Egger, the controlling member of Defendant SRA, purporting to be the president of the defunct and/or nonexistent Libertech (Site/Technologies/Inc.), executed an assignment purporting to transfer title in the '352 and '494 patents to himself, which was recorded with the USPTO. A copy of the document is attached as Exhibit G (hereinafter "the 2005 Assignment"). Consistent with the failure of the 1998 Assignment to transfer title to Defendant Egger, the 2005 Assignment states that, as of February 11, 2005, Site/Technologies/Inc. (formerly Libertech) was "the owner of the patent(s) identified on Schedule A" namely the '352 and '494 patents and that it "covenants and

agrees that it has full right to convey the entire interest herein assigned" which was stated as "the entire right, title, and interest in and to the Patents."

24. The 2005 Assignment is the sole alleged assignment recorded with the USPTO that purports to transfer the title held by Site/Technologies/Inc. (formerly Libertech) in the '352 and '494 patents. However, as noted above, at the time of the 2005 Assignment, Site/Technologies/Inc. (formerly Libertech) was a defunct and/or nonexistent company. Therefore, Site/Technologies/Inc. (formerly Libertech) did not and could not convey title to Defendant Egger by way of the 2005 Assignment.

25. Moreover, Defendant Egger lacked authority to transfer the '352 and '494 patents to himself on February 11, 2005.

26. Eleven (11) days after the alleged assignment of the '352 and '494 patents by Defendant Egger as an alleged officer of a defunct and/or nonexistent company, on February 22, 2005, Defendant Egger assigned the rights that he purportedly acquired by virtue of the 2005 Assignment to Defendant SRA.

27. On November 21, 2007, Defendant SRA filed its complaint in the Eastern District of Texas Action against Plaintiffs and alleged infringement of the '352, '494, and '571 patents. As demonstrated above, Defendant SRA had no standing to bring such a complaint against Plaintiffs, and the Court in the Eastern District of Texas has no jurisdiction over that action and the action should be dismissed for lack of standing.

## JURISDICTION AND VENUE

28. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-27.

29. This action arises under the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2002. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

30. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant Site Technologies, Inc. resides in this district, because a substantial part of the events, acts, and/or omissions giving rise to the claims against Defendants occurred in this district,

including the bankruptcy of Defendant Site Technologies, Inc., and the alleged infringing instrumentalities were developed and/or operate in this district.

31. The Court has personal jurisdiction over Defendant Egger and Defendant SRA because Defendant Egger has engaged in business in California, among other things, by purposefully reaching into California to attempt to acquire the Patents-in-Suit from Deltapoint (a.k.a. Site Technologies, Inc.), a California corporation. Further, in 1996 Defendant Egger made purposeful contacts with this district to arrange the sale of Libertech, Inc. to Deltapoint Inc., a California corporation, knowing that Deltapoint, Inc. was a California corporation and did business principally in California. Further still, on February 11, 2005, Defendant Egger, in concert with and for the benefit of Defendant SRA, held himself out to be an officer of the defunct and/or nonexistent Site/Technologies/Inc. (a.k.a. Libertech), and executed the 2005 Assignment in which he purported to dispose of the property which, on information and belief, is held in California by a California company. Defendant Egger, through the instrumentality of Defendant SRA, has also sued Google, Yahoo!, and IACSAM – all California companies – for alleged patent infringement, purporting to hold legal title to the Patents-In-Suit, which are held in California by a California company. By these and other actions, Defendants Egger and SRA have caused damage to California and persons, including Plaintiffs Google, Yahoo!, and IACSAM in California.

32. Around September 2004, Defendant Egger established Software Rights Archive, Inc., the entity now known as Software Rights Archive, LLC (Defendant SRA). As of at least around February 2005, Defendant SRA had no substantial business activities except to purportedly hold the Patents-in-Suit.

33. As of November 21, 2007, Defendant SRA's sole business activity has been to prosecute an action against Plaintiffs for alleged infringement of the Patents-in-Suit. Defendant Egger remains the controlling member of Defendant SRA and is using Defendant SRA as a shell entity to prosecute the Eastern District of Texas Action against Plaintiffs.

