[SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC., <br><br> Defendants. | Case No.   C-08-03172-RMW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiffs Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. (collectively, "Plaintiffs") and Defendants L. Daniel Egger, Software Rights Archive, LLC ("SRA"), and Site Technologies, Inc. (collectively, "Defendants") jointly submit this Case Management Statement and Proposed Order under Local Rule 16-9(a) and pursuant to the Court's Case Management Conference Order of September 24, 2008.

**1.    Jurisdiction and Service:**

Plaintiffs' Position:  As discussed in great detail in Plaintiffs' Complaint, the Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER- Case No. C-08-03172-RMW

sf-2575326

Dockets.Justia.com

1367 and personal jurisdiction over each of the Defendants, Software Rights Archive, LLC, Site Technologies, Inc. and Daniel Egger. All parties have been served.

Defendants' Position: The Court does not have jurisdiction over Software Rights Archive, LLC (the owner of the patents-in-suit) or Daniel Egger, because neither of those parties has sufficient minimum contacts with California. The Court also lacks subject matter jurisdiction over Plaintiffs' claims against Daniel Egger and Site Technologies, Inc., because no actual controversy exists between Plaintiffs and either of these parties. The complaint nowhere alleges that Egger or Site Technologies owns the patents-in-suit or have alleged infringement against Plaintiffs.

The case should be dismissed or transferred to the Eastern District of Texas, Marshall Division, where a previously-filed case styled *Software Rights Archive, LLC v. Google Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC and Lycos, Inc.* has been pending since November 21, 2007 as Civil Action No. 2:07-cv-511-CE. In the alternative, this case should be stayed in favor of the case pending in the Eastern District of Texas. That Court has jurisdiction over all true parties in interest and is well-equipped to deal with all the issues raised in this second case. Defendants in the first-filed case (the same parties as the Plaintiffs in this case) have already raised the purported ownership issue through a Motion to Dismiss, which has been heavily briefed. In addition, Defendants have already obtained significant discovery on that and related issues (including three depositions taken by them to date).

**2.   Facts:**

This is a declaratory relief action concerning three U.S. patents – 5,544,352 ("the '352 patent"), 5,832,494 ("the '494 patent"), and 6,233,571 ("the '571 patent") (collectively, the "patents-in-suit"). All three patents are entitled "Method and Apparatus for Indexing, Searching, and Displaying Data." SRA asserts that it is the lawful owner of the patents-in-suit and has alleged that Plaintiffs' search engines infringe the patents-in-suit.

Plaintiffs seek a declaratory judgment that: (1) SRA does not own any of the patents-in-suit; (2) Plaintiffs have not infringed any of the patents-in-suit; (3) each of the patents-in-suit is invalid; (4) the '494 patent is unenforceable; (5) the '494 patent has expired; (6) laches bars

Defendants from asserting the patents-in-suit; and (7) unclean hands bar Defendants from enforcing the patents-in-suit. Plaintiffs also contend that this case is exceptional under 35 U.S.C. § 285 and seek their attorneys' fees and costs.

Defendants deny that Plaintiffs are entitled to declaratory or any other relief and that this case is exceptional in favor of Plaintiffs. Defendants reserve their rights to supplement their allegations if this case is not dismissed, transferred or stayed and is allowed to proceed.

**3.     Legal Issues:**

The currently known factual and legal issues have been set forth in the previous section.

**4.     Motions:**

Plaintiffs anticipate filing summary judgment motions of non-infringement, invalidity, and unenforceability, and that SRA lacks the right to enforce the patents-in-suit because it does not own such patents. Defendants anticipate filing a motion to dismiss, transfer or stay the case in favor of the first-filed case pending in the Eastern District of Texas. The ownership issue is already before the Eastern District of Texas. See Defendants' Motion to Dismiss for Lack of Standing, Document No. 66 in Civil Action No. 2:07-cv-511 (filed 7/16/08 in that court), and Plaintiffs' Response to Defendants' Motion to Dismiss, Document No. 76 (filed 8/25/08).

**5.     Amendment to Pleadings:**

A proposed deadline for amending the pleadings appears below. This deadline and all other deadlines suggested below, essentially follow the deadlines in the previously-filed case but are approximately one month later. Defendants have agreed to these deadlines as a convenience but believe this case should be dismissed, transferred, or stayed.

**6.     Evidence Preservation:**

Each party asserts that it has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, including implementing a document retention program as appropriate.

