Thomas F. Smegal, Jr. (Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093
Email: tomsmegal@smegallaw.com

Lee L. Kaplan (Texas Bar No. 11094400)
Jeffrey A. Potts (Texas Bar No. 00784781)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
Email: lkaplan@skv.com

Jay D. Ellwanger (Texas Bar No. 24036522)
P.O. Box 201690
Austin, Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410
Email: jellwanger@dpelaw.com

Attorneys for Defendants L. Daniel Egger, Software
Rights Archive, LLC, and Site Technologies, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.<br><br>**Plaintiffs,**<br><br>v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.<br><br>**Defendants.** | Case No. CV08-03172RMW<br><br>**DECLARATION OF L. DANIEL EGGER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Date of Hearing: January 23, 2009<br><br>Time of Hearing: 10:30 am |

I, Louis Daniel Egger, declare as follows:

1.  I was born in New Haven, Connecticut in 1962 and grew up in Connecticut, New Jersey, and Massachusetts. Following my 1980 graduation from a Massachusetts high school, I attended Yale University in Connecticut. From 1962 until 1981, I never lived, worked, maintained an address, or used a bank account in California.

2.  During the summer and fall of 1981—that is, between my freshman and sophomore year of college—I temporarily lived in San Francisco, California, and worked at the Anchor Steam brewery there. In connection with my stay, I temporarily opened a bank account in California. It was always my intention to stay in California for no more than a few months, and that is in fact what happened, because I returned to Connecticut in January 1982.

3.  Other than during my roughly half-year stint in San Francisco in 1981, I have never lived, worked, maintained an address, maintained a telephone number, paid taxes, or used a bank account in California. Other than in 1981, I have never stayed in California for more than a few days at a time.

4.  I have never attended any educational institution in California. I have never been registered to vote in California. I have never permanently stored personal property in California. I have never purchased real property in California. I have never brought a lawsuit in or in any other way resorted to the courts of California.

5.  From 1992 to 1996, I was the President and CEO, as well as a shareholder and director, of Libertech, Inc., a Delaware corporation headquartered first in Washington, D.C. and then in North Carolina. As an employee and officer of Libertech, I traveled to California from time to time on company business; that included some efforts to market Libertech's V-Search technology, as well as to try to sell Libertech. In July 1997, Libertech and all its assets were purchased by a California company called DeltaPoint, Inc. However, I never traveled to California in connection with that transaction. In fact, I played no role in connection with that transaction other than to sign and fax back deal documents from North Carolina in my capacity as a director and shareholder.

6.  While I was its President and CEO, Libertech owned the rights to what would

EGGER DEC. IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(2)
CASE NO. CV08-03172

eventually issue as U.S. Patent Nos. 5,544,352, 5,832,494, and 6,233,571 ("the patents"). During that time, Libertech never employed patent lawyers in California. I never made contact with California for purposes of prosecuting the patents or any other patents. I also never made contact with California to try to sell or license the patents or any other patent.

7. After leaving Libertech, I joined Eno River Capital, LLC, a North Carolina-based venture capital fund that in turn managed interests in North Carolina-based portfolio companies. I also was, at various times, an investor, director, and/or advisor to SciQuest, Inc., a North Carolina-based software company. I am currently President and CEO of Open Source Risk Management, Inc., a North Carolina-based risk management services company. In connection with these various entities, I have traveled and continue to travel to California a few times a year on company business.

8. In September 1998, I purchased the rights to the patents from Site Technologies, Inc. (formerly known as "DeltaPoint, Inc."). I called and emailed Site Technologies personnel in connection with that purchase. I never traveled to California in connection with that purchase.

9. I owned the patents directly from September 1998 until February 2005, when I assigned them to Software Rights Archive, Inc., a wholly-owned Delaware corporation headquartered in North Carolina. I converted Software Rights Archive, Inc. to Software Rights Archive, LLC and sold it in May 2007. From September 1998 to May 2007, I never made contact with the State of California or with any California entity to offer to sell or license the patents, I never licensed the patents in California or to any California entity, and I never collected patent-related royalties from any business activities connected with California.

10. I have never at any time, either in an individual capacity or on behalf of any entity, made contact with the State of California or with any California entity to allege that any entity was infringing the patents. I have never at any time, either in an individual capacity or on behalf of any entity, made contact with the State of California or with any California entity to try to judicially or extra-judicially enforce the patents. I have never at any time, either in an individual capacity or on behalf of any entity, made contact with the State of California or with any California entity in connection with any exclusive license of any of the technologies

embodied in the patents. I have never at any time, either in an individual capacity or on behalf of any entity, hired a California patent lawyer to help prosecute or enforce the patent rights. I have never at any time, either in an individual capacity or on behalf of any entity, sold or licensed the patented technology in California or to any California entity.

11. In 2005, I took—and passed—the California bar exam. To date, I have not applied for admission to the California bar.

12. My only further contacts with California have been family-related, such as camping trips and a college visit with my daughter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 14th day of November, 2008, in Durham, North Carolina.

Louis Daniel Egger

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 18, 2008.

_____
Raj Duvvuri