[SEE SIGNATURE BLOCK FOR COUNSEL]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.<br><br>**Plaintiffs**<br><br>v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.<br><br>**Defendants** | Case No. CV08-03172RMW<br><br>DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND FOR PROTECTION<br><br>Hearing Date: February 24, 2009<br><br>Hearing Time: 10:00 am |

TO THE HONORABLE COURT:

1. Defendants L. Daniel Egger and Software Rights Archive, LLC ("SRA") move to quash Plaintiffs' Notice of Deposition of SRA Pursuant to Rule 30(b)(6) and for protection. This motion is set for hearing on February 24, 2009 at 10:00 am.

2. Egger and SRA request this Court to quash the proposed deposition of SRA because that deposition serves no discovery purpose whatsoever; all that Plaintiffs will "discover" is what Plaintiffs already know and have already admitted: that SRA had no contacts with California whatsoever prior to the litigation.

3. At the outset, this case does not even belong in this Court. This action is

duplicative of a first-filed case that Defendants filed in the Eastern District of Texas eight months before Plaintiffs filed this case. *See Software Rights Archive, LLC v. Google, Inc., et al,* Case No. 2:07-CV-511-TJW-CE, filed November 21, 2007. This case therefore should be dismissed under the first-to-file rule. This Court also lacks subject matter jurisdiction over Plaintiffs' claims against Site Technologies, Inc. and Daniel Egger, because neither of those parties owns the patents-in-suit. Finally, this Court lacks personal jurisdiction over SRA and Egger, because neither has established minimum contacts with California. Defendants have filed a Motion to Dismiss, Transfer or Stay, which is set for hearing in this Court on February 27, 2009.

4. Plaintiffs' Rule 30(b)(6) notice also flies in the face of Rule 26. Rule 26 states: "[T]he court must limit the . . . extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). The proposed deposition falls squarely within this rule. There is simply no benefit to be gained from the proposed deposition of SRA. The issue pending before this Court, to which Plaintiffs' deposition is purportedly directed, is whether SRA possesses sufficient contacts with California to give rise to personal jurisdiction in this Court. But Plaintiffs have already admitted the simple truth, which is that SRA has no contacts with California whatsoever. Plaintiffs have admitted that SRA is neither incorporated nor based in California. (Compl. ¶ 8.) And Plaintiffs have admitted that SRA has no business activities in California: "As of November 21, 2007, Defendant SRA's sole business activity has been to prosecute an action [in Texas] against Plaintiffs for alleged infringement of the Patents-in-Suit." (Compl. ¶ 33.) In short, Plaintiffs' own admissions reveal that their requested deposition will be useless—and that Plaintiffs know it.[1] The simple truth is that SRA had no contacts with California before it filed suit in Texas, and any subsequent contacts occurred only in the course of pursuing the Texas action, and then only because some of the infringing parties have California domiciles. Plaintiffs know all this.

---

[1] By contrast, Defendants have not opposed Plaintiffs' request to depose Daniel Egger on his contacts with California, although Defendants believe that deposition will confirm the lack of minimum contacts sufficient to establish personal jurisdiction over him.

5.      Further, when Defendants requested some justification for this deposition, Plaintiffs have failed to shed any light on what possible discovery purpose an SRA deposition might serve. The undersigned defense counsel asked Plaintiffs' counsel in a telephone conversation why Plaintiffs were seeking SRA's deposition. Plaintiffs' counsel identified no basis for the deposition, but instead stated only that Plaintiffs had "a theory," the contents of which they would not reveal until after the deposition of Daniel Egger (scheduled for January 27, 2009). This cryptic, and substantively empty, statement was then followed more recently by this conclusory assertion in an email: "You have alleged that SRA has no contacts with California, and we'd like to test that assertion." SRA has nothing to prove, and there is nothing to "test" because Plaintiffs themselves know and have alleged from the start that SRA has no contacts with California. If, as Plaintiffs allege, "SRA's sole business activity has been to prosecute an action [in Texas] against Plaintiffs for alleged infringement" then one wonders what additional "testing" of personal jurisdiction could be necessary.

6.      In conclusion, the proposed deposition of SRA constitutes vexatious multiplication of the proceedings and will serve no discovery purpose. Its non-existent benefits are vastly outweighed by the burden and expense of making a witness available for a pointless deposition. This Court should quash Plaintiffs' notice of deposition of SRA.

Respectfully submitted,

Thomas F. Smegal, Jr. (Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093
Email: tomsmegal@smegallaw.com

Lee L. Kaplan (Texas Bar No. 11094400)
Jeffrey A. Potts (Texas Bar No. 00784781)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320

Email: lkaplan@skv.com

Jay D. Ellwanger (Texas Bar No. 24036522)
P.O. Box 201690
Austin, Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410
Email: jellwanger@dpelaw.com

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 20 day of January, 2009.

_/s/ Lee L. Kaplan_
Lee L. Kaplan

Juanita R. Brooks
Jason W. Wolff
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130

Thomas B. Walsh, IV
Fish & Richardson P.C.
5000 Bank One Center
1717 Main St.
Dallas, Texas 75201

Ramon K. Tabtiang
Stephen A. Marshall
Fish & Richardson P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

Michael A. Jacobs
Richard S.J. Hung
Morrison & Foerster
425 Market Street
San Francisco, CA 94105

Claude M. Stern
Jennifer A. Kash
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 9406