1 [SEE SIGNATURE PAGE FOR COUNSEL]

2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

11

12 GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.,

Case No. C-08-03172-RMW

13
Plaintiffs,

**PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION TO DISMISS, TRANSFER, OR STAY**

14
15 v.

**HEARING REQUESTED**

16 L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.,

Date: February 27, 2009
Time: 9:00 AM
Judge: Hon. Ronald M. Whyte

17
18 Defendants.

19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION ....................................................................................................... 1

STATEMENT OF RELIEF REQUESTED ........................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

I. INTRODUCTION ................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS ............................................................... 3

    A. Site Technologies' Bankruptcy Estate, not SRA, Owns the Patents. ........ 3

    B. Site Technologies Files for Bankruptcy, and the Final Decree Issues Dissolving the Corporation. ........................................................................ 4

    C. Although No Longer the Responsible Person, Mr. Ait Continues to Take Actions Purportedly on the Bankruptcy Estate's Behalf in Violation of the Plan, Such as Retaining SRA's Counsel. ..................................................... 5

    D. Although the Bankruptcy Case Was Recently Reopened, SRA's Counsel Have Not Requested Permission to Represent the Bankruptcy Estate, and Mr. Ait Has Not Sought Bankruptcy Court Approval to Resume His Former Role as Responsible Person. .............................................................. 6

III. ARGUMENT ........................................................................................................... 7

    A. No One with Authority Has Appointed SRA's Counsel to Represent Site Technologies — Much Less File a Motion to Dismiss on Its Behalf. .......... 7

    B. Conflicts Rules Also Bar SRA's Counsel's Purported Joint Representation. ........ 8

IV. CONCLUSION ...................................................................................................... 10

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

i

# TABLE OF AUTHORITIES

## Cases

*Boskoff v. Yano*,
   57 F. Supp. 2d 994 (D. Haw. 1998) ............................................................................... 7

*CFTC v. Weintraub*,
   471 U.S. 343 (1985) ........................................................................................................ 7

*Gaming v. Dorsey & Whitney, LLP*,
   Case No. 06CV2804 BTM (WMC), 2008 U.S. Dist. LEXIS 80270
   (S.D. Cal. Sept. 30, 2008) ................................................................................................ 8

## Other Authorities

California Rules of Professional Conduct
   Rule 3-310(c) .................................................................................................................... 8

ABA Model Rules of Professional Conduct
   Rule 1.7 ............................................................................................................................ 8

Restatement (Third) of Law Governing Lawyers
   § 14 (2000) ....................................................................................................................... 8

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

ii

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2009 at 9:00 AM, or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Plaintiffs respectfully request the Court to hear Plaintiffs' motion to strike Site Technologies, Inc.'s motion to dismiss, transfer, or stay [Docket No. 42]. Plaintiffs' motion is based on this Notice of Motion and Motion with attached Opening Memorandum of Points and Authorities; the Reply papers to be filed; the accompanying Declaration of Francis C. Ho in Support of Motion to Strike; all papers and pleadings on file in this action; and such evidence and argument as may properly be presented at or before the hearing on this matter.

## STATEMENT OF RELIEF REQUESTED

Plaintiffs ask the Court to strike Defendants' motion to dismiss, transfer, or stay this proceeding, to the extent that it purports to be brought on behalf of Site Technologies, Inc.

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

1

# MEMORANDUM OF POINTS & AUTHORITIES

# STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should strike Defendants' motion to dismiss, transfer, or stay this proceeding, to the extent that the motion purports to be brought on behalf of Site Technologies, Inc.

## I. INTRODUCTION

On November 10, 2008, all three defendants in this action — Daniel Egger, Software Rights Archive, LLC ("SRA"), and Site Technologies, Inc. ("Site Technologies") (collectively, "Defendants") — moved to dismiss, transfer, or stay this proceeding. The motion was filed by the same law firms representing SRA in this proceeding and in the co-pending proceeding in the Eastern District of Texas.[1]

To the extent that SRA's counsel purported to file the motion on Site Technologies' behalf, the filing was improper. SRA's counsel does not — and cannot — jointly represent Site Technologies in this proceeding. There are at least two critical reasons for this:

