1  JOSEPH J. DE HOPE, JR. (SBN: 79271)
   jdehope@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone:    415-362-6000
4  Facsimile:    415-834-9070

5  Attorneys for Third Party
   MURRAY & MURRAY
6

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 SOFTWARE RIGHTS ARCHIVE, LLC     ) Case No. Misc. Action C-09-80004
                                    )
13            Plaintiff,            ) Case No.:  2:07-cv-511 (CE)
                                    ) EASTERN DISTRICT OF TEXAS
14    vs.                           )
                                    ) DECLARATION OF JOSEPH J.
15 GOOGLE INC., YAHOO! INC., IAC    ) DE HOPE, JR. IN OPPOSITION TO
   SEARCH & MEDIA, INC., AOL, LLC   ) MOTION TO COMPEL COMPLIANCE
16 AND LYCOS, INC.                  ) WITH YAHOO! INC.'S SUBPOENA ON
                                    ) MURRAY & MURRAY PC
17            Defendants.           )
                                    )
18                                  )
                                    )
19 _____  )

20     I, Joseph J. De Hope, Jr., declare as follows:

21     1.      I am an attorney licensed to practice before this Court and am senior counsel with

22 the law firm Hinshaw & Culbertson LLP, counsel for Murray & Murray PC ("Murray") for the

23 purpose of responding to the subject subpoena.  The following facts are within my personal

24 knowledge, and, if called upon to do so, I could and would testify competently thereto.

25     2.      Murray is not a party to this litigation as filed in either California or Texas.

26 //

27 //

28
                                          1
   DECLARATION OF JOSEPH J. DE HOPE, JR. IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE
   WITH YAHOO! INC.'S SUBPOENA ON MURRAY & MURRAY PC - CASE NO.  2:07-CV-511 (CE)

3.     The subpoena served upon Murray seeks both paper documents and electronically stored documents.  A copy of the Yahoo! subpoena and Murray's response to same are attached hereto as Exhibits A and B.

4.     I contacted HSNO Franklin Data to determine the approximate cost of responding to the subpoena based upon approximately 9 boxes of documents plus a review of business and personal computers and PDAs.

5.     HSNO Franklin Data advertises it services as follows: "HSNO Franklin Data provides electronic discovery technical and advisory services in select markets around the world. We focus on areas of business where our particular skills and expertise deliver a real advantage for clients, concentrating resources where we can add the most value. As a result, we have established leading positions in a diverse range of market segments and regions internationally. When it comes to preparing for future litigation or government enforcement, discovery response, or business risk related to electronically stored information (ESI), HSNO Franklin Data are your global experts.

Our clients have sent us into over 40 Countries across 100 Organizations to scope, preserve, collect, process, filter, and produce countless amounts of data related to some of the most high profile litigation matters. When you need confidence, speed, and highly defensible processes while leveraging economies of scale - HSNO Franklin Data is the clear choice."

6.     HSNO Franklin Data provided the following <u>estimate</u> of the cost for responding to the subpoena:

"For the paper component:

9 boxes @ 2500 pages.  Roughly 22,500 pages.  29 man hours of scanning.  4 people 1.5 days including QC. 4 scan stations. On location .15/page +hourly charge.  Say 45/hour scan 125 manager/QC. $250/station.  Media, OCR load files etc off site. $3375.00 images$1305.00 scan labor $1000.00 equipment $1500.00 QC/Manager time. $7180.00 + T&E post processing.

DECLARATION OF JOSEPH J. DE HOPE, JR. IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH YAHOO! INC.'S SUBPOENA ON MURRAY & MURRAY PC - CASE NO.  2:07-CV-511 (CE) 2981320V1
893860  54359

1    For the electronic discovery component:

2    9 computers - figure processing 50gb of data. File shares and other potential media

3    sources like usb, cd, external drives etc - 25gb of data.

4    Process, deduplicate, date and search term filter to reduce the data. Output to

5    review platform for atty review. I'd suggest the paper go up on this as well to better

6    manage the review and production.

7    Electronic data processing: $450/gb

8    De-duplicate, search, filter: $200/gb (data typically grows due to compressed files

9    like email, zip, etc). Usually reduce data by 80%.

