MARK PARNES, State Bar No. (CA SBN 104775)
mparnes@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for THIRD-PARTY
WILSON SONSINI GOODRICH & ROSATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC., <br><br> Defendants. | CASE NO.: CV 09-8000 4 MISC. <br> (Case No. 2:07-CV-511 (CE) JF pending in the Eastern District of Texas) <br><br> DECLARATION OF MARK PARNES IN OPPOSITION TO MOTION TO COMPEL BY YAHOO! INC. <br><br> Date: April 17, 2009 <br> Time: 9:00 a.m. <br> Courtroom: Courtroom 6, 4th Floor <br> Judge: Honorable Ronald M. Whyte |

-1-   3593447_1.DOC

DECLARATION OF MARK PARNES IN OPPOSITION TO MOTION TO COMPEL BY YAHOO! INC.

Dockets.Justia.com

I, Mark Parnes, declare as follows:

1. I am Assistant General Counsel of Wilson Sonsini Goodrich & Rosati ("WSGR") and, as such, am responsible for responding to subpoenas directed to the firm. I submit this declaration in opposition to the motion to compel by Yahoo! Inc. The facts stated in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify to the matters set forth herein.

2. WSGR is the custodian of client files relating to work performed by attorneys at the firm for a former client named Site Technologies, Inc.

3. After receipt of the subpoena that is the subject of this motion, I had several conversations with Richard Hung, counsel for Yahoo! Inc. and Lee Kaplan, counsel for Site Technologies, Inc. both individually and in joint conference calls. Mr. Hung indicated that it was his client's position that Site Technologies, Inc. was no longer a corporate entity and that, therefore, there was no holder of the attorney-client privilege. Mr. Kaplan indicated that Site Technologies, Inc. was still in existence and that it would be asserting the attorney client privilege. I indicated to Messrs. Hung and Kaplan during these conversations that WSGR was a third party custodian that had a duty of confidentiality concerning former client files and a duty to assert the attorney client privilege but would be happy to cooperate with the parties concerning any agreement they reached concerning documents to be reviewed and produced as well as how privilege would be handled.

4. Thereafter Messrs. Hung, Kaplan and I discussed documents in the firm's possession and identified a universe of documents to be reviewed by Mr. Kaplan on behalf of Site Technologies, Inc. These documents were made available for review by Mr. Kaplan.

5. Since the documents are client files of Site Technologies, Inc., WSGR will abide by any stipulation reached by counsel for Site Technologies, Inc. concerning documents to be produced or withheld or, in the absence of any stipulation, by ruling of this Court. At present, WSGR has received no instruction from Site Technologies, Inc. to produce any documents.

6. Should the Court make a determination that documents be produced, WSGR requests that any order a) narrow the subpoena to issues of apparent relevance to the instant

matter, i.e., based on Yahoo!'s motion, at most the transaction between Site Technologies and an entity known as Site/Technologies/Inc. (Libertech, Inc.) and the bankruptcy of Site Technologies, and b) provide for adequate time for WSGR and counsel for Site Technologies to coordinate regarding any production and protection of attorney-client privileged documents.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed in Palo Alto, California on March 26, 2009.

                                        /s/ Mark Parnes
                                        Mark Parnes