[SEE SIGNATURE BLOCK FOR COUNSEL]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.** | **Case No. CV08-03172RMW** |
| **Plaintiffs** | **SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| **v.** | |
| **L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.** | |
| **Defendants** | HEARING DATE:  April 17, 2009<br>HEARING TIME:  9:00 a.m. |

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

i

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................... iii

STATEMENT OF ISSUES ..............................................................................................3

STATEMENT OF FACTS ...............................................................................................3

ARGUMENT AND AUTHORITIES ..............................................................................5

    I.    The 30(b)(6) deposition should be quashed and the cross-motion to compel should be denied because Plaintiffs have failed to make even a colorable showing of personal jurisdiction over SRA. ............................................5

        A.    SRA has no pertinent contacts with California, and a deposition to "test and explore" this lack of contacts would be irrelevant and harassing. ..................................................................................6

        B.    The corporate structure discovery sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. ..................................................................................7

            1.    There is no basis to disregard corporate identities. ..........................8

            2.    There is no basis to claim that SRA, LLC or Altitude Capital would be subject to jurisdiction in California. .................13

    II.    In any event, Plaintiffs' discovery requests and 30(b)(6) deposition topics are overbroad. ..................................................................................16

CONCLUSION ..............................................................................................................17

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

ii

Page

**Cases**

*Boschetto v. Hansing,*
 539 F.3d 1011 (9th Cir. 2008) ............................................................ 5, 8, 16

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
 788 F.2d 535 (9th Cir. 1986) ........................................................................ 16

*Campbell Pet Co. v. Miale,*
 542 F.3d 879 (Fed. Cir. 2008) ..................................................................... 13

*Chapman v. Krutonog,*
 No. 08-00552 HG-LEK, 2009 WL 364094 (D. Haw. Feb. 13, 2009).................... 5

*Dainippon Screen Manufacturing Co. v. CFMT, Inc.,*
 142 F.3d 1266 .............................................................................................. 12

*Doe v. Unocal Corp.,*
 248 F.3d 915 (9th Cir. 2001) ....................................................................... 10

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.,*
 2008 WL 4057745 (Del. Ch. Sept. 2, 2008) .................................................... 9

*EsNtion Records, Inc. v. JonesTM, Inc.,*
 No. 3:07-CV-2027-L, 2008 WL 2415977 (N.D. Tex. June 16, 2008) ............. 5, 10

*Evello Invs. N.V. v. Printed Media Servs., Inc.,*
 No. 94-2254-EEO, 1995 WL 135613 (D. Kan. March 28, 1995) ........................ 6

*Freudensprung v. Offshore Tech. Servs., Inc.,*
 379 F.3d 327 (5th Cir. 2004) .......................................................................... 8

*Hargrave v. Fibreboard Corp.,*
 710 F.2d 1154 (5th Cir. 1983) ...................................................................... 10

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
 328 F.3d 1122 (9th Cir. 2003) ...................................................................... 11

*HMG/Courtland Props., Inc. v. Gray,*
 729 A.2d 300 (Del. Ch. 1999) ........................................................................ 9

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.,*
 136 F.3d 537 (7th Cir. 1998) ........................................................................ 10

*Insolia v. Philip Morris Inc.,*
 31 F. Supp. 2d 660 (W.D. Wis. 1998) ........................................................... 10

*Lovesy v. Armed Forces Benefit Ass'n,*
 No. C 07-2745 SBA, 2008 WL 4856144 (N.D. Cal. Nov. 7, 2008)...................... 5

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

iii

*Maloney-Refaie v. Bridge at School, Inc.*,
    958 A.2d 871 (Del. Ch. 2008) .......................................................................... 9

*Mathes v. National Utility Helicopters Ltd.*,
    68 Cal. App. 3d 182 (Cal. Ct. App. 1977) ................................................. 11, 12

*McCurdy v. Wedgewood Capital Mgmt. Co.*,
    No. 97-4304, 1998 WL 964185 (E.D. Pa. Nov. 16, 1998) ................................ 6

*Mitan v. Feeney*,
    497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) .................................................. 5

*Mobil Oil Corp. v. Linear Films, Inc.*,
    718 F. Supp. 260 (D. Del. 1989) ................................................................ 10, 13

*Modesto City Sch. v. Riso Kagaku Corp.*,
    157 F. Supp. 2d 1128 (E.D. Cal. 2001) ........................................................... 5

*Morrison & Foerster LLP v. Momentous.ca Corp.*,
    No. C-07-6361 EMC, 2008 WL 648481 (N.D. Cal. March 5, 2008) ................. 14

