1  LEE. L. KAPLAN
   Admitted Pro Hac Vice
2  lkaplan@skv.com
   SMYSER KAPLAN & VESELKA, L.L.P.
3  700 Louisiana St., Suite 2300
   Houston, Texas 77002
4  Telephone: (713) 221-2323
   Facsimile: (713) 221-2320

5  ATTORNEYS FOR DEFENDANTS
   L. DANIEL EGGER AND SOFTWARE
6  RIGHTS ARCHIVE, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12 | GOOGLE INC., AOL LLC, YAHOO!       | Case No. CV08-03172RMW
   | INC., IAC SEARCH & MEDIA, INC., and|
13 | LYCOS, INC.                        |
                                        | DECLARATION OF LEE L. KAPLAN TO
14 |          Plaintiffs                | SOFTWARE RIGHTS ARCHIVE, LLC'S
                                        | (1) REPLY IN FURTHER SUPPORT OF
15 | v.                                 | ITS MOTION TO QUASH PLAINTIFFS'
                                        | 30(b)(6) NOTICE OF DEPOSITION AND
16 | L. DANIEL EGGER, SOFTWARE          | (2) OPPOSITION TO PLAINTIFFS'
   | RIGHTS ARCHIVE, LLC, and SITE      | CROSS-MOTION TO COMPEL
17 | TECHNOLOGIES, INC.                 | PRODUCTION OF DOCUMENTS

18 |          Defendants

19

20

21        I, Lee L. Kaplan, declare as follows:

22        1.      I am an attorney licensed to practice in the State of Texas and admitted pro hac

23 vice before this Court.  I am a partner with the law firm of Smyser Kaplan & Veselka, L.L.P.,

24 counsel for Software Rights Archive, LLC ("SRA") in this matter.  The following facts are

25 within my personal knowledge, and, if called upon to do so, I could and would testify

26 competently thereto.

27

LEE L. KAPLAN'S DECLARATION TO SRA's (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6)
NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV08-03172

1

Dockets.Justia.com

2.     Exhibit 1 to this declaration is a true and correct copy of the December 22, 2008 Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6).

3.     Exhibit 2 to this declaration is a true and correct copy of February 28, 2009 Declaration of Russell J. Barron, filed in support of SRA, LLC's Opposition to Motion to Compel the Production of Documents by SRA, LLC and Altitude Capital Partners, L.P. in Delaware federal court.

4.     Exhibit 3 to this declaration is a true and correct copy of the November 21, 2008 Plaintiffs' First Set of Requests for Production of Documents and Things to Software Rights Archive, LLC.

5.     Exhibit 4 to this declaration is a true and correct copy of the December 12, 2008 Plaintiffs' Second Set of Requests for Production of Documents and Things to Software Rights Archive, LLC."

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this Declaration is executed on March 27, 2009 in Houston, Texas.

Date: March 27, 2009                    SMYSER KAPLAN & VESELKA, L.L.P.


                                        Lee L. Kaplan
                                        Attorney for Defendant
                                        Software Rights Archive, LLC

LEE L. KAPLAN'S DECLARATION TO SRA's (1) REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION AND (2) OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS CASE NO. CV08-03172

2

# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL, LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC., | Civil Case No. 5:08 -cv-03172 RMW (RS) |
| Plaintiffs, | |
| v. | Honorable Ronald M. Whyte |
| L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC., | Courtroom 6, 4th Floor |
| Defendants. | |

## **PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Google, Inc., AOL, LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. (collectively, "Plaintiffs") will take the deposition of Defendant Software Rights Archive, LLC ("Software Rights Archive") on January 29, 2009 at Smyser Kaplan & Veselka, L.L.P., 700 Louisiana, Suite 2300, Houston, Texas 77002, commencing at 9:30 a.m., or at such other time and place as may be agreed upon by the parties. This deposition will be taken before a notary public or such other person who is authorized to administer oaths, will be recorded stenographically and by videotape, and will continue from day to day, Saturdays, Sundays and holidays excepted, or as otherwise agreed to by counsel, until completed. Software Rights Archive is directed to designate individual(s) knowledgeable to offer deposition testimony on Topics 1 through 17 set forth in Exhibit A hereto. Software Rights Archive is requested to provide Plaintiffs with the identity of each designated individual and the topics for which they have been designated to testify no later than five (5) business days prior to the deposition.

Dated: December 22, 2008

Respectfully submitted,

By: /s/ Thomas B. Walsh, IV

Thomas B. Walsh, IV
*pro hac vice*
Texas Bar No. 00785173
E-mail: walsh@fr.com
Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Juanita R. Brooks (CA Bar No. 75934)
Jason W. Wolff (CA Bar No. 215819)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099
Email: wolff@fr.com

Attorneys for Plaintiffs GOOGLE INC. and AOL LLC

By: /s/ Richard. S.J. Hung

Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com

Attorneys for Plaintiff YAHOO! INC.

By: /s/ Jennifer A. Kash

Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH & MEDIA, INC. and LYCOS, INC.

