MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ATTORNEYS FOR YAHOO! INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC.<br><br>Defendants. | Case No. Misc. Action C-09-80004-RMW[1]<br><br>(Case No. 2:07-cv-511 (CE) pending in the Eastern District of Texas)<br><br>**REPLY BRIEF IN SUPPORT OF YAHOO!'S MOTIONS TO COMPEL COMPLIANCE WITH SUBPOENAS ON WILSON SONSINI GOODRICH & ROSATI AND MURRAY & MURRAY P.C.**<br><br>**HEARING REQUESTED**<br><br>Date: April 17, 2009<br>Time: 9:00 AM<br>Judge: Ronald M. Whyte |

---

[1] Consolidated for hearing with *Google v. Egger*, Case No. 5:08-03172-RMW.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

ABBREVIATIONS ..................................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

1. SRA Has No Standing to Object on Site Tech's Behalf. ................................................... 2

2. The Attorney-Client Privilege No Longer Protects Site Tech's Documents,
   as Site Tech Is Dissolved. .................................................................................................. 3

   A. Dissolved Corporations Do Not Retain the Privilege. ........................................... 3

   B. Site Tech's "Suspended" Status Is Irrelevant. ........................................................ 6

3. No One Has Validly Asserted the Privilege on Site Tech's Behalf. ................................... 7

   A. Mr. Ait Cannot Assert the Privilege. ..................................................................... 7

   B. SRA Is Not Entitled to Assert the Privilege for Site Tech. .................................... 8

   C. Murray's & WSGR's Privilege Assertions Depend on SRA's. ............................. 8

4. The Work Product Doctrine Does Not Apply. ................................................................... 9

5. The Documents Sought Are Plainly Relevant. ................................................................. 10

   A. The Bankruptcy Documents Are Relevant to SRA's Standing
      Defense. ................................................................................................................ 10

   B. WSGR's Corporate Documents Also Are Relevant to SRA's
      Standing Defense. ................................................................................................. 11

   C. SRA Concedes that Murray's and WSGR's Documents Are
      Relevant to Other Issues. ..................................................................................... 11

6. The Requested Discovery Is Not Burdensome. ............................................................... 12

7. The Requested Discovery Is Not Duplicative. ................................................................. 12

8. SRA Has Delayed Resolution of This Motion, Not Yahoo! ............................................ 13

9. SRA's Claim of "Unfairness" Is Incorrect, Particularly As It Has Already
   Accessed Many of the Requested Documents. ................................................................ 14

CONCLUSION ............................................................................................................................. 15

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY  
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW  
sf-2665703

i

# TABLE OF AUTHORITIES

**Page(s)**

*CFTC v. Weintraub*,
   471 U.S. 343 (1985) ........................................................................................................5, 7

*City of Rialto v. U.S. Dep't of Defense*,
   492 F. Supp. 2d 1193 (C.D. Cal. 2007)..............................................................................3, 4, 5

*Gilliland v. Geramita*,
   Case No. 2:05-CV-01059, 2006 U.S. Dist. LEXIS 65546 (W.D. Pa. Sept. 14, 2006) ...... 4, 5, 7

*In re Grand Jury Subpoenas*,
   803 F.2d 493 (9th Cir. 1986)..................................................................................................15

*In re Grand Jury Subpoena #06-1*,
   Case Nos. 07-18889 & 07-2024, 2008 WL 1781357 (4th Cir. Apr. 21, 2008) ........................6

*In re JMP Newcor Int'l, Inc.*
   204 B.R. 963 (Bankr. N.D. Ill. 1997)...................................................................................6, 9

*Lewis v. United States*,
   Case No. 02-2958, 2004 U.S. Dist. LEXIS 26680 (W.D. Tenn. Dec. 7, 2004)................ 4, 5, 6

*Nelson Constr. Co. v. United States*,
   Case No. 051205C, 2008 WL 5049304 (Fed. Cl. Nov. 18, 2008) ............................................6

*Overton v. Todman & Co.*,
   249 F.R.D. 147 (S.D.N.Y. 2008)..............................................................................................6

*Randy Int'l, Ltd. v. Automatic Compactor Corp.*,
   412 N.Y.S.2d 995 (1979) .........................................................................................................4

*Swidler & Berlin v. Hamilton*
   524 U.S. 399 (1998) .................................................................................................................4

*Telectronics Proprietary Ltd. v. Medtronic, Inc.*,
   836 F.2d 1332 (Fed. Cir. 1988)................................................................................................8

*Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*,
   813 F.2d 1207 (Fed. Cir. 1987)..............................................................................................11

*United States v. Layton*,
   855 F.2d 1388 (9th Cir. Cal. 1988) ..........................................................................................8

*United States v. Naegele*,
   468 F. Supp. 2d 165 (D.D.C. 2007) .........................................................................................9

