[SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC. AND LYCOS, INC., | CASE NO. C-08-03172-RMW |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT SOFTWARE RIGHTS ARCHIVE, LLC** |
| v. | |
| L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, AND SITE TECHNOLOGIES, INC., | Hearing Date:  April 17, 2009 Hearing Time:  9:00 a.m. |
| Defendants. | |

Case No. C-08-03172-RMW
REPLY IN SUPPORT OF CROSS-MOTION
TO COMPEL SRA

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................ii, iii

TABLE OF ABBREVIATIONS............................................................................................... iv

I.      INTRODUCTION............................................................................................................. 1

II.     SOFTWARE RIGHTS ARCHIVE SHOULD BE COMPELLED TO PROVIDE
       CRITICAL DISCOVERY REGARDING ITS PENDING MOTION TO DISMISS,
       TRANSFER, OR STAY ................................................................................................... 2

       A.     Plaintiffs Have Made a Sufficient Showing of Personal Jurisdiction Over
             Software Rights Archive To Merit Discovery .......................................................... 2

             1.     The Requested Discovery Is Highly Relevant To Personal
                      Jurisdiction Under Multiple Legal Theories .................................................. 3

             2.     There Is Sufficient Evidence Tending To Show Personal Jurisdiction
                      To Warrant Additional Discovery.................................................................. 9

       B.     Plaintiffs' Discovery Requests Are Not Overbroad or Unduly Burdensome ......... 12

III.    CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alexander v. F.B.I.*,
   194 F.R.D. 316 (D.D.C. 2000) ........................................................................5

*Alien Tech. Corp. v. Intermec, Inc., et al.*,
   No. 06-51, 2007 WL 63989 (D.N.D. Jan. 4, 2007) ............................................7

*Avocent Huntsville Corp. v. Aten. Int'l Co., Ltd.*,
   552 F.3d 1324 (Fed. Cir. 2008) .................................................................9, 10

*BCCI Holdings (Luxembourg) v. Mahfouz*,
   No. 92-cv-2763, 1993 WL 70451 (D.D.C. Mar. 5, 1993) ...................................13

*Baden Sports, Inc. v. Molten*,
   No. 06-0210, 2007 WL 171897 (W.D. Wash. Jan. 18, 2007) .................................8

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ......................................................................8

*Burton Mech. Contractors, Inc. v. Foreman*,
   148 F.R.D. 230 (N.D. Ind. 1992) .................................................................12

*Butcher's Union Local No. 498 v. SCD Inv., Inc.*,
   788 F.2d 535 (9th Cir. 1986) ........................................................................8

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
   395 F.3d 1315 (Fed. Cir. 2005) ...............................................................3, 9, 12

*Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*,
   142 F.3d 1266 (Fed. Cir. 1998) ....................................................................6, 7

*DakColl, Inc. v. Grand Central Graphics, Inc.*,
   352 F. Supp. 2d 990 (D.N.D. 2005) ...............................................................13

*Ergo Licensing, LLC v. Cardinal Health, Inc.*,
   No. 08-259, 2009 WL 585789 (D. Me. Mar. 5, 2009) ..........................................8

*EsNtion Records, Inc. v. JonesTM, Inc.*,
   No. 07-2027, 2008 WL 2415977 (N.D. Tex. June 16, 2008) ...................................8

*Gillman ex. rel. Gillman v. Sch. Bd. for Holmes County*,
   No. 08-cv-34, 2008 WL 1883544 (N.D. Fla. Apr. 25, 2008) ................................4, 5

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ...............................................................4, 6, 9, 12

*LSI Indus., Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000) .................................................................10, 11

*Mobil Oil Corp. v. Linear Films, Inc.*,
    718 F. Supp. 260 (D. Del. 1989) ........................................................................2

*Morrison & Foerster LLP v. Momentous.ca Corp.*,
    No. 07-6361, 2008 WL 648481 (N.D. Cal. Mar. 5, 2008) ...................................11

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) .............................................................................8

*Rates Tech., Inc. v. Nortel Networks Corp.*,
    399 F.3d 1302 (Fed. Cir. 2005) ...........................................................................9

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
    395 F.3d 1275 (Fed. Cir. 2005) ......................................................................3, 12

*Wallace v. Wood*,
    752 A.2d 1175 (Del. Ch. 1999) ...........................................................................2

## <u>Statutes</u>

Fed. R. Civ. P. 45(c)(2)(B)(i) ..................................................................................6

