[SEE SIGNATURE BLOCK FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>Plaintiff<br><br>v.<br><br>GOOGLE, INC., YAHOO!, INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC.,<br><br>Defendants. | Case No. CV09-80004 MISC<br><br>Case No. 2:07-cv-511 (CE)<br>EASTERN DISTRICT OF TEXAS<br><br>SOFTWARE RIGHTS ARCHIVE LLC'S AND DANIEL EGGER'S POST-HEARING BRIEF CONCERNING PRIVILEGED PATENT FILES |

Software Rights Archive and Daniel Egger ("Respondents") submit this post-hearing brief in response to the Court's inquiry regarding whether the privileges accompanying the patent files transferred to Daniel Egger in 1998 along with ownership of those files. Because Site Technologies, Inc. ("Site Tech") transferred the patents-at-issue along with the technology embodying those patents, the attorney-client and work product privileges attending the patent files also transferred.[1]

Although a mere transfer of a single patent from one corporation to another does not transfer the attendant attorney-client privilege, the privilege does transfer where the result of the transaction is a transfer of control of the business embodying the patent. *See Soverain Software LLC v. The Gap, Inc.*, 340 F. Supp. 2d 760 (E.D. Tex. 2004). In *Soverain Software*, two companies who operated a business called Transact, which was based on the patents-at-issue, filed for bankruptcy. *Id.* at 762. A coalition was formed by several bidders; that coalition purchased the assets of the bankrupt companies and distributed them to the coalition members. Plaintiff Soverain, which received the Transact business and continued to operate it, argued that it was effectively the corporate successor to the Transact business and thus to the attorney-client privilege. *Id.* at 761. The defendant argued that a mere transfer of some assets did not transfer the privilege, and the court agreed, but noted that whether the privilege transfers to the new owners turns on the practical consequences. Because "Soverain not only acquired certain assets but also has continued to operate the Transact business," the court found that Soverain was the successor to the Transact business and had the right to assert the privilege as to communications

---

[1] Respondents noted in their oppositions to Yahoo!'s motion to compel documents from Wilson Sonsini Goodrich & Rosati and Murray & Murray that the requested files may also contain patent files that should have been turned over to Daniel Egger in connection with the 1998 Bill of Sale. Respondents do not know whether the lawyers' files contain such patent files, but, to the extent that they do, the files and their attendant privileges belong to Egger and his privies.

SOFTWARE RIGHTS ARCHIVE AND DANIEL EGGER'S POST-HEARING BRIEF
CONCERNING PRIVILEGED PATENT FILES
CASE NO. CV09-80004 MISC
2

pertaining to that business. *Id.* at 763-74; *see also Parus Holdings, Inc. v. Banner & Witcoff, Ltd.*, 585 F. Supp. 2d 995, 1003 (N.D. Ill. 2008) (following *Soverain Software* to hold, at pleading stage, that acquisition of less than all of organization's assets resulted in transfer of attorney-client privilege where plaintiff alleged that it purchased not just patent rights but also the division of the organization's business responsible for development and marketing of the system which the patents protected); *Coffin v. Bowater Inc.*, 2005 WL 5885367, at *2 (D. Me. May 13, 2005) (following *Soverain Software* and reasoning that practical consequence of asset purchase agreement was to transfer virtually all control of the business unit to successor, and concluding that attorney-client privilege transferred as a result).

Similarly, in the 1998 sale Egger purchased more than mere physical assets or a single patent: he purchased the rights to all of Site Tech's V-Search business. The Bill of Sale defines "Purchased Assets" to include: (a) PATENTS, including the V-Search Patent and any additions or continuations as well as related documents and diagrams in the files of patent counsel; (b) TRADEMARKS and COPYRIGHTS, including "All Seller's rights in 'V-Search,' 'Aha,' 'Libertech,' and any terms used in or associated with the 'V-Search Publisher's Toolkit,' as well as all logos and marketing and promotional material incorporating such marks"; (c) SOFTWARE and DATABASES, including all software associated with the V-Search data-visualization system or the Aha technology; (d) THIRD-PARTY LICENSES, including the rights to all license agreements obtained to generate and use the software and databases; (e) PHYSICAL ASSETS relating to the V-Search and Aha technologies, including CD-ROMs prepared for demonstrations of the V-Search technology; and (f) GOODWILL and CLAIMS relating to the Purchased Assets. *See* Bill of Sale, attached hereto as Ex. A; *cf. Coffin*, 2005 WL 5885367, at *2 (finding that privilege transferred with asset purchase agreement conveying all rights in subsidiary business, including "all patents, trademarks, trade secrets, proprietary process or

rights, copyrights, trade names, service marks, internet domain names[,] any applications or agreements for or relating to any of the foregoing, including, without limitation, the name 'Great Northern Paper', lists of suppliers, customer referral lists, goodwill (including the exclusive right to represent itself as carrying on the Business in succession to Seller), marketing literature, electronic systems and databases, choses in action, common law or implied rights to use intellectual property, claims, and rights to recovery or offset of any kind or character arising from or concerning the Seller and/or the Business . . . ."). Jeffrey Ait confirmed that in the 1998 sale Site Tech intended to sell Egger the V-Search technology and that the sale encompassed more than "just the patent." *See* 9/30/08 Dep. of Jeffrey Ait at 110:18-21, 123:7-17, portions attached hereto as Ex. B.

Although Site Tech continued to operate after the 1998 sale, the portion of Site Tech's business pertaining to the development and marketing of V-Search were transferred to—and existed only in—Daniel Egger. Egger was the effective successor-in-interest to Site Tech's V-Search business. Accordingly, under *Soverain Software* and the cases following it, the attorney-client privilege pertaining to the V-Search business also transferred to Egger.

Respectfully submitted,

        /s/ Lee L. Kaplan
Thomas F. Smegal, Jr. (Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093
Email: tomsmegal@smegallaw.com

Lee L. Kaplan (Texas Bar No. 11094400)
Jeffrey A. Potts (Texas Bar No. 00784781)
Kristen L. McKeever (Texas Bar No. 24030775)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
Email: lkaplan@skv.com

Jay D. Ellwanger (Texas Bar No. 24036522)
P.O. Box 201690
Austin, Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410
Email: jellwanger@dpelaw.com

Attorneys for L. Daniel Egger and Software Rights Archive, LLC

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 23rd day of April, 2009.

                                    /s/ Lee L. Kaplan
                              Lee L. Kaplan

Juanita R. Brooks
Jason W. Wolff
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130

Thomas B. Walsh, IV
Fish & Richardson P.C.
5000 Bank One Center
1717 Main St.
Dallas, Texas 75201

Ramon K. Tabtiang
Fish & Richardson P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
Morrison & Foerster
425 Market Street
San Francisco, CA 94105

Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Mark D. Baker
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Ave., 22nd Floor
New York, New York 10010