**E-FILED on** 04/30/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC and SITE TECHNOLOGIES, INC.,<br><br>Defendants. | No. C-08-03172 RMW<br><br>ORDER DENYING MOTION TO QUASH NOTICE OF 30(b)(6) DEPOSITION, GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND GRANTING MOTION TO CONTINUE HEARING AND BRIEFING SCHEDULE<br><br>**[Re Docket Nos. 63, 105]** |

Defendants L. Daniel Egger ("Egger") and Software Rights Archive, LLC ("SRA") move to quash plaintiffs Google Inc., Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. (collectively "search engines") 30(b)(6) deposition notice, which concerns the contacts SRA has with California. The search engines opposes the motion, and moves to compel production of documents which also concern the contacts SRA and its parent company have with California. For the reasons stated below, the court denies the motion to quash and grants the motion to compel. The search engines also move to continue the hearing and briefing schedule on the related motions to dismiss and strike.

ORDER DENYING MOTION TO QUASH NOTICE OF 30(b)(6) DEPOSITION, GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND GRANTING MOTION TO CONTINUE HEARING AND BRIEFING SCHEDULE —No. C-08-03172 RMW
JAS

## I. BACKGROUND

This case is a declaratory judgment action, filed on July 1, 2008, to a counterpart patent-infringement suit filed in the Eastern District of Texas on November 21, 2007. On November 10, 2008, defendants filed a motion to dismiss, transfer, or stay the present action, arguing in part that this court lacks personal jurisdiction over SRA. Plaintiffs have filed a motion to strike the motion to dismiss, transfer, or stay. Both motions are presently set for hearing on May 22, 2009. On December 22, 2008 the search engines noticed a 30(b)(6) deposition seeking information regarding SRA's contacts with California. Declaration of Jennifer Kash ISO Opp. To Motion to Quash Ex. A ("Kash Decl.").

This order concerns three motions. SRA has moved to quash the 30(b)(6) notice of deposition and, in response, the search engines have moved to compel production of documents from Software Rights Archive relating to personal jurisdiction. Finally, on April 29, 2009, the search engines moved to continue the hearing and briefing schedule on the motion to dismiss, transfer, or stay and the motion to strike.

## II. ANALYSIS

### A. Motions to Quash 30(b)(6) Notice of Deposition and Compel Production of Documents

Although the motion to quash and the motion to compel are separate motions, they implicate the same legal and factual issues. In both circumstances, the search engines seek to discover facts to establish personal jurisdiction over SRA. As SRA points out, the search engines' discovery requests fall generally into two categories: 1) SRA and Software Rights Archive, Inc.'s (SRA's predecessor) contacts with California; and 2) SRA's formation, corporate structure, and investors, its relationship with SRA, LLC (another entity, purportedly the corporate parent of SRA) and Altitude Capital Partners, L.P. ("Altitude Capital"), and contacts between SRA, LLC and Altitude Capital and the State of California. The first is directed at establishing personal jurisdiction over SRA. The second category is directed at establishing, first, that Altitude Capital is an alter ego of SRA, and

second, that Altitude Capital has sufficient contacts with California to establish personal jurisdiction. See Opp. to Mot. Quash 1-2.

The parties disagree as to the requisite factual showing necessary to merit jurisdictional discovery. The search engines contend that Federal Circuit law applies. But local circuit law applies in patent cases to "procedural matters that are not unique to patent law." *Beverly Hills Fan Co. V. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). Because the factual showing necessary to support jurisdictional discovery appears to be a procedural issue not unique to patent law, the court will apply the law of the Ninth Circuit. District courts in the Ninth Circuit require a plaintiff to establish a "colorable basis" for personal jurisdiction before granting jurisdictional discovery. *See Chapman v. Krutonog*, 2009 WL 364094, *4 (D. Haw. 2009) (collecting cases). The required "colorable basis" could be understood to require the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant. *Id.*

