1 | [SEE SIGNATURE BLOCK FOR COUNSEL]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.<br><br>Plaintiffs<br><br>v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.<br><br>Defendants | Case No. CV08-03172RMW<br><br>SOFTWARE RIGHTS ARCHIVE, LLC'S AND EGGER'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE SITE TECHNOLOGIES, INC.'S MOTION TO DISMISS, TRANSFER, OR STAY<br><br>Hearing Date: August 21, 2009<br><br>Hearing Time: 9:00 am |

DEFENDANTS' RESPONSE TO MOTION TO STRIKE
CASE NO. CV08-03172

1

Defendants Software Rights Archive, LLC ("SRA") and Daniel Egger file this Response to Plaintiffs' Motion to Strike Site Technologies, Inc.'s Motion to Dismiss, Transfer, or Stay and would respectfully show this Court as follows:

Plaintiffs' motion is a total waste of time. Even assuming the truth of Plaintiffs' assertion—that Site Technologies, Inc. ("Site Tech") did not join Defendants' Motion to Dismiss, Transfer, or Stay—this case still can and should be dismissed in its entirety. Defendants have advanced three arguments for dismissing this case: (1) preemption by a prior lawsuit under the first-to-file rule, because a virtually identical, first-filed case is pending in the Eastern District of Texas; (2) a lack of personal jurisdiction as to Daniel Egger and SRA, because neither party possesses minimum contacts with California; and (3) a lack of subject matter jurisdiction as to Egger and Site Tech, because neither party owns the patents, claims ownership of the patents, or has taken any affirmative act indicating an intent to assert a patent infringement claim against Plaintiffs. It is beyond dispute—and Plaintiffs do not dispute—that Egger and SRA, as parties to the Motion to Dismiss, Transfer, or Stay, can be dismissed from this case if that motion is granted. Ninth Circuit law makes clear that Site Tech also can be dismissed from this case whether or not it is deemed a party to that motion: "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kolev v. Davidi*, 2008 WL 4447561, at *2 (C.D. Cal. Sept. 29, 2008) ("This Court must sua sponte consider whether it has subject matter jurisdiction over plaintiff's complaint, and it is required to dismiss the complaint if the court determines at any time it lacks subject-matter jurisdiction." (internal citations, quotation marks, and modifications omitted)). Because, as pointed out in Defendants' Motion to Dismiss, Transfer, or Stay, this Court lacks subject matter jurisdiction over Site Tech, this case can and should be dismissed against Site Tech along with the other parties irrespective of the merits of Plaintiffs' motion. Thus, Plaintiffs' motion makes no difference and should be denied.

Therefore, Defendants SRA and Egger respectfully request this Court to deny Plaintiffs' motion.

Respectfully submitted,

*Lee Kaplan (by RD)*

Thomas F. Smegal, Jr. (Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-5093
Email: tomsmegal@smegallaw.com

Lee L. Kaplan (Texas Bar No. 11094400)
Jeffrey A. Potts (Texas Bar No. 00784781)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
Email: lkaplan@skv.com

Jay D. Ellwanger (California Bar No. 217747))
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2630
Facsimile: (512) 539-2627
Email: jellwanger@dpelaw.com

Attorneys for Defendants

|    |    |
|----|----|
| 1  | **CERTIFICATE OF SERVICE** |
| 2  | I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 24th day of July, 2009. |
| 3  |    |
| 4  | _Lee Kaplan (by RD)_<br>Lee L. Kaplan |
| 5  | Juanita R. Brooks<br>Jason W. Wolff |
| 6  | Fish & Richardson P.C.<br>12390 El Camino Real |
| 7  | San Diego, California 92130 |
| 8  | Thomas B. Walsh, IV<br>Fish & Richardson P.C. |
| 9  | 5000 Bank One Center<br>1717 Main St. |
| 10 | Dallas, Texas 75201 |
| 11 | Ramon K. Tabtiang<br>Stephen A. Marshall |
| 12 | Fish & Richardson P.C.<br>225 Franklin Street |
| 13 | Boston, Massachusetts 02110-2804 |
| 14 | Michael A. Jacobs<br>Richard S.J. Hung |
| 15 | Morrison & Foerster<br>425 Market Street |
| 16 | San Francisco, CA 94105 |
| 17 | Claude M. Stern<br>Jennifer A. Kash |
| 18 | Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>555 Twin Dolphin Drive, Suite 560 |
| 19 | Redwood Shores, CA 9406 |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |

DEFENDANTS' RESPONSE TO MOTION TO STRIKE
CASE NO. CV08-03172