# EXHIBIT P

1  Gregory C. Nuti (Bar No. 151754)
   gnuti@schnader.com
2  Kevin W. Coleman (Bar No. 168538)
   kcoleman@schnader.com
3  SCHNADER HARRISON SEGAL & LEWIS LLP
4  One Montgomery Street, Suite 2200
   San Francisco, CA  94104-5501
5  Telephone: 415-364-6700
   Facsimile: 415-364-6785
6
7  Attorneys for
   Software Rights Archive, LLC
8

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Site Technologies, Inc.<br><br>Reorganized Chapter 11 Debtor. | Case No.: 99-50736-RLE<br><br>**STATUS CONFERENCE STATEMENT BY SOFTWARE RIGHTS ARCHIVE, LLC**<br><br>Date:       December 17, 2008<br>Time:      10:30 a.m.<br>Location:  280 S. First Street<br>                San Jose, California<br>Courtroom: 3099<br>Judge:      Hon. Roger Efremsky |

Software Rights Archive, LLC ("SRA") submits its Status Conference Statement setting forth its position with respect to the scheduling of issues raised by Sherwood Finance (Delaware), LLC ("Sherwood").  SRA owns the patents that Sherwood claims are property of the estate.  SRA agreed with Sherwood that the December 17, 2008 hearing should be a status and scheduling conference.  In evaluating what schedule is appropriate, the Court should consider a few key facts Sherwood fails to mention.

**BACKGROUND**

Within one year before the Debtor filed for bankruptcy, the Debtor entered into an agreement with Daniel Egger, SRA's predecessor in title, pursuant to which Mr. Egger purchased the patents at issue.  The Debtor disclosed its transfer of the patents in the Debtor's Statement of Financial Affairs.  Debtor's approved disclosure statement in support of its plan of

reorganization also disclosed the transfer.  No creditor or party in interest challenged the validity of the transfer or Mr. Egger's ownership of the patents.  Creditors were paid in full under the plan, and interest holders received a dividend.

After SRA sued Google, Yahoo!, Lycos, and others ("Infringement Defendants") for infringement of the patents in the United States District Court for the Eastern District of Texas ("Infringement Action"), the Infringement Defendants filed a motion for summary judgment seeking dismissal of the Infringement Action on the grounds that SRA was not the true and valid owner of the patents and therefore had no standing to bring the Infringement Action.  That issue is fully briefed before the District Court in the Eastern District of Texas ("District Court").

It is important to note that the questions before the District Court are the same questions Sherwood and the Infringement Defendants are asking this Court to resolve[1].  The Infringement Defendants contend that at the time the Debtor sold the patents to Mr. Egger, it did not own them.  Rather, according to the Infringement Defendants, the patents were owned by its non-debtor subsidiary, Site/Technologies, Inc., and therefore the instrument of assignment executed by the Debtor did not validly transfer the patents from the subsidiary to Mr. Eggers.  Sherwood further contends that because Site/Technology, Inc. merged into its Debtor parent approximately six months after the plan was confirmed, those patents became the Debtor's property as a result of the merger, and so now the Debtor should be allowed to sell the patents again in order to make a further distribution to its equity holders.  Again, Sherwood makes these contentions despite the fact that Mr. Egger relied upon the Debtor's representations in its bankruptcy that Mr. Egger was the assignee of the patents, representations neither Sherwood nor any other party in interest made an effort to challenge at the time.  The issue of whether the Debtor validly assigned the patents to Mr. Egger in the first instance, or whether the Debtor is estopped or otherwise barred under

---

[1] In fact, this is the third forum in which the Infringement Defendants have raised these issues.  In addition to the District Court, and now this Court, the Infringement Defendants also filed an action in the United States District Court for the Northern District of California, San Jose Division, case no. C08-03172(RMW), challenging SRA's ownership of the patents.

1   applicable law from denying the validity of the transfer is now fully briefed before the District
2   Court in Texas[2].

3   　　　It should also be noted that, the parties seeking relief here are by their own admission the
4   same as, are aligned with, or are in privity with, the Infringement Defendants litigating these
5   issues in the District Court in Texas.  Sherwood admits that its interests are aligned with the
6   Infringement Defendants[3].  *See* Reopening Motion, fn. 8, ("Sherwood has entered into an
7   alliance with Yahoo! Inc., including by executing a joint defense agreement and option
8   arrangement.  Upon information and belief, Google, Inc. and IAC Search & Media, Inc. are also
9   beneficiaries of the Plan."  Moreover, Google asserts that it recently acquired 15,000 shares of
10  the Debtor's stock, and it has now joined in Sherwood's Reopening Motion.  *See* Joinder to
11  Motion to Reopen Case and Related Relief [Docket No. 290].

## DISCUSSION

13  　　　In its Status Conference Statement, Sherwood raises the following issues to be decided:
14  (1) the appointment of a new Responsible Person; (2) enforcement of the Automatic Stay,
15  Injunction or other Equitable Relief; (3) quieting title to the patents at issue; and (4) discovery.
16  Except for leaving discovery for last, Sherwood has reversed the order of importance of these
17  issues.  But more importantly, Sherwood ignores the threshold issue of which court is best suited
18  to decide title to the patents in the first instance, the District Court or this Court.

19  　　　SRA's position is that the District Court in Texas is well suited to decide whether SRA
20  has valid title to the patents.  To the extent that the Debtor has any interest in the patent
21  ownership issue before the District Court, that interest is now and will continue to be fully and
22  effectively litigated by the Infringement Defendants in the Texas litigation.  Of course,
23  Sherwood and the Infringement Defendants dispute this position.  Therefore, SRA suggests that
24  the issue to be decided by this Court in the first instance is whether this Court or the District

---

[2] The parties in the Infringement Action have already conducted discovery on the issue, including three (3) depositions.

[3] Not by coincidence, Sherwood is represented by the same law firm, Morrison & Foerster, that represents Yahoo! in the Infringement Action.

3

Court in Texas should decide the question of quieting title to the patents. The Court should set a briefing schedule on this issue to be heard prior to any other issue.

Depending upon the outcome of that issue, the parties would address next the title issues to the patents, either in Texas or this Court.

If the District Court determines that the Debtor did not retain any interest in the patents, then there is nothing more for this Court to decide. If the District Court finds the opposite, the parties can return to this Court to address the procedures for administering the estate, including the appointment of a new Responsible Person or trustee and the application of the automatic stay or other equitable relief.

Similarly, if this Court retains jurisdiction, it should first resolve who owns title to the patents. Only after finding that the Debtor retained an interest in the patents, should this Court consider issues of estate administration. Thus, before this Court even considers the appointment of a new Responsible Person or injunctive relief, it should be certain that the estate has an asset to administer and protect.

## **CONCLUSION**

Wherefore, SRA respectfully suggests that the Court consider the issues in the following order and set a briefing schedule accordingly:

1. The court most appropriate to resolve title to the patents;

2. The procedure for resolving title to the patents in the event this Court retains jurisdiction;

3. The procedure for administering assets of the estate in the event either court finds that the Debtor retains an interest in the patents; and

4. The need for discovery depending on the nature of the dispute before the Court.

Dated  December 16, 2008

SCHNADER HARRISON SEGAL & LEWIS LLP


By: *Gregory C. Nuti*
    Gregory C. Nuti
    Attorneys for Software Rights Archive, LLC