# EXHIBIT W

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No. 2:07-CV-511 (TJW) | |
| § | | |
| GOOGLE INC., YAHOO! INC., § | | |
| IAC SEARCH & MEDIA, INC., § | | |
| AOL LLC, and LYCOS, INC. § | JURY TRIAL DEMANDED | |
| Defendants § | | |

**PLAINTIFF'S DISCLOSURE OF ASSERTED
CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to Local Patent Rule 3-1, Software Rights Archive, LLC ("SRA") provides the following disclosure concerning its Complaint for infringement filed against Google Inc. ("Google"), Yahoo! Inc. ("Yahoo!"), AOL LLC ("AOL"), IAC Search & Media, Inc. and Lycos, Inc. The asserted patents are U.S. Patent Nos. 5,544,352 ("'352 patent"), 5,832,494 ("'494 patent") and 6,233,571 ("'571 patent").

**CONTENTIONS**

The asserted claims relate to the use and implementation of search-related algorithms that use data concerning direct and indirect hyperlink relationships between nodes in databases relating to the World Wide Web and other hypermedia databases. The exact operation and coding of Defendants' search algorithms are held as trade secrets. Publicly available information concerning their precise operation, internal nomenclature, and programming is very limited or ambiguous. In letters dated March 5, 2008, Plaintiff requested Defendants to provide information concerning the internal nomenclature of the accused instrumentalities as well as to

1

*governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function*;

*See* Attachment 1 regarding defendants Google, Yahoo!, and AOL. *See* Attachment 2 regarding defendants IAC and Lycos.

SRA has previously requested discovery from defendants in advance of this disclosure deadline so that it may file more comprehensive disclosures. Defendants have refused to provide any of the requested information. Accordingly, SRA reserves the right to seek to amend, supplement or narrow these contentions as discovery in this case proceeds.

(D)     *Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality*;

Based on the information currently available to SRA, SRA alleges that each element of each asserted claim is present literally and under the doctrine of equivalents (see Attachments 1 and 2 for a claim-by-claim disclosure, which is fully incorporated herein). Following discovery regarding the defendants' products and specifications of Accused Instrumentalities, SRA reserves the right to seek leave to amend or supplement its allegations under the doctrine of equivalents, as well as to add claims of the '352, '494 and '571 patents that are not presently asserted. SRA reserves the right to amend its contentions pursuant to Local Patent Rule 3-6.

(E)     *For any patent that claims priority to an earlier application, the priority date to which each asserted claim is entitled; and*

All asserted claims of the '352, '494, and '571 patents claim priority through the original application of the '352 patent, which has a priority date of June 14, 1993. Conception of the inventions of at least some of these claims occurred earlier.

(F)     *If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act or other*

10

*instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim*.

SRA identifies certain computerized indexing and display methods for: (1) Rebecca and Axcess programs used with the Rebecca or Access viewers; (2) V-Search Publisher's Tool Kit; and (3) AHA Internet Search and viewer as instrumentalities with respect to which it wishes to preserve its right to rely for any purpose, on the assertion that its own apparatus, product, device, process, method, act or other instrumentality incorporates or reflects one or more of the asserted claims.

The Court has set its hearing on claim construction for November 10, 2010. Until that hearing and the issuance of the Court's Order regarding claim construction, the meaning of one or more claim terms will likely remain in dispute. As a consequence, the foregoing identification and listing below are dependent in part upon the Court's Order regarding claim construction.

Furthermore, SRA is continuing its investigation into these legacy systems. Many files are not currently accessible because of issues related to the legacy systems and lost encryption. It has engaged computer consultants in connection with its efforts. SRA thus identifies the foregoing systems and submits the following list based on currently available data and asserts that to the best of its knowledge, they may be reasonably likely to use some or all of the elements of the claims as set forth below. SRA reserves the right to modify these contentions in view of further information and the Court's claim construction. The list below is not, and should not be construed as, an admission that the invention is commensurate in scope with any claim or that it practices each and every element of a given claim, but instead that it incorporates or reflects one or more elements of that claim.

Subject to the foregoing, SRA identifies the indexing and display methods of the following systems as incorporating or reflecting at least some elements of the asserted claims:

(1) Rebecca and Axcess programs used with the Rebecca or Access viewers: '352 patent, claim 45; '494 patent, claims 18, 20-21, 23-24, and 31-33; and '571 patent, claims 5 and 22.

(2) V-Search Publisher's Tool Kit: '494 patent, claims 1-3, 7-9, 12-15, 18-21, 23-25, 31-33; and '571 patent, claims 5-7, 9-11 and 21-22; and

(3) AHA Internet Search and viewer: '494 patent, claims 1-3, 7-9, 11-15, 18-21, 23-24, 31-33; '571 patent, claims 1, 3-6, 8-9, 11-16, 19-22.

## DEFINITIONS

The following definitions shall apply in setting forth Plaintiff's infringement contentions and claim charts:

**"Link Analysis"** or **"Ranking Algorithms"** refer to search-related algorithms that use data concerning direct and/or indirect hyperlink relationships between nodes in databases relating to the World Wide Web and other hypermedia and document databases.

**"PageRank"** as used herein refers to one or more link analysis algorithms related to the algorithm called PageRank used by the Google Search engine or by software used by the Google website, including the original PageRank algorithm, as well as all subsequent modifications, versions, expansions or variations of the PageRank algorithm or similar link analysis. Upon information and belief, the specification of US Patent No. 6,285,999, entitled *Method for Node Ranking in a Linked Database*, describes at least one version or aspect of Google's PageRank algorithm. Any references to PageRank herein shall include but not be limited to all versions of PageRank used since 2001 as well as modifications to the PageRank algorithm based upon user data, web traffic, topic sensitive PageRank, personalized PageRank, human and AI