# EXHIBIT X

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 08/649,304 | Egger et al |
| | Examiner | Group Art Unit |
| | Wayne Amsbury | 2771 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to _communication of 1/27/98_ .

☒ The allowed claim(s) is/are _1-21 and 27-38, renumbered 1-33_ .

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

     ☐ received.

     ☐ received in Application No. (Series Code/Serial Number) _____ .

     ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

   ☐ because the originally filed drawings were declared by applicant to be informal.

   ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _4_ .

   ☐ including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

   ☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

   ☒ Notice of References Cited, PTO-892

   ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _8_

   ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

   ☐ Notice of Informal Patent Application, PTO-152

   ☒ Interview Summary, PTO-413

   ☒ Examiner's Amendment/Comment

   ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

   ☒ Examiner's Statement of Reasons for Allowance

**WAYNE AMSBURY**
**PRIMARY EXAMINER**
**ART UNIT 2771**

U. S. Patent and Trademark Office
PTO-37 (Rev. 9-95)　　　　　　　　　　　　　　Notice of Allowability　　　　　　　　　　　　Part of Paper No. 

Serial Number: 08/649,304                                                                 Page 3

Art Unit: 2771

As to the first B, the apparent assertion that because claims contain a common step they can be searched simultaneously is not reasonable. In particular, perhaps hundreds of thousands of claims in issued patents contain the step of <u>display</u>, and the claims are not always closely related.

As to the second B, Misclassification is addressed in §1 above, where they are noted as typographical errors.

As to C, the neighboring property of subclass codes has nothing to do with restriction; distinct subclasses are deemed to be distinct and are chosen so that they can be searched separately.

The requirement is still deemed proper and is therefore made FINAL.

**Claims 1-21,27-38 are therefor examined.**

3.  A word search of the parent, USP 5,544,352, reveals that the words link(s) and node(s) do not appear, and the term cluster appears once in passing. Therefore this group of claims is considered to have 5/17/96 as their priority date for purposes of examination in terms of prior art.

4.  An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/071,120 | 05/04/98 | EGGER | D 4256A |

LM02/0719

ALDO NOTO
DORSEY & WHITNEY, LLP
1001 PENNSYLVANIA AVENUE, N.W.
SUITE 300 SOUTH
WASHINGTON DC 20004

| EXAMINER |
|---|
| AMSBURY, W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2771 | 24 |

DATE MAILED: 07/19/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
U.S. G.P.O. 2000 ; 465-188/25266

1- File Copy

Application/Control Number: 09/071,120 Page 3

Art Unit: 2771

A quick check of the patent literature turns up 66 references for the search: "(hyperjump and web) or (hyperlink and web)," with application dates prior to 7 July 1996. Three of them are included on an accompanying USPTO 892, for the sake of completeness. It is also noted that the application of which the parent of this case is a CIP, has no apparent support for hyperjumps to a Web page, and so its priority date is moot.

4.  Claims 115-119 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vertelney, USP 5,341,293.

The change in rejection for these claims is in response to the amendment which includes "links ... to positions outside of the computer." Clearly this is a broad form of link to other nodes of a network, such as the Internet, and as such the elements of these claims is addressed in the rejections above, and they are rejected on that basis.

A further argument is presented for claim 116 on the basis that it references a menu. The wells of Vertelney, and the lists of notations, both visible in FIG 8b and elsewhere, correspond to menus.

5.  Claims 115-119 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vertelney, USP 5,341,293.

The elements of these claims is addressed in the rejections above, and they are rejected on that basis.