34. In the Eastern District of Texas Action, Defendant SRA's claims are premised on the alleged title that it purportedly obtained by and through the acts of Defendant Egger within this district, including Defendant Egger's transactions and attempted transactions with Deltapoint, a

California company, and his impersonation of an officer of Site/Technologies/Inc. (a.k.a. Libertech), which at relevant times was either a wholly owned subsidiary of a California company and/or was merged into a California company. As such, Defendant SRA is the successor-in-interest to Defendant Egger's contacts with California.

35. The Court further has personal jurisdiction over Defendant SRA because Defendant SRA has purposefully made contacts with the Northern District of California by engaging in a business based solely on purporting to hold and assert the Patents-in-Suit, which, upon information and belief, are personal property located in California and owned by a California corporation. In addition, Defendant SRA is the alter ego and agent of Defendant Egger, as well as a joint venturer with Defendant Egger in bringing and maintaining the Eastern District of Texas Action. By these and other actions, Defendant SRA has also caused damage to California and persons, including Plaintiffs Google, Yahoo!, and IACSAM in California.

36. The Court has personal jurisdiction over Defendant Site Technologies, Inc. by virtue of its organization under the laws of California as a California company with an address and agent for service of process in Pacific Grove, California.

37. Defendant SRA brought the Eastern District of Texas action against Plaintiffs alleging that it owned legal title to the Patents-In-Suit, legal title it claims to have obtained from Defendant Egger in 2005, who claims to have acquired the rights from Defendant Site Technologies, Inc. (a.k.a. Deltapoint) in 1998 and the nonexistent and/or defunct (at the time) Site/Technologies/Inc. (a.k.a. Libertech) in 2005. Defendant SRA, by and through its controlling member Defendant Egger, has alleged infringement of the Patents-In-Suit by Plaintiffs and their customers. Defendant SRA, by and through its controlling member Defendant Egger, further has denied Plaintiffs' counterclaims of noninfringement and invalidity of the Patents-In-Suit in the Eastern District of Texas Action. Thus, an actual, substantial, and continuing justiciable controversy exists between Plaintiffs and Defendants SRA, Egger, and Site Technologies, Inc. over the alleged infringement and validity of the Patents-In-Suit and their ownership.

38. Upon information and belief, Defendant Site Technologies, Inc. (a.k.a. Deltapoint) obtained and still holds legal title to the Patents-In-Suit. Thus, an actual, substantial, and

continuing justiciable controversy exists between Plaintiffs and Defendant Site Technologies, Inc., Defendant SRA, and Defendant Egger as to the validity, enforceability, alleged infringement, and ownership of the Patents-In-Suit.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of**
**U.S. Patent Nos. 5,544,352; 5,832,494; and 6,233,571)**

39. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-38.

40. There exists an actual and justiciable controversy regarding the infringement of the '352, '494, and '571 patents between Plaintiffs and Defendants. Accordingly, Plaintiffs request a judicial determination of their rights, duties, and obligations with regard to the '352, '494, and '571 patents.

41. Plaintiffs Google, AOL, Yahoo!, IACSAM, and Lycos have not infringed and do not infringe any valid and enforceable claim of the '352, '494, and '571 patents.

42. A judicial declaration of non-infringement is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '352, '494, and '571 patents.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of**
**U.S. Patent Nos. 5,544,352; 5,832,494; and 6,233,571)**

43. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-42.

44. There exists an actual and justiciable controversy regarding the validity of the '352, '494, and '571 patents between Plaintiffs and Defendants. Accordingly, Plaintiffs request a judicial determination of their rights, duties, and obligations with regard to the '352, '494, and '571 patents.

45. The claims of the '352, '494, and '571 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

46. A judicial declaration of invalidity is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '352, '494, and '571 patents.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Lack of Ownership of
### U.S. Patent Nos. 5,544,352; 5,832,494; and 6,233,571)

47. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-46.

48. There exists an actual and justiciable controversy regarding the legal title of the '352, '494, and '571 patents between Plaintiffs and Defendants.

49. Defendant SRA does not have legal title to the '352, '494, and '571 patents but has brought a lawsuit against Plaintiffs maintaining that it does.