**7.     Disclosures:**

The parties intend to make their respective Initial Disclosures by the deadline provided below. Defendants refer the Court to their comment in Section 5 above.

**8. Discovery:**

Defendants refer the Court to their comment in Section 5 above.

(a) <u>Generally</u>: The parties intend to pursue discovery by taking depositions and by serving document requests, interrogatories, and requests for admission.

(b) <u>Interrogatories</u>: Plaintiffs may serve up to 25 common interrogatories as to all Defendants, and each Plaintiff may serve an additional 15 interrogatories separately on each Defendant. Defendants may collectively serve up to 25 common interrogatories as to all Plaintiffs, and each Defendant may serve an additional 15 interrogatories separately on each Plaintiff.

(c) <u>Requests for Admission</u>: There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Additionally, Plaintiffs may serve up to 50 common requests for admission as to all Defendants, and each Plaintiff can serve an additional 30 requests for admission separately on each Defendant. Similarly, Defendants may collectively serve up to 50 common requests for admission as to all Plaintiffs, and each Defendant can serve an additional 30 requests for admission separately on each Plaintiff. Requests for admission directed to document authentication shall be clearly denoted as such.

(d) <u>Depositions of Parties and Third-Parties</u>: The parties agree to a limit of 40 fact depositions per side for a total limit of 210 hours of deposition per side. The parties further agree that expert depositions will not count toward these limits. The parties further agree that depositions taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure will count towards the 210-hour limit. The parties further agree that individual and Rule 30(b)(6) depositions of third parties shall also count towards the 210-hour limit. The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses. If any party requests more than 7 hours for a particular deposition or if any side seeks more than 210 hours of depositions or more than 40 depositions, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

(e) <u>Depositions of Experts</u>: The parties shall be entitled to a total of 10 expert witnesses per side. With respect to time limits for expert depositions, depositions of expert witnesses for issues relating to infringement and damages shall be limited to 6 hours per witness per accused search engine technology that is addressed by such witness, and depositions of expert witnesses for issues relating to invalidity shall be limited to 10 hours per witness. Nothing in this paragraph shall limit the scope of the examination of expert witnesses in their depositions.

(f) <u>Document Subpoenas on Third-Parties</u>: The parties may serve as many document subpoenas on third-parties and as many depositions on written questions of custodians of business records of third-parties as needed. Oral depositions of third-parties are included, however, in the calculation of the 210-hour limit set forth above in subparagraph (d). For the purposes of this Order, "side" means a party or a group of parties with a common interest. Defendants collectively are a "side" and Plaintiffs collectively are a "side."

**9. Class Actions.**

This case is not a class action.

**10. Related Cases.**

On November 21, 2007, Defendant SRA filed a patent infringement suit against Plaintiffs in the Eastern District of Texas in an action styled *Software Rights Archive, LLC. v. Google Inc. et al*. (No. 2:07-cv-511-CE). In the Texas lawsuit, SRA has alleged that Plaintiffs are infringing the '352 patent, the '494 patent, and the '571 patent by using, offering for sale, and selling "search engines, systems, and services." On July 16, 2008, about two weeks after the instant action was commenced, Plaintiffs moved to dismiss the Texas lawsuit arguing that SRA does not own the patents-in-suit and therefore lacks standing to sue for infringement. Plaintiffs' motion to dismiss remains pending.

**11. Relief:**

(a) Plaintiffs ask the Court to:
   (i) Declare that Plaintiffs do not infringe any of the claims of the '352, '494, or '571 patents;
   (ii) Declare that each and every claim of the '352, '494, and '571 patents is invalid;

(iii) Declare that the '494 patent is unenforceable;

(iv) Declare that Defendant SRA does not have rights to enforce the '352, '494, or '571 patents because it does not own them;

(v) Declare that Defendant Egger does not have right to enforce the '352, '494, or '571 patents because he does not own them;

(vi) Declare that Defendants SRA and Egger do not have rights to enforce the '352, '494, and '571 patents due to unclean hands;

(vii) Enjoin Defendants from enforcing the '352, '494, and '571 patents due to laches;

(viii) Enjoin Defendants from bringing any action to enforce the '352, '494, and '571 patents against Plaintiffs;

(ix) Enjoin Defendants SRA and Egger from corresponding with the United States Patent and Trademark in connection with the '352, '494, and '571 patents and any patent application claiming priority to any such patent.

(x) Declare that the '494 patent has expired for failure of the patentee to timely pay maintenance fees; and

(xi) Award Plaintiffs their reasonable attorneys' fees, expenses, and costs in this action.