<u>First</u>, no one with authority to authorize Site Technologies' retention of SRA's counsel has done so. Site Technologies filed for bankruptcy in February 1999. The bankruptcy court entered an order confirming a liquidating Chapter 11 plan on June 15, 2000. Under the plan, Jeffrey Ait was appointed Responsible Person and charged with winding up Site's bankruptcy estate. The plan expressly stated that upon entry of a final decree closing the bankruptcy case, Mr. Ait would be discharged from his duties and responsibilities as Responsible Person. The bankruptcy court issued the Final Decree in January 2004, thereby (i) dissolving and terminating Site Technologies' existence as a corporation pursuant to the First Amended Plan of Reorganization ("Plan") and (ii) discharging Mr. Ait from his role as Responsible Person. While the bankruptcy case was recently reopened, the bankruptcy court has not ordered that Site

---

[1] The law firms are: Smyser Kaplan & Veselka, P.C.; DiNovo Price Ellwanger & Hardy LLP; and Law Offices of Thomas Smegal (collectively, "SRA's counsel"). Mr. Smegal has entered an appearance for Defendants only in this proceeding. The Smyser and DiNovo firms have entered appearances for Defendants and/or SRA both in this proceeding and in the co-pending Texas proceeding.

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

2

1  Technologies be revived as a corporation, authorized SRA's counsel's joint representation of Site
2  Technologies' bankruptcy estate, or appointed a new Responsible Person or other person as a
3  fiduciary for the estate's beneficiaries with authority to retain SRA's counsel.

Second, even assuming that SRA's counsel *had* been appointed to represent the bankruptcy estate, joint representation of both SRA and Site Technologies still would be improper. SRA has alleged that it owns the three asserted patents in this case. Site Technologies' bankruptcy estate also has a claim to ownership of the three patents for the benefit of the Plan's beneficiaries. In light of these competing claims, SRA's and Site Technologies' interests are plainly adverse — if Site Technologies' bankruptcy estate owns the patents, SRA cannot. The ABA Model Rules of Professional Conduct and the California Rules of Professional Responsibility bar joint representation in situations like this. Moreover, no one has sought the consent of the estate's Plan beneficiaries to abandon the estate's rights to these patents.

Because SRA's counsel does not and cannot represent Site Technologies' bankruptcy estate in this proceeding, the filing of Defendants' motion to dismiss, stay, or transfer this proceeding on behalf of all three Defendants was improper. Plaintiffs therefore ask that the Court strike Defendants' motion, to the extent that it purports to be brought on behalf of the Site Technologies estate.

## II. STATEMENT OF RELEVANT FACTS

### A. Site Technologies' Bankruptcy Estate, not SRA, Owns the Patents.

In its filings in this Court, SRA has alleged that it owns the three patents at issue in this action.[2] A gap in the chain of title from the inventors to SRA, however, prevents SRA from owning the patents. Specifically:

- The named inventors assigned their rights in the asserted patents to Libertech Inc.[3] in 1993 and 1996;

---

[2] *See* Defendants' Motion to Dismiss, Transfer, or Stay under the First-to-File Rule, under Rule 12(b)(2) for Lack of Personal Jurisdiction, and under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") at 3 (Docket No. 42).

[3] Libertech Inc. was later renamed "site/technologies/inc." in 1996, and Deltapoint was renamed "Site Technologies, Inc." in early 1998. To avoid confusion, this brief refers to either Libertech Inc. or site/technologies/inc. as "Libertech." Similarly, this brief refers to Deltapoint,
(Footnote continues on next page.)

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

3

- Libertech and Site Technologies (then known as Deltapoint Inc.) executed a Stock Exchange Agreement in July 11, 1997,[4] but whereas Libertech became and continued to exist as a subsidiary of Site Technologies after the transaction, Site Technologies never acquired title to the asserted patents in connection therewith;

- Despite not having obtained title to the patents from its subsidiary Libertech, Site Technologies purported to assign the patents back to Mr. Egger on September 16, 1998;[5] and

- Mr. Egger attempted to assign the patents to Software Rights Archive, Inc. (the predecessor to SRA) on February 22, 2005[6]

The true current owner of the three asserted patents is Site Technologies' bankruptcy estate. The bankruptcy estate acquired the patents during the bankruptcy proceeding, when it filed a certificate merging Libertech (Site Technologies' subsidiary and then the owner of the patents) with Site Technologies.[7] This operated to vest the estate's Plan beneficiaries with a direct beneficial interest in the patents (as opposed to an interest in Libertech stock).