10   Hosting data: $99 one-time seat license, $65/gb per month hosting

11   Under the assumptions above:

12   75gb data processed $33,750

13   85gb de-dupe, filter, etc: $17,000

14   5 seat review licenses: $500

15   20gb of data hosted: $1300/month

16   100/hours tech time @ 200: $20,000

17   10/hours management @ 250: $2500

18   Obviously if any of these assumptions change up or down the pricing model can

19   change. I typically come into the front and spend a day or so trying to absolutely reduce

20   what we can before getting into costly processing and similar."

21   7.    It appears that the total for this estimate is in the range of $88,105

22   depending upon actual time and expenses incurred.

23   8.    It is respectfully submitted that a third party should not be expected or

24   required to incur these substantial costs to search for and produce documents and

25   electronically stored information.

26   //

27   //

28
                                    3

1        I declare under penalty of perjury under the laws of the United States and

2   California that the foregoing is true and correct and that this Declaration is executed on

3   March 24, 2009 in San Francisco, California.

4   Date:  March 24, 2009                   HINSHAW & CULBERTSON LLP

7   Joseph J. De Hope, Jr.
    Attorneys for Third Party
8   MURRAY & MURRAY

4

# EXHIBIT A

OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH YAHOO! INC.'S
SUBPOENA ON MURRAY & MURRAY PC



# UNITED STATES DISTRICT COURT

| FOR THE | NORTHERN DISTRICT OF | CALIFORNIA |
|---------|----------------------|------------|

SOFTWARE RIGHTS ARCHIVE, LLC,

Plaintiff,

v.

GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC, AND LYCOS, INC.,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] Civil Case No. 2:07-cv-511 (CE)
EASTERN DISTRICT OF TEXAS

Defendants.

TO:    Murray & Murray, PC
19400 Stevens Creek Blvd. STE 200
Cupertino CA 95014-2548

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|--------------------|-----------|
|                    | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See attached Notice of Deposition)

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): *See* Appendix A, attached hereto.

| PLACE | DATE AND TIME |
|-------|---------------|
| Offices of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304, (650) 813-5600; *or* another suitable location to be mutually agreed upon. | January 12, 2009, 9:30 AM |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Francis C. Ho, Attorney for defendant Yahoo! Inc. | December 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Francis C. Ho

Morrison & Foerster LLP, 425 Market St., San Francisco CA, 94105, (415) 268-6688

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.
sf-2621538

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                                _____
                                                                ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTING A PERSON SUBJECT TO SUBPOENAS.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# APPENDIX A

## DEFINITIONS

The following definitions shall apply:

1.     "YOU" and "YOUR" mean Murray & Murray, a Professional Corporation, including each of its employees, attorneys, representatives, agents, and all entities acting in consort, joint-venture or partnership relationships with, and others acting, on behalf of Murray & Murray, a Professional Corporation.

2.     "SRA" means Software Rights Archive, LLC, including without limitation, all of its corporate locations, and all predecessors, former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Software Rights Archive, LLC (inclusive of its former and current subsidiaries), and all entities acting in consort, joint-venture or partnership relationships with, and others acting, on behalf of Software Rights Archive, LLC (inclusive of its former and current subsidiaries).

3.     "SITE TECHNOLOGIES" means Site Technologies, Inc., including without limitation, all of its corporate locations, and all predecessors, such as DeltaPoint, Inc., former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Site Technologies, Inc. (inclusive of its former and current subsidiaries), and all entities acting in consort, joint-venture or partnership relationships with, and others acting, on behalf of Site Technologies, Inc. (inclusive of its former and current subsidiaries).

4.     "SITE/TECHNOLOGIES/INC." means Site/Technologies/Inc. (a.k.a. Site/technologies/inc.), including without limitation, all of its corporate locations, and all predecessors, such as Libertech, Inc., the company as it actually or purportedly existed at all times, including without limitation from June 15, 1992 to December 21, 2000, former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Site/Technologies/Inc. (a.k.a. Site/technologies/inc.) (inclusive of its former and current subsidiaries), and all entities acting in consort, joint-venture or partnership relationships

with, and others acting, on behalf of Site/Technologies/Inc. (a.k.a. Site/technologies/inc.)
(inclusive of its former and current subsidiaries).

5.      "PATENTS-IN-SUIT" means U.S. Patent No. 5,544,352 ("the '352
patent"), U.S. Patent No. 5,832,494 ("the '494 patent"), and U.S. Patent No. 6,233,571
("the '571 patent"), and any application from which each such patent issued.

6.      "RELATED PATENTS OR APPLICATIONS" means (i) any application
to which any patent-in-suit claims priority, (ii) any application, either in the United States
or any other jurisdiction, which includes a claim of priority, directly or indirectly, to any
application identified in (i), and (iii) any patent, other than a PATENT-IN-SUIT, issuing
from an application identified in (i) or (ii).