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
    198 F.R.D. 670 (S.D. Cal. 2001) ...................................................................... 5

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) .................................................................... 7, 16

*S.E.C. v. Hickey*,
    322 F.3d 1123 (9th Cir. 2003) ......................................................................... 9

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    519 F. Supp. 2d 905 (W.D. Wis. 2007) ......................................................... 11

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ........................................................................................ 10

*Wallace v. Wood*,
    752 A.2d 1175 (Del. Ch. 1999) ...................................................................... 10

*Wechsler v. Macke Int'l Trade, Inc.*,
    486 F.3d 1286 (Fed. Cir. 2007) ....................................................................... 8

**Rules**

FED. R. CIV. P. 26(b)(1) ....................................................................................... 6

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH
PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

iv

Software Rights Archive, LLC ("SRA") submits this brief (1) in further support of its motion to quash Google, Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc.'s ("Plaintiffs'") 30(b)(6) notice of deposition and (2) in opposition to Plaintiffs' cross-motion to compel production of documents from SRA. Both SRA's motion to quash and Plaintiffs' cross-motion to compel concern the propriety of additional jurisdictional discovery in this case. SRA respectfully requests that the Court quash the 30(b)(6) deposition and deny Plaintiffs' cross-motion to compel for the reasons stated below.

Plaintiffs generally seek documents and deposition testimony from SRA concerning the following two categories:

1. SRA's contacts with California (and its predecessor Software Rights Archive, Inc.'s contacts with California); and

2. SRA's formation, corporate structure, and investors, its relationship with SRA, LLC and Altitude Capital Partners, L.P. ("Altitude Capital"), and contacts by SRA, LLC and Altitude Capital with the State of California ("corporate structure discovery").

SRA has no documents in the first category. Deposition testimony concerning the first category would be a waste of time and resources because, other than contacts with Plaintiffs or Plaintiffs' representatives made after SRA filed suit against Plaintiffs in Texas, SRA simply has no contacts with California—and Plaintiffs know it.

The Court should deny corporate structure discovery because it is irrelevant. Plaintiffs argue that information about SRA's relationship with its affiliates and its affiliates' contacts with California is relevant to SRA's challenge to personal jurisdiction. Of course, the general rule is that only the contacts of the defendant itself with the forum state are relevant to determining personal jurisdiction. Recognizing that SRA plainly lacks sufficient California contacts to give rise to personal jurisdiction, Plaintiffs seek to dodge this rule by making the naked allegation that SRA and SRA, LLC are "mere shells" allegedly controlled by Altitude Capital, which Plaintiffs

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH
PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

1

contend negates the entities' corporate separateness such that they are one and the same for purposes of personal jurisdiction.

The Court should not countenance this far-fetched theory. Plaintiffs have no basis for contending that SRA has abused the corporate form; Plaintiffs' alter ego argument is based on ownership, one allegedly common consultant, and an allegedly common address—all of which are consistent with a normal parent-subsidiary relationship. If Plaintiffs' argument were accepted, any plaintiff could file a declaratory judgment suit against any defendant in a state where it knows the defendant is not subject to jurisdiction, and then harass the defendant with requests to turn over information about all the entities and investors in its ownership chain in the hope of discovering that some entity in the chain has contacts with the forum state. Corporate identities cannot be so lightly disregarded.

Moreover, Plaintiffs have no good faith basis for alleging that SRA's affiliates would be subject to jurisdiction in California. Plaintiffs should know from their own records that no one contacted any of the Plaintiffs prior to suit to allege infringement of the patents-in-suit—an indispensable prerequisite to the assertion of specific personal jurisdiction in a declaratory judgment action seeking a declaration of non-infringement such as this case. And no entity with a controlling stake in SRA is subject to the general jurisdiction of a California court, as demonstrated by the attached declaration, which was previously filed in connection with a motion to compel filed by Plaintiffs in Delaware federal court. Even assuming Plaintiffs had some ground to disregard corporate identities and travel up the corporate ownership chain of SRA—which they do not—the corporate structure discovery they seek is nevertheless irrelevant to the jurisdictional question.

Simply put, Plaintiffs have no colorable basis on which to seek this jurisdictional discovery. Plaintiffs' 30(b)(6) deposition notice and cross-motion to compel are nothing more

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

2

than fishing expeditions to discover the identities of the investors with an indirect interest in SRA—information that is confidential and has no legitimate purpose in this lawsuit. The Court should grant SRA's motion to quash the 30(b)(6) deposition and deny Plaintiffs' cross-motion to compel.

<strong>STATEMENT OF ISSUES</strong>

> Plaintiffs seek jurisdictional discovery concerning SRA's corporate affiliates on the ground that *if* SRA is a mere shell, then its affiliates' contacts with California may be relevant to personal jurisdiction over SRA.