**Definitions**

1. Unless otherwise defined herein, capitalized terms herein have the meanings assigned to them in the Complaint.

2. The terms "YOU", "YOUR", or "SOFTWARE RIGHTS ARCHIVE" mean and refer to Software Rights Archive, LLC, and each predecessor (including Software Rights Archive, Inc.), successor, division, subsidiary, parent, or related company thereof, and their affiliates, each of their present and former executives, offices, directors, consultants, advisors, representatives, agents, attorneys, employees and all persons acting or purporting to act on behalf of any of the foregoing.

3. "SRA, LLC" means SRA, LLC, the party identified as wholly owning Software Rights Archive, LLC in Docket No. 3, individually and collectively, including without limitation all of its corporation locations, all predecessors, and all directors, officers, agents, representatives, employees, consultants, attorneys, its parents, and all entities acting in consort, joint-venture or partnership relationships with, and others acting on behalf of, SRA, LLC.

4. The term "CALIFORNIA" means the State of California.

5. The term "ACTION" means the above-captioned action.

6. The term "COMPLAINT", when not otherwise qualified, means Plaintiffs' Complaint in this Action.

7. The term "PERSON" means and refers to both natural persons and legal entities, without limitation, including all predecessors-in-interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

8. The use of the singular shall be deemed to include the plural.

9. The connectives "AND" and "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Topic all information that might otherwise be construed to be outside of its scope.

10. The terms "ALL", "ANY", "EACH" and "EVERY" shall each be construed as both "each" and "every" to bring within the scope of the Topic all responses which might otherwise be construed to be outside its scope.

11. The term "INCLUDING" shall mean including without limitation.

**Topics**

1. YOUR relationship with SRA, LLC.

2. YOUR relationship with Altitude Capital Partners, L.P. and ANY partners thereof, AND any predecessors OR successors in interest.

3. YOUR owners AND/OR any beneficiaries who have an interest in YOU.

4. Each AND every person AND entity having an interest in the outcome of this Action and/OR the litigation captioned Software Rights Archive, LLC. v. Google Inc. et al., Civil Action No.2:07-cv-511-TJW (CE) (Eastern District of Texas).

5. Each AND every contact by YOU, on YOUR behalf, OR directed by YOU with CALIFORNIA, AND PERSON domiciled in CALIFORNIA, ANY CALIFORNIA corporation, AND/OR ANY entity doing business in CALIFORNIA.

6. The solicitation AND/OR acquisition of ANY capital, equity, loans, line of credit, AND/OR funds from PERSONS AND/OR entities in CALIFORNIA, by YOU, SRA, LLC, YOUR agents, YOUR principals, AND/OR ANY related OR controlling entities, AND/OR on their behalf.

7. Any activity conducted, or to be conducted in CALIFORNIA, by OR for YOU AND/OR SRA, LLC AND/OR involving ANY citizen thereof.

8. EACH AND EVERY contractual AND/OR other business relationship involving YOU AND/OR SRA LLC, and any of the following (i) a PERSON or entity in CALIFORNIA OR having such citizenship or domicile, (ii) CALIFORNIA law, AND/OR (iii) anticipated or actual performance OR activity in CALIFORNIA.

9. Each and every communication by YOU AND/OR SRA, LLC to a CALIFORNIA address, CALIFORNIA telephone number, AND/OR PERSON OR entity located in or domiciled in CALIFORNIA.

10. YOUR relationship with Daniel Egger including his role, title, AND interest in You at all times, AND ANY correspondence AND agreements.

11. Each website ever maintained by YOU or on YOUR behalf.

12. Any and all of YOUR business activities in connection with offering an "Archive" purportedly containing "large library of licensed source code, rare forms of technical literature and documentation, and oral histories ...."

13. Any and all of YOUR business activities other than "in February 2005, ... acquir[ing] the patents-in-suit ... and in November 2007, ... fil[ing] its patent lawsuit against Plaintiffs in the Eastern District of Texas."

14. YOUR formation and the circumstances surrounding it.

15. ANY change in YOUR status AND/OR name.

16. YOUR (including specifically Software Rights Archive, Inc.) corporate structure, organization, management, corporate assets, physical locations, and past or present employees, partners, agents, officers, AND/OR directors.

17. ANY and ALL capital, equity, loans, lines of credit, or investment established in or for YOU (including specifically Software Rights Archive, Inc.).

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record, as follows, on this 22nd day of December 2008.

Thomas F. Smegal, Jr.
State Bar No. 34819
Law Offices of Thomas F. Smegal, Jr.
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093

Jay D. Ellwanger
State Bar No. 24036522
DiNovo Price Ellwanger & Hardy LLP
P.O. Box 201690
Austin , Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410

Lee L. Kaplan
State Bar No. 11094400
(admitted *pro hac vice*)
Jeffrey A. Potts
State Bar No. 00784781
(admitted *pro hac vice*)
Raj Duvvuri
State Bar No. 24054185
(admitted *pro hac vice*)
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2323
Facsimile: (713) 221-2320
lkaplan@skv.com

Attorneys for Defendants L. DANIEL EGGER,
SOFTWARE RIGHTS ARCHIVE, LLC, and
SITE TECHNOLOGIES, INC.