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

ii

# ABBREVIATIONS

| | |
|---|---|
| Software Rights Archive, Inc. & Daniel Egger (collectively) | **"SRA"** |
| site/technologies/inc. or Libertech Inc. | "Libertech" |
| Site Technologies, Inc. or Deltapoint, Inc. | "Site Tech" |
| Google, Inc., Yahoo!, Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc. (defendants in Case No. 2:07-cv-511 (CE) (E.D. Tex.)) | "Defendants" |
| Murray & Murray, P.C. | "Murray" |
| Wilson, Sonsini, Goodrich & Rosati P.C. | "WSGR" |
| Order Confirming Amended Plan of Reorganization, dated June 12, 2000 | "Plan" |
| Deposition Transcript of Jeffrey F. Ait, dated September 30, 2008 | Ait Dep. Tr. |
| Yahoo! Inc.'s Motion to Compel Compliance with Its Subpoena on Murray & Murray, dated January 20, 2009 [Docket No. 1 (Misc. Action C-09-80004)] | "Op. Br. (WSGR)" |
| Declaration of Francis C. Ho in Support of Yahoo! Inc.'s Motion to Compel Compliance with Its Subpoena on Wilson Sonsini Goodrich & Rosati, dated January 20, 2009 [Docket No. 7 (Misc. Action C-09-80004)] | "Ho Decl. (WSGR)" |
| Yahoo! Inc.'s Motion to Compel Compliance with Its Subpoena on Wilson Sonsini Goodrich & Rosati, dated January 20, 2009 [Docket No. 6 (Misc. Action C-09-80004)] | "Op. Br. (Murray)" |
| Declaration of Francis C. Ho in Support of Yahoo! Inc.'s Motion to Compel Compliance with Its Subpoena on Murray & Murray, dated January 20, 2009 [Docket No. 2 (Misc. Action C-09-80004)] | "Ho Decl. (Murray)" |
| Murray & Murray's Opposition to Motion to Compel Compliance with Yahoo! Inc.'s Subpoena on Murray & Murray P.C., dated March 24, 2009 [Docket No. 20 (Misc. Action C-09-80004); Docket No. 84 (C-08-03172-RMW)] | "Murray Opp'n" |
| Declaration of Joseph J. De Hope, Jr. in Opposition to Motion to Compel Compliance with Yahoo! Inc. Subpoena on Murray & Murray P.C., dated March 24, 2009 [Docket No. 21 (Misc. Action C-09-80004); Docket No. 85 (C-08-03172-RMW)] | "De Hope Decl." |

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

iii

| | | |
|---|---|---|
| Memorandum of Points & Authorities of Wilson Sonsini Goodrich & Rosati in Opposition to Motion to Compel by Yahoo!, dated March 26, 2009 [Docket No. 22 (Misc. Action C-09-80004); Docket No. 86 (C-08-03172-RMW)] | | "WSGR Opp'n" |
| Declaration of Mark Parnes in Opposition to Motion to Compel by Yahoo! Inc., dated March 26, 2009 [Docket No. 23 (Misc. Action C-09-80004); Docket No. 87 (C-08-03172-RMW)] | | "Parnes Decl." |
| Respondents' Opposition to Motion to Compel Compliance with Yahoo!'s Subpoena on Murray & Murray, filed March 27, 2009 [Docket No. 92 (C-08-03172-RMW)] | | "SRA Opp'n (Murray)" |
| Respondents' Opposition to Motion to Compel Compliance with Yahoo!'s Subpoena on Wilson, Sonsini, Goodrich & Rosati, filed March 27, 2009 [Docket No. 88 (C-08-03172-RMW)] | | "SRA Opp'n (WSGR)" |
| Declaration of Lee L. Kaplan to Respondents' Opposition to Motion to Compel Compliance with Yahoo!'s Subpoena on Wilson Sonsini Goodrich & Rosati, dated March 27, 2009 | | "Kaplan Decl." |
| Declaration of Richard S.J. Hung in Support of Yahoo!'s Motion to Compel Compliance with Subpoenas on Wilson Sonsini Goodrich & Rosati and Murray & Murray, dated April 3, 2009 | | "Hung Decl." |

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

iv

## INTRODUCTION

Since last September, SRA has incorrectly asserted that its counsel is authorized to represent Site Tech. Using that incorrect assertion, SRA has thwarted Defendants' efforts to obtain discovery from Site Tech. Specifically it has instructed Site Tech's former advisors, Murray and WSGR, not to produce any documents in response to Yahoo!'s subpoenas.

As SRA's recent opposition to Yahoo!'s motions makes crystal clear, SRA has *never* had a valid basis for interfering with these discovery efforts. Seven months after Yahoo! first raised the issue, SRA finally concedes that its lawyers *cannot* validly represent Site Tech; its opposition was filed on behalf of SRA "alone."[2]

In view of this concession, the Court should order Murray and WSGR to comply with Yahoo!'s subpoenas immediately. Both Murray's and WSGR's refusals to produce responsive documents were based entirely on SRA's counsel's invalid claim to represent Site Tech – a claim that no longer applies. Indeed, Murray and WSGR hardly dispute Yahoo!'s entitlement to their documents now. Murray two-page opposition simply seeks the Court's "guidance" as to whether there is an "existing holder" of Site Tech's privileges.[3] WSGR likewise agrees to "comply with this Court's decision regarding the existence of the Site Tech, the existence of the attorney-client privilege, and whether documents should be produced."[4]

The only party raising any serious objection to Murray's and WSGR's compliance is *SRA* – who has been incorrectly asserting its counsel's ability to represent Site Tech all along. SRA lacks standing to raise these arguments, as it has never moved to quash Yahoo!'s subpoenas or for a protective order. And because SRA is not the holder of Site Tech's privilege, it cannot assert it. But even if SRA were entitled to have this Court hear its objections, none of these objections

---

[2] SRA Opp'n (Murray) at 1 ("Yahoo! has raised questions about [SRA's counsel's] representation of Site Tech. . . . [T]his opposition brief is filed on behalf of SRA and Egger alone."); SRA Opp'n (WSGR) at 1 (same).

[3] Murray Opp'n at 2.

[4] WSGR Opp'n at 4.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

1

would warrant Murray and WSGR's non-production of documents.