Case No. C-08-03172-RMW
REPLY IN SUPPORT OF CROSS-MOTION
TO COMPEL SRA

-iii-

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Altitude Capital | Altitude Capital Partners, L.P. |
| Br. | Plaintiffs' Opening Brief in support of their Cross-Motion to Compel Production of Documents from Defendant Software Rights Archive, LLC |
| the California action | *Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. v. L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies, Inc.*, Case No. CV08-3172 (RMW) |
| Defendants | L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies, Inc. |
| Ex. | An Exhibit to Plaintiffs' Opening or Reply Briefs in support of their Cross-Motion to Compel Production of Documents from Defendant Software Rights Archive, LLC |
| Kash Decl. | Declaration of Jennifer A. Kash in Further Support of Plaintiffs' Cross-Motion to Compel Production of Documents From Defendant Software Rights Archive, LLC, dated April 3, 2009 |
| Kaplan Ex. | An Exhibit to Software Rights Archive, LLC's (1) Reply in Further Support of its Motion to Quash Plaintiffs' 30(b)(6) Notice of Deposition and (2) Opposition To Plaintiffs' Cross-Motion to Compel Production of Documents |
| Opp. Br. | Software Rights Archive, LLC's (1) Reply in Further Support of its Motion to Quash Plaintiffs' 30(b)(6) Notice of Deposition and (2) Opposition To Plaintiffs' Cross-Motion to Compel Production of Documents |
| Plaintiffs | Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. |
| SRA | Software Rights Archive, LLC |
| SRA, LLC | SRA, LLC |
| the Texas action | *Software Rights Archive, LLC v. Google Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc.*, Case No. 2:07-cv-511 (CE) |

1    Plaintiffs respectfully submit this reply brief in further support of their cross-motion to

2    compel the production of documents from Defendant SRA.

3    **I.    INTRODUCTION**

4    There is no excuse for SRA's blanket refusal to provide important jurisdictional discovery

5    concerning its pending motion to dismiss, transfer, or stay this action.  Plaintiffs need the

6    requested discovery in order to fully oppose SRA's motion, which is due in less than a month, on

7    May 1, 2009.  The information sought by Plaintiffs is critical to several issues in SRA's motion,

8    such as whether SRA is subject to personal jurisdiction by virtue of the California contacts of

9    Altitude Capital and SRA, LLC, who are closely connected to SRA and its patent infringement

10   action against Plaintiffs.

11   Plaintiffs have easily put forth enough evidence that personal jurisdiction over SRA is

12   proper to merit jurisdictional discovery.[1]  Altitude Capital, who is believed to be funding the

13   patent litigation brought by SRA in the Texas action, does not (and cannot) dispute that it has

14   California contacts related to its business – the acquisition and litigation of patents.  Here, Altitude

15   Capital is apparently using shell entities (SRA and SRA, LLC) to insulate itself from any

16   accountability for SRA's patent litigation against Plaintiffs.  Under federal due process principles

17   and Delaware agency and alter ego law for establishing personal jurisdiction, these and other facts

18   clearly establish a colorable showing of personal jurisdiction over SRA, and Plaintiffs are

19   therefore entitled to jurisdictional discovery.  SRA should not be allowed to disavow the

20   California contacts of its related entities, especially where such information is necessary for

21   Plaintiffs to fully oppose SRA's motion to dismiss for lack of personal jurisdiction.  Further, SRA

22   and its related entities admit a common interest in the outcome of this litigation.  It would be

23

24   _____

25   [1]   Indeed, SRA waived any objection to personal jurisdiction when it voluntarily appeared without
     reservation of rights in the bankruptcy division of this Court to intervene in a related bankruptcy
26   action.  Case No. 99-50736-RLE (Bankr. N.D. Cal.).  However, notwithstanding this waiver by
     SRA, Plaintiffs should not be prevented from discovering facts which will allow Plaintiffs to fully
27   oppose SRA's motion to dismiss, transfer, or stay.

28

unjust to allow them to avoid jurisdiction in the Northern District of California, where most of Plaintiffs are headquartered or have significant offices.

SRA has not advanced any justification for its stonewalling. It claims the requested discovery is irrelevant because the elements of the alter ego doctrine for establishing personal jurisdiction have not been met. However, Plaintiffs have provided enough preliminary evidence to support this theory. In effect, SRA demands that Plaintiffs prove their theories before they may discover documents that would support them. This is improper, especially when SRA exclusively controls much, if not all, of the relevant information. SRA is also wrong that there is no evidence of its own and its related entities' California contacts. For at least these reasons, Plaintiffs' motion to compel should be granted.[2]

## II. SOFTWARE RIGHTS ARCHIVE SHOULD BE COMPELLED TO PROVIDE CRITICAL DISCOVERY REGARDING ITS PENDING MOTION TO DISMISS, TRANSFER, OR STAY

### A. Plaintiffs Have Made a Sufficient Showing of Personal Jurisdiction Over Software Rights Archive To Merit Discovery

Plaintiffs have requested jurisdictional discovery concerning the California contacts of SRA and its related entities, SRA, LLC and Altitude Capital. Relying upon Ninth Circuit