Here, search engines offer the following allegations in support of a possible alter-ego relationship between SRA and Altitude Capital: 1) Although SRA alleges that its principal place of business is in Marshall, Texas, the listed suite, on February 13, 2009, was unmarked and was unlocked and vacant. Declaration of Michael J. Collins 1-2 ("Collins Decl.") (attached to Kash Decl. ISO Reply, Ex. A). 2) SRA has not registered with the Texas Secretary of State or set up a business property tax account. *Id*. at 3. 3) Altitude Capital's address and the address listed for SRA on a document submitted to the PTO are the same. The search engines contend that Altitude Capital funds litigation, and uses the corporate form to "avoid accountability for its jurisdictional contacts with California in order to shield it from the Court's reach." Reply ISO Mot. To Compel 6. Finally, the search engines have identified "that Altitude Capital has made at least one multi-million dollar investment in a California corporation." Opp. to Mot. to Compel. at 5 n. 10.[1] The court finds that this evidence, although slim, constitutes a colorable basis on which to seek jurisdictional discovery.

---

[1] SRA contends that the investment was made by a different entity, Altitude Capital Partners, LLC, but it appears that SRA's parent company, Altitude Capital Partners, L.P. is "simply the committed private equity fund for Altitude Partners, L.P.". Reply ISO Mot. to Compel SRA 11 n. 18.

**B. Motion to Continue the Hearing and Briefing Schedule on the Motion to Dismiss, Transfer, or Stay and the Motion to Strike**

On April 29, 2009, the search engines moved to postpone the hearing and briefing schedule to allow the requested discovery to take place. Defendants oppose the motion, arguing that the motion to dismiss, transfer, or stay is supported by additional grounds independent of personal jurisdiction, which the cross-motion to compel concerns. The court finds that while the motion to dismiss, transfer, or stay does indeed seek relief on multiple independent grounds, economy dictates adjudicating the entire motion at once. The court therefore finds a continuance of the hearing and briefing schedule supported by good cause.

### III. ORDER

For the reasons stated above, the motion to quash is denied and the motion to compel the production of documents is granted. The court continues the hearing and briefing schedule for the motion to dismiss, transfer, or stay and motion to strike as follows:

- The parties' oppositions to the motion to dismiss, transfer, or stay and the motion to strike shall be due on Friday, May 29, 2009.
- The parties shall file their respective replies by Friday, June 5, 2009.
- The hearing on the motion to dismiss, transfer, or stay and the motion to strike shall take place on Friday, June 12, 2009, or some other date to which the parties agree.

DATED: 04/30/09

RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO QUASH NOTICE OF 30(b)(6) DEPOSITION, GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND GRANTING MOTION TO CONTINUE HEARING AND BRIEFING SCHEDULE —No. C-08-03172 RMW
JAS                                                                4

**Notice of this document has been electronically sent to:**

**Counsel for search engines:**

| | |
|---|---|
| Richard S.J. Hung | rhung@mofo.com |
| Michael A. Jacobs | mjacobs@mofo.com |
| Jennifer A. Kash | jenniferkash@quinnemanuel.com |
| Claude Michael Stern | claudestern@quinnemanuel.com |
| Kristin Janet Madigan | kristinmadigan@quinnemanuel.com |
| Juanita R. Brooks | brooks@fr.com |
| Jason W. Wolff | wolff@fr.com |
| Jerry T. Yen | yen@fr.com |
| Ramon K Tabtiang | rkt@fr.com |
| Thomas Bernard Walsh , IV | walsh@fr.com |

**Counsel for Daniel Egger, Software Rights Archive, et al.:**

| | |
|---|---|
| Jay David Ellwanger | jellwanger@dpehlaw.com |
| Jeffrey A. Potts | jpotts@skv.com |
| Lee Landa Kaplan | lkaplan@skv.com |
| Narasa Raju Duvvuri | rduvvuri@skv.com |
| Thomas Frank Smegal , Jr. | tomsmegal@smegallaw.com |

**Counsel for Murray & Murray, P.C.:**

Joseph J. De Hope , Jr.   jdehope@hinshawlaw.com

**Counsel for Wilson Sonsini Goodrich & Rosati, P.C.:**

Mark Gregory Parnes   mparnes@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 04/30/09          JAS
                             **Chambers of Judge Whyte**