50. Upon information and belief, Site/Technologies/Inc. (a.k.a. Libertech) retained all legal title and interest in the '352, '494, and '571 patents until December 21, 2000 when Site/Technologies/Inc. merged with and into Site Technologies, Inc. (a.k.a. Deltapoint). Thereafter, upon information and belief, Site Technologies, Inc. retained all title and interest in the '352, '494, and '571 patents.

51. There exists no written assignment from any record legal title holder of the '352, '494, and '571 patents to Defendant Egger.

52. In February 2005, prior to assigning his alleged rights to Defendant SRA, Defendant Egger knew that he had not acquired legal title to the '352, '494, and '571 patents by way of the 2005 Assignment.

53. Defendant Egger knowingly executed the document shown in Exhibit G with the purpose of creating a document to link the chain of legal title between Site/Technologies/Inc. and himself. At the time he executed the 2005 Assignment, Defendant Egger knew that (i) Site Technologies, Inc. had been the sole shareholder of Site/Technologies/Inc., (ii) he was not a shareholder in Site/Technologies/Inc., (iii) he was not President of Site/Technologies/Inc., (iv) he had no authority to act as President of Site/Technologies/Inc., and (v) Site/Technologies/Inc. was defunct and/or did not exist.

54. At least because of Defendant Egger's role as the controlling member of Defendant SRA, Defendant SRA also knew that the 2005 Assignment was null and void and that Defendant Egger did not acquire legal title to the '352, '494, and '571 patents prior to or with the execution

1 of the 2005 Assignment, and thus that Defendant SRA did not obtain title to the '352, '494, and '571 patents.

55. Despite this knowledge, Defendant SRA asserted the '352, '494, and '571 patents against Plaintiffs in bad faith by bringing the Eastern District of Texas Action, with the intention of attempting to force Plaintiffs to pay substantial sums in settlement of its claims or be faced with substantial legal expenses defending against Defendant SRA's baseless lawsuit.

56. Accordingly, Plaintiffs request a judicial determination that Defendants SRA and Egger lack ownership in the '352, '494, and '571 patents and have no right to enforce them. Such a determination is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the Patents-in-Suit.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Expiration of**
**U.S. Patent No. 5,832,494)**

57. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-56.

58. On information and belief, the '494 Patent had expired because second (7½ year) maintenance fees for the '494 patent became due on or about May 3, 2006 and the patentee did not pay the maintenance fee before the close of the grace period on November 4, 2006.

59. However, on information, on January 22, 2007, Defendant SRA petitioned to the USPTO to accept an "unintentionally delayed payment of maintenance fee in an expired patent." In the petition, Defendant SRA represented to the USPTO that it was the patentee by submitting the 2005 Assignment to the USPTO. Defendant SRA necessarily relied upon the 2005 Assignment to establish a chain of title to '494 patent since the 2005 Assignment was the only document purporting to transfer title from Site/Technologies/Inc. (a.k.a. Libertech) to Defendant Egger.

60. Despite its knowledge, Defendant SRA did not disclose to the USPTO that Defendant Egger was not authorized to execute the 2005 Assignment and that Site/Technologies/Inc. did not even exist at the time of the purported assignment. The Petition to the USPTO included a payment of the maintenance fee by Defendant SRA. This payment was not made on behalf of the actual title holder to the '494 patent, nor was it authorized by such title

holder. The '494 patent thus expired for failure of the patentee to timely pay the second maintenance fees for the '494 patent.

61. Accordingly, Plaintiffs request a judicial determination that the '494 patent has expired. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights and duties with respect to the Patents-in-Suit.

**FIFTH CLAIM FOR RELIEF**
(Laches)

62. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-61.

63. There exists an actual and justiciable controversy regarding whether the claims of the '352, '494, and '571 patents are unenforceable due to laches.

64. Defendants' enforcement of the '352, '494, and '571 patents is barred by the equitable doctrine of laches.

65. On information and belief, Defendants have for many years been aware of certain of Plaintiffs' products and have believed that those products allegedly infringe the '352, '494, and '571 patents. Defendants' delay in attempting to enforce their alleged rights in the Patents-in-Suit against Plaintiffs is unreasonable and inexcusable and has materially prejudiced Plaintiffs. Equity requires that Defendants' ability to enforce the '352, '494, and '571 patents be limited or barred.