**12.  Settlement and ADR.**

The parties have met and conferred pursuant to ADR L.R. 3-5 and filed their respective ADR certifications. The parties have selected mediation as their ADR process.

**13.  Consent to Magistrate Judge for All Purposes**.

The parties do not consent to a Magistrate Judge conducting all further proceedings.

**14.  Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues:**

The parties expect that claim construction may narrow or dispose of certain claims or defenses. The parties additionally expect to file summary judgment motions.

**16.  Expedited Schedule:**

While the parties would like to resolve this case quickly, they currently do not believe that this case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling:**

Defendants refer the Court to their comment in Section 5 above.

| Proposed Dates | Court Order | Event/Authority |
|---|---|---|
| November 14, 2008 | | Initial Case Management Conference<br>[Civil L.R. 16-10; Sep. 24, 2008 Case Management Conference Order] |
| November 28, 2008 | | Initial Disclosure of Asserted Claims & Preliminary Infringement Contentions & accompanying document production<br>[Patent L.R. 3-1 & 3-2 (10 days after Initial Case Management Conference)] |
| December 19, 2008 | | Initial Disclosures<br>[FRCP 26(a)(1)] |
| February 6, 2009 | | Preliminary Invalidity Contentions & accompanying document production<br>[Patent L.R. 3-3 & 3-4 (45 days after Patent L.R. 3-1 Disclosure )] |
| June 4, 2010 | | Parties to exchange Proposed Terms & Claim Elements for Construction<br>[Patent L.R. 4-1(a) (10 days after Patent L.R. 3-3 Contentions)] |
| July 2, 2010 | | Parties to exchange Preliminary Claim Constructions<br>[Patent L.R. 4-2(a) (20 days after Patent L.R. 4-1 Disclosures)] |
| August 6, 2010 | | Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing.<br>[Patent L.R. 4-3 (60 days after Patent L.R. 3-3 Contentions)] |
| August 20, 2010 | | Claim Construction Pre-Hearing Conference<br>[Patent L.R. 2-1] |
| September 3, 2010 | | Claim Construction Discovery Cut-Off<br>[Patent L.R. 4-4 (30 days after Patent L.R. 4-3 Statement)] |
| September 24, 2010 | | Parties to file Opening Brief on Claim Construction<br>[Patent L.R. 4-5(a) (45 days after Patent L.R. 4-3 Statement)] |
| October 29, 2010 | | Parties to file Responsive Brief on Claim Construction<br>[Patent L.R. 4-5(b), (c) (Responsive Brief 14 days after Opening Brief, Reply Brief 7 days after Responsive Brief)] |
| November 19, 2010 | | Parties to file Reply Brief on Claim Construction |
| December 10, 2010 | | Court conducts Claim Construction (*Markman*) Hearing<br>[Patent L.R. 4-6 (14 days after Reply Brief)] |

| Proposed Dates | Court Order | Event/Authority |
|---|---|---|
| 30 days after *Markman* Order | | Last day for joinder of additional parties & amendment to pleadings |
| 30 days after *Markman* Order | | Opening expert reports on topics for which a party bears the burden of proof |
| 50 days after *Markman* Order | | Plaintiffs to produce or make available for inspection & copying all documents relating to an opinion of counsel supporting any defense to a claim of willful infringement as to which Plaintiffs agree privilege has been waived [Patent L.R. 3-7 (50 days after *Markman* Order)] |
| 60 days after *Markman* Order | | Expert reports on topics for which a party does not bear the burden of proof |
| 60 days after *Markman* Order | | Fact discovery cut-off |
| 90 days after *Markman* Order | | Expert discovery cut-off |
| April 15, 2011 | | Last day for hearing dispositive motion(s) |
| May 13, 2011 | | Pretrial Disclosure [FRCP 26(a)(3)] |
| May 13, 2011 | | Parties to file motions in limine |
| May 27, 2011 | | Objections to Pretrial Disclosure [FRCP 26(a)(3) (14 days after Pretrial Disclosure)] |
| May 27, 2011 | | Parties to file oppositions to motions in limine |
| June 2, 2011 | | Final Pretrial Conference [FRCP 16(b)] |
| June 13, 2011 | | Trial |

**18. Trial.** The parties have requested a jury trial. The expected trial length is approximately one to two weeks.

**19. Disclosure of Non-Party Interested Entities or Persons.** Plaintiffs and Defendants have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

The parties restate the contents of their certifications as follows:

Google Inc.: On behalf of Google Inc., and pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

AOL LLC: On behalf of AOL LLC, pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1      AOL LLC, a Delaware limited liability company, is a wholly-owned subsidiary of AOL Holdings LLC, a Delaware limited liability company. AOL Holdings LLC is owned by Time Warner Inc. (2.5%), Google Inc. (5%) and TW AOL Holdings Inc. (92.5%). TW AOL Holdings Inc., which is a Virginia corporation, is wholly-owned by Time Warner Inc.