**B. Site Technologies Files for Bankruptcy, and the Final Decree Issues Dissolving the Corporation.**

Site Technologies filed for bankruptcy in this District on February 2, 1999. The bankruptcy court appointed Jeffrey Ait, the Chief Executive Officer of Site Technologies pre-bankruptcy, as the Responsible Person for the Debtor.[8] The bankruptcy court also approved the

---

(Footnote continued from previous page.)

Inc., Site Technologies, Inc., or Site Technologies Inc.'s bankruptcy estate as "Site Technologies."

[4] Stock Exchange Agreement, dated July 11, 1997 (attached as Ex. A to the Declaration of Francis C. Ho in Support of Motion to Strike ("Ho Decl.")).

[5] Bill of Sale, Assignment & License Agreement, dated September 16, 1998 (Ho Decl. Ex. B).

[6] Assignment of Patent, dated February 22, 2005 (Ho Decl. Ex. C).

[7] Certificate of Ownership and Merger Merging site/technologies/inc. into Site Technologies, Inc., dated December 21, 2000 (Ho Decl. Ex. D).

[8] Order Appointing Natural Person as Responsible Person Pursuant to B.L.R. 4002-1, dated February 3, 1999 (Ho Decl. Ex. E). It is undisputed that Mr. Ait ceased to be the Chief Executive Officer of Site Technologies when it filed for bankruptcy.

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

4

retention of Murray & Murray P.C. as bankruptcy counsel and Wilson, Sonsini, Goodrich & Rosati as special corporate counsel.[9] At no time during the bankruptcy proceeding, however, did the bankruptcy court approve the retention of Smyser Kaplan & Veselka, P.C., DiNovo Price Ellwanger & Hardy LLP, or Thomas Smegal for any purpose.

On June 15, 2000, the bankruptcy court confirmed the Plan.[10] According to the Plan's plain terms, "the Debtor shall be dissolved and its corporate existence terminated without further corporate action upon the entry of a Final Decree."[11] The Plan also provided that "[t]he Responsible Person shall be discharged from all duties and responsibilities of the Plan upon the issuance of the final decree."[12] On January 6, 2004, the bankruptcy court issued the Final Decree dissolving Site Technologies and terminating its existence and Mr. Ait's role as the Responsible Person.[13]

### C. Although No Longer the Responsible Person, Mr. Ait Continues to Take Actions Purportedly on the Bankruptcy Estate's Behalf in Violation of the Plan, Such as Retaining SRA's Counsel.

Although Mr. Ait's status as the Responsible Person ended on January 4, 2004 (and his status as the CEO for Site Technologies years before that), Mr. Ait has continued to take multiple actions purportedly on the bankruptcy estate's behalf — all contrary to the confirmed bankruptcy Plan and the Plan beneficiary's interest, and all without seeking the bankruptcy court's consent. Each of these actions also has been adverse to the bankruptcy estate's interests and to SRA's apparent benefit. For example, with the encouragement of SRA and despite his lack of authority and contrary to the Plan, Mr. Ait:

---

[9] Order Authorizing and Approving Employment of Counsel, dated February 4, 1999 (Ho Decl. Ex. F); Order Authorizing and Approving Employment of Special Corporate Counsel (Wilson, Sonsini, Goodrich & Rosati), dated March 18, 1999 (Ho Decl. Ex. G).

[10] Order Confirming Debtor's First Amended Plan of Reorganization, dated June 15, 2000 (Ho Decl. Ex. H).

[11] Plan (Ho Decl. Ex. I) at § 7.9.

[12] *Id.* at § 7.3(F).

[13] Final Decree, dated January 6, 2004 (Ho Decl. Ex. J).

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

5

- attempted to *revive* Site Technologies on August 1, 2008;[14]

- executed an assignment on August 13, 2008,[15] in which he purported to "<u>act[] as and remain[]</u> the Chief Executive Officer of Site Technologies, Inc," to "sell[], assign[] and transfer[] to Egger the entire right, title, and interest into and under the Patents to the extent they are now held by [Libertech and Site Technologies]," and to "ratify the 2005 Assignment executed by Daniel Egger conveying the Patents"—for $1,000! and

- executed a declaration on August 18, 2008[16] purporting to "approve of and ratify the previous 1998 assignments and the 2005 Assignment to Daniel Egger filed on behalf of [Libertech] by Daniel Egger" <u>on behalf of Site Technologies</u>.