7.      "DOCUMENT" is defined broadly to be given the full scope of that term
contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all
originals (or, if originals are not available, identical copies thereof), all non-identical
copies of a document, all drafts of final documents, all other written, printed, or recorded
matter of any kind, and all other data compilations from which information can be
obtained and translated if necessary, that are or have been in your actual or constructive
possession or control, regardless of the medium on which they are produced, reproduced,
or stored (including without limitation computer programs and files containing any
requested information), and any recording or writing, as these terms are defined in Rule
1001, Federal Rules of Evidence. Any document bearing marks, including without
limitation, initials, stamped initials, comments, or notations not a part of the original text
or photographic reproduction thereof, is a separate document.

8.      "COMMUNICATION" means any form of transmittal of information
without limitation as to means of transmittal, including meetings, telephone
conversations, voice messages, electronic mail, text messages, correspondence,
memoranda, contracts, agreements, and verbal or nonverbal actions intended to or
actually conveying information.

9.      "PERSON" includes not only natural persons, but also, firms,
partnerships, associations, corporations, and other legal entities, and divisions,
departments, or other units thereof.

10.     "RELATES TO", "RELATING TO" and "RELATED TO" mean describing, discussing, concerning, evidencing, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

11.     "DESCRIBE" means to give a full and complete explanation of the requested information, including identifying all relevant circumstances, all relevant dates, all PERSONS involved or having relevant knowledge, all relevant DOCUMENTS, and explaining the significance or the role of each date, PERSON, and DOCUMENT.

## INSTRUCTIONS

1.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

2.     The use of the word "including" should be interpreted to mean "including without limitation."

3.      These requests are continuing in character to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure and require supplemental answers if additional or different information is obtained prior to trial.

4.     These requests seek all information that is known to you, your representatives, agents or investigators, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators or consultants.

5.     If any request is objected to in part, a complete answer to all portions of the request not objected to should be provided.

6.     For any information withheld on the ground that it is embodied in COMMUNICATIONS or DOCUMENTS protected by the attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, provide a written statement setting forth, at a minimum:

(a)     an identification of each COMMUNICATION or DOCUMENT embodying the allegedly protected information by author, date, and title;

(b)     the identity of all PERSON(S) from and to whom the information has been

communicated;

      (c)      a brief description of the subject matter of the information; and

      (d)      the legal and factual ground(s) upon which you rely in withholding the information in sufficient detail so that the Court may make a determination on your claim of privilege.

      7.      To the extent these requests seek information that is recorded in any form of document, including electronically stored DOCUMENTS such as word processing files and e-mail, or to the extent these requests seek identification of DOCUMENTS, including electronically stored DOCUMENTS, you are asked to take steps to ensure that all such DOCUMENTS are preserved for this litigation, and to take steps to ensure that no responsive electronically stored DOCUMENTS are erased or deleted. Sanctions may be imposed for failure to maintain evidence within your care, custody, or control.

      8.      Any term not specifically defined herein is to be defined in accordance with the Federal Rules of Civil Procedure and with Local Rules.

# DOCUMENTS FOR PRODUCTION

1. All DOCUMENTS RELATING TO the bankruptcy of SITE TECHNOLOGIES, including, without limitation, all DOCUMENTS RELATING TO the preparation of any schedules, plans, disclosure statements or any other filings in the bankruptcy of SITE TECHNOLOGIES, all DOCUMENTS RELATING TO the proof of claim register in the bankruptcy of SITE TECHNOLOGIES, all DOCUMENTS RELATING TO soliciting consent to SITE TECHNOLOGIES' 1st Amended Plan of Reorganization, and all DOCUMENTS RELATING TO the bankruptcy of SITE TECHNOLOGIES created or delivered after the effective date of SITE TECHNOLOGIES' 1st Amended Plan of Reorganization.

2. All DOCUMENTS RELATING TO SITE/TECHNOLOGIES/INC.

3. All DOCUMENTS RELATING TO Jeffrey Ait and/or his agents, including, without limitation, any COMMUNICATIONS between YOU and Jeffrey Ait and/or his agents.

4. All DOCUMENTS RELATING TO any merger of SITE TECHNOLOGIES and SITE/TECHNOLOGIES/INC., including any merger in December 2000.