<strong>Issue One</strong>

> Should the Court should quash Plaintiffs' 30(b)(6) notice of deposition to SRA as irrelevant, where Plaintiffs have no basis to contend that SRA is the alter ego of SRA, LLC or Altitude Capital, and where Plaintiffs have no basis to contend that either SRA, LLC or Altitude Capital would be subject to the jurisdiction of a California court, particularly in light of sworn testimony attesting to those entities' lack of contacts with California?

<strong>Issue Two</strong>

> Should the Court deny Plaintiffs' cross-motion to compel documents from SRA as irrelevant, where Plaintiffs have no basis to contend that SRA is the alter ego of SRA, LLC or Altitude Capital, and where Plaintiffs have no basis to contend that either SRA, LLC or Altitude Capital would be subject to the jurisdiction of a California court, particularly in light of sworn testimony attesting to those entities' lack of contacts with California?

<strong>STATEMENT OF FACTS</strong>

In November 2007, SRA filed a patent infringement action against Google, Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc., who are Plaintiffs here, in the Eastern District of Texas. (*Software Rights Archive, LLC v. Google Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc.*; Civil Action No. 2:07-cv-511-CE; In the United States District Court for the Eastern District of Texas, Marshall Division [hereinafter the "Texas Action"].) Plaintiffs moved to dismiss that lawsuit in July 2008, claiming that there is a

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

3

gap in SRA's chain of title relating to a transfer of the patents-in-suit from Site Technologies, Inc. ("Site Tech") to Daniel Egger (who then assigned the patents to SRA). In addition to the motion to dismiss in the Texas Action, Plaintiffs filed this mirror-action declaratory judgment suit against SRA, Egger, and Site Tech, based on the same standing arguments they raised in the first-filed Texas Action.

In November 11, 2008, SRA and the other declaratory judgment defendants filed a motion to dismiss, transfer, or stay this action. (Defs.' Mot. to Dismiss, Transfer, or Stay, Docket No. 42.) SRA has argued that this Court should dismiss the duplicative action under the first-to-file rule or transfer the case to the Eastern District of Texas. (*Id.* at 3-9.) Alternatively, SRA has argued as an independent basis for dismissal that this Court lacks personal jurisdiction over it and Daniel Egger. (*Id.* at 10-19.) SRA has argued as a third independent basis for dismissal that this Court lacks subject matter jurisdiction over Plaintiffs' claims against Site Tech and Egger. (*Id.* at 20-21.) In connection with the motion to dismiss, Plaintiffs served requests for production on both SRA and Egger. Plaintiffs noticed the deposition of Egger (who had already been deposed on the standing issue), and Egger appeared for this second deposition and testified as to his lack of relevant contacts in California. Not satisfied with this, Plaintiffs also noticed a 30(b)(6) deposition of SRA, purportedly on jurisdictional issues related to the motion to dismiss, transfer, or stay. (Pls.' Notice of Dep., attached hereto as Ex. 1.)[1] They then filed a cross-motion to compel documents from SRA (Docket No. 72), and filed an ancillary proceeding in Delaware federal court to compel from non-parties SRA, LLC and Altitude Capital the same corporate structure discovery they seek from SRA here. (*Google*, *et al. v. Egger et al.*; Civil Action No. 09-mc-00017(JJF); In the United States District Court for the District of Delaware.)

---

[1]     The exhibits are attached to the Declaration of Lee L. Kaplan filed contemporaneously herewith.

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

4

## ARGUMENT AND AUTHORITIES

**I.      The 30(b)(6) deposition should be quashed and the cross-motion to compel should be denied because Plaintiffs have failed to make even a colorable showing of personal jurisdiction over SRA.**

Jurisdictional discovery should be granted only "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quotation omitted).  As one district court recently explained:

> District courts within the Ninth Circuit require a plaintiff to establish a "colorable basis" for personal jurisdiction before granting jurisdictional discovery. *See, e.g., Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); *Modesto City Sch. v. Riso Kagaku Corp.*, 157 F. Supp. 2d 1128, 1130 (E.D. Cal. 2001); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001).  "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Mitan*, 497 F. Supp. 2d at 1119 (citations omitted).