_____
Mark D. Baker

51330/2733302.2

# Exhibit 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

GOOGLE INC., AOL LLC, YAHOO!
INC., IAC SEARCH & MEDIA, INC., and
LYCOS, INC.

        Plaintiffs,

v.

L. DANIEL EGGER, SOFTWARE
RIGHTS ARCHIVE, LLC, and SITE
TECHNOLOGIES, INC.

        Defendants.

Case No. CV08-03172RMW

DECLARATION OF RUSSELL J.
BARRON

1    I, Russell J. Barron, declare as follows:

2      1.      My name is Russell J. Barron. I am over the age of 21 years and am competent to

3    make this declaration. The statements set forth herein are within my personal knowledge based

4    on my investigation into the pertinent facts.

5      2.      No entity with a controlling ownership stake in Software Rights Archive, LLC,

6    including SRA, LLC and Altitude Capital Partners, L.P. ("controlling entity"), has ever

7    contacted any entity in California to allege infringement of the patents-in-suit. No controlling

8    entity has ever licensed the patents-in-suit or the patented technology in California. No

9    controlling entity has ever sold the patented technology in California. No controlling entity has

10   ever hired a patent attorney in California.

11     3.      No controlling entity is organized under the laws of California. No controlling

12   entity has its principal place of business in California. No controlling entity is pursuing litigation

13   in California. No controlling entity has an office in California. No controlling entity has any

14   employees in California. No controlling entity has any addresses in California. No controlling

15   entity has any telephone numbers in California. No controlling entity has any bank accounts in

16   California. No controlling entity has any real property interests in California. No controlling

17   entity possesses personal property located in California. No controlling entity is registered to do

18   business in California. No controlling entity is subject to continuing contractual obligations in

19   California. No controlling entity has an agent for service of process in California. No

20   controlling entity has solicited or consummated sales of any products or services in California.

21   No controlling entity holds any licenses issued by the State of California. No controlling entity

22   pays taxes in California.

23     I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing statements are true and correct.

25     Executed this 20th day of March, 2009, in Milwaukee, Wisconsin

26

27

28                                              Russell J. Barron

# Exhibit 3

1    [SEE SIGNATURE PAGE FOR COUNSEL]

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   GOOGLE INC., AOL LLC, YAHOO! INC., IAC    Case No. CV 08-03172 RMW (RS)
     SEARCH & MEDIA, INC., and LYCOS, INC.,
12                                            **PLAINTIFFS' FIRST SET OF REQUESTS**
              Plaintiffs,                     **FOR PRODUCTION OF DOCUMENTS**
13                                            **AND THINGS TO SOFTWARE RIGHTS**
          v.                                  **ARCHIVE, LLC**
14
     L. DANIEL EGGER, SOFTWARE RIGHTS
15   ARCHIVE, LLC, and SITE TECHNOLOGIES,
     INC.,
16
              Defendants.
17

18

19         Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Google Inc., AOL LLC, Yahoo!

20   Inc., IAC Search & Media, Inc., and Lycos, Inc. request that Defendant Software Rights Archive,

21   LLC, produce for inspection and copying all of the following documents and other tangible things

22   that are in their possession, custody, or control.  Production shall take place within 30 (thirty) days

23   of service of this request at the offices of Fish & Richardson P.C., 5000 Bank One Center, 1717

24   Main Street, Dallas, TX 75201, or at such other location and time as the parties may agree.  The

25   following definitions and instructions shall apply:

26

27

28

## DEFINITIONS

1. "SOFTWARE RIGHTS ARCHIVE," "YOU" and "YOUR" means Software Rights Archive, LLC., individually and collectively, including without limitation all of your corporate locations, all predecessors (including Software Rights Archive, Inc.), and all directors, officers, agents, representatives, employees, consultants, attorneys, and all entities acting in consort, joint-venture or partnership relationships with, and others acting on behalf of, Software Rights Archive, LLC.

2. "SRA, LLC" means SRA, LLC, the party identified as wholly owning Software Rights Archive, LLC in Docket No. 3, individually and collectively, including without limitation all of its corporate locations, all predecessors, and all directors, officers, agents, representatives, employees, consultants, attorneys, its parents, and all entities acting in consort, joint-venture or partnership relationships with, and others acting on behalf of, SRA, LLC.

3. "GOOGLE" means Google Inc., including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

4. "AOL" means AOL LLC, including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

5. "YAHOO!" means Yahoo! Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

6. "IACSAM" means IAC Search & Media, Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

7. "LYCOS" means Lycos, Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

8. "PLAINTIFFS" means Google, Yahoo!, IACSAM, Lycos, and AOL, collectively and individually.

9. "PATENTS-IN-SUIT" means U.S. Patent No. 5,544,352 ("the '352 patent"), U.S. Patent No. 5,832,494 ("the '494 patent"), and U.S. Patent No. 6,233,571 ("the '571 patent"), and any application from which each such patent issued.

1        10.    "RELATED APPLICATION" means any application, either in the United States or

2  any other jurisdiction, which includes a claim of priority, directly or indirectly, to any application

3  from which a PATENT-IN-SUIT issued.

4        11.    "RELATED PATENTS" means any patent, other than a PATENT-IN-SUIT,

5  issuing from a RELATED APPLICATION.