For example, SRA argues that Yahoo!'s on-point authority that a dissolved *corporation's* privilege is extinguished is trumped by a Supreme Court decision involving a deceased *individual's* privilege. Yet SRA's own authority confirms that the privilege *differs* for individuals and corporations. SRA also contends that Jeffrey Ait, Site Tech's *former* CEO and *former* Responsible Person, retains the power to assert the privilege. But Mr. Ait testified under oath that he has not been Site Tech's CEO or Responsible Person for years. SRA further argues that Site Tech is not really "dissolved" because a California website lists its status as "suspended." SRA ignores that, when the bankruptcy court entered the January 6, 2004 Final Decree, it caused Site Tech to be "dissolved and its corporate existence terminated *without further corporate action.*"

Finally, while SRA argues that Yahoo!'s subpoenas seek irrelevant information, not even Murray or WSGR raises this argument to avoid complying with Yahoo!'s subpoenas. Elsewhere in SRA's oppositions, SRA *concedes* that Yahoo!'s subpoenas seek relevant information. And while the Texas court recently denied Defendants' standing motion, this does not "moot" Yahoo!'s motions as SRA claims. Indeed, the discovery sought may contradict SRA's alter ego arguments (on which the judge relied), thereby justifying reconsideration of the ruling.

SRA has interfered with Yahoo!'s efforts to obtain discovery from Site Tech for far too long. Because the privilege does not protect Site Tech's documents, and SRA can raise no valid reason to prevent their production, Yahoo! asks that the Court order Murray and WSGR to produce all documents responsive to its subpoenas immediately.

## ARGUMENT

### 1. SRA Has No Standing to Object on Site Tech's Behalf.

As Yahoo! noted in its opening briefs, SRA was required to move for a protective order or to quash the subpoenas to participate in these motions.[5] It is undisputed that SRA has done neither. While SRA pays lip service to this requirement, it offers no reason for its failure to

---

[5] Op. Br. (WSGR) at 13 n.34 (citing *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002)).

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

2

comply. Instead, it simply asks that the requirement be ignored.[6]

Even if SRA *had* moved to quash or for a protective order, SRA cannot justify its participation in these motions. SRA's only apparent justification is its claim that "review[ing] and "analyz[ing]" Murray's and WSGR's productions would be an "unnecessary burden."[7] This contention fails for at least two reasons. First, for the subpoena on Murray, Yahoo! and Murray have not yet had the opportunity to reach agreement about the appropriate scope of production, as Murray asserts threshold privilege objections. As a result, SRA has *no idea* what the actual scope of Murray's production will be. Second, and more importantly, any such "review and analysis" cannot be an "unnecessary burden," at least for WSGR's documents. This is because *SRA's counsel has already reviewed the documents.* WSGR previously gave SRA's counsel access to these documents (which Yahoo! understands spans fewer than 10 boxes) last December.[8]

### 2. The Attorney-Client Privilege No Longer Protects Site Tech's Documents, as Site Tech Is Dissolved.

#### A. Dissolved Corporations Do Not Retain the Privilege.

As Yahoo! explained in its opening briefs, the Plan specified that Site Tech would be dissolved "without further corporate action" upon entry of the Final Decree.[9] That event occurred on January 6, 2004.[10] Thus, Site Tech's documents are no longer privileged.

This is required by *City of Rialto v. U.S. Dep't of Defense*. There, the court held that "a dissolved corporation is not entitled to assert the attorney-client privilege."[11] *City of Rialto's* holding is non-controversial. As the court there noted, "[s]everal courts have agreed with this reasoning and reached the same conclusion."[12]

---

[6] SRA Opp'n (WSGR) at 16 n.10; SRA Opp'n (Murray) at 16 n.11.

[7] SRA Opp'n (WSGR) at 1 n.2; SRA Opp'n (Murray) at 1 n.2.

[8] Parnes Decl. ¶ 4.

[9] Op. Br. (WSGR) at 5 (citing Plan at § 7.9); Op. Br. (Murray) at 5 (same).

[10] Ho Decl. (WSGR) Ex. H (Final Decree, dated January 6, 2004).

[11] *City of Rialto v. U.S. Dep't of Defense*, 492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007).

[12] *Id.* at 1199 (citing cases).

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

3

Nothing in Murray's, WSGR's, or SRA's oppositions detracts from *City of Rialto's* applicability to this case. Indeed, Murray and WSGR do not even address the decision. For its part, SRA devotes literally *pages* of its opposition to scattershot attacks on the *City of Rialto* decision. SRA's arguments fail because:

- ***City of Rialto* accounted for *Swidler*:** SRA argues that *City of Rialto*, which involved corporations, somehow overlooked the Supreme Court's decision in *Swidler & Berlin v. Hamilton*, which involved individuals.[13] But *City of Rialto* acknowledged that for a deceased individual, the privilege survives. It also relied on cases that <u>expressly</u> distinguished *Swidler* because the privilege held by corporations differs from the privilege held by individuals.[14]

- ***City of Rialto* is not dictum:** SRA argues that *City of Rialto*'s holding is dictum, as the court held that the dissolved corporation's successor-in-interest had waived the privilege. This ignores that the case involved two *distinct* privilege assertions – one by the dissolved corporation, and one by the successor. The court *separately* held that "[the] dissolved corporation cannot assert the attorney-client privilege."[15]

- ***City of Rialto* applied federal law:** SRA suggests that *City of Rialto* is inapplicable because federal law on privilege applies.[16] This ignores that the court in *City of Rialto*, a <u>federal question</u> case, looked to "applicable code sections, California law interpreting those code sections and <u>federal law</u> governing attorney-client privilege" in "conclud[ing] that a dissolved corporation is not entitled to assert the attorney-client privilege."[17]

---

[13] SRA Opp'n (WSGR) at 11 (discussing *Swidler*, 524 U.S. 399, 407 (1998)); SRA Opp'n (Murray) at 11 (same).