---

[2] As the Court is aware, the Texas action began in November 2007, when SRA sued Plaintiffs for allegedly infringing the same patents at issue in this matter. In July 2008, Plaintiffs moved to dismiss the Texas action for lack of standing, arguing that SRA is not an assignee of the patents-in-suit. In particular, Plaintiffs argued that a purported 1998 assignment from Site Technologies, Inc. ("Site Tech") to L. Daniel Egger was ineffective because Site Tech's subsidiary, Site/Technologies/Inc. ("Site/Tech"), owned the patents. On March 31, 2009, Magistrate Judge Everingham denied the motion to dismiss on the grounds that, pursuant to an alter ego theory, "Site/Tech is bound by the 1998 assignment [by Site Tech] to Egger." (Dkt. No. 94, Statement of Recent Decision, Order at 12). Plaintiffs respectfully disagree with Judge Everingham's ruling and submit that it should not govern the result on this motion. For example, Plaintiffs submit that the applicable Delaware standards require a different result. The law of alter ego mandates that two corporations should not be treated as one unless fraud or injustice is found in the party's use of the corporate form. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 269 (D. Del. 1989) ("Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts, the cause of justice does not require disregarding the corporate entity."); *see also Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) ("Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud."). Judge Everingham's order does not address the deliberate intent element. Accordingly, Plaintiffs ask this Court to grant discovery in this matter notwithstanding this recent order.

precedent, SRA contends that Plaintiffs are not entitled to this discovery unless they first articulate a "colorable basis" for, and "some evidence" tending to show, personal jurisdiction over SRA. (*See* Opp. Br. at 5). As explained below, Plaintiffs have met this standard. Moreover, this Court should apply Federal Circuit law to resolve Plaintiffs' request for jurisdictional discovery in this patent case. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) ("In determining the relevance of a request for jurisdictional discovery, we apply Federal Circuit law."). According to the Federal Circuit, jurisdictional discovery is appropriate where, as here, the requested discovery is of particular relevance, and the requesting party has demonstrated that discovery will supplement its jurisdictional allegations. *See id.* at 1323 ("In this case, jurisdictional discovery is of particular relevance, and [the requesting party] has clearly made a sufficient threshold showing to merit jurisdictional discovery"); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) ("Such discovery is appropriate where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'") (citation omitted).

As shown below, these requirements are easily met here for at least two reasons. First, the requested discovery is highly relevant to personal jurisdiction under several legal doctrines, such as Delaware alter ego and agency law and federal due process principles. Second, there are more than enough California contacts tending to show personal jurisdiction to warrant jurisdictional discovery. Thus, Plaintiffs' request for limited jurisdictional discovery from SRA should be granted.

**1.      The Requested Discovery Is Highly Relevant To Personal Jurisdiction Under Multiple Legal Theories**

Additional discovery from SRA concerning its California contacts and corporate structure is appropriate because this information is highly relevant to personal jurisdiction over SRA pursuant to several legal doctrines. SRA disputes that its relationship with SRA, LLC and

1  Altitude Capital renders it amenable to jurisdiction under alter ego or federal due process

2  principles. (Opp. Br. 7-13).[3] This is incorrect. As shown below, there are more than enough facts

3  suggesting that Delaware agency and alter ego law concerning jurisdiction and federal due process

4  principles operate to impute the California contacts of the related entities to SRA.

5  *Agency/Alter Ego:* SRA argues that the Delaware alter ego theory for establishing

6  personal jurisdiction is inapplicable here because SRA, LLC and Altitude Capital do not exercise

7  the requisite degree of control over SRA necessary for purposes of personal jurisdiction. (Opp. at

8  8-10). SRA also argues that facts such as SRA sharing an address with Altitude Capital, and that

9  SRA's Vice President and General Counsel, Russ Barron, is an advisor to Altitude Capital, are

10  insufficient to merit the jurisdictional discovery Plaintiffs seek. (Opp. 9-10). This is simply

11  inconsistent with established law regarding the agency and alter ego theories of jurisdiction.

12  Information concerning SRA's agents is plainly relevant for purposes of personal jurisdiction.

13  Similarly, the California contacts of SRA's alter egos are also relevant to jurisdiction. At

14  this juncture, Plaintiffs must put forth evidence tending to suggest the two requirements of an alter

15  ego relationship: "(1) [that] there is such unity of interest and ownership that the separate

16  personalities [of the two entities] no longer exist and (2) that failure to disregard [their] separate

17  identities would result in fraud or injustice." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &*

18  *Clements Ltd.*, 328 F.3d 1122, 1134-35 (9th Cir. 2003) (concluding the district court abused its

19  discretion in denying motion for jurisdictional discovery and remanding case with instructions to

20  "allow [ ] the opportunity to develop the record and make a prima facie showing of jurisdictional

21  facts"). Plaintiffs do not, as SRA suggests, need to prove the merits of their agency or alter ego

22  claims at this early stage of the case. "[D]iscovery is not to be denied simply because it relates to

23  a claim or defense that is being challenged as insufficient or untenable." *Gillman ex. rel. Gillman*

24  *v. Sch. Bd. for Holmes County*, No. 08-cv-34, 2008 WL 1883544, at *3 (N.D. Fla. Apr. 25, 2008);

25  _____

26  [3]  Although SRA does not dispute that its California contacts are relevant to personal jurisdiction,
   it instead contends that it has no California contacts, a point which is addressed in the following

27  section. *See* Section I.A.2., *infra*.