66. Accordingly, Plaintiffs request a judicial declaration that Defendants are barred from enforcing the '352, '494, and '571 patents under the doctrine of laches. Such a declaration is necessary and appropriate so that Plaintiffs may ascertain their rights and duties with respect to Patents-in-Suit.

**SIXTH CLAIM FOR RELIEF**
(Declaratory Judgment of Unenforceability of
U.S. Patent No. 5,832,494 by Defendants Egger and SRA)

67. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-66.

68. Every person has a duty of candor when transacting with the USPTO. As detailed above, including at paragraphs 50-54 and 58-60, on information and belief, Defendants SRA and Egger knew that the 2005 Assignment was null and void as an assignment.

69. Nonetheless, on information and belief, Defendants SRA and Egger submitted the 2005 Assignment on more than one occasion to the USPTO with deceptive intent and in violation

1 of their duty of candor, and thereby misrepresented to the USPTO the extent of their rights to the '494 patent. Such conduct renders the '494 patent unenforceable, at least by Defendants SRA and Egger.

70. Accordingly, Plaintiffs request a judicial declaration declaring such unenforceability. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights and duties with respect to the '494 patent.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Judgment That Unclean Hands Bars**
**Defendants Egger and SRA from Enforcing**
**U.S. Patent Nos. 5,544,352; 5,832,494; and 6,233,571)**

71. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-70.

72. There exists an actual and justiciable controversy over whether the doctrine of unclean hands bars the enforcement of the '352, '494, and '571 patents.

73. As alleged in paragraphs 49-56 and 68-70 above, Defendants SRA and Egger engaged in misconduct in attempting to enforce their alleged rights to the '352, '494, and '571 patents in bad faith. As a result, Defendants' ability to enforce any rights in these patents are barred by the doctrine of unclean hands. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights and duties with respect to the Patents-in-Suit.

**DEMAND FOR JURY TRIAL**

74. Pursuant to Local Rule 3-6 and Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a declaration from this Court and judgment against Defendants as follows:

1. That Plaintiffs do not infringe any of the claims of the '352, '494, or '571 patents;
2. That each and every claim of the '352, '494, and '571 patents is invalid;
3. That the '494 patent is unenforceable;
4. That Defendant SRA does not have rights to enforce the '352, '494, or '571 patents because it does not own them;
5. That Defendant Egger does not have rights to enforce the '352, '494, or '571 patents because he does not own them;
6. That Defendants SRA and Egger do not have rights to enforce the '352, '494, and '571 patents due to their own unclean hands;
7. That Defendants are barred from enforcing the '352, '494, and '571 patents due to laches;
8. That Defendants be enjoined from bringing any action to enforce the '352, '494, and '571 patents against Plaintiffs;
9. That Defendants SRA and Egger be enjoined from corresponding with the United States Patent and Trademark in connection with the '352, '494, and '571 patents and any patent application claiming priority to any such patents.
10. That the '494 patent has expired for failure of the patentee to timely pay maintenance fees;
11. That this is an exceptional case with the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of reasonable attorneys' fees, expenses, and costs in this action; and
12. For such other and further relief as this Court deems just, reasonable, and proper.

| | |
|---|---|
| Dated: July 1, 2008 | Respectfully submitted, |

By: _____
    Juanita R. Brooks (CA Bar No. 75934)
    Jason W. Wolff (CA Bar No. 215819)
    Jerry T. Yen (CA Bar No. 247988)
    FISH & RICHARDSON P.C.
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: 858-678-5070
    Facsimile: 858-678-5099
    Email: wolff@fr.com
    Email: yen@fr.com

Attorneys for Plaintiffs GOOGLE INC. and AOL LLC


By: _____
    Michael A. Jacobs (CA Bar No. 111664)
    Richard S.J. Hung (CA Bar No. 197425)
    MORRISON & FOERSTER
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415-268-7000
    Facsimile: 415-268-7522
    Email: mjacobs@mofo.com
    Email: rhung@mofo.com

Attorneys for Plaintiff YAHOO! INC.


By: _____
    Claude M. Stern (CA Bar No. 96737)
    Jennifer A. Kash (CA Bar No. 203679)
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    555 Twin Dolphin Drive, Suite 560
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
    Email: claudestern@quinnemanuel.com
    Email:jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH & MEDIA, INC. and LYCOS, INC.