<u>Yahoo! Inc.</u>: On behalf of Yahoo! Inc., and pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned additionally certifies that Yahoo! has no parent corporation and that no publicly traded corporation owns ten percent or more of Yahoo!'s stock.

<u>IAC Search & Media, Inc.</u>: On behalf of IAC Search & Media, Inc., pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

IAC Search & Media, Inc. is a wholly owned subsidiary of IAC/InterActiveCorp, a publicly held corporation which itself has no parent corporation.

<u>Lycos, Inc.</u>: On behalf of Lycos, Inc., pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Lycos, Inc. is a wholly owned subsidiary of Daum Communications Corporation, a publicly held Korean corporation ("KOSDAQ") which itself has no parent corporation.

<u>Defendants</u>: On behalf of Defendants, pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the

subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

(a) Site Technologies, Inc., prior to bankruptcy, was a public company,

(b) Daniel Egger is an individual, and

(c) Software Rights Archive, LLC is privately held.

**20. Other Matters.** Except as noted above, the parties are unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: November 7, 2008 | Respectfully submitted, |
| 2 | | By: /s/ Juanita R. Brooks |
| 3 | | Juanita R. Brooks (CA Bar No. 75934) |
| | | Jason W. Wolff (CA Bar No. 215819) |
| 4 | | FISH & RICHARDSON P.C. |
| | | 12390 El Camino Real |
| 5 | | San Diego, CA 92130 |
| | | Telephone: 858-678-5070 |
| 6 | | Facsimile: 858-678-5099 |
| | | Email: wolff@fr.com |
| 7 | | |
| 8 | | Attorneys for Plaintiffs GOOGLE INC. and AOL LLC |
| 9 | | |
| | | By: /s/ Richard. S.J. Hung |
| 10 | | Michael A. Jacobs (CA Bar No. 111664) |
| | | Richard S.J. Hung (CA Bar No. 197425) |
| 11 | | MORRISON & FOERSTER |
| | | 425 Market Street |
| 12 | | San Francisco, CA 94105 |
| | | Telephone: 415-268-7000 |
| 13 | | Facsimile: 415-268-7522 |
| | | Email: mjacobs@mofo.com |
| 14 | | |
| | | Attorneys for Plaintiff YAHOO! INC. |
| 15 | | |
| | | By: /s/ Jennifer A. Kash |
| 16 | | Claude M. Stern (CA Bar No. 96737) |
| | | Jennifer A. Kash (CA Bar No. 203679) |
| 17 | | QUINN EMANUEL URQUHART |
| | | OLIVER & HEDGES, LLP |
| 18 | | 555 Twin Dolphin Drive, Suite 560 |
| | | Redwood Shores, CA 94065 |
| 19 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 20 | | Email: claudestern@quinnemanuel.com |
| | | Email:jenniferkash@quinnemanuel.com |
| 21 | | |
| | | Attorneys for Plaintiffs IAC SEARCH & |
| 22 | | MEDIA, INC. and LYCOS, INC. |

By: /s/ Jay D. Ellwanger
Jay D. Ellwanger
(jellwanger@dpelaw.com)
Dinovo Price Ellwanger LLP
P.O. Box 201690
Austin, Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410

Thomas F. Smegal, Jr.
(tomsmegal@smegallaw.com)
Law Offices of Thomas F. Smegal, Jr.
One Sansome Street, 35th floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-0593

Lee Landa Kaplan (lkaplan@skv.com)
(pro hac vice application pending)
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana St., Suite 2300, Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320

Attorneys for Defendants L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.

**DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Plaintiffs Google Inc., AOL LLC, IAC Search & Media, Inc. and Lycos, Inc. and Defendants L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies, Inc.

Dated: November 7, 2008

By: ___/s/ Richard_Hung___

# [PROPOSED] ORDER

The Court hereby adopts the Case Management Statement. The Court additionally orders:

Dated: November ___, 2008

By: _____
Honorable Ronald M. Whyte
Judge of the United States District Court