For purposes of this motion, the most pertinent action taken without authority is Mr. Ait's purported retention of SRA's counsel to jointly represent Site Technologies' bankruptcy estate. Apparently with Mr. Ait's consent — but without seeking the bankruptcy court's approval or consent of all parties-in-interest and beneficiaries of the bankruptcy estate, SRA's counsel has purported to represent Site Technologies in multiple filings before this Court. Most recently, SRA's counsel moved to dismiss, transfer, or stay this proceeding, purportedly on behalf of Mr. Egger, SRA, *and* Site Technologies, on November 10, 2008.

### D. Although the Bankruptcy Case Was Recently Reopened, SRA's Counsel Have Not Requested Permission to Represent the Bankruptcy Estate, and Mr. Ait Has Not Sought Bankruptcy Court Approval to Resume His Former Role as Responsible Person.

On November 26, 2008, Sherwood Finance (Delaware), LLC ("Sherwood"), a beneficial owner of 9% of Site Technologies' bankruptcy estate, sought to reopen the closed bankruptcy case in this District in light of the bankruptcy estate's ownership of the patents.[17] Judge Efremsky granted Sherwood's application to reopen the bankruptcy case on December 1, 2008 and held a case management conference on December 17, 2008. At the conference, SRA's counsel did not

---

[14] Statement of Information, dated August 1, 2008 (Ho Decl. Ex. K).

[15] Assignment of Patents, dated August 13, 2008 (Ho Decl. Ex. L).

[16] Declaration of Jeffrey Franklin Ait, dated August 18, 2008 (Ho Decl. Ex. M).

[17] *See* Plaintiffs' Notice of Reopening of Bankruptcy Case, filed December 10, 2008. Sherwood is allied with Yahoo! Inc. in the bankruptcy proceeding.

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

6

seek permission to represent the bankruptcy estate, revive Site Technologies as a corporation, or reinstate Mr. Ait as the Responsible Person. Instead, SRA's counsel asked that the bankruptcy court defer consideration of any issues relating to the bankruptcy estate's administration until the district judge in the related Texas proceeding decided a pending motion to dismiss.

## III. ARGUMENT

### A. No One with Authority Has Appointed SRA's Counsel to Represent Site Technologies — Much Less File a Motion to Dismiss on Its Behalf.

Under the plain terms of the Plan, Mr. Ait's role as the Responsible Person ended when the Final Decree was entered on January 4, 2004. Section 7.3(F) of the Plan clearly states, "<u>The Responsible Person shall be discharged from all duties and responsibilities of the Plan upon the issuance of the final decree</u>." No one – including Mr. Ait – appears to dispute that he is no longer the Responsible Person for Site Technologies' bankruptcy estate or an officer of Site Technologies.[18]

Because Mr. Ait is no longer an agent for Site Technologies, all of his actions on its behalf after entry of the Final Decree are invalid.[19] These include his purported appointment of SRA's counsel to represent Site Technologies and, most recently, his approval of SRA's counsel's filing of the motion to dismiss, stay, or transfer on Site Technologies' behalf. Because no one with authority has authorized SRA's counsel's representation of Site Technologies, SRA's counsel's attempts to jointly represent Site Technologies (and all acts taken pursuant to that purported joint representation) also are invalid.[20]

---

[18] Despite previously purporting to "act and remain" as the CEO of Site Technologies in his August 13, 2008 declaration (Ho Decl. Ex. M), Mr. Ait apparently has acknowledged the falsity of this representation and has not repeated it in a more recent declaration. *See* Third Declaration of Jeffrey Franklin Ait, dated December 8, 2008 ("I <u>was</u> the Chief Executive Officer of the debtor Site Technologies, Inc . . . . I <u>was</u> also the official 'Responsible Person' under the bankruptcy plan . . . .") (emphasis added).

[19] *See CFTC v. Weintraub*, 471 U.S. 343, 356 (1985) ("[A] corporation, as an inanimate entity, must act through agents.").

[20] *See Boskoff v. Yano*, 57 F. Supp. 2d 994, 998 (D. Haw. 1998) ("An attorney-client relationship is contractual and consensual, and such a relationship can be formed only with the consent of the attorney and individual seeking representation. The consent of the parties must be personal and must flow between the particular individuals, and a finding of an attorney-client
(Footnote continues on next page.)