5. All DOCUMENTS RELATING TO the PATENTS-IN-SUIT, any RELATED PATENTS OR APPLICATIONS.

6. All DOCUMENTS RELATING TO the Stock Purchase Agreement between SITE/TECHNOLOGIES/INC. and SITE TECHNOLOGIES, dated July 11, 1997, and any schedules thereof.

7. All DOCUMENTS RELATING TO any actual or attempted conveyance, assignment, license, or other transfer of any rights, including without limitation, transfer by operation by law, in the PATENTS-IN-SUIT and any RELATED PATENTS OR APPLICATIONS, including but not limited to an alleged Bill of Sale, Assignment and License Agreement between SITE TECHNOLOGIES and Daniel Egger dated September 16, 1998.

8. All DOCUMENTS RELATING TO Starbase and/or the sale of any technology to Starbase.

9. All DOCUMENTS RELATING TO the corporate status of SITE TECHNOLOGIES subsequent to January 1, 1996, including the reactivation attempted or effected on or about August 1, 2008, and including any COMMUNICATIONS regarding any decision(s) made in connection with any such change.

10. All DOCUMENTS RELATING TO the corporate governance, structure, and management of SITE TECHNOLOGIES and SITE/TECHNOLOGIES/INC. including bylaws, corporate charters, proxy materials, board of director minutes.

# EXHIBIT B

OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH YAHOO! INC.'S
SUBPOENA ON MURRAY & MURRAY PC

JOSEPH J. DE HOPE, JR. (SBN: 79271)
jdehope@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:  415-834-9070

Attorneys for Third Party
MURRAY & MURRAY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC AND LYCOS, INC.<br><br>Defendants. | **Case No.: 2:07-cv-511 (CE)**<br>**EASTERN DISTRICT OF TEXAS**<br><br>**RESPONSES AND OBJECTIONS OF THIRD PARTY MURRAY & MURRAY TO SUBPOENA IN A CIVIL CASE FROM DEFENDANT YAHOO! INC.** |

Pursuant to the Federal Rules of Civil Procedure, MURRAY & MURRAY, PC ("MURRAY") makes the following response and objections to the Subpoena to MURRAY served on December 22, 2008 by Yahoo! Inc. ("defendant").  While asserting the following objections, MURRAY reserves the right to assert additional objections and limitations concerning the Subpoena as it may deem necessary or appropriate as developments warrant.

## GENERAL OBJECTIONS

MURRAY makes the following general objections, whether or not separately set forth in response to each and every instruction, definition and document request made by defendant.

1

1          1.       MURRAY objects to the Subpoena as a whole on the ground that it

2   requests information from MURRAY client files protected from disclosure by the duty of

3   confidentiality under Business and Professions Code Section 6068(e) and the attorney-

4   client privilege as well as the work product doctrine.

5          Absent client consent to production, MURRAY has a duty to maintain the

6   confidentiality of client files under Evidence Code section 955, Business and Professions

7   Code Section 6068(e) and the attorney-client privilege.  The duty of confidentiality

8   applies to all information relating to client representation, whatever its source, and

9   applies to secrets that the client has requested be held inviolate, or the disclosure of which

10  would likely be detrimental to the client. See e.g., Cal. State Bar Form. Opns. 1993-133,

11  1988-96, 1986-87, 1981-58 & 1980-52.  MURRAY thus objects to the Subpoena as a

12  whole to the extent it requires MURRAY to disclose client confidential information

13  without the consent of Site Technologies, Inc. and/or Site/Technologies/Inc. or their

14  successors in interest.

15         2.       MURRAY objects to the subpoena as a whole on the ground that the

16  subpoena does not provide reasonable time for compliance pursuant to Rule 45 of the

17  Federal Rules of Civil Procedure.  Accordingly, MURRAY objects to producing

18  documents on the date and time specified in the subpoena.

19         3.       MURRAY objects to the requests to the extent that they seek documents

20  containing communications or other matters protected by the attorney client privilege, the

21  work product doctrine and or similar privileges or immunities.

22         4.       MURRAY objects to each and every request to the extent the requests

23  require MURRAY to produce any document containing any information received from a

24  third party under a nondisclosure agreement.  MURRAY also objects to producing the

25  content of any part of any agreement between any of its clients and a third party, which

26  by its terms may not be disclosed by MURRAY.