*Chapman v. Krutonog*, No. 08-00552 HG-LEK, 2009 WL 364094, at *4 (D. Haw. Feb. 13, 2009); *see also Lovesy v. Armed Forces Benefit Ass'n*, No. C 07-2745 SBA, 2008 WL 4856144, at *14 (N.D. Cal. Nov. 7, 2008) ("In order to obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant."); *EsNtion Records, Inc. v. JonesTM, Inc.*, No. 3:07-CV-2027-L, 2008 WL 2415977, at *6 (N.D. Tex. June 16, 2008) (explaining that for a court to grant jurisdictional discovery on theory that parent and subsidiary are alter egos, "a plaintiff must make 'a preliminary showing of jurisdiction' pertaining to the nonresident parent corporation").

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

5

Plaintiffs have not—and cannot—make any such colorable showing.[2]  Plaintiffs lack any reasonable basis for discovery; their jurisdictional arguments are based on hypotheticals and naked assertions that they are entitled to "test and explore" factual contentions made by SRA and the relationship of SRA with its affiliates.  Because the requested discovery is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, this Court should quash the 30(b)(6) deposition notice and deny Plaintiffs' cross-motion to compel.[3]

### A.  SRA has no pertinent contacts with California, and a deposition to "test and explore" this lack of contacts would be irrelevant and harassing.

SRA has no documents regarding its contacts with California because it has no pertinent contacts with California.  As SRA explained in its motion to quash, SRA had no contacts with

---

[2]    Plaintiffs chastise SRA's counsel for asking for the logic behind the corporate representative deposition, claiming that the rules do not require Plaintiffs' counsel to reveal their legal theories in advance.  The case law, however, requires that Plaintiffs make a colorable showing of jurisdiction in order to obtain jurisdictional discovery.  Moreover, SRA's counsel was simply trying to understand Plaintiffs' argument as to the relevance of any such deposition in order to make a judgment about whether to allow or oppose it.

[3]    Plaintiffs have wholly ignored this line of cases requiring them to make a colorable showing justifying the need for jurisdictional discovery.  They instead rely on the "good cause" standard of Rule 26(c) and argue that SRA has not shown that specific prejudice or harm will result if no protective order is granted.  This puts the cart before the horse, since parties are not entitled in the first instance to seek or obtain discovery regarding matters that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Moreover, Rule 26(b)(2)(C) requires a court to limit discovery if it determines that, as here, "the burden or expense of the proposed discovery outweighs its likely benefit."  The Rule 26(c) cases cited by Plaintiffs deal neither with jurisdictional discovery nor with a relevance objection.  In any event, SRA has demonstrated good cause by demonstrating the irrelevance of the requested discovery.  *See, e.g., McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97-4304, 1998 WL 964185, at *4 (E.D. Pa. Nov. 16, 1998) ("Irrelevancy satisfies the good cause requirement [of Rule 26(c)].");  *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *7 (D. Kan. March 28, 1995) (finding good cause to limit scope of production where movant showed that requests sought irrelevant documents; "Although parties generally need not resort to protection under [Rule] 26(c) to withhold irrelevant material because such matters are simply outside the scope of discovery, the granting of a protective order nevertheless remains within the sound discretion of the court.  It is certainly within that discretion to protect a party from responding to a discovery request which on its face seeks documents wholly irrelevant to the issues or prospective relief of the case.  Such discovery is generally annoying, oppressive, and unduly burdensome or expensive simply in view of the nature of the documents themselves.").

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

6

California before it filed suit in Texas, and any subsequent contacts occurred only in the course of litigating the Texas Action, and then only because some of the infringing parties have California domiciles. There is nothing to "test and explore." (Pls.' Opp'n to Defs.' Mot. to Quash Pls.' 30(b)(6) Notice of Dep. and Pls.' Cross-Mot. to Compel [hereinafter "Pls.' Opp'n"], Docket No. 72, at 6.) *See, e.g., Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." (quotation omitted)).

**B.    The corporate structure discovery sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' motion to compel documents and testimony concerning corporate structure is designed to discover the names of the investors in SRA to no legitimate end. Plaintiffs' argument as to why corporate structure documents are relevant is so convoluted that it requires parsing.

Plaintiffs argue that "[o]n information and belief, both SRA and SRA, LLC are controlled and owned by Altitude Capital" and that Plaintiffs are "entitled to explore the relationship between SRA and these other entities." (Pls.' Opp'n at 5.) Plaintiffs claim that this information is relevant because, "if SRA and SRA, LLC are mere shells," then the California contacts of Altitude Capital would be "highly relevant to the issue of personal jurisdiction." (Pls.' Opp'n at 5.) In other words, *if* SRA and SRA, LLC are the alter egos of Altitude Capital, and *if* either SRA, LLC or Altitude Capital is subject to jurisdiction in California, then Plaintiffs claim that the California contacts of SRA, LLC or Altitude Capital can be used to establish jurisdiction over SRA.