6        12.    "DOCUMENT" is defined broadly to be given the full scope of that term

7  contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals

8  (or, if originals are not available, identical copies thereof), all non-identical copies of a document,

9  all drafts of final documents, all other written, printed, or recorded matter of any kind, and all

10  other data compilations from which information can be obtained and translated if necessary, that

11  are or have been in your actual or constructive possession or control, regardless of the medium on

12  which they are produced, reproduced, or stored (including without limitation electronic messages,

13  computer programs and files containing any requested information), and any recording or writing,

14  as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing

15  marks, including without limitation, initials, stamped initials, comments, or notations not a part of

16  the original text or photographic reproduction thereof, is a separate document.

17        13.    "PERSON" includes not only natural persons, but also, firms, partnerships,

18  associations, corporations, and other legal entities, and divisions, departments, or other units

19  thereof.

20        14.    "RELATES TO", "RELATING TO" and "RELATED TO" mean describing,

21  discussing, concerning, evidencing, reflecting, comprising, illustrating, containing, embodying,

22  constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

23        15.    "COMMUNICATION" means any form of transmittal of information without

24  limitation as to means of transmittal, including meetings, telephone conversations,

25  correspondence, electronic messages, memoranda, contracts, agreements, and verbal or nonverbal

26  actions intended to or actually conveying information.

27        16.    "DESCRIBE," "DESCRIBE IN DETAIL" and "DESCRIPTION" mean to give a

28  full and complete explanation of the requested information, including identifying all relevant

circumstances, all relevant dates, all persons involved or having relevant knowledge, all relevant documents, and explaining the significance or the role of each date, person, and document.

17. When referring to a person, "IDENTIFY" and "IDENTIFICATION" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, to additionally give the person's present or last known place of employment and title. When referring to a document, "IDENTIFY" and "IDENTIFICATION" means to provide the range of production numbers corresponding to the document or to give, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

18. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the interrogatory more inclusive.

## **INSTRUCTIONS**

1. These requests are continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and require supplemental production of documents and things if Software Rights Archive discovers responsive documents and things after the date of response hereto despite a diligent effort to provide all responsive documents within the time specified.

2. These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the pendency of this action, and shall include all documents known and available to you regardless of whether such documents are possessed directly by you, any parent, subsidiary, or affiliate, or any of your officers, directors, employees, agents, representative or attorneys. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and identify such documents or things, and the person who has possession, custody, or control.

3. Documents attached to each other must not be separated.

1      4.     If no documents are responsive to a particular request, state that no responsive

2   documents exits.

3      5.     If any request is objected to in part, a complete production to all portions of the

4   request not objected to should be provided.

5      6.     For any document or thing that has been lost, destroyed, or withheld on any ground,

6   provide a written statement setting forth, at a minimum:

7              (a)     an identification of the document;

8              (b)     the nature of the document;

9              (c)     the identity of all person(s) from and to whom the document, or its contents,

10                     has been communicated;

11             (d)     a brief description of the subject matter of the information; and

12             (e)     the circumstances of the loss or destruction of the document.

13     7.     If you decline to produce any document or part thereof based on a claim of

14  privilege or any other claim, you shall describe the nature and basis of your claim and the

15  information withheld in a manner sufficient to:

16             (a)     disclose the facts upon which you rely in asserting your claim;

17             (b)     identify the legal and factual ground(s) upon which you rely in withholding

18                     the information in sufficient detail so that the Court may make a

19                     determination on your claim of privilege; and

20             (c)     permit the information withheld to be unambiguously identified.

21     8.     To the extent these requests seek information that is recorded in any form of

22  document or thing, including electronically stored documents such as word processing files, voice

23  files, and e-mail, or to the extent these requests seek documents, including electronically stored

24  documents, you are asked to take steps to ensure that all such documents and things are preserved

25  for this litigation, and to take steps to ensure that no responsive electronically stored documents

26  are erased or deleted. Sanctions may be imposed for failure to maintain evidence within your care,

27  custody or control.

28

# REQUESTS FOR DOCUMENTS AND THINGS

## RELATING TO JURISDICTIONAL ISSUES

**REQUEST FOR PRODUCTION NO.1:**

All DOCUMENTS RELATING TO any activity conducted by or for YOU and/or SRA, LLC in California and/or with or involving any PERSON located, residing in, and/or doing business in California.

**REQUEST FOR PRODUCTION NO.2:**

DOCUMENTS sufficient to IDENTIFY each PERSON that YOU have a contractual and/or other business relationship with involving any of the following (i) a PERSON located, residing in, and/or doing business in California, (ii) California law, and/or (iii) anticipated or actual performance or activity in California.

**REQUEST FOR PRODUCTION NO.3:**

All DOCUMENTS RELATING TO any contact by YOU and/or SRA, LLC with California or California law, including any COMMUNICATIONS to a California address, California telephone number, and/or PERSON located, residing in, and/or doing business in California.