[14] *City of Rialto*, 492 F. Supp. 2d at 1199-1200 (citing *Gilliland v. Geramita*, Case No. 2:05-CV-01059, 2006 U.S. Dist. LEXIS 65546, at *13 (W.D. Pa. Sept. 14, 2006) (explaining that "[n]o real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain"), and *Lewis v. United States*, Case No. 02-2958, 2004 U.S. Dist. LEXIS 26680, at *10-14 (W.D. Tenn. Dec. 7, 2004) (acknowledging *Swidler*, but in concluding that "dead" corporations have no privilege)).

[15] *City of Rialto*, 492 F. Supp. 2d at 1202.

[16] SRA Opp'n (WSGR) at 9 n.6; SRA Opp'n (Murray) at 9 n.7.

[17] *City of Rialto*, 492 F. Supp. 2d. at 1197 (emphasis added). Interestingly, despite arguing that only federal law applies, SRA cites a New York state case, *Randy Int'l, Ltd. v. Automatic Compactor Corp.*, 412 N.Y.S.2d 995, 997 (1979), as allegedly supporting its position that the privilege applies to dissolved corporations. (SRA Opp'n (WSGR) at 12; SRA Opp'n (Murray) at 12.) *Randy* is inapplicable not only because it involved New York state law, but because the corporations involved "apparently continue[d] to exist as legal entit[ies]." *See* 412 N.Y.S.2d at 997.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

4

- **Corporations & individuals are distinct:** Relatedly, and despite *City of Rialto*, SRA argues that the privilege for individuals and corporations is identical – ignoring that its own Supreme Court authority *contradicts* this very argument![18]

Recognizing the clear weight of authority against its position, SRA preemptively attacks authorities that Yahoo! has not even raised. For example, SRA misreads *Gilliland v. Geramita* as "*not* stand[ing] for the proposition that the attorney-client privilege ceases upon corporate dissolution."[19] It is difficult to square SRA's reading with the following language from *Gilliland*:

> [T]he Court concludes that counsel has no duty to assert the attorney-client privilege on behalf of a non-operating/defunct corporation, and indeed, <u>counsel lacks the ability to do so</u>. . . . <u>No real purpose would be served by continuing the privilege after operations cease,</u> as the corporation would no longer have any goodwill or reputation to maintain.[20]

Similarly, SRA characterizes *Lewis v. United States*' holding that "no privilege can apply to a defunct corporation" as dictum.[21] This argument ignores the court's statement that this conclusion "len[t] support to the Court's decision to deny the [underlying] motion to quash." It also overlooks the court's "find[ing]" that the privilege did not apply because the corporation was "dead," "bankrupt and [with] no assets, liabilities, directors, shareholders, or employees."[22]

Finally, unable to muster authority to support its position, SRA cites an unpublished Fourth Circuit case and an unreported Court of Federal Claims decision. But as SRA openly concedes, both cases intentionally *avoided* the issue of whether the privilege applies to dissolved

---

[18] SRA Opp'n (WSGR) at 10, 15 (citing *CFTC v. Weintraub*, 471 U.S. 343 (1985), which distinguishes between the privilege for bankrupt *individuals* and that for *corporations*); *see City of Rialto*, 495 F. Supp. 2d at 1199 (citing *Weintraub* for the proposition that "the analysis and rationale for asserting the privilege as a corporation is different from the analysis and rationale that applies to individuals.").

[19] SRA Opp'n (WSGR) at 11 n.7 (emphasis added); SRA Opp'n (Murray) at 11 n.8.

[20] *Gilliland*, 2006 U.S. Dist. LEXIS 65546, at *12-13 (emphasis added). SRA's attempt to distinguish *Gilliland* because it "applied Pennsylvania law" also makes no sense; the court in *Gilliland* specifically relied upon federal authority — including *Lewis*, *Weintraub*, and *Swidler*.

[21] SRA Opp'n (WSGR) at 11 n.7; SRA Opp'n (Murray) at 11 n.8.

[22] *Lewis*, 2004 U.S. Dist. LEXIS 26680 at *12 (emphasis added). Indeed, the Court drove this holding home multiple times. *See id.* at *12-14.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY  
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW  
sf-2665703

5

corporations.[23] The latter decision also recognizes that "several courts adhere to the principle that a dissolved corporation does not have the right to assert the attorney-client privilege."[24]

### B. Site Tech's "Suspended" Status Is Irrelevant.

SRA provides a California Secretary of State website printout listing Site Tech's status as "suspended." According to SRA, this proves that Site Tech "has never been officially dissolved under California law."[25] This argument fails for multiple reasons.

First, it ignores the Plan's requirement that Site Tech be "dissolved and its corporate existence terminated *without further corporate action*" upon entry of the Final Decree.[26] That occurred on January 6, 2004. Thus, contrary to SRA's argument, Site Tech *has* "been officially dissolved under California law" – by express order of a federal bankruptcy judge in this very district. SRA never discusses the effect of this language.