28

1   *accord Alexander v. F.B.I.*, 194 F.R.D. 316, 326 (D.D.C. 2000) (same). "To hold otherwise, this

2   court would have to determine in the context of a discovery motion whether the legal theories

3   underlying [the] claimed defenses are sound. Ordinarily, courts will avoid such an exercise."

4   *Gilman*, 2008 WL 1883544 at *3.

5           Here, Plaintiffs have easily set forth facts sufficient to meet the requirements of an alter

6   ego relationship between SRA and its related entities.[4] With respect to the first requirement, there

7   is sufficient evidence tending to show a unity of interest and ownership among SRA, SRA, LLC,

8   and Altitude Capital. In particular, Russ Barron, the Vice President and General Counsel of SRA,

9   admits in his declaration that Altitude Capital is a "controlling entity" of SRA.[5] SRA, a Delaware

10  limited liability company, alleges that it maintains its principal place of business in "Texas."

11  However, nothing at the address for SRA's alleged "office" indicates or suggests SRA is located

12  anywhere in the building.[6] SRA also has not registered with the Texas Secretary of State or set up

13  a business property tax account for its Texas "office."[7] Moreover, Altitude Capital shares (or

14  shared) an address with SRA, alleges a common interest privilege with SRA, and is in the business

15  of acquiring patents and bringing patent suits.[8] All these facts suggest that Altitude Capital is

16  funding the Texas litigation and is using the shell entities, SRA and SRA, LLC, in an attempt to

17  insulate itself from accountability for SRA's patent action against Plaintiffs. Thus the evidence

18

19

20  _____

21  [4]  As a preliminary matter, SRA waived any objection to personal jurisdiction when it voluntarily
    appeared without reservation of rights in the bankruptcy division of this Court to intervene in a
22  related bankruptcy action. Case No. 99-50736-RLE (Bankr. N.D. Cal.). Based on this fact alone,
    SRA should be subject to the jurisdiction of this Court.
23

24  [5]  Dkt. No. 91, Declaration of Russell J. Barron, paragraph 2 (stating that SRA, LLC and Altitude
    Capital have a controlling ownership stake in Software Rights Archive, LLC).

25  [6]  Kash Decl. Ex. A.

26  [7]  *See id.*

27  [8]  Kash Decl. Exs. B-C.

28

1  and the claims of common interest privilege show a "unity of interest and ownership" among

2  SRA, SRA, LLC and Altitude Capital. *See Harris Rutsky & Co.*, 328 F.3d at 1134-35.[9]

3          There is also sufficient evidence that SRA and its cohorts are using the corporate form to

4  perpetrate a fraud or injustice, thereby satisfying the second requirement of the alter ego doctrine.

5  For instance, Altitude Capital has used SRA to avoid accountability for its jurisdictional contacts

6  with California in order to shield it from the Court's reach. Under SRA's view, the chain of non-

7  operational shell entities permits it (for example) not only to freely obtain funding and resources

8  from California to sue Plaintiffs for alleged infringing activities in California, but also to conceal

9  all documents about such activities. Thus, Plaintiffs are entitled to threshold information about

10 SRA's corporate structure and its sources of funding in order to fully oppose SRA's motion to

11 dismiss for lack of personal jurisdiction.

12         ***Federal Due Process Principles:*** Jurisdictional discovery is also appropriate here based

13 on federal due process principles. Under the law of the Federal Circuit, it is well-settled that

14 courts may exercise jurisdiction over closely-related entities and patent holding companies under

15 due process principles, even when agency and alter ego doctrines are inapplicable. *See, e.g.*,

16 *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998). In *Dainippon*, a

17 declaratory judgment plaintiff (like Plaintiffs here) argued that a parent company's California

18 contacts established personal jurisdiction over its non-operational Delaware subsidiary, which

19 owned the disputed patent.[10] The Federal Circuit agreed that the parent's California contacts gave

20 the district court personal jurisdiction over the subsidiary, noting that "a patent holding subsidiary

21 . . . cannot fairly be used to insulate patent owners from defending declaratory judgment actions"

22 where the parent's activities would otherwise subject it to personal jurisdiction in the forum state.

---

24 [9]  Altitude Capital and SRA, LLC both have resisted discovery, and Plaintiffs have been forced to
25 compel documents from these two "controlling entities" pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i).
   Plaintiffs' motions to compel are currently pending in the District of Delaware. *See* Misc. No. 09-
26 017-JJF (D. Del.).