**B.     Conflicts Rules Also Bar SRA's Counsel's Purported Joint Representation.**

Moreover, even assuming that SRA's counsel had been appointed to represent the bankruptcy estate, joint representation of both SRA and Site Technologies still would be improper. SRA claims that *it* owns the three asserted patents in this case. Parties with an interest in Site Technologies' bankruptcy estate have alleged that *the Site Technologies' bankruptcy estate* owns the patents. These competing claims to the patents are clearly adverse.

Under the ABA Model Rules of Professional Conduct and the California Rules of Professional Conduct, SRA's counsel could not possibly represent both SRA and Site Technologies here.[21] Under Rule 1.7 of the ABA Model Rules of Professional Conduct:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Likewise, under the Rule 3-310(C) of the California Rules of Professional Conduct:

> A member shall not, without the informed written consent of each client:

---

(Footnote continued from previous page.)

relationship should not be based on the acts of an intermediary, because such a finding would be contrary to the fundamental principles of attorney-client representation."); *see also Gaming v. Dorsey & Whitney, LLP*, Case No. 06CV2804 BTM (WMC), 2008 U.S. Dist. LEXIS 80270, at *15-16 (S.D. Cal. Sept. 30, 2008) ("An attorney-client relationship can only be formed through an express or implied contract for representation."); Restatement (Third) of the Law Governing Lawyers § 14 (2000) (an attorney-client relationship requires either that a person manifest intent to hire the lawyer, combined with the lawyers express or implied consent, or that the lawyer be appointed by a tribunal to represent the person).

[21] Plaintiffs do not allege or mean to imply in any way that SRA's counsel has acted unethically by claiming to jointly represent Site Technologies. Plaintiffs believe that SRA's counsel is operating under a good faith, but incorrect, belief that Mr. Ait's retention of them to represent Site Technologies is valid. Plaintiffs have conferred with SRA's counsel about these issues. *See, e.g.*, Letter from Richard S.J. Hung to Lee L. Kaplan, dated September 17, 2008 (Ho Decl. Ex. N).

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

8

> (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or
>
> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or
>
> (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

None of the exceptions to these rules (e.g., for the ABA rules, a reasonable belief that "the lawyer will be able to provide competent and diligent representation to each affected client," or for both the ABA and California rules, informed written consent) applies here. SRA's counsel, without authorization to act on behalf of all parties with an interest in SRA's bankruptcy estate, instead rejects out of hand that Site Technologies' bankruptcy estate has an interest in the patents. SRA lacks Site Technologies' consent to represent it (as Site Technologies the corporation no longer exists) and further lacks consent from the court and all interested parties to represent Site Technologies' bankruptcy estate. For these reasons, as well, SRA's counsel's purported filing of the motion to dismiss, transfer, or stay on Site Technologies' behalf also is invalid and must be stricken.

/
/
/
/
/
/
/
/
/
/
/

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

9

## IV. CONCLUSION

It is undisputed that Mr. Ait is no longer the Responsible Person for Site Technologies and cannot act on its behalf. Because no one with authority has retained (or could retain) SRA's counsel to jointly represent Site Technologies' bankruptcy estate, Plaintiffs respectfully ask that the Court strike Defendants' motion to dismiss, transfer or stay, to the extent that the motion purports to be brought on behalf of Site Technologies.

Dated: January 20, 2009

Respectfully submitted,

By: /s/ Juanita R. Brooks
Juanita R. Brooks (SBN 75934, brooks@fr.com)
Jason W. Wolff (SBN 215819, wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas B. Walsh, IV (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091
Email: walsh@fr.com

Jerry T. Yen (SBN 247988, yen@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs GOOGLE INC. and AOL LLC

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

10

By: /s/ Richard. S.J. Hung
Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com

Attorneys for Plaintiff YAHOO! INC.

By: /s/ Jennifer A. Kash
Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email:jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH & MEDIA, INC. and LYCOS, INC.

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

11

1 **DECLARATION OF CONSENT**

2     Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

3 penalty of perjury that concurrence in the filing of this document has been obtained from counsel

4 for Plaintiffs Google Inc., AOL LLC, IAC Search & Media, Inc. and Lycos, Inc.

6 Dated: January 20, 2009

                                                By:    /s/ Richard S.J. Hung

PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION OT DISMISS, TRANSFER, OR STAY
Case No. C-08-03172-RMW
sf-2625079

12