27         //

28
RESPONSES AND OBJECTIONS OF THIRD PARTY MURRAY & MURRAY TO SUBPOENA IN A CIVIL
CASE FROM DEFENDANT YAHOO! INC. - CASE NO.  2:07-CV-511 (CE)

5.     MURRAY objects to the requests to the extent they seek documents that contain confidential information which would impinge on the constitutional and protected right to privacy of individuals or entities under California law.

6.     MURRAY objects to the requests to the extent they seek materials which are not in its possession, custody or control.

7.     MURRAY objects to the requests to the extent they require MURRAY to produce originals of responsive documents, or otherwise organize the documents to be produced.

8.     MURRAY objects to each request to the extent it is overbroad and requires production of information that is neither relevant to the subject matter of this lawsuit nor reasonably likely to lead to the discovery of admissible evidence.

9.     MURRAY objects to each request to the extent it requires MURRAY to make an unduly burdensome search for documents, including searching for electronic documents that are not readily accessible.

10.     MURRAY objects to each request to the extent it is vague and ambiguous and thereby renders it impossible for MURRAY to determine what documents or information defendant actually seeks.

11. MURRAY objects to the Subpoena on the ground that the expense associated with the production of any documents is unreasonable as to MURRAY, a third party, and thus any such expense should be paid for by defendant.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     MURRAY objects to the definitions of "YOU" and "YOUR" in Item 1 of the Definitions to the extent it includes each of MURRAY's "employees, attorneys, representatives, agents, and all entities acting in consort, joint-venture or partnership relationships with, and others acting, on behalf of MURRAY." This definition is vague and ambiguous and renders the Subpoena overbroad, burdensome, unreasonable and oppressive.

2. MURRAY objects to the definition of "SRA" in Item 2 of the Definitions to the extent it includes "including without limitation, all of its corporate locations, and all predecessors, former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Software Rights Archive, LLC (inclusive of its former and current subsidiaries), and all entities acting in consort, joint venture or partnership relationships with, and others acting, on behalf of Software Rights Archive, LLC (inclusive of its former and current subsidiaries)." This definition is vague and ambiguous and renders the Subpoena overbroad, burdensome, unreasonable and oppressive.

3. MURRAY objects to the definition of "SITE TECHNOLOGIES" in Item 3 of the Definitions to -the extent it includes "Site Technologies, Inc., including without limitation, all of its corporate locations, and all predecessors, such as Delta Point, Inc., former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Site Technologies, Inc. (inclusive of its former and current subsidiaries), and all entities acting in consort, joint-venture or partnership relationships with, and others acting, on behalf of Site Technologies, Inc. (inclusive of its former and current subsidiaries)." This definition is vague and ambiguous and renders the Subpoena overbroad, burdensome, unreasonable and oppressive.

4. MURRAY objects to the definition of "SITE/TECHNOLOGIES/INC." in Item 4 of the Definitions to the extent it includes "including without limitation, all of its corporate locations, and all predecessors, such as Libertech, Inc., the company as it actually or purportedly existed at all times, including without limitation from June 15, 1992 to December 21,2000, former and current subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, representatives, employees, consultants, and attorneys of Site/Technologies/Inc. (a.k.a. Site/technologies/inc.) (inclusive of its former and current subsidiaries), and all entities acting in consort, joint-venture or

partnership relationships with, and others acting, on behalf of Site/Technologies/Inc. (a.k.a. Site/technologies/inc.) (inclusive of its former and current subsidiaries)." This definition is vague and ambiguous and renders the Subpoena overbroad, burdensome, unreasonable and oppressive.

5. MURRAY objects to the term "PATENTS-IN-SUIT" in Item 5 of the Definitions to the extent it includes "any application from which such patent issued". This definition is vague and ambiguous and renders the Subpoena overly broad and unduly burdensome.

6. MURRAY objects to the term "RELATED PATENTS OR APPLICATIONS" in Item 6 of the Definitions to the extent it includes "(i) any application to which any patent-in-suit claims priority, (ii) any application, either in the United States or any other jurisdiction, which includes a .claim of priority, directly or indirectly, to any application identified in (i), and (iii) any patent, other than a PATENT-IN-SUIT, issuing an application identified in (i) or (ii)." This definition is vague and ambiguous and renders the Subpoena overly broad and unduly burdensome.

7. MURRAY objects to the definition of "DOCUMENT" in Item 7 of the Definitions to the extent it seeks to impose more than is required by the discovery provisions of the Federal Rules of Civil Procedure, to the extent that it would pose an unreasonable and undue annoyance, burden and expense, and to the extent it is inconsistent with the Federal Rules of Evidence.