The Court should not countenance this far-fetched theory. Plaintiffs have no basis to contend either that SRA has abused the corporate form such that its corporate separateness

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

7

should be disregarded, or that its affiliates are subject to jurisdiction in California. Plaintiffs seek this corporate structure discovery on nothing more than a hunch. This is impermissible under Ninth Circuit case law. *See Boschetto*, 539 F.3d at 1020 (holding that district court properly refused to permit jurisdictional discovery where the request "was based on little more than a hunch that it might yield jurisdictionally relevant facts"). If Plaintiffs' argument were accepted, any plaintiff could file a declaratory judgment suit against a defendant in a state where it knows the defendant is not subject to jurisdiction, and then harass the defendant with requests to turn over information about all the entities and investors in its ownership chain in the hope of discovering that some entity in the chain has contacts with the forum state. The Court should quash the 30(b)(6) deposition and deny Plaintiffs' cross-motion to compel.

### 1. There is no basis to disregard corporate identities.

The first problem with Plaintiffs' argument is that they have no basis to disregard SRA's corporate independence and to seek discovery about SRA's corporate affiliates. "As a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). The presumption of institutional independence is not rebutted lightly. *Id.*

Plaintiffs seek to get around SRA's lack of California contacts by implying that SRA and SRA, LLC are the "possible alter egos" of Altitude Capital, such that the contacts of one should be imputed to the others for purposes of personal jurisdiction. (Pls.' Opp'n at 2.) SRA is a company organized under Delaware law, so the applicable law for purposes of applying the alter ego doctrine is Delaware law.[4] Under Delaware law, determination of whether the contacts of a

---

[4] In determining whether a corporation is the alter ego of a shareholder, the Federal Circuit applies the law of the regional circuit. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007) ("Since the alter ego issue is not unique to patent law, we apply the law of the

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

8

shareholder may be imputed to the corporation includes an analysis of the following factors: "whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functions properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder." *Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008) (internal quotation marks omitted). Importantly, "an overall element of injustice or unfairness must always be present, as well." *EBG Holdings*, 2008 WL 4057745, at *11. Delaware courts "appl[y] the alter ego theory rather strictly" in this context. *HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300, 307 (Del. Ch. 1999). Notably, although Plaintiffs loosely toss the alter ego contention around in their brief, they fail to list the factors that govern the analysis here.

Plaintiffs seek discovery from SRA to explore an alleged alter ego relationship based on a claim that SRA and SRA, LLC "are controlled and owned by Altitude Capital." (Pls.' Opp'n at 5.) This claim is, in turn, based on an allegation that SRA shares an address with Altitude Capital and that Russ Barron, who is an advisor to Altitude Capital, was identified as "in-house counsel" in the protective order in the Texas Action. (Pls.' Opp'n at 5 n.10.) SRA does not share an address with Altitude Capital, but, even if true, these points fall woefully short of a preliminary showing of alter ego necessary to support jurisdictional discovery as to corporate relationships. Stock ownership and the existence of shared corporate officers and directors do

---

regional circuit."). The Ninth Circuit in turn applies the law of the forum state. *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) ("We apply the law of the forum state in determining whether a corporation is an alter ego of an individual." (internal quotation marks omitted)). Delaware in turn "look[s] to the law of the entity [here, Delaware] in determining whether the entity's separate existence is to be disregarded." *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *11 (Del. Ch. Sept. 2, 2008) (internal quotation marks omitted).

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

9

not establish alter ego. *See, e.g., EsNtion Records, Inc.*, 2008 WL 2415977, at *4-*6 (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)) (denying jurisdictional discovery on alter ego theory despite existence of parent-subsidiary relationship, common departments and offices, the provision of legal services and counsel to the subsidiary by the parent, and the duplication of board members between the two, all of which were consistent with normal parent-subsidiary relationship). Indeed, as the Ninth Circuit has explained, "the Supreme Court [has] articulated a generally applicable principle that a parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (discussing *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)). An alter ego relationship is thus "typified by parental control of the subsidiary's ***internal affairs or daily operations***." *Id.* (emphasis added); *see also Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 669 (W.D. Wis. 1998) ("'[P]arents of wholly owned subsidiaries necessarily control, direct and supervise the subsidiaries to some extent' but anything less than the degree of control necessary to pierce the parent corporation's veil of liability is insufficient to establish personal jurisdiction over the parent" (quoting *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998)).