**REQUEST FOR PRODUCTION NO.4:**

All DOCUMENTS RELATING TO any capital, equity, loans, line of credit, or funds obtained from, or solicited from PERSONS located, residing in, and/or doing business in California, by YOU, YOUR agents, YOUR principals, any related or controlling entities, and/or any PERSON acting on YOUR behalf.

**REQUEST FOR PRODUCTION NO.5:**

All DOCUMENTS RELATING TO any prospectus, subscription, subscription agreement, portfolio, disclosure, agreement, fund, trust, and/or other vehicle, identifying YOU, SRA, LLC, this litigation, *Software Rights Archive, LLC. v.Google Inc. et al.*, Civil Action No.2:07-cv-511 (CE) (Eastern District of Texas), and/or the PATENTS-IN-SUIT, and DOCUMENTS sufficient to IDENTIFY all PERSONS receiving such document or participating in such investment who have a residence, domicile, or place of business in California.

**REQUEST FOR PRODUCTION NO.6:**

All DOCUMENTS RELATING TO any and all of YOUR activities *other than* "in February 2005, ... acquir[ing] the patents-in-suit ... and in November 2007, ... fil[ing] its patent lawsuit against Plaintiffs in the Eastern District of Texas."

**REQUEST FOR PRODUCTION NO.7:**

All DOCUMENTS RELATING TO YOUR purported "Archive [that] contains a large library of licensed source code, rare forms of technical literature and documentation, and oral histories ...," including any promotional materials, correspondence, websites, indexes, catalogs, news media, presentations, memoranda, and notes regarding such "Archive."

**REQUEST FOR PRODUCTION NO.8:**

DOCUMENTS sufficient to IDENTIFY all YOUR current directors and to identify the PERSONS that excise control over YOU.

**REQUEST FOR PRODUCTION NO.9:**

DOCUMENTS sufficient to IDENTIFY all owners and/or beneficiaries having an interest in YOU, including any such PERSONS having a domicile, residence, or place of business in California.

**REQUEST FOR PRODUCTION NO.10:**

DOCUMENTS sufficient to IDENTIFY each PERSON who stands to directly or indirectly benefit from any alleged recovery that is sought by YOU in this case and/or in *Software Rights Archive, LLC. v. Google Inc. et al.*, Civil Action No.2:07-cv-511 (CE) (Eastern District of Texas), including any such PERSONS having a domicile, residence, or place of business in California.

**REQUEST FOR PRODUCTION NO.11:**

DOCUMENTS sufficient to fully DESCRIBE YOUR relationship with Altitude Capital Partners, L.P., any partners thereof, and any predecessors or successors-in-interest thereof.

**REQUEST FOR PRODUCTION NO.12:**

DOCUMENTS sufficient to fully DESCRIBE YOUR relationship with Open Source Research Management, Inc., any partners thereof, and any predecessors or successors-in-interest thereof.

**REQUEST FOR PRODUCTION NO.13:**

All DOCUMENTS RELATING TO any website currently or formerly maintained by YOU, on YOUR behalf, and/or at the web address "srarchive.com," including any DOCUMENTS RELATING TO the registration of the domain name "srarchive.com" and any records of access made to any such website.

**REQUEST FOR PRODUCTION NO.14:**

All DOCUMENTS RELATING TO any travel to California by any of YOUR employees, principals, officers, agents, attorneys, and/or owners before July 1, 2008.

Dated: November 21, 2008

Respectfully submitted,

By: /s/ Thomas B. Walsh, IV
_____
Thomas B. Walsh, IV
*pro hac vice*
Texas Bar No. 00785173
E-mail: walsh@fr.com
Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Juanita R. Brooks (CA Bar No. 75934)
Jason W. Wolff (CA Bar No. 215819)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099
Email: wolff@fr.com

Attorneys for Plaintiffs GOOGLE INC. and AOL LLC

By: /s/ Richard. S.J. Hung
   Michael A. Jacobs (CA Bar No. 111664)
   Richard S.J. Hung (CA Bar No. 197425)
   MORRISON & FOERSTER
   425 Market Street
   San Francisco, CA 94105
   Telephone: 415-268-7000
   Facsimile: 415-268-7522
   Email: mjacobs@mofo.com

Attorneys for Plaintiff YAHOO! INC.


By: /s/ Jennifer A. Kash
   Claude M. Stern (CA Bar No. 96737)
   Jennifer A. Kash (CA Bar No. 203679)
   QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA 94065
   Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
   Email: claudestern@quinnemanuel.com
   Email:jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH &
MEDIA, INC. and LYCOS, INC.