Second, Site Tech's alleged status on a website is irrelevant. As multiple cases make clear (including SRA's own authority), the privilege was extinguished by *no later* than the entry of the Final Decree. For example, *In re JMP Newcor Int'l, Inc.* notes the attorney-client privilege "cease[s] to exist upon confirmation of a [bankruptcy] plan."[27] Similarly, *Lewis* holds that a company becomes "defunct" (such that the privilege ends) when it is "ordered bankrupt."[28]

---

[23] SRA Opp'n (WSGR) at 10 (citing *In re Grand Jury Subpoena #06-1*, Case Nos. 07-18889 & 07-2024, 2008 WL 1781357, at *310 (4th Cir. Apr. 21, 2008) (unpublished) and *Nelson Constr. Co. v. United States*, Case No. 051205C, 2008 WL 5049304, at *2 (Fed. Cl. Nov. 18, 2008)).

[24] *Nelson Constr. Co.*, 2008 WL 5049304, at *1 (citing *City of Rialto*, *Gilliland*, and *Lewis*). SRA also attempts to rely on *Overton v. Todman & Co.*, 249 F.R.D. 147, 148 (S.D.N.Y. 2008). (SRA Opp'n (WSGR) at 12). As *Overton* makes clear, however, the company in that case "had not been dissolved" and "technically [was] still an active corporation." *Overton*, 249 F.R.D. at 148. It also still had active officers and "current management." *Id.*

[25] SRA Opp'n (WSGR) at 6, 13; SRA Opp'n (Murray) at 6, 14.

[26] Ho Decl. (WSGR) Ex. F (Plan § 7.9) (emphasis added).

[27] 204 B.R. 963, 964 (Bankr. N.D. Ill. 1997) (emphasis added) (cited in SRA Opp'n (WSGR) at 15). SRA's less-than-forthright analysis of *JMP* is not limited to this issue. While SRA relies on this case for the proposition the work product doctrine survives a corporation's death, SRA omits its related holding that the attorney-client privilege does not survive. *Id.* at 964.

[28] *Lewis*, 2004 U.S. Dist. LEXIS 26680 at *14.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

6

Third, no one disputes that Site Tech is supposed to be dissolved. In the re-opened bankruptcy case, SRA's counsel justified a $1,000 payment from SRA to Mr. Ait by suggesting that it would be applied to dissolve Site Tech.[29] Mr. Ait also has acknowledged that Site Tech's "suspended" status is a mistake by Site Tech's former lawyers or the State of California.[30]

### 3. No One Has Validly Asserted the Privilege on Site Tech's Behalf.

It is well-established that corporations act only through their agents.[31] Even assuming that the privilege somehow still existed, no one with authority has asserted it.[32]

#### A. Mr. Ait Cannot Assert the Privilege.

Mr. Ait's repeated, sworn testimony was that he is no longer Site Tech's CEO.[33] Mr. Ait also *retracted* his prior representations that he remains Site Tech's CEO.[34] Because Mr. Ait is no longer an officer for Site, he cannot assert the privilege on its behalf. Nor is Mr. Ait currently Responsible Person for the bankrupt estate, as SRA now acknowledges.[35] Under the Plan, he was

---

[29] Hung Decl. Ex. H (Transcript of Proceedings, dated December 17, 2008) at 25 ("Mr. Ait has an uncashed check, I think for $1,000, which might be used to pay Site Tech's debts in trying to dissolve the company because apparently there's some unpaid Franchise taxes, or any unpaid fees for a locker in which the documents were once kept.").

[30] Hung Decl. Ex. D (Ait Tr.) at 155:4-12 ("Q: Has [Site] been dissolved today? A: I have been in contact with the Franchise Tax Board and I'm trying to file those papers with the state of California. Federally it has been dissolved and I don't know whether it was my legal team who didn't do the right thing or whether the state of California has not got all the right paperwork in place.").

[31] *See Weintraub*, 471 U.S. at 356.

[32] *See Gilliland*, 2006 U.S. Dist. LEXIS 65546 at *11 ("Defendant cannot meet its burden to prove that the privilege has been validly asserted because there is no person with authority to properly invoke the privilege.").

[33] Hung Decl. Ex. D (Ait Tr.) at 42:14-22 ("Q: Is it fair to say that your CEO duties ended when the bankruptcy occurred? A: Yes. Q. And that's the duties as the CEO of Site? A: Yes."); *id.* at 43:2-7 ("Q: [Y]ou ceased being CEO when you became the Responsible Person when the bankruptcy was filed for Site, correct? A: Yes."); *id.* at 167:3-7 ("Q: [Y]ou ceased being chief executive office of Site when it went into bankruptcy? A: That's true.").

[34] *Compare* Hung Decl. Ex. C (Assignment of Patents, dated August 13, 2008) at STI 0011611 ("I, Jeffrey Ait, acted and *remains* [sic] Chief Executive Officer of Site Technologies, Inc. . . .") *with* Hung Decl. Ex. F (Third Declaration of Jeffrey F. Ait, dated December 8, 2008) ("I *was* the Chief Executive Officer of the debtor Site Technologies, Inc. . . .") (emphases added).

[35] SRA Opp'n (WSGR) at 13-14; SRA Opp'n (Murray) at 14.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

7

discharged of "all duties and responsibilities" when the January 6, 2004 Final Decree was entered.[36] Mr. Ait expressly conceded this at his deposition.[37]

Critically, even if Mr. Ait *were* empowered to assert the privilege on Site Tech's behalf, SRA has offered no evidence that Mr. Ait has done so or empowered anyone else to do so. SRA also offers no evidence of the source of any such alleged power. Additionally, because SRA now concedes that its counsel cannot represent Site Tech, any purported assertions of the privilege by SRA's counsel on Mr. Ait's behalf also are invalid.