27 [10] As noted in *Dainippon* at 1270, California's long arm statute is co-extensive with the federal
   Constitution and therefore the issue is one of federal due process.

28

*Id.* at 1271.  Importantly, both parties in *Dainippon* agreed that the parent-subsidiary relationship was proper as a matter of corporate law, and plaintiff expressly disavowed any intention to pierce the corporate veil.  *See id.* at 1271 n.3 ("Agreeing that the parent-subsidiary relationship in this case is legally proper, Dainippon does not seek here to pierce the corporate veil.").  Thus, under *Dainippon*, a corporate parent's activities may support personal jurisdiction over its subsidiary under federal due process principles.[11]

In addition to *Dainippon*, courts in similar cases have found the contacts of one company can establish personal jurisdiction of the court over its corporate subsidiary or parent.  For instance, in *Alien Tech. Corp. v. Intermec, Inc., et al.*, No. 06-51, 2007 WL 63989 (D.N.D. Jan. 4, 2007), the plaintiff sued for a declaration of patent invalidity and non-infringement against three affiliated defendants:  Intermec, Inc. ("Intermec"), Intermec Technology Corp. ("ITC"), and Intermec IP Corp. ("IIP").  Although only ITC had contacts with the forum state of North Dakota, *see id.* at *4, the court found that ITC's North Dakota contacts could be imputed to the other two defendants for purposes of personal jurisdiction.  Similar to the facts here, one entity was the wholly owned patent holding company of a second entity; the second entity was the wholly owned operating company of a third entity; the third entity "has the benefit of both companies as the main holding company"; the second and third entities shared a principal place of business in the state of Washington; and all three entities had overlapping officers and directors.  *See id.* at *7.  In light of these close linkages between the companies and without conducting any alter ego analysis, the court concluded that "[f]airness demands that Intermec and IIP be subject to jurisdiction in those fora where ITC is subject to jurisdiction."  *Id.*

The same corporate linkages in *Intermec* are present here.  Plaintiffs contend that SRA is a wholly-owned patent holding company of Altitude Capital, and Russ Barron already admits that

---

[11]  SRA unsuccessfully attempts to distinguish *Dainippon* because the parent corporation in that case *practiced* the patent-in-suit whereas the alleged parent in this case – Altitude – is merely using its subsidiary – SRA – to *assert* the patents-in-suit.  (*See* Opp. Br. at 12).  SRA fails to marshal any authority to support a supposed distinction between practicing and non-practicing parent corporations.

1   Altitude Capital is a "controlling entity" and has a "controlling ownership stake."[12]  Given the

2   extremely close relationship between these related entities, federal due process and fairness

3   demand that SRA be subject to jurisdiction in the same fora as Altitude Capital.  *See Intermec*,

4   2007 WL 63989 at *7; *see also Baden Sports, Inc. v. Molten*, No. 06-0210, 2007 WL 171897, at

5   *3 (W.D. Wash. Jan. 18, 2007) ("A subsidiary company's contacts with the forum state may be

6   imputed to the parent company where the subsidiary was established for, or is engaged in,

7   activities that the parent would have to undertake if not for the subsidiary's involvement."); *Ergo

8   Licensing, LLC v. Cardinal Health, Inc.*, No. 08-259, 2009 WL 585789, at *3 (D. Me. Mar. 5,

9   2009) (granting motion for jurisdictional discovery because movant made a "colorable case" for

10  jurisdiction over a corporate parent and subsidiary).[13]

11          SRA argues that principles of federal due process are inapplicable here because an element

12  of fraud or injustice must be shown in order for this Court to exercise personal jurisdiction over

13  SRA based on the California contacts of its related entities, and cites a Ninth Circuit case in

14  support of its position.  (Opp. Br. at 10-11.)  But this is a patent case, and Federal Circuit law – *not*

15  Ninth Circuit law – therefore governs whether federal due process principles support personal

---

[12]  Dkt. No. 91, Declaration of Russell J. Barron, paragraph 2: "No entity with a controlling
ownership stake in Software Rights Archive, LLC, *including SRA, LLC and Altitude Capital
Partners, L.P…*" (Emphasis added).  It is worth noting that in its Opposition Brief, SRA
vigorously disputes the contention that SRA and Altitude are alter egos, but never disputes the
contention that Altitude is SRA's ultimate corporate parent (believed to own SRA indirectly
through one or more non-operational intermediaries such as SRA, LLC).