8. MURRAY objects to the term "COMMUNICATION" in Item 8 of the Definitions to the extent that term requires production of privileged information.

9. MURRAY objects to the term "PERSON" in Item 9 of the Definitions since the definition is vague and ambiguous in its failure to identify with reasonable specificity the documents requested, thus rendering the Subpoena overbroad, burdensome, and unreasonable.

//

1   10. MURRAY objects to the terms "RELATES TO," "RELATING TO" and

2   "RELATED TO" in Item 10 of the Definitions to the extent those terms lack sufficient

3   specificity to enable MURRAY to determine from the face of the documents whether

4   they are responsive

5   11. MURRAY objects to the term "DESCRIBE" in Item 11 of the Definitions

6   since the definition is vague and ambiguous in its application to a document request, thus

7   rendering the Subpoena overbroad, burdensome, and unreasonable.

8   12.   MURRAY objects to the instructions portion of the subpoena to the extent

9   the instructions exceed the requirements of the Federal Rules of Civil Procedure,

10  including, but not limited to, requiring "continuing" search for documents, requiring a

11  search outside of MURRAY client files, and requiring an unduly burdensome privilege

12  log.

### DOCUMENT REQUESTS

14  MURRAY responds to the specific document requests contained in the subpoena

15  as follows:

16  **REQUEST NO. 1:**

17  All DOCUMENTS RELATING TO the bankruptcy of SITE TECHNOLOGIES,

18  including, without limitation, all DOCUMENTS RELATING TO the preparation of any

19  schedules, plans, disclosure statements or any other filings in the bankruptcy of SITE

20  TECHNOLOGIES, all DOCUMENTS RELATING TO the proof of claim register in the

21  bankruptcy of SITE TECHNOLOGIES, all DOCUMENTS RELATING TO soliciting

22  consent to SITE TECHNOLOGIES' 1st Amended Plan of Reorganization, and all

23  DOCUMENTS RELATING TO the bankruptcy of SITE TECHNOLOGIES created or

24  delivered after the effective date of SITE TECHNOLOGIES' 1st Amended Plan of

25  Reorganization.

26  //

27  //

28

**RESPONSE TO REQUEST NO. 1:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO SITE/TECHNOLOGIES/INC.

//

**RESPONSE TO REQUEST NO. 2:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

//

//

//

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO Jeffrey Ait and/or his agents, including, without limitation, any COMMUNICATIONS between YOU and Jeffrey Ait and/or his agents.

**RESPONSE TO REQUEST NO. 3:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United

1  States Bankruptcy Court, Northern District of California Case No. 99-50736, which

2  documents may not be produced for the reasons stated.

3  **REQUEST NO. 4:**

4      All DOCUMENTS RELATING TO any merger of SITE TECHNOLOGIES and

5  SITE/TECHNOLOGIES/INC., including any merger in December 2000.

6  **RESPONSE TO REQUEST NO. 4:**

7      MURRAY incorporates each general objection into this response as though set out

8  in full. Without waiving the foregoing objections, MURRAY further objects to this

9  request on the ground that it is vague, ambiguous and overbroad in its failure to identify

10  with reasonable specificity the documents requested. MURRAY further objects to this

11  request on the ground that it is overbroad and requests documents that are not relevant to

12  the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

13  admissible evidence. MURRAY further objects to this request as it subjects MURRAY to

14  undue burden as the request seeks information that is a matter of public record equally

15  available to defendant. MURRAY further objects to this request to the extent it requests

16  MURRAY client documents without the consent of the client; MURRAY may not

17  disclose any client documents without client consent based on its duty of confidentiality.

18  MURRAY further objects to the request to the extent it requests third party documents

19  without the consent of such third party since such documents are subject to the terms of

20  the California constitutional right to privacy. MURRAY further objects to the extent this

21  request requires production of documents protected from discovery by the attorney-client

22  privilege and the work product doctrine or any other applicable privilege.  MURRAY

23  further objects to this request to the extent it exceeds the agreed scope of discovery as set

24  forth in the objections of plaintiff.  Without waiving said objections, MURRAY states

25  that all of the documents it has in its possession relating to this request are documents

26  maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are

27  otherwise within the course and scope of its legal representation of the debtor in United

28

States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO the PATENTS-IN-SUIT, any RELATED PATENTS OR APPLICATIONS.

**RESPONSE TO REQUEST NO. 5:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United

1  States Bankruptcy Court, Northern District of California Case No. 99-50736, which

2  documents may not be produced for the reasons stated.