Moreover, discovery on this alter ego theory is inappropriate because, regardless of what the corporate structure discovery shows about the relationship among the entities, Plaintiffs can have no claim that the corporate structure in this case is causing fraud or similar injustice—a defect that is fatal to any alter ego claim. *See, e.g., Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) (explaining that fraud or injustice requirement of alter ego doctrine means that "[e]ffectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud"); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 269 (D. Del. 1989) ("[L]imiting

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

10

one's personal liability is a traditional reason for a corporation.  Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts, the cause of justice does not require disregarding the corporate entity." (quotation omitted)).  Accordingly, even if Plaintiffs were provided with all the corporate structure discovery they now seek, they would ***still*** not be able to make out a case for application of the alter ego doctrine.

In their reply brief in support of their effort to compel corporate structure discovery from SRA, LLC and Altitude Capital in Delaware federal court, Plaintiffs argued that they need not show an element of fraud or injustice, claiming that courts can exercise jurisdiction over closely-related entities that are not alter egos under "due process principles."  Plaintiffs are wrong.  *See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1134 (9th Cir. 2003) (explaining the well-established rule that a parent-subsidiary relationship alone is insufficient to attribute the contacts of one to the other absent a situation "where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent").  The cases Plaintiffs cited in their Delaware reply brief do not support the conclusion that this Court could exercise jurisdiction over SRA based on the contacts of SRA, LLC or Altitude Capital in the absence of a showing that SRA is an alter ego, including a showing that SRA is being used to perpetrate a fraud or injustice.[5]  *Dainippon Screen Manufacturing Co. v. CFMT, Inc.*, 142 F.3d

---

[5]      The cases relied on by Plaintiffs in their brief recognize that the test for attribution of one company's contacts to an affiliated company is whether one is the alter ego of the other, and in those cases, unlike here, plaintiffs made an alter ego showing.  (Pls.' Opp'n at 5, 9.)  In *Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905 (W.D. Wis. 2007), the plaintiff filed a patent infringement lawsuit, and the defendant filed third-party claims against four related entities and the principal who operated all five companies.  The court held that the third-party defendants were subject to personal jurisdiction under the alter ego doctrine, where there was an allegation that the third-party defendants fraudulently induced DaimlerChrysler to enter into a licensing agreement to settle a previous patent infringement lawsuit that DaimlerChrysler believed would protect it from lawsuits such as the present one.  *Id.* at 911, 920.  In *Mathes v. National Utility Helicopters Ltd.*, 68 Cal. App. 3d 182 (Cal. Ct. App. 1977), the court found that the evidence compelled the conclusion that a foreign subsidiary was the alter ego of the resident parent for purposes of jurisdiction, where there was extensive evidence of parental control and

---

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

11

1266 (Fed. Cir. 1998), involved a declaratory judgment action against CFM and its subsidiary, CFMT, seeking a declaration of non-infringement. CFM had incorporated CFMT as a holding company, assigned the patents-in-suit to CFMT, and then arranged to have those patents licensed back to itself. *Id.* at 1267. CFM argued that the case should be dismissed because the court lacked personal jurisdiction over CFMT, which CFM contended was a necessary party to the litigation as the owner of the patents. The appellate court held that CFMT itself had sufficient contacts with California to subject it to jurisdiction there. *Id.* at 1271. In dicta, the court noted that the parent-subsidiary relationship led to the conclusion that jurisdiction over the subsidiary was reasonable, but the facts are inapposite. *Id.* at 1271. In that case, the parent argued that both it and its subsidiary were necessary parties to any declaratory judgment action and attempted to avoid defending the action on that basis. The court found it significant that the patent owner was trying to avoid defending a declaratory judgment action in a forum where its ***parent company operated under the patent***. *Id.* Here, by contrast, no one is operating under the patent. No one is using SRA to perpetrate a fraud.

In their Delaware reply brief Plaintiffs claimed, and can be expected to claim here, that there is some fraud or injustice because Altitude Capital may be using SRA to shield it from jurisdiction in California. This claim is both nonsensical and insufficient. It is nonsensical because Plaintiffs seek discovery regarding Altitude Capital's contacts with California in an attempt to attribute those contacts to SRA under an alter ego theory, while at the same time claiming that the alter ego doctrine is applicable because SRA is somehow shielding Altitude Capital from personal jurisdiction in California. And, to the extent that Plaintiffs are claiming that Altitude Capital is being used to shield SRA from personal jurisdiction in California, this

where the parent's own advertising describing the helicopter service it provided made no mention of subsidiaries. *Id.* at 190. Moreover, neither of these cases applied Delaware alter ego law, which governs here.

claim would be insufficient to establish alter ego. *See, e.g., Mobil Oil Corp.*, 718 F. Supp. at 267, 270 (holding, in patent infringement action, that parent could not be held liable under alter ego theory for infringement by its subsidiary because, despite fact that the two were "closely connected" and "less than steadfast in their observation of corporate formalities," there was no showing of fraud or injustice; noting "that requiring [plaintiff] to enforce its patent rights against [defendant] in another forum is not the kind of injustice—if, indeed, it is an injustice at all— which warrants piercing the corporate veil") (citing cases).