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On November 21, 2008, I caused a copy of the following document(s):

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE, LLC

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Lee Landa Kaplan<br>Email: lkaplan@skv.com<br>Jeffrey A. Potts<br>Email: jpotts@skv.com<br>Narasa Raju Duvvuri<br>Email: rduvvuri@skv.com<br>Smyser Kaplan & Veselka<br>700 Louisiana St., Suite 2300<br>Houston, TX  77002<br>Telephone:  (713) 221-2300<br>Facsimile:  (713) 221-2320 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Jay D. Ellwanger<br>Email: jellwanger@dpelaw.com<br>DiNovo Price Ellwanger LLP<br>P.O. Box 201690<br>Austin, TX  78720-1690<br>Telephone:  (512) 539-2626<br>Facsimile:  (512) 539-2627 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Thomas Frank Smegal, Jr.<br>Email: tomsmegal@smegallaw.com<br>Knobbe Martens Olson & Bear LLP<br>One Sansome Street, Suite 3500<br>San Francisco, CA  94114<br>Telephone:  (415) 954-4114<br>Facsimile:  (415) 954-4111 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Richard S. J. Hung<br>Email: rhung@mofo.com<br>Michael A. Jacobs<br>Email: mjacobs@mofo.com | Attorneys for Plaintiff<br>YAHOO INC. |

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE,
LLC
Case No. CV 08-03172 RMW (RS)

Morrison & Foerster LLP
425 Market Street, 34th Floor
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Jennifer A. Kash                                    Attorneys for Plaintiff
Email: jenniferkash@quinnemanuel.com               IAC SEARCH & MEDIA, INC. and
Quinn Emanuel Urquhart Oliver & Hedges             LYCOS, INC.
LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Claude M. Stern                                     Attorneys for Plaintiff
Email: claudestern@quinnemanuel.com                IAC SEARCH & MEDIA, INC. and
Quinn Emanuel Urquhart Oliver & Hedges             LYCOS, INC.
LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5002

| | | |
|---|---|---|
| XX | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| XX | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE,
LLC
Case No. CV 08-03172 RMW (RS)

1    I declare that I am employed in the office of a member of the bar of this Court at whose
2    direction the service was made.

3        I declare under penalty of perjury that the above is true and correct.  Executed on
     November 21, 2008, at San Diego, California.

4

5                                                              Nancy P. Johnson

6    22074910.doc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 4

1    [SEE SIGNATURE PAGE FOR COUNSEL]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11  | GOOGLE INC., AOL LLC, YAHOO! INC., IAC | Case No. CV 08-03172 RMW (RS)
    | SEARCH & MEDIA, INC., and LYCOS, INC., |
12  |                                        | **PLAINTIFFS' SECOND SET OF**
    |          Plaintiffs,                   | **REQUESTS FOR PRODUCTION OF**
13  |                                        | **DOCUMENTS AND THINGS TO**
    |          v.                            | **SOFTWARE RIGHTS ARCHIVE, LLC**
14  |                                        |
    | L. DANIEL EGGER, SOFTWARE RIGHTS       | Honorable Ronald M. Whyte
15  | ARCHIVE, LLC, and SITE TECHNOLOGIES,   | Courtroom 6, 4th Floor
    | INC.,                                  |
16  |                                        |
    |          Defendants.                   |
17

18

19          Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Google Inc., AOL LLC, Yahoo!

20  Inc., IAC Search & Media, Inc., and Lycos, Inc. request that Defendant Software Rights Archive,

21  LLC, produce for inspection and copying all of the following documents and other tangible things

22  that are in their possession, custody, or control.  Production shall take place within 30 (thirty) days

23  of service of this request at the offices of Fish & Richardson P.C., 5000 Bank One Center, 1717

24  Main Street, Dallas, TX 75201, or at such other location and time as the parties may agree.  The

25  following definitions and instructions shall apply:

26

27

28

## DEFINITIONS

1. "SOFTWARE RIGHTS ARCHIVE," "YOU" and "YOUR" means Software Rights Archive, LLC, individually and collectively, including without limitation all of your corporate locations, all predecessors (including Software Rights Archive, Inc.), and all directors, officers, agents, representatives, employees, consultants, attorneys, and all entities acting in consort, joint-venture or partnership relationships with, and others acting on behalf of, Software Rights Archive, LLC.

2. "SRA, LLC" means SRA, LLC, the party identified as wholly owning Software Rights Archive, LLC in Docket No. 3, individually and collectively, including without limitation all of its corporate locations, all predecessors, and all directors, officers, agents, representatives, employees, consultants, attorneys, its parents, and all entities acting in consort, joint-venture or partnership relationships with, and others acting on behalf of, SRA, LLC.

3. "GOOGLE" means Google Inc., including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

4. "AOL" means AOL LLC, including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

5. "YAHOO!" means Yahoo! Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

6. "IACSAM" means IAC Search & Media, Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

7. "LYCOS" means Lycos, Inc. including its directors, officers, agents, representatives, employees, consultants, attorneys, subsidiaries, affiliates, and divisions.

8. "PLAINTIFFS" means Google, Yahoo!, IACSAM, Lycos, and AOL, collectively and individually.

9. "PATENTS-IN-SUIT" means U.S. Patent No. 5,544,352 ("the '352 patent"), U.S. Patent No. 5,832,494 ("the '494 patent"), and U.S. Patent No. 6,233,571 ("the '571 patent"), and any application from which each such patent issued.

1    10.    "RELATED APPLICATION" means any application, either in the United States or

2    any other jurisdiction, which includes a claim of priority, directly or indirectly, to any application

3    from which a PATENT-IN-SUIT issued.

4    11.    "RELATED PATENTS" means any patent, other than a PATENT-IN-SUIT,

5    issuing from a RELATED APPLICATION.