### B. SRA Is Not Entitled to Assert the Privilege for Site Tech.

As noted above, SRA has no standing to dispute Murray or WSGR's compliance with Yahoo!'s subpoenas. But even if it did, SRA could not raise *Site Tech's* privileges (or former privileges) to shield *Site Tech's* former counsel from producing documents.

It is well-settled that "[t]he privilege can be invoked only at the instance of the client."[38] SRA is neither Murray nor WSGR's "client" for purposes of Yahoo! subpoenas and it offers no authority justifying its assertion of the privilege on behalf of Site Tech.[39]

### C. Murray's & WSGR's Privilege Assertions Depend on SRA's.

Murray has made clear that it objects to Yahoo!'s subpoena only at SRA's counsel's direction — not at the request of anyone authorized to act on Site Tech's behalf. Indeed, Murray

---

[36] Ho Decl. (WSGR) Ex. F. (Plan at § 7.3); *see also id.* Ex. H.

[37] Hung Decl. Ex. D (Ait Tr. at 134:14-19 ("Q: [Y]ou would agree with me pursuant to this [Amended Plan of Reorganization], upon the [F]inal [D]ecree being signed by the Bankrupcty Court, you ceased to be the Responsible Person for Site, correct? A: That's true."); *see also id.* at 135:14-22 ("Q: [Y]our role as Responsible Person ended on January 6th of 2004, correct, Mr. Ait? . . . A: I assume."); *id.* at 170:2-11 (Q: [Y]our duties as Responsible Person had ended almost four years ago? A: Perhaps. I mean, I don't know that to be true or not. . . . I don't know what my Responsible Party Position is.").

[38] *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. Cal. 1988) *overruled sub silentio on other grounds, as stated in Territory of Guam v. Ignacio*, 10 F.3d 608, 612 n.2 (9th Cir. Cal. 1993) (also explaining that "'a litigant is entitled to object to adverse testimony by a former attorney only when such testimony would tend to reveal matters disclosed by the litigant in confidence.'") (citation omitted).

[39] It is equally well-established that SRA cannot assert the privilege for Site Tech merely because it claims to own the patents. *See, e.g., Telectronics Proprietary Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1336-37 (Fed. Cir. 1988).

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

8

seeks the Court's guidance as to whether there is "an existing holder" of Site Tech's privileges.[40] The same is true for WSGR, which is relying on SRA's counsel's advice that "Site Tech is still in existence under California state law and is asserting the attorney client privilege."[41]

As SRA has now conceded, its counsel does not (and cannot) represent Site Tech. Because both Murray's and WSGR's privilege assertions depended on SRA's counsel's instruction, and SRA's counsel is not authorized to act for Site Tech, Murray's and WSGR's privilege assertions do not justify their non-production of documents.

**4. The Work Product Doctrine Does Not Apply.**

In its opposition, Murray (but not WSGR) mentioned the "work product privilege" in passing.[42] It is unclear whether, based on this brief reference, Murray intends to rely on the doctrine to bar discovery of documents in its possession. Assuming that Murray does, however, this bare objection is insufficient to justify its non-production of documents.

Among other things, Murray has offered no description (much less a privilege log) explaining why the requested documents were "prepared in anticipation of litigation" under Rule 26(b)(3) of the Federal Rules of Civil Procedure. Murray's prior status as Site Tech's bankruptcy counsel alone could not justify work product protection, as a "bankruptcy filing [is] not itself 'litigation' in anticipation of which protected attorney work product can be created."[43] And even assuming that some documents qualified for work product protection, surely not *all* of the documents are so protected.[44]

---

[40] Murray Opp'n at 2.

[41] WSGR Opp'n at 4; *id.* at 2.

[42] Murray Opp'n at 1.

[43] *See United States v. Naegele*, 468 F. Supp. 2d 165, 173 (D.D.C. 2007) (attorney's bankruptcy files, including draft letters and forms, not work product protected because bankruptcy proceeding not "litigation"); *compare with JMP Newcor*, 204 B.R. at 964 (*contested* bankruptcy confirmation qualified as "litigation" for purposes of work product doctrine).

[44] WSGR's non-assertion of the work product doctrine is unsurprising; it previously served as Site Tech's corporate counsel (pre-bankruptcy) and special corporate counsel (post-bankruptcy). Should WSGR raise this doctrine, however, the same analysis would apply.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

9

**5. The Documents Sought Are Plainly Relevant.**

**A. The Bankruptcy Documents Are Relevant to SRA's Standing Defense.**

As Yahoo! explained in its opening brief, the documents that Yahoo! has requested from Murray are particularly relevant to Defendants' standing defense in the Texas action. SRA hardly contests this. SRA argues only that "no documents from Murray & Murray could have any relevance" because SRA is raising only "legal arguments."[45]

But this is a strawman argument. Regardless of whether SRA has raised "legal arguments," the requested discovery is relevant to disputed, *factual* issues concerning Defendants' standing defense. For example, in the Texas action, SRA has argued that the alter ego doctrine operated to transfer Libertech's interests in the patents to Mr. Egger when Site Tech made its purported transfer. Publicly-available evidence, such as Libertech's merger into Site Tech in December 2000 during the bankruptcy,[46] indicates that Libertech and Site Tech continued their separate existences even after the bankruptcy was filed. As a result, Murray's bankruptcy-related documents are likely to inform, among other things, whether Libertech and Site Tech were operating independently at all times before the June 2000 merger. Such documents would go not to the "legal effect" of the bankruptcy, but directly to SRA's allegation that Libertech and Site Tech were alter egos of each other.