[13]  SRA fails to marshal any relevant authority in support of its claim that Plaintiffs' requests for
jurisdictional discovery are too attenuated.  In *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.
2008), the court affirmed denial of jurisdictional discovery where, unlike this case, the lone
relevant contact for jurisdiction purposes was an eBay sale consummated by a California resident.
The case is also distinguishable because Plaintiffs here have specifically identified the additional
discovery they seek.  For the same reason, *EsNtion Records, Inc. v. JonesTM, Inc.*, No. 07-2027,
2008 WL 2415977, at *6 (N.D. Tex. June 16, 2008), is distinguishable because there, unlike here,
the requesting party failed to "specify what evidence it believes discovery would produce to
support personal jurisdiction over [the defendant]."  Similarly, in *Pebble Beach Co. v. Caddy*, 453
F.3d 1151, 1160 (9th Cir. 2006), unlike this case, the court concluded as a matter of law that the
sole alleged basis for jurisdiction – a passive website and domain name – was insufficient.
Finally, *Butcher's Union Local No. 498 v. SCD Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) is
distinguishable because the plaintiffs in that case failed to advance any facts or theory of personal
jurisdiction and failed to give the district court any notice that they sought discovery to establish
personal jurisdiction under the state long-arm statute.

jurisdiction over SRA.[14]  *See, e.g.*, *Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005) ("[w]e apply our own law, not that of the regional circuit, to issues of personal jurisdiction in a patent infringement case"); *Commissariat*, 395 F.3d at 1323 ("In determining the relevance of a request for jurisdictional discovery, we apply Federal Circuit law."). As a result, SRA has no controlling authority for its position that principles of federal due process are insufficient to establish personal jurisdiction here.[15]

### 2. There Is Sufficient Evidence Tending To Show Personal Jurisdiction To Warrant Additional Discovery

In its Opposition Brief, SRA argues that jurisdictional discovery is unwarranted because neither it nor its related entities would be subject to jurisdiction in California. (Opp. Br. at 13). Specifically, SRA contends it is not subject to specific jurisdiction in California because it never contacted Plaintiffs prior to filing the Texas action to allege patent infringement. (*Id.*) SRA further contends that no entity with a controlling ownership stake in it would be subject to general jurisdiction in California. (Opp. Br. at 14). These positions are untenable. As shown below, Plaintiffs have reason to believe that SRA and its related entities may be subject to either specific or general jurisdiction in California, and Plaintiffs are therefore entitled to additional jurisdictional discovery.

Specific jurisdiction requires a showing that "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Avocent Huntsville Corp. v. Aten. Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Contrary to SRA's allegation, the Federal Circuit has *never* held that pre-suit communication between the patentee and the forum state plaintiff is

---

[14]  Moreover, there is also sufficient evidence that SRA and its related companies are using the corporate form to perpetrate a fraud or injustice, as discussed above.

[15]  The Ninth Circuit's decision in *Harris* cited by SRA does not address the issue of jurisdiction over related entities in a patent case under the principles of federal due process. 328 F.3d at 1127. Moreover, the *Harris* court determined that jurisdictional discovery was appropriate. *Id.* at 1135. As discussed in the next section, Plaintiffs have made a similar showing here.

"an indispensable prerequisite to the assertion of specific personal jurisdiction" in a declaratory

judgment action. (*See* Opp. Br. at 13). Rather, the Federal Circuit has stressed that "the plaintiff

*need not* be the forum resident toward whom any, much less all, of the defendant's relevant

activities were purposefully directed." *Id.* at 1334 (quoting *Akro Corp. v. Luker*, 45 F.3d 1541,

1547 (Fed. Cir. 1995) (emphasis added)). Furthermore, "if the defendant patentee purposefully

directs activities at the forum which relate in some material way to the enforcement or the defense

of the patent, those activities may suffice to support specific jurisdiction" in a declaratory

judgment action. *Id.* at 1336.

The patents-in-suit were property of a California corporation and/or its bankruptcy estate,

and notwithstanding the 3/31/09 Order, Plaintiffs contend the patents remain the property of the

California bankruptcy estate (of Site Technologies, Inc.). Pursuant to California contracts, Daniel

Egger allegedly obtained the patents out of the hands of the California corporation and, ultimately,

allegedly transferred them into the hands of SRA. Indeed, as recently as Fall 2008, SRA paid the

California corporation to enter into a contract with Daniel Egger to attempt to transfer rights to the

asserted patents.[16] These acts clearly "relate in some material way to the enforcement or the

defense of the patent[s]." *Avocent*, 552 F.3d at 1336. Thus, Plaintiffs have a colorable basis to

believe that SRA and its related entities and agents purposefully engaged in activities in California

that directly and materially relate to enforcement of the patents, and are therefore entitled to

jurisdictional discovery.

Moreover, with respect to Altitude Capital, Plaintiffs also have a colorable basis to allege

that this entity may be subject to *general* jurisdiction in California. "General jurisdiction arises

when a defendant maintains 'continuous and systematic' contacts with the forum state even when

the cause of action has no relation to those contacts." *Trintec*, 395 F.3d at 1279. When a

company transacts large amounts of business in the forum state, particularly through regular

channels, such contacts may establish general jurisdiction. *See, e.g.*, *LSI Indus., Inc. v. Hubbell*

---

[16]   Kash Decl. Ex. D. *See also* Dkt. No. 96 (Hung Decl. Ex. H (Transcript of Proceedings, dated December 17, 2009) at 25).