3  **REQUEST NO. 6:**

4  All DOCUMENTS RELATING TO the Stock Purchase Agreement between

5  SITE/TECHNOLOGIES/INC. and SITE TECHNOLOGIES, dated July 11, 1997, and

6  any schedules thereof.

7  **RESPONSE TO REQUEST NO. 6:**

8  MURRAY incorporates each general objection into this response as though set out

9  in full. Without waiving the foregoing objections, MURRAY further objects to this

10  request on the ground that it is vague, ambiguous and overbroad in its failure to identify

11  with reasonable specificity the documents requested. MURRAY further objects to this

12  request on the ground that it is overbroad and requests documents that are not relevant to

13  the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

14  admissible evidence. MURRAY further objects to this request as it subjects MURRAY to

15  undue burden as the request seeks information that is a matter of public record equally

16  available to defendant.  MURRAY further objects to this request to the extent it requests

17  MURRAY client documents without the consent of the client; MURRAY may not

18  disclose any client documents without client consent based on its duty of confidentiality.

19  MURRAY further objects to the request to the extent it requests third party documents

20  without the consent of such third party since such documents are subject to the terms of

21  the California constitutional right to privacy. MURRAY further objects to the extent this

22  request requires production of documents protected from discovery by the attorney-client

23  privilege and the work product doctrine or any other applicable privilege.  MURRAY

24  further objects to this request to the extent it exceeds the agreed scope of discovery as set

25  forth in the objections of plaintiff.  Without waiving said objections, MURRAY states

26  that all of the documents it has in its possession relating to this request are documents

27  maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are

28

otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO any actual or attempted conveyance, assignment, license, or other transfer of any rights, including without limitation, transfer by operation by law, in the PATENTS-IN-SUIT and any RELATED PATENTS OR APPLICATIONS, including but not limited to an alleged Bill of Sale, Assignment and License Agreement between SITE TECHNOLOGIES and Daniel Egger dated September 16, 1998.

**RESPONSE TO REQUEST NO. 7:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY

1  further objects to this request to the extent it exceeds the agreed scope of discovery as set

2  forth in the objections of plaintiff.  Without waiving said objections, MURRAY states

3  that all of the documents it has in its possession relating to this request are documents

4  maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are

5  otherwise within the course and scope of its legal representation of the debtor in United

6  States Bankruptcy Court, Northern District of California Case No. 99-50736, which

7  documents may not be produced for the reasons stated.

8  **REQUEST NO. 8:**

9       All DOCUMENTS RELATING TO Starbase and/or the sale of any technology to

10  Starbase.

11  **RESPONSE TO REQUEST NO. 8:**

12       MURRAY incorporates each general objection into this response as though set out

13  in full. Without waiving the foregoing objections, MURRAY further objects to this

14  request on the ground that it is vague, ambiguous and overbroad in its failure to identify

15  with reasonable specificity the documents requested. MURRAY further objects to this

16  request on the ground that it is overbroad and requests documents that are not relevant to

17  the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

18  admissible evidence. MURRAY further objects to this request as it subjects MURRAY to

19  undue burden as the request seeks information that is a matter of public record equally

20  available to defendant.  MURRAY further objects to this request to the extent it requests

21  MURRAY client documents without the consent of the client; MURRAY may not

22  disclose any client documents without client consent based on its duty of confidentiality.

23  MURRAY further objects to the request to the extent it requests third party documents

24  without the consent of such third party since such documents are subject to the terms of

25  the California constitutional right to privacy. MURRAY further objects to the extent this

26  request requires production of documents protected from discovery by the attorney-client

27  privilege and the work product doctrine or any other applicable privilege.  MURRAY

28

RESPONSES AND OBJECTIONS OF THIRD PARTY MURRAY & MURRAY TO SUBPOENA IN A CIVIL
CASE FROM DEFENDANT YAHOO! INC. - CASE NO.  2:07-CV-511 (CE)

further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO the corporate status of SITE TECHNOLOGIES subsequent to January 1, 1996, including the reactivation attempted or effected on or about August 1, 2008, and including any COMMUNICATIONS regarding any decision(s) made in connection with any such change.

**RESPONSE TO REQUEST NO. 9:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of the California constitutional right to privacy. MURRAY further objects to the extent this

request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

**REQUEST NO. 10:**

All DOCUMENTS RELATING TO the corporate governance, structure, and management of SITE TECHNOLOGIES and SITE/TECHNOLOGIES/INC. including bylaws, corporate charters, proxy materials, board of director minutes.