SRA owns the patents-in-suit; it is the only proper party to an action involving the patents-in-suit; and it is subject to jurisdiction in the pending Texas Action. The corporate form is not being used to escape the effect of any potentially adverse judgment. *See Mobil Oil Corp.*, 718 F. Supp. at 269-70. There is and can be no cognizable claim that SRA, SRA, LLC or Altitude Capital is utilizing the corporate form to perpetrate a fraud or work an injustice upon Plaintiffs. Accordingly, discovery as to corporate structure is not reasonably calculated to lead to the discovery of admissible evidence.

### 2. There is no basis to claim that SRA, LLC or Altitude Capital would be subject to jurisdiction in California.

The second problem with Plaintiffs' argument is that Plaintiffs have no colorable basis to allege that SRA's affiliates (much less SRA through those affiliates) would be subject to jurisdiction in California. In declaratory judgment actions brought by alleged patent infringers seeking declarations of non-infringement and validity, such as this action, an indispensable prerequisite to the assertion of specific personal jurisdiction is that the defendant have contacted the forum state plaintiff (through cease-and-desist letters, phone calls, in-person visits, or otherwise) prior to suit to allege infringement of the defendant's patents. *See*, *e.g*., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008); *see generally* Docket No. 42 at 14-16. As Plaintiffs well know, neither SRA nor anyone in the SRA ownership chain ever contacted any of

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH
PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

13

the Plaintiffs prior to the filing of suit to allege infringement of the patents-in-suit. Accordingly, the California contacts of anyone in the SRA ownership chain can have no conceivable relevance to the question of whether a California court may exercise specific personal jurisdiction over SRA.

Moreover, no entity with a controlling ownership stake in SRA would be subject to the general jurisdiction of a California court. In order to satisfy Plaintiffs' apparent curiosity that SRA was hiding behind the veil of a company that conducted business in California, and to avoid the time and expense associated with this motion, counsel for SRA offered to provide a declaration to Plaintiffs confirming that no one in the SRA ownership chain was formed under the laws of California, based in California, or had instituted litigation in the California courts if that would end the controversy, but Plaintiffs' counsel refused. SRA attaches to this brief a declaration attesting to facts that conclusively establish that no entity with a controlling ownership stake in SRA is subject to general jurisdiction in California. (Decl. of Russell J. Barron, filed in support of SRA, LLC's Opp'n to Mot. to Compel in Delaware, attached hereto as Ex. 2.) Accordingly, assuming Plaintiffs had a basis for traveling up the corporate ownership chain—which they do not—corporate structure discovery would nevertheless be irrelevant to the question of SRA's personal jurisdiction. *See, e.g., Morrison & Foerster LLP v. Momentous.ca Corp.*, No. C-07-6361 EMC, 2008 WL 648481, at *6 (N.D. Cal. March 5, 2008) (denying request for discovery on the issue of general jurisdiction where defendant had provided a declaration attesting to the lack of general jurisdiction contacts with California, including facts that defendant conducted no activities in California and was not incorporated in California, and where plaintiff had failed to contest statements in declaration or to offer any evidence to suggest that defendant had California contacts outside of its dealings with plaintiff).

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

14

In their reply brief in the Delaware federal case Plaintiffs argued that the Barron declaration is insufficient because it does not address the California contacts of Altitude Capital's investors.[6] This argument serves only to demonstrate the frivolity of Plaintiffs' discovery requests. Barron's declaration provides uncontroverted evidence that no entity with a controlling stake in SRA is subject to general jurisdiction in California; Plaintiffs cannot seriously suggest that some hypothetical contacts of an investor in Altitude Capital with a less-than-controlling interest in SRA would provide a basis for jurisdiction over SRA. Indeed, Plaintiffs' argument shows that what Plaintiffs are really after is not true jurisdictional discovery but the identities of the investors funding this litigation.[7]

Plaintiffs continue to insist on the need for a 30(b)(6) deposition to question SRA about its affiliates and their contacts in the face of sworn statements demonstrating that those affiliates are not subject to the jurisdiction of California courts. Although Plaintiffs vaguely claim that the requested discovery is "highly relevant," Plaintiffs do not explain what evidence they believe discovery could possibly produce to support personal jurisdiction over SRA, especially in light