6    12.    "DOCUMENT" is defined broadly to be given the full scope of that term

7    contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals

8    (or, if originals are not available, identical copies thereof), all non-identical copies of a document,

9    all drafts of final documents, all other written, printed, or recorded matter of any kind, and all

10   other data compilations from which information can be obtained and translated if necessary, that

11   are or have been in your actual or constructive possession or control, regardless of the medium on

12   which they are produced, reproduced, or stored (including without limitation electronic messages,

13   computer programs and files containing any requested information), and any recording or writing,

14   as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing

15   marks, including without limitation, initials, stamped initials, comments, or notations not a part of

16   the original text or photographic reproduction thereof, is a separate document.

17   13.    "PERSON" includes not only natural persons, but also, firms, partnerships,

18   associations, corporations, and other legal entities, and divisions, departments, or other units

19   thereof.

20   14.    "RELATES TO", "RELATING TO" and "RELATED TO" mean describing,

21   discussing, concerning, evidencing, reflecting, comprising, illustrating, containing, embodying,

22   constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

23   15.    "COMMUNICATION" means any form of transmittal of information without

24   limitation as to means of transmittal, including meetings, telephone conversations,

25   correspondence, electronic messages, memoranda, contracts, agreements, and verbal or nonverbal

26   actions intended to or actually conveying information.

27   16.    "DESCRIBE," "DESCRIBE IN DETAIL" and "DESCRIPTION" mean to give a

28   full and complete explanation of the requested information, including identifying all relevant

circumstances, all relevant dates, all persons involved or having relevant knowledge, all relevant documents, and explaining the significance or the role of each date, person, and document.

17.     When referring to a person, "IDENTIFY" and "IDENTIFICATION" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, to additionally give the person's present or last known place of employment and title. When referring to a document, "IDENTIFY" and "IDENTIFICATION" means to provide the range of production numbers corresponding to the document or to give, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

18.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the interrogatory more inclusive.

## INSTRUCTIONS

1.     These requests are continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and require supplemental production of documents and things if Software Rights Archive discovers responsive documents and things after the date of response hereto despite a diligent effort to provide all responsive documents within the time specified.

2.     These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the pendency of this action, and shall include all documents known and available to you regardless of whether such documents are possessed directly by you, any parent, subsidiary, or affiliate, or any of your officers, directors, employees, agents, representative or attorneys. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and identify such documents or things, and the person who has possession, custody, or control.

3.     Documents attached to each other must not be separated.

1    4.    If no documents are responsive to a particular request, state that no responsive

2    documents exits.

3    5.    If any request is objected to in part, a complete production to all portions of the

4    request not objected to should be provided.

5    6.    For any document or thing that has been lost, destroyed, or withheld on any ground,

6    provide a written statement setting forth, at a minimum:

7            (a)    an identification of the document;

8            (b)    the nature of the document;

9            (c)    the identity of all person(s) from and to whom the document, or its contents,

10                  has been communicated;

11           (d)    a brief description of the subject matter of the information; and

12           (e)    the circumstances of the loss or destruction of the document.

13   7.    If you decline to produce any document or part thereof based on a claim of

14   privilege or any other claim, you shall describe the nature and basis of your claim and the

15   information withheld in a manner sufficient to:

16           (a)    disclose the facts upon which you rely in asserting your claim;

17           (b)    identify the legal and factual ground(s) upon which you rely in withholding

18                  the information in sufficient detail so that the Court may make a

19                  determination on your claim of privilege; and

20           (c)    permit the information withheld to be unambiguously identified.

21   8.    To the extent these requests seek information that is recorded in any form of

22   document or thing, including electronically stored documents such as word processing files, voice

23   files, and e-mail, or to the extent these requests seek documents, including electronically stored

24   documents, you are asked to take steps to ensure that all such documents and things are preserved

25   for this litigation, and to take steps to ensure that no responsive electronically stored documents

26   are erased or deleted.  Sanctions may be imposed for failure to maintain evidence within your care,

27   custody or control.

28

**REQUESTS FOR DOCUMENTS AND THINGS**

**RELATING TO JURISDICTIONAL ISSUES**

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO the corporate structure, organization, and management of YOU (including specifically Software Rights Archive, Inc.), including without limitation YOUR (including specifically Software Rights Archive, Inc.) corporate records, articles of incorporation, and bylaws.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to IDENTIFY all the corporate assets of YOU (including specifically Software Rights Archive, Inc.).

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to IDENTIFY all capital, equity, loans, line of credit, or investment established in or for YOU (including specifically Software Rights Archive, Inc.), including all capital, equity, loans, lines of credit, or investments made in YOU (including specifically Software Rights Archive, Inc.) by L. Daniel Egger.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to IDENTIFY all YOUR (including specifically Software Rights Archive, Inc.) past or present employees, partners, agents, officers, owners, and/or directors, including organizational charts, personnel files, start date and end date, and responsibilities.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to DESCRIBE YOUR (including specifically Software Rights Archive, Inc.) relationship with L. Daniel Egger, including his role, title, interest in YOU, and compensation at all times (including at all times since January 7, 2004).