The importance of these documents is underscored by Magistrate Judge Everingham's recent ruling on Defendants' standing defense. In his ruling, Judge Everingham accepted SRA's argument that Libertech and Site were alter egos of one another.[47] To the extent that the requested documents rebut SRA's alter ego argument, they would be relevant – and critical – to any motion to reconsider this order.

SRA also alleges that "the parties have agreed that discovery at this stage of the case will

---

[45] *See* SRA's Opp'n (Murray) at 8.

[46] Hung Decl. Ex. A.

[47] *See* Attachment to SRA's Statement of Recent Decision [Docket 94] (Memorandum Opinion and Order, dated March 31, 2009).

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

10

be directly [sic] only to the issue of standing."[48]  This is both false and inconsistent with SRA's written discovery to the Defendants, which clearly went beyond standing issues.[49]

### B. WSGR's Corporate Documents Also Are Relevant to SRA's Standing Defense.

As Yahoo! explained in its opening brief, the documents that Yahoo! has requested from WSGR also are particularly relevant to Defendants' standing defense.  SRA also hardly contests this, again arguing that the requested documents "can have no bearing on [SRA's] legal questions."[50]  This argument is wrong for the same reasons noted above.  In particular, in light of WSGR's prior status as corporate counsel, documents uniquely in its possession (e.g., tax returns, Board of Director minutes, corporate records) may demonstrate that Libertech and Site Tech were intended to operate independently before the 1997 stock exchange agreement and continued to operate independently therefore – contradicting SRA's alter ego claim and, again, justifying a motion for reconsideration of Judge Everingham's order.

### C. SRA Concedes that Murray's and WSGR's Documents Are Relevant to Other Issues.

Putting aside SRA's alter ego argument, Murray's and WSGR's documents are relevant for other purposes.  SRA admits this, conceding that "[t]he requested files may also contain *patent files* that should have been turned over to Daniel Egger in connection with the 1998 Bill of Sale."[51]  Such documents would be relevant to *every* issue in this suit – not just patent ownership, but validity and infringement.  Documents discussing the patents' value also would be relevant to damages.  Yahoo! is entitled to these "patent files" and any of Murray and WSGR's other records relating to these hotly contested issues, in light of the permissive discovery standard.[52]

---

[48] SRA Opp'n (Murray) at 17.

[49] Hung Decl. Ex. B (SRA's First Set of Requests for Admission and Interrogatories, dated August 11, 2008).

[50] *See* SRA's Opp'n (WSGR) at 8.

[51] *See* SRA's Opp'n (WSGR) at 4 n.4 (emphasis added); SRA Opp'n (Murray) at 4 n.4.

[52] *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987) ("Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial . . . . Where relevance is in doubt, the court should be permissive.").

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

11

### 6. The Requested Discovery Is Not Burdensome.

During the meet and confer process before this motion, Murray never alleged that "the cost of complying with the subpoena [would be] substantial."[53] Murray's sole justification for refusing to produce documents was its reliance on SRA's counsel's (invalid) privilege assertions.

As a result, Murray's current claims about "costs" and "burdens" are surprising. Should this Court grant Yahoo!'s motion, Yahoo! is willing to work with Murray to narrow the scope of the requested discovery, as appropriate, to address Murray's burden and costs. Yahoo! notes, however, that Murray's cost estimates appear to be grossly excessive. For example, while Murray has only nine attorneys, it suggests that compliance will require analysis of "75gb [of] data" from "9 computers" for a total cost of $81,025. Murray also alleges that copying nine boxes of documents will cost more than $7,180 (or $0.32 a page).[54]

Importantly, WSGR does not argue that the requested discovery is burdensome. Indeed, it could not; as previously noted, WSGR has already made all of these documents available for inspection by SRA's counsel, and the documents are not voluminous.

### 7. The Requested Discovery Is Not Duplicative.

SRA (but not Murray or WSGR) alleges that Yahoo!'s subpoena is duplicative of discovery already sought. It is unclear how such duplication, even if true, harms SRA. Regardless, the requested documents are not duplicative. As Site Tech's sole bankruptcy counsel, Murray is particularly likely to possess documents that no other source possesses. The same is true for WSGR, which acted as Site Tech's corporate counsel in connection with its stock exchange agreement with Libertech and as its "special corporate counsel" during bankruptcy.

SRA's allegation that the requested discovery is unnecessary because "Site Tech made available to Defendants over fifty boxes of responsive documents, and Defendants copied over ten thousand documents from those boxes" is wrong.[55] It ignores the circumstances of

---

[53] Murray Opp'n at 2-3.

[54] De Hope Decl. ¶ 6.

[55] *See* SRA Opp'n (WSGR) at 1-2.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

12

Defendants' access to these documents. Three of Defendants' attorneys had less than *ten hours* to review *fifty boxes* of documents in a conference room in Houston. SRA did not allow Defendants to copy the documents directly, but *pre-screened* their selections for copying. Discovery under these circumstances can hardly be characterized as full discovery.[56]

### 8. SRA Has Delayed Resolution of This Motion, Not Yahoo!

SRA suggests that Yahoo! has brought this motion to "delay even further resolution of the standing issue in the Eastern District of Texas."[57] Nothing could be further from the truth. Yahoo! first raised the issue of SRA's counsel's authority to represent Site Tech in September 2008 by letter.[58] On that same day – *while Defendants' standing motion was pending, and before their reply brief was due*, Yahoo! served its subpoena on WSGR. Yahoo! concurrently pursued discovery informally from Murray.