51429/2864242.7

Case No. C-08-03172-RMW                    -10-
REPLY IN SUPPORT OF CROSS-MOTION
TO COMPEL SRA

*Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) ("Based on Hubbell's millions of dollars of sales of lighting products in Ohio over the past several years and its broad distributorship network in Ohio, we find that Hubbell maintains 'continuous and systematic' contacts with Ohio.").

SRA argues that information about its corporate structure is irrelevant because the declaration of Mr. Russell Barron allegedly proves that Altitude Capital has no relevant contacts with California. (Opp. Br. at 14; Kaplan Ex. 2). However, Mr. Barron's declaration does not address several important issues, including the California contacts of Altitude Capital's investors, or Altitude Capital's contacts with California in connection with the disputed ownership of the patents-in-suit. (Kaplan Ex. 2). The California action includes issues related to ownership of such patents. As a result, the relevant California contacts for purposes of jurisdiction are not limited to whether Altitude Capital contacted any California entity and alleged infringement. They also include the California contacts by Altitude Capital and its representatives regarding patent ownership, an issue that is not addressed by Mr. Barron's declaration.[17] In addition, contacts to obtain funding for SRA to bring its law suit would of course be highly relevant.

As discussed in Plaintiffs' opening brief, the public records show that Altitude Capital has made at least one multi-million dollar business investment in California. (*See* Br. at 5 n.10 (disclosing a $35 million investment in a California corporation)).[18] The fact that Altitude Capital has invested millions of dollars into California is indicative of the type of continuous and systematic business activity that would subject it to general jurisdiction in this state.

---

[17] SRA's citation to *Morrison & Foerster LLP v. Momentous.ca Corp.*, No. 07-6361, 2008 WL 648481, at *6 (N.D. Cal. Mar. 5, 2008), is inapposite and misleading. (*See* Opp. Br. at 14.) There, the Court expressly "*[did] not address Morrison's request for jurisdictional discovery on the alter ego and fraud issues*," and went on to find that it had jurisdiction over the defendant. *Morrison & Foerster LLP*, 2008 WL 648481, at *10 n.1 (emphasis added).

[18] In its Opposition Brief, SRA argues that this $35 million investment was made by Altitude Partners, *LLC*, while Movants supposedly seek information on Altitude Capital Partners, *L.P.* – a "different entity altogether." (*See* Opp. Br. at 15 n.7). This argument is specious. As SRA well knows, Altitude Capital Partners, L.P. is simply the committed private equity fund for Altitude Capital Partners' business. *See* Kash Decl. Ex. E ("Altitude Capital Partners: Firm Overview," *available at* http://altitudecp.com/firm.html). Thus, just as the contacts of Altitude Capital Partners, L.P. may be imputed the SRA, the contacts of Altitude Capital Partners, LLC *certainly* may be imputed to Altitude Capital Partners, L.P. for personal jurisdiction purposes.

Courts routinely grant similar requests for jurisdictional discovery that involve disputed facts, an undeveloped record, and targeted and limited discovery requests. For example, in *Commissariat*, the Federal Circuit held that the jurisdictional discovery was appropriate because the plaintiff identified contacts, sales of infringing product in the forum, which supported discovery regarding the amount of revenues and the defendant's intention to service that market. 395 F.3d at 1323. Similarly, in *Trintec*, the Federal Circuit held that jurisdictional discovery was appropriate because the record was incomplete, and the plaintiff had identified potential contacts with the forum, such as sales and advertising over the Internet. *Trintec*, 395 F.3d at 1283. For the same reasons here, Plaintiffs are entitled to jurisdictional discovery so that they may assess the true extent of SRA's and Altitude Capital's apparent contacts with California.[19]

## B. Plaintiffs' Discovery Requests Are Not Overbroad or Unduly Burdensome

Finally, SRA claims that Plaintiffs' document requests are overbroad on the ground that they are not limited to California contacts. (Opp. Br. at 16.) For example, SRA objects that Plaintiffs' request for documents concerning SRA's owners, and persons having a beneficial interest in SRA, is "not limited to [] persons having a residence or place of business in California." (*Id.*) SRA's argument fails as an initial matter because it has submitted no evidence in support of its claim that Plaintiffs' discovery requests impose any undue burden. *See Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) (a party objecting to discovery requests on grounds of undue burden "must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence"). Furthermore, Plaintiffs are not required to restrict their discovery requests to persons who reside in California or have a place of business in California, because numerous other types of contacts are relevant to the personal