**RESPONSE TO REQUEST NO. 10:**

MURRAY incorporates each general objection into this response as though set out in full. Without waiving the foregoing objections, MURRAY further objects to this request on the ground that it is vague, ambiguous and overbroad in its failure to identify with reasonable specificity the documents requested. MURRAY further objects to this request on the ground that it is overbroad and requests documents that are not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. MURRAY further objects to this request as it subjects MURRAY to undue burden as the request seeks information that is a matter of public record equally available to defendant. MURRAY further objects to this request to the extent it requests MURRAY client documents without the consent of the client; MURRAY may not disclose any client documents without client consent based on its duty of confidentiality. MURRAY further objects to the request to the extent it requests third party documents without the consent of such third party since such documents are subject to the terms of

the California constitutional right to privacy. MURRAY further objects to the extent this request requires production of documents protected from discovery by the attorney-client privilege and the work product doctrine or any other applicable privilege. MURRAY further objects to this request to the extent it exceeds the agreed scope of discovery as set forth in the objections of plaintiff. Without waiving said objections, MURRAY states that all of the documents it has in its possession relating to this request are documents maintained, obtained, prepared, and/or considered by or on behalf of MURRAY or are otherwise within the course and scope of its legal representation of the debtor in United States Bankruptcy Court, Northern District of California Case No. 99-50736, which documents may not be produced for the reasons stated.

DATED: January 5, 2009                    HINSHAW & CULBERTSON LLP


                                          _____
                                          Joseph J. De Hope, Jr.
                                          Attorneys for Third Party
                                          MURRAY & MURRAY

                                          2978814v1 893860 54359

# PROOF OF SERVICE

*Google, Inc. et al v. Egger et al.*
**USDC –Northern District of California (San Jose) Case No. 5:08-cv-03172-RMW**
*Software Rights Archive, LLC v. Google, Inc. et al.*
**USDC – Eastern District of Texas (Marshall) Case No. 2:07-cv-511 (CE)**

     I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

     On January 5, 2009, I served the within RESPONSES AND OBJECTIONS OF THIRD PARTY MURRAY & MURRAY TO SUBPOENA IN A CIVIL CASE FROM DEFENDANT YAHOO! INC on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[ X ]   **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]   **(BY OVERNIGHT DELIVERY)** I deposited such envelopes to be placed for collection and handling via United Parcel Service ("UPS") following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence via UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

[ ]   **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below.

[ ]   **(BY ELECTRONIC MAIL)** By causing a true copy thereof to be emailed to the following persons as noted:

### *SEE ATTACHED SERVICE LIST*

     I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 5, 2009, at San Francisco, California.

Danielle Johnson

---

1

**SERVICE LIST**

re:  *Google, Inc. et al v. Egger et al.*
    **USDC –Northern District of California (San Jose) Case No. 5:08-cv-03172-RMW**
    *Software Rights Archive, LLC v. Google, Inc. et al.*
    **USDC – Eastern District of Texas (Marshall) Case No. 2:07-cv-511 (CE)**

| | |
|---|---|
| Richard S.J. Hung, Esq<br>MORRISON & FOERSTER LLP<br>425 Market Street, 34th Floor<br>San Francisco, CA 94105-2482<br>Tel: (415) 268-7000<br>Fax: (415) 268-7522<br>rhung@mofo.com<br><br>Attorneys for Google, Inc. and Yahoo! Inc. | Lee Landa Kaplan, Esq.<br>SMYSER KAPLAN & VESELKA<br>700 Louisiana Street, Suite 2300<br>Houston, TX 77002<br>(713) 221-2300<br>(713) 221-2320<br>lkaplan@skv.com<br><br>Attorneys for L. Daniel Egger and Software<br>Rights Archive LLC. |
| Thomas Bernard Walsh, IV., Esq<br>FISH & RICHARDSON PC<br>5000 Bank One Center<br>1717 Main Street<br>Dallas, TX 75201<br>(212) 292-4090<br>(212) 747-2091<br>walsh@fr.com<br><br>Attorneys for Google Inc. | Harry Lee Gillam, Jr., Esq.<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>(903) 934-8450<br>(903) 934-9257<br>gil@gillamsmithlaw.com<br><br>Attorneys for Google, Inc. and AOL, LLC. |

**PROOF OF SERVICE**