---

[6] Plaintiffs also claimed in that Delaware brief that the Barron declaration does not address Altitude Capital's contacts with California in connection with the patents-in-suit (i.e., specific jurisdiction). Plaintiffs argued that the relevant contacts for specific jurisdiction extend beyond whether SRA alleged infringement in California because the California action "includes issues related to ownership of such patents." This is without merit. The fact that Plaintiffs are challenging SRA's standing to enforce the patents does not somehow expand the universe of contacts relevant to the minimum contacts analysis under the Due Process Clause. Plaintiffs in this case seek a declaration of non-infringement and invalidity. The law is well established that in actions by alleged patent infringers seeking such declarations, the infringer *must show* that the defendant contacted the forum state plaintiff prior to suit to allege infringement of the defendant's patents in order to establish jurisdiction. This is an indispensable prerequisite that is not satisfied in this case. Indeed, Plaintiffs do not dispute that no such pre-suit contact occurred.

[7] In their brief Plaintiffs note that "Altitude Capital appears to engage in regular business in California," and cite to a webpage disclosing an alleged $35 million investment in a California corporation. (Pls.' Opp'n at 5 n.10.) That webpage pertains to an investment in California-headquartered Visto Corporation by an entity named Altitude Capital Partners, LLC. But this is a different entity altogether from the one about which Plaintiffs now seek information: Altitude Capital Partners, L.P.

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

15

of the Barron declaration. Plaintiffs' request is based on nothing more than an unfounded hunch at best, and it should be denied. *See, e.g., Boschetto*, 539 F.3d at 1020 (affirming denial of plaintiffs' request for jurisdictional discovery because it was "based on little more than a hunch that it might yield jurisdictionally relevant facts"); *id.* (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986), for its "holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs 'state only that they "believe" discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction'"); *Pebble Beach Co.*, 453 F.3d at 1160 ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . .").

## II. In any event, Plaintiffs' discovery requests and 30(b)(6) deposition topics are overbroad.

In any event, the deposition topics and discovery requests directed to SRA are overbroad because they are not limited to California contacts. Even under Plaintiffs' convoluted argument, the only requested discovery that could conceivably be relevant to an analysis of the constitutionality of a California court's exercise of personal jurisdiction over SRA is discovery concerning the **California contacts** of SRA and its affiliates. But Plaintiffs have not so limited their requests.

Just as an example, Plaintiffs have requested deposition testimony and documents concerning any and all owners and/or "beneficiaries" having an interest in SRA, including—but not limited to—persons having a residence or place of business in California. (Ex. 1, Dep. Topic No. 3; Pls.' First Set of Requests for Production to SRA, attached hereto as Ex. 3, Request No.

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.)[8] The identity of SRA's owners and/or beneficiaries is irrelevant even under Plaintiffs' analysis; only the California contacts themselves could have any conceivable relevance. The same is true for Plaintiffs' request for testimony and documents concerning all persons and entities having an interest in the outcome of this litigation. (Ex. 1, Dep. Topic No. 4; Ex. 3, Request No. 10.) The requests are thus overbroad and unduly burdensome.

## CONCLUSION

For the foregoing reasons, SRA respectfully requests that the Court (1) grant its motion to quash the 30(b)(6) deposition and (2) deny Plaintiffs' cross-motion to compel.

---

[8] Plaintiffs' Second Set of Requests for Production to SRA are attached as Exhibit 4.

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

17

Respectfully submitted,


_____/s/ Lee L. Kaplan_____
Thomas F. Smegal, Jr. (Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093
Email: tomsmegal@smegallaw.com

Lee L. Kaplan (Texas Bar No. 11094400)
Kristen L. McKeever (Texas Bar No. 24030775)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
Email: lkaplan@skv.com

Jay D. Ellwanger (California Bar No. 217747))
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2630
Facsimile: (512) 539-2627
Email: jellwanger@dpelaw.com

Attorneys for Defendants L. Daniel Egger and Software Rights Archive, LLC

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

18

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 27th day of March, 2009.

/s/ Lee L. Kaplan
Lee L. Kaplan

Juanita R. Brooks
Jason W. Wolff
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130

Thomas B. Walsh, IV
Fish & Richardson P.C.
5000 Bank One Center
1717 Main St.
Dallas, Texas 75201

Ramon K. Tabtiang
Stephen A. Marshall
Fish & Richardson P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

Michael A. Jacobs
Richard S.J. Hung
Morrison & Foerster
425 Market Street
San Francisco, CA 94105

Claude M. Stern
Jennifer A. Kash
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 9406

Mark D. Baker
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Ave., 22nd Floor
New York, New York 10010

SOFTWARE RIGHTS ARCHIVE, LLC'S (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

19