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to IDENTIFY each physical location (i.e., office or other business location) for YOU (including specifically Software Rights Archive, Inc.) and each lease, deed, or other agreement granting YOU use of each such physical location.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to IDENTIFY all estimated and actual revenues, expenses, costs, profits, margins, and sales earned or incurred by YOU (including specifically Software Rights Archive, Inc.) from January 1, 2004, to the present.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS sufficient to identity each PERSON having any management authority or control over YOU, including such PERSON'S role, title, and interest in YOU (including at all times since January 7, 2004).

**REQUEST FOR PRODUCTION NO. 23:**

All of YOUR corporate filings with any federal, state, or local government or government agency.

**REQUEST FOR PRODUCTION NO. 24:**

All minutes from every one of YOUR board of directors' meetings.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS RELATING TO YOUR formation and the circumstances surrounding it, including without limitation the role of Daniel Egger in such FORMATION.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS RELATING TO each change in YOUR status or YOUR name, including without limitation all documents describing the name change from Software Rights Archive, LLC. to Software Rights Archive, Inc., the associated circumstances, and the identity of each PERSON involved.

Dated: December 12, 2008

Respectfully submitted,

By: /s/ Thomas B. Walsh, IV

Thomas B. Walsh, IV (admitted *Pro Hac Vice*, walsh@fr.com)
FISH & RICHARDSON P.C.
5000 Bank One Center
1717 Main Street
Dallas, Texas 75201
Telephone:    (214)747-5070
Facsimile:    (214) 747-2091

Juanita R. Brooks (SBN 75934, brooks@fr.com)
Jason W. Wolff (SBN 215819, wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:    (858) 678-5070
Facsimile:    (858) 678-5099

Jerry T. Yen (SBN 247988, yen@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone:    (650) 839-5070
Facsimile:    (650) 839-5071

Attorneys for Plaintiffs
GOOGLE INC. and AOL LLC

By: /s/ Richard. S.J. Hung (with permission)

Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com

Attorneys for Plaintiff
YAHOO! INC.

By: /s/ Jennifer A. Kash (with permission)
Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs
IAC SEARCH & MEDIA, INC. and LYCOS, INC.

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On December 12, 2008, I caused a copy of the following document(s):

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE, LLC

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Lee Landa Kaplan<br>Email: lkaplan@skv.com<br>Jeffrey A. Potts<br>Email: jpotts@skv.com<br>Narasa Raju Duvvuri<br>Email: rduvvuri@skv.com<br>Smyser Kaplan & Veselka<br>700 Louisiana St., Suite 2300<br>Houston, TX 77002<br>Telephone: (713) 221-2300<br>Facsimile: (713) 221-2320 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Jay D. Ellwanger<br>Email: jellwanger@dpelaw.com<br>DiNovo Price Ellwanger LLP<br>P.O. Box 201690<br>Austin, TX 78720-1690<br>Telephone: (512) 539-2626<br>Facsimile: (512) 539-2627 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Thomas Frank Smegal, Jr.<br>Email: tomsmegal@smegallaw.com<br>Knobbe Martens Olson & Bear LLP<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94114<br>Telephone: (415) 954-4114<br>Facsimile: (415) 954-4111 | Attorneys for Defendants<br>L. DANIEL EGGER, SOFTWARE<br>RIGHTS ARCHIVE, LLC, and SITE<br>TECHNOLOGIES, INC. |
| Richard S. J. Hung<br>Email: rhung@mofo.com<br>Michael A. Jacobs<br>Email: mjacobs@mofo.com | Attorneys for Plaintiff<br>YAHOO INC. |

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE,
LLC
Case No. CV 08-03172 RMW (RS)

1 Morrison & Foerster LLP
425 Market Street, 34th Floor
2 San Francisco, CA 94105-2482
Telephone: (415) 268-7000
3 Facsimile: (415) 268-7522

4

5 Jennifer A. Kash                    Attorneys for Plaintiff
Email: jenniferkash@quinnemanuel.com   IAC SEARCH & MEDIA, INC. and
Quinn Emanuel Urquhart Oliver & Hedges  LYCOS, INC.
6 LLP
50 California Street, 22nd Floor
7 San Francisco, CA 94111
Telephone: (415) 875-6600
8 Facsimile: (415) 875-6700

9

10 Claude M. Stern                   Attorneys for Plaintiff
Email: claudestern@quinnemanuel.com   IAC SEARCH & MEDIA, INC. and
Quinn Emanuel Urquhart Oliver & Hedges  LYCOS, INC.
11 LLP
555 Twin Dolphin Drive, Suite 560
12 Redwood Shores, CA 94065
Telephone: (650) 801-5002

13

14
| XX | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |

15

16
|  | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |

17

18
|  | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |

19

20

21
| XX | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |

22
|  | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |

23

24
|  | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |

25

26
|  | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

27

28

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE, LLC
Case No. CV 08-03172 RMW (RS)

1

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

2

3

I declare under penalty of perjury that the above is true and correct. Executed on December 12, 2008, at San Diego, California.

4

5

Nancy P. Johnson

6

2rd RFPs frm Pntfs to SRA.DOC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SOFTWARE RIGHTS ARCHIVE, LLC
Case No. CV 08-03172 RMW (RS)