When it became clear that SRA would not allow Yahoo! to access the WSGR documents, Yahoo! prepared its motion to compel WSGR and, in November 2008, informed SRA that it would be filing it immediately. Yahoo! delayed this filing *only* because SRA's counsel asked that Yahoo! accommodate his scheduling preferences[59] and then proposed that he review the WSGR documents to determine whether motion practice was even necessary. After prolonging this review,[60] SRA's counsel decided that motion practice would be necessary.[61]

By this point, it also was clear that Murray also would be relying on SRA's counsel's improper assertions of the privilege for Site Tech. To enable motions relating to both WSGR and Murray to be heard together, Yahoo! subpoenaed Murray in late December and then moved to

---

[56] SRA Opp'n (WSGR) at 18.

[57] SRA Opp'n (WSGR) at 7; SRA Opp'n (Murray) at 7.

[58] Ho Decl. (WSGR) Ex. J (R. Hung letter to L. Kaplan, dated September 17, 2008).

[59] Hung Decl. Ex. E (L. Kaplan e-mail, dated November 24, 2008) (scheduling accommodations to avoid holidays and counsel's birthday).

[60] Hung Decl. Ex. G (L. Kaplan e-mail, dated December 17, 2008).

[61] Ho Decl. (WSGR) Ex. K (L. Kaplan e-mail, dated December 22, 2008).

compel both WSGR and Murray immediately after Murray's response period had run.

SRA continued to delay the resolution of these motions after they were filed. On February 5, 2009, just one day before its original oppositions were due, SRA asked to postpone the hearing so that it could "reinstate" Site Tech.[62] Despite this justification for postponing the hearing, <u>SRA never did this.</u> To secure Yahoo!'s agreement to this postponement, SRA also agreed "<u>not to use postponement of [these] hearings . . . to argue that the motions [were] moot</u>."[63] SRA subsequently asked Yahoo! to prepare, circulate, and re-circulate a stipulation under Rule 502 of the Federal Rules of Evidence to avoid motion practice — which SRA delayed reviewing and then rejected without comment.[64]

As the preceding makes clear, Yahoo! attempted – repeatedly – to obviate the need for motion practice through good faith (if ultimately fruitless) negotiations with SRA's counsel. Yahoo! persists with these motions now only to gain full and fair access to relevant documents that are no longer privileged – many of which SRA itself has already reviewed. Yahoo! does not seek this discovery to delay resolution of the standing issue. Indeed, it never sought to extend the Texas briefing deadlines to accommodate its discovery, and Judge Everingham has already ruled.

**9. SRA's Claim of "Unfairness" Is Incorrect, Particularly As It Has Already Accessed Many of the Requested Documents.**

Finally, SRA suggests that it would be "wrong as a matter of fairness" for this court to find that that privilege does not apply, as "Yahoo! has sued Site Tech in a declaratory judgment action in this District" and, via its ally, Sherwood Finance, "filed a motion to reopen Site Tech's bankruptcy proceedings."[65] The opposite is true.

Yahoo! believes that Site Tech's bankruptcy estate actually owns the patents. For that

---

[62] Hung Decl. Ex. I (L. Kaplan e-mail, dated February 5, 2009).

[63] Hung Decl. Ex. J (L. Kaplan e-mail, dated February 6, 2009).

[64] Hung Decl. Ex. K (R. Saelao e-mail to L. Kaplan, dated February 17, 2009). The proposed stipulation provided that production of responsive documents would not result in waiver and contemplated a generous clawback provision. *Id.*

[65] SRA Opp'n (WSGR) at 14-15.

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

14

reason, Site Tech was named as a defendant in the declaratory judgment action as a necessary party. Also for this reason, Sherwood Finance moved to re-open the bankruptcy proceedings to confirm Site Tech's ownership. These actions seek to empower Site Tech, not cripple it. In connection with its re-opening motion, Sherwood specifically asked that the bankruptcy court appoint a new Responsible Person to act on the estate's behalf.

SRA, by contrast, has acted to prevent Site Tech from acting independently. SRA *filed objections* to Sherwood's request in the re-opened bankruptcy case. It also *persuaded the bankruptcy judge to defer any action* by suggesting that it would cooperate with Defendants' efforts to obtain discovery from Site Tech.[66] As SRA's continued obstruction of discovery from Murray and WSGR makes clear, however, SRA is not cooperating with discovery from Site Tech.

Thus, "fairness" does not cut in SRA's favor. Via its counsel's invalid claims of authority to represent Site Tech, SRA has already obtained access to all of Site Tech documents, including those held by WSGR. "Fairness" warrants that Yahoo! and the other Defendants also be entitled to access these same documents immediately.

## CONCLUSION

The party asserting the privilege bears the burden to "demonstrate how the information sought fits within it,"[67] but none of the parties opposing this motion has come anywhere close to satisfying this burden. Because the Murray and WSGR documents are relevant to Yahoo!'s claims and defenses in the underlying action and are not privileged, Yahoo! asks the Court to compel Murray and WSGR to comply with its subpoenas immediately.

Dated: April 3, 2009     MORRISON & FOERSTER LLP

By: _____/s/ Richard S.J. Hung_____
    Richard S.J. Hung
    Attorneys for Defendant Yahoo! Inc.

---

[66] Hung Decl. Ex. H (Transcript of Proceeding, dated December 17, 2008) at 24-25, 39-40.

[67] *In re Grand Jury Subpoenas*, 803 F.2d 493, 496 (9th Cir. 1986).

REPLY BR. ISO MOTIONS TO COMPEL WSGR AND MURRAY
Case Nos. Misc. Action C-09-80004 & C-08-03172-RMW
sf-2665703

15