---

[19] Even assuming that Ninth Circuit precedent controlled the request for jurisdictional discovery in this patent case, which it does not, jurisdictional discovery is appropriate. *See Harris*, 328 F.3d 1122 (9th Cir. 2003) (reversing denial of jurisdictional discovery). In *Harris*, the Ninth Circuit held that jurisdictional discovery was appropriate in light of evidence suggesting an alter ego relationship, such as overlapping directors, and 100% stock ownership by the parent. *Id*. at 1135. The court noted "[t]he record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met," and therefore concluded "that the district court abused its discretion in denying [the] motion for jurisdictional discovery." *Id.*

jurisdiction analysis. Indeed, as a general matter, *all* contacts between a defendant and the forum state are relevant to the personal jurisdiction analysis and may be inquired about during discovery. *See, e.g.*, *DakColl, Inc. v. Grand Central Graphics, Inc.*, 352 F. Supp. 2d 990, 995 (D.N.D. 2005) ("In determining whether the defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the court must consider all of the contacts in the aggregate and examine the totality of the circumstances."); *BCCI Holdings (Luxembourg) v. Mahfouz*, No. 92-cv-2763, 1993 WL 70451, at *1 (D.D.C. Mar. 5, 1993) ("All contacts with the District of Columbia are relevant to the issue of personal jurisdiction. *Accordingly, unless expressly indicated otherwise, defendants must respond to discovery requests relating to any contact with the District of Columbia*.") (emphasis added). Plaintiffs are therefore entitled to seek the identity of individuals having an interest in SRA, in order to determine whether these contacts may be imputed to SRA. Plaintiffs' requests are not overbroad.[20]

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their cross-motion to compel production of documents from Defendant Software Rights Archive, LLC.

---

[20] SRA's unreasonable position is highlighted by SRA's utter failure to offer to provide even a *single* document to Plaintiffs in response to Plaintiffs' discovery requests.

Dated: April 3, 2009

Respectfully submitted,

By: /s/ Thomas B. Walsh, IV
　　Thomas B. Walsh, IV
　　*pro hac vice*
　　Texas Bar No. 00785173
　　E-mail: walsh@fr.com
　　Fish & Richardson P.C.
　　1717 Main Street
　　Suite 5000
　　Dallas, TX 75201
　　Telephone: (214) 747-5070
　　Facsimile: (214) 747-2091

　　Juanita R. Brooks (CA Bar No. 75934)
　　Jason W. Wolff (CA Bar No. 215819)
　　FISH & RICHARDSON P.C.
　　12390 El Camino Real
　　San Diego, CA 92130
　　Telephone: 858-678-5070
　　Facsimile: 858-678-5099
　　Email: wolff@fr.com

Attorneys for Plaintiffs GOOGLE INC. and
AOL, LLC

By: /s/ Richard. S.J. Hung
　　Michael A. Jacobs (CA Bar No. 111664)
　　Richard S.J. Hung (CA Bar No. 197425)
　　MORRISON & FOERSTER
　　425 Market Street
　　San Francisco, CA 94105
　　Telephone: 415-268-7000
　　Facsimile: 415-268-7522
　　Email: mjacobs@mofo.com

Attorneys for Plaintiff YAHOO! INC.

By: /s/ Jennifer A. Kash
　　Claude M. Stern (CA Bar No. 96737)
　　Jennifer A. Kash (CA Bar No. 203679)
　　QUINN EMANUEL URQUHART
　　OLIVER & HEDGES, LLP
　　555 Twin Dolphin Drive, Suite 560
　　Redwood Shores, CA 94065
　　Telephone: (650) 801-5000
　　Facsimile: (650) 801-5100
　　Email: claudestern@quinnemanuel.com
　　Email:jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH &
MEDIA, INC. and LYCOS, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record by ECF on this 3rd day of April 2009, and a courtesy copy has been served by electronic mail.

Thomas F. Smegal, Jr.
State Bar No. 34819
Law Offices of Thomas F. Smegal, Jr.
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093

Jay D. Ellwanger
State Bar No. 24036522
DiNovo Price Ellwanger & Hardy LLP
P.O. Box 201690
Austin , Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410

Lee L. Kaplan
State Bar No. 11094400
(admitted *pro hac vice*)
Jeffrey A. Potts
State Bar No. 00784781
(admitted *pro hac vice*)
Raj Duvvuri
State Bar No. 24054185
(admitted *pro hac vice*)
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2323
Facsimile: (713) 221-2320
lkaplan@skv.com

Attorneys for Defendants L. DANIEL EGGER,
SOFTWARE RIGHTS ARCHIVE, LLC, and
SITE TECHNOLOGIES, INC.

/s/ Jennifer A. Kash
Jennifer A. Kash

## DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Plaintiffs Google Inc., AOL LLC, and Yahoo! Inc.

/s/ Jennifer A. Kash
Jennifer A. Kash
