# EXHIBIT G

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 2:07-cv-511-CE |
| v. | § | |
| | § | |
| GOOGLE INC., YAHOO! INC., | § | |
| IAC SEARCH & MEDIA, INC., AOL LLC, | § | JURY TRIAL DEMANDED |
| and LYCOS, INC., | § | |
| | § | |
| Defendants. | § | |

## OPPOSITION TO DEFENDANTS' "SUGGESTION TO REFER BANKRUPTCY ISSUES TO BANKRUPTCY COURT" AND OPPOSITION TO DEFENDANTS' ALTERNATIVE MOTION FOR LEAVE TO FILE THIRD BRIEF ON STANDING

Over six months after filing their Motion to Dismiss for lack of standing in this Court, Defendants now ask this Court to stand down and refer "bankruptcy-related issues" to the bankruptcy court despite the facts that:

- this plea contradicts Defendants' prior argument to this Court that the bankruptcy court lacked jurisdiction over the patents at issue;

- the bankruptcy court has rejected these very same arguments and deferred to this Court's resolution of the standing issue;

- there are no complex bankruptcy-related issues to determine, since the application of *res judicata* is not a specialized area that a bankruptcy court is uniquely suited to resolve;

- the standing issue has been fully briefed in this Court (after document and deposition discovery) and is ripe for resolution, whereas the parties would have to duplicate their extensive efforts to present the issues to another court; and

- Defendants cite no authority for the proposition that this Court can or should refer discrete issues to a bankruptcy court for guidance.

This Court should determine whether Plaintiff Software Rights Archive, LLC ("SRA") has valid title to the patents at issue. Defendants' latest dilatory motion should be denied.

The Court should also deny Defendants' motion for leave to file yet another brief, since the arguments raised in that brief could have been raised earlier and are frivolous.[1]

## I.      This Court, not the bankruptcy court, is the proper forum for resolution of the standing issue.

### A.      Defendants' "Suggestion" is an improper collateral attack on the bankruptcy court's ruling.

Defendant Yahoo!'s alliance partner, Sherwood Finance, made these same arguments through the same counsel to the bankruptcy court in a hearing held on December 17, 2008.[2] Sherwood Finance urged the bankruptcy court to decide the title question, arguing that the bankruptcy court was better suited to resolve the title question than this Court or the District Court for the Northern District of California (the latter a forum chosen by Defendants). (Tr. of 12/17/2008 Bankr. Ct. Hrg., Docket No. 123, at 10, 20.).

---

[1]      Although Defendants' counsel conferred with the undersigned as to Defendants' motion for leave to file another brief, Defendants' counsel failed to inform the undersigned that Defendants would be requesting, as their primary relief, a referral to the bankruptcy court, thereby violating Local Rule CV-7(h).

[2]      Since Plaintiff filed this case in November 2007, Defendants have multiplied the proceedings without justification. In July 2008 all the Defendants in the case at bar filed a mirror-action declaratory judgment suit in the Northern District of California, against SRA and two other defendants, based on the same standing arguments they raised in this Court. *Google, Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. v. L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies Inc.,* Civil Action No. 08-3172, in the U.S. District Court for the Northern District of California, San Jose Division. A motion to dismiss, transfer (to the Eastern District of Texas) or stay is set for February 27, 2009. In the meantime, extensive discovery occurred in this Court, including document production and three depositions, and briefing continued. Not satisfied with unnecessary duplicative litigation, the infringing Defendants chose the trifecta. They belatedly decided just before Thanksgiving to form an alliance with a purported creditor in a closed bankruptcy and sought to reopen the long-closed bankruptcy of Site Technologies, Inc., which had sold the patents to Daniel Egger even earlier. *In re Site Technologies, Inc.,* Case No. 99-50736 RLE, in the Bankruptcy Court for the Northern District of California, San Jose Division. The bankruptcy court reopened the proceedings for a status conference and then continued them until April 2009 pending a ruling of this Court. SRA has filed the transcript of that hearing with this Court. (*See* Tr. of 12/17/2008 Bankr. Ct. Hrg., Docket No. 123.) SRA's submission to the bankruptcy court summarized SRA's positions as to why that Court need not take action, and is attached hereto as Exhibit A.

The bankruptcy court rejected these arguments. The bankruptcy court noted that it has jurisdiction only if the patents are deemed an asset of the estate, and expressed confidence in this Court's ability to deal with the title issue. (*Id.* at 37.) Although it reopened the proceeding for the status conference, the bankruptcy court elected to stay proceedings in the bankruptcy case until April 15, 2009 so that this Court could first rule on the standing issue. (*Id.* at 37-38.)

Unhappy with that ruling, Defendants ask this Court to disregard it and to send the standing issue to the bankruptcy court anyway. This Court should decline Defendants' request.

**B.      Defendants' "Suggestion" is a stalling tactic that would unfairly burden SRA.**

By their "Suggestion," Defendants are stalling and seeking—yet again—to multiply this litigation and force SRA to fight a three-front war. This Court is the first-filed Court, and the standing issue has been discovered, fully briefed, and submitted to this Court for determination. There is no reason for this Court to stay this case, which has been pending for over a year, and turn the issue over to another court of Defendants' choosing.

SRA filed suit in this Court in November 2007. Defendants filed a motion to dismiss for lack of standing in July 2008. After SRA responded to each of Defendants' arguments, Defendants demanded discovery. SRA complied with Defendants' requests, turning over thousands of documents and presenting three individuals for deposition in North Carolina and South Carolina. At no point along the way did Defendants ever suggest that this Court was not the proper forum for a determination on the standing issue.

Now, however, after extensive discovery, multiple extensions of time, and four briefs thoroughly exhausting the standing issue, Defendants ask this Court to stay its hand indefinitely and send the issue to a bankruptcy court. As the bankruptcy court recognized, this is unnecessary.

3

## C.    Defendants' argument mischaracterizes the issue before the Court.

Defendants claim that "bankruptcy-related arguments" dominate the standing issue and ask this Court to refer these allegedly complex "bankruptcy-related issues" to the bankruptcy court. Defendants do not identify what specific "bankruptcy-related issues" the bankruptcy court is better positioned to resolve. Nor do they cite any authority for the proposition that this Court can or should certify a discrete issue to another federal court for guidance.[3]

Moreover, Defendants mischaracterize the nature of the issues before the Court. The "bankruptcy-related arguments" made by SRA in its briefing are not issues relating to the administration of Site Technologies, Inc.'s ("Site Tech's") bankruptcy estate. SRA has argued that Defendants are barred by *res judicata* from challenging the bankruptcy court's order confirming the plan of reorganization. The application of *res judicata* is not a specialized area that a bankruptcy court is uniquely suited to resolve. To the contrary, the same federal common law standard applicable to determining the preclusive effect of any federal court judgment applies here. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir. 1992) (enunciating requirements for application of *res judicata* and explaining that this same test applies in the bankruptcy context of an order confirming a plan of reorganization).

---

[3]    Defendants do not suggest that a reference of discrete issues to the bankruptcy court would be appropriate under 28 U.S.C. § 157, and they have suggested no basis for abstention. *See Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (noting that abstention generally applies only to cases involving "considerations of proper constitutional adjudication [or] regard for federal-state relations...in situations involving the contemporaneous exercise of concurrent jurisdictions") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (internal quotation marks omitted and alterations in original).

4

Not only is this Court perfectly capable of adjudicating this issue, it is in the best position to do so. The question before the Court is whether SRA has title to the patents at issue, and thus has standing to bring this suit. This Court's active patent docket means that it determines these types of questions as a matter of routine.

Defendants' argument that referral to the bankruptcy court is "especially appropriate" because that court has jurisdiction over all parties with interests in the patents is disingenuous. It is not the case that every party who could conceivably be affected by a particular court order need be a party to the case. In any event, Defendants in this case have allied themselves with Site Tech's creditors so as to be able to take part in the bankruptcy case. Defendant Yahoo! and Sherwood Finance have entered into an "alliance," which includes a joint defense agreement and an option agreement, and the two are represented by the same law firm. (*See* Mot. to Reopen Case, Ex. B to Docket No. 113, at 2.)[4] Defendant Google recently acquired 15,000 shares of the debtor's stock in order to participate in the bankruptcy case. (*See* Joinder to Mot. to Reopen Case at 1, attached hereto as Ex. B.) All interested parties are present—either actually or virtually—in both courts. The standing question has been fully and zealously briefed in this Court, and it is ripe for decision.

## II. The Court should deny Defendants' motion for leave to file yet another brief as untimely and futile.

### A. Defendants' latest brief raises no arguments that could not have been made earlier.

Having already submitted over forty pages of argument on the question of standing, Defendants ask for leave to file yet another brief on the standing issue. The Court should decline this request.

---

[4]     In the motion to reopen, Sherwood suggests that Defendant IAC Search & Media, Inc. is also a beneficiary of the plan.

5

Defendants ask for leave to file another brief to address what they claim are inaccuracies in SRA's *res judicata* arguments. SRA made its *res judicata* argument in its initial response to Defendants' motion to dismiss. (Pl.'s Resp. to Defs.' Mot. to Dismiss, Docket No. 76, at 26.) Defendants responded to this argument in their reply brief (Defs.' Reply in Support of Defs.' Mot. to Dismiss, Docket No. 102, at 25-27), and SRA then replied to these arguments in its final brief (Pl.'s Sur-Resp. to Defs.' Mot. to Dismiss, Docket No. 118, at 2-7).

Quite simply, the arguments Defendants now wish to advance could have been made in Defendants' reply brief. Defendants' latest arguments are not new, and do not address arguments made for the first time in SRA's final brief. The Court has established a procedure for briefing giving each party equal and ample opportunity to argue its position, and there is no reason to alter that procedure here.

Defendants' claim that another brief is necessary to address an alleged admission by SRA in a filing made in the Northern District of California is grossly misleading. SRA stated in a pleading in the California action that it acquired the patents-in-suit from Egger in an assignment dated February 22, 2005. This statement does not contradict anything that SRA has said in this case. It in no way implies that SRA is relying on the February 11, 2005 transfer from Site/Technologies/Inc. ("Site/Tech") to Egger to establish its chain of title. No briefing is necessary to address SRA's statement because it bears only on SRA's title to the patents and not on the question of Egger's authority to convey them to SRA.

**B.    Leave to file another brief would be futile, since the "new" arguments Defendants seek to advance are without merit.**

**1.    *Res judicata* applies to bar those in privity with the creditors from challenging Site Tech's sale of the patents to Daniel Egger.**

All requirements for the application of *res judicata* are satisfied. *Res judicata* applies if the following four requirements are met: "(1) the parties must be identical in the two actions; (2)

6

the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir. 1992). Defendants do not contest the second and third requirements.

There is an identity of claims here. The Fifth Circuit applies the transactional test of the Second Restatement of Torts to determine whether the same claim is involved in two actions. *Eubanks*, 977 F.2d at 171. "Under this approach, the critical issue is whether the two actions were based on the 'same nucleus of operative facts.'" *Id.* (finding an identity of claims between confirmation order and a later lender liability action based upon conduct allegedly contributing to bankruptcy, and barring lender liability claim that should have been brought as an objection to lender's claim in prior bankruptcy proceeding). In this case, Defendants seek to challenge Site Tech's alienation of title to the patents to Daniel Egger. The bankruptcy court proceedings in 2000 put this very claim at issue. Site Tech disclosed in its Statement of Financial Affairs and in its Disclosure Statement that the patents were sold to Egger as a transfer outside the ordinary course of business. (*See* Pl.'s Sur-Resp., Docket No. 118, at 3-4.) The bankruptcy court approved the Disclosure Statement as being adequately informative for creditors. The creditors could have objected to the alienation of the patents to Egger, but did not, and Defendants (as proxies for the creditors) now belatedly seek to make that objection. The factual predicate of the claim here and the claim that should have been made in the bankruptcy court are identical. *See*, *e.g.*, *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 871 (5th Cir. 1984) (applying *res judicata* to bar a claim that could have been raised as an objection to a claim asserted in prior bankruptcy proceeding, reasoning that central transaction involved in both bankruptcy

7

reorganization and the present claim alleging various acts of wrongdoing by creditor was the passing of title to the creditor in exchange for cancellation of mortgage debt).

The identity of interests requirement is met here because, although not parties to the bankruptcy case, Defendants have substantive legal relationships with parties to the bankruptcy proceeding. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2172 (2008) ("[N]onparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment," including "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor."); *Eubanks*, 977 F.2d at 170 ("It is well-settled that, under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation. . . . [W]here the non-party's interests were adequately represented by a party to the prior action, we have concluded that there is sufficient identity between the parties to apply the principles of *res judicata* and give preclusive effect to the prior judgment."). As detailed above, Defendants have entered into contractual relationships with Site Tech's former creditors in order to align themselves with the creditors in this litigation and to seek to unwind the plan of reorganization in the bankruptcy court. In these circumstances, where the arguments Defendants assert derive from the creditors' claims in the bankruptcy proceeding, and where Defendants have substantive legal relationships with the creditors, nonparty preclusion is appropriate.

Even if Defendants were not deemed to be in privity with the creditors, the doctrine of *res judicata* would still have a significant effect on Defendants' standing argument. Defendants claim that Site Tech—not SRA—owns the patents, but *res judicata* would undoubtedly bar Site Tech—or any other person with a claim to the patents—from asserting a claim to them. Site Tech and its creditors were parties to the bankruptcy and are indisputably bound by the plan.

Site Tech cannot now claim that it owns the patents, having previously disclosed in statements that were relied on by parties to the bankruptcy that it sold the patents to Daniel Egger. *See, e.g.,* *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335-36 (5th Cir. 2004) (holding that former Chapter 7 debtors' personal injury claim was barred on judicial estoppel grounds, where debtors failed to disclose the claim in schedules filed in the earlier bankruptcy proceedings). And creditors cannot now seek to restore the patents to Site Tech's estate, having failed to raise any objection to Site Tech's disclosures or to the plan of reorganization. Defendants' standing argument would lead to the absurd result that no one has title to the patents.

### 2. SRA has not argued that the bankruptcy court can create new property rights.

Defendants once again attack SRA's *res judicata* argument by mischaracterizing it. SRA has not argued that the bankruptcy court can "vest property rights that the debtor never owned." The case of *TM Patents, L.P. v. International Business Machines Corp.*, 121 F. Supp. 2d 349 (S.D.N.Y. 2000), does not counsel against the application of *res judicata* here. In that case, the invention was conceived while the inventor was a student at MIT, and MIT elected to treat the invention as having arisen under a government contract. *Id.* at 353-54. Because the inventor did not obtain a government waiver before applying for the patent at issue, the defendant argued that the inventor never acquired valid title. *Id.* at 357. The inventor assigned title to the patents to Thinking Machines, which later went into bankruptcy. In those proceedings, the plaintiff paid $27 million in creditor claims in exchange for title to the patents owned by Thinking Machines, which purportedly included the patent at issue. *Id.* at 360.

The case stands for the unremarkable proposition that a bankruptcy court cannot pass to a creditor property that the debtor does not own. *Id.* at 361. In *TM Patents*, unlike in this case, the

9

plaintiffs' claim to title depended upon having been awarded title in the bankruptcy case.[5] In this case, SRA does not claim that the patents were in the bankruptcy estate or that the bankruptcy court had jurisdiction to adjudicate title to them. To the contrary, SRA's position has consistently been that the patents were held by Site Tech and sold and transferred to Egger before bankruptcy, and that, assuming the patents were held by Site/Tech, they would not have become property of the estate but would instead have remained in Site/Tech until the merger in December of 2000.

Indeed, it is Defendants who have argued that the bankruptcy court can somehow vest rights that the debtor did not own. Defendants' citation of *TM Patents* and its argument that the bankruptcy court neither considered the patents nor had jurisdiction over them is inconsistent with—and proves meritless—Defendants' argument that confirmation of the plan somehow extinguished Egger's rights in the patents. If the bankruptcy court did not have jurisdiction and could not vest new rights in the debtor, then it cannot have extinguished Egger's equitable title.

CONCLUSION

For the foregoing reasons, SRA respectfully requests that the Court deny Defendants' suggestion to refer bankruptcy-related issues to the bankruptcy court and deny Defendants' motion for leave to file another brief.[6]

---

[5] The court in *TM Patents* held that *res judicata* was inapplicable on the facts of the case. The court reasoned that IBM's failure to raise the issue of ownership in the bankruptcy proceeding was not fatal to its claim in the patent litigation, because IBM "could not have known about a possibility of a defect in the title" during the bankruptcy proceedings. *Id.* at 363. In this case, of course, the sale of the patent to Egger was disclosed along with the amount of consideration paid, thus enabling a challenge on that basis.

[6] In SRA's Sur-Response regarding standing, SRA wrote, "Egger has never controlled or owned SRA, which was formed in 2006 . . . following the purchase of the patents by a third party. Rather, SRA and its parent company paid over a million dollars to acquire the patents from Egger and Software Rights Archive, Inc." (Pl.'s Sur-Resp., Docket No. 118, at 24.) In an abundance of caution, SRA should clarify this statement. The patent negotiations between Egger

10

Respectfully submitted,

_____

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Requesting Admission *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX**
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999

Holdings, Inc. (which Egger owned) and SRA, LLC in May 2007 required conversion of Software Rights Archive, Inc. (which owned the patents) into an LLC on May 18, 2007. Egger Holdings, Inc. then sold Software Rights Archive, LLC to SRA, LLC on May 21, 2007. Therefore, for the transitional period of three days, Egger controlled and indirectly owned Software Rights Archive, LLC.

11

(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 2̲9̲, 2009.

Lee L. Kaplan

# EXHIBIT A

COPY

1 Gregory C. Nuti (Bar No. 151754)
  gnuti@schnader.com
2 Kevin W. Coleman (Bar No. 168538)
  kcoleman@schnader.com
3 SCHNADER HARRISON SEGAL & LEWIS LLP
4 One Montgomery Street, Suite 2200
  San Francisco, CA 94104-5501
5 Telephone: 415-364-6700
  Facsimile: 415-364-6785
6
7 Attorneys for
  Software Rights Archive, LLC
8
9              UNITED STATES BANKRUPTCY COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: 99-50736-RLE |
| Site Technologies, Inc. | **STATUS CONFERENCE STATEMENT BY SOFTWARE RIGHTS ARCHIVE, LLC** |
| Reorganized Chapter 11 Debtor. | Date: December 17, 2008<br>Time: 10:30 a.m.<br>Location: 280 S. First Street<br>San Jose, California<br>Courtroom: 3099<br>Judge: Hon. Roger Efremsky |

18          Software Rights Archive, LLC ("SRA") submits its Status Conference Statement setting

19 forth its position with respect to the scheduling of issues raised by Sherwood Finance

20 (Delaware), LLC ("Sherwood"). SRA owns the patents that Sherwood claims are property of the

21 estate. SRA agreed with Sherwood that the December 17, 2008 hearing should be a status and

22 scheduling conference. In evaluating what schedule is appropriate, the Court should consider a

23 few key facts Sherwood fails to mention.

24                              **BACKGROUND**

25          Within one year before the Debtor filed for bankruptcy, the Debtor entered into an

26 agreement with Daniel Egger, SRA's predecessor in title, pursuant to which Mr. Egger

27 purchased the patents at issue. The Debtor disclosed its transfer of the patents in the Debtor's

28 Statement of Financial Affairs. Debtor's approved disclosure statement in support of its plan of

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

1   reorganization also disclosed the transfer. No creditor or party in interest challenged the validity

2   of the transfer or Mr. Egger's ownership of the patents. Creditors were paid in full under the

3   plan, and interest holders received a dividend.

4       After SRA sued Google, Yahoo!, Lycos, and others ("Infringement Defendants") for

5   infringement of the patents in the United States District Court for the Eastern District of Texas

6   ("Infringement Action"), the Infringement Defendants filed a motion for summary judgment

7   seeking dismissal of the Infringement Action on the grounds that SRA was not the true and valid

8   owner of the patents and therefore had no standing to bring the Infringement Action. That issue

9   is fully briefed before the District Court in the Eastern District of Texas ("District Court").

10      It is important to note that the questions before the District Court are the same questions

11  Sherwood and the Infringement Defendants are asking this Court to resolve[1]. The Infringement

12  Defendants contend that at the time the Debtor sold the patents to Mr. Egger, it did not own

13  them. Rather, according to the Infringement Defendants, the patents were owned by its non-

14  debtor subsidiary, Site/Technologies, Inc., and therefore the instrument of assignment executed

15  by the Debtor did not validly transfer the patents from the subsidiary to Mr. Eggers. Sherwood

16  further contends that because Site/Technology, Inc. merged into its Debtor parent approximately

17  six months after the plan was confirmed, those patents became the Debtor's property as a result

18  of the merger, and so now the Debtor should be allowed to sell the patents again in order to make

19  a further distribution to its equity holders. Again, Sherwood makes these contentions despite the

20  fact that Mr. Egger relied upon the Debtor's representations in its bankruptcy that Mr. Egger was

21  the assignee of the patents, representations neither Sherwood nor any other party in interest made

22  an effort to challenge at the time. The issue of whether the Debtor validly assigned the patents to

23  Mr. Egger in the first instance, or whether the Debtor is estopped or otherwise barred under

24

25

26      [1] In fact, this is the third forum in which the Infringement Defendants have raised these
    issues. In addition to the District Court, the Infringement Defendants also
27  filed an action in the United States District Court for the Northern District of California, San Jose
    Division, case no. C08-03172(RMW), challenging SRA's ownership of the patents.
28

SCHRADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

2

1    applicable law from denying the validity of the transfer is now fully briefed before the District

2    Court in Texas[2].

3           It should also be noted that, the parties seeking relief here are by their own admission the

4    same as, are aligned with, or are in privity with, the Infringement Defendants litigating these

5    issues in the District Court in Texas. Sherwood admits that its interests are aligned with the

6    Infringement Defendants[3]. *See* Reopening Motion, fn. 8, ("Sherwood has entered into an

7    alliance with Yahoo! Inc., including by executing a joint defense agreement and option

8    arrangement. Upon information and belief, Google, Inc. and IAC Search & Media, Inc. are also

9    beneficiaries of the Plan." Moreover, Google asserts that it recently acquired 15,000 shares of

10   the Debtor's stock, and it has now joined in Sherwood's Reopening Motion. *See* Joinder to

11   Motion to Reopen Case and Related Relief [Docket No. 290].

12                                              **DISCUSSION**

13          In its Status Conference Statement, Sherwood raises the following issues to be decided:

14   (1) the appointment of a new Responsible Person; (2) enforcement of the Automatic Stay,

15   Injunction or other Equitable Relief; (3) quieting title to the patents at issue; and (4) discovery.

16   Except for leaving discovery for last, Sherwood has reversed the order of importance of these

17   issues. But more importantly, Sherwood ignores the threshold issue of which court is best suited

18   to decide title to the patents in the first instance, the District Court or this Court.

19          SRA's position is that the District Court in Texas is well suited to decide whether SRA

20   has valid title to the patents. To the extent that the Debtor has any interest in the patent

21   ownership issue before the District Court, that interest is now and will continue to be fully and

22   effectively litigated by the Infringement Defendants in the Texas litigation. Of course,

23   Sherwood and the Infringement Defendants dispute this position. Therefore, SRA suggests that

24   the issue to be decided by this Court in the first instance is whether this Court or the District

25   _____

26   [2] The parties in the Infringement Action have already conducted discovery on the issue, including three (3) depositions.

27   [3] Not by coincidence, Sherwood is represented by the same law firm, Morrison & Foerster, that represents Yahoo! in the Infringement Action.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

3

1    Court in Texas should decide the question of quieting title to the patents. The Court should set a

2    briefing schedule on this issue to be heard prior to any other issue.

3          Depending upon the outcome of that issue, the parties would address next the title issues

4    to the patents, either in Texas or this Court.

5          If the District Court determines that the Debtor did not retain any interest in the patents,

6    then there is nothing more for this Court to decide. If the District Court finds the opposite, the

7    parties can return to this Court to address the procedures for administering the estate, including

8    the appointment of a new Responsible Person or trustee and the application of the automatic stay

9    or other equitable relief.

10         Similarly, if this Court retains jurisdiction, it should first resolve who owns title to the

11   patents. Only after finding that the Debtor retained an interest in the patents, should this Court

12   consider issues of estate administration. Thus, before this Court even considers the appointment

13   of a new Responsible Person or injunctive relief, it should be certain that the estate has an asset

14   to administer and protect.

15                                  **CONCLUSION**

16         Wherefore, SRA respectfully suggests that the Court consider the issues in the following

17   order and set a briefing schedule accordingly:

18         1.   The court most appropriate to resolve title to the patents;

19         2.   The procedure for resolving title to the patents in the event this Court retains

20   jurisdiction;

21         3.   The procedure for administering assets of the estate in the event either court finds

22   that the Debtor retains an interest in the patents; and

23         4.   The need for discovery depending on the nature of the dispute before the Court.

24   Dated December 16, 2008

25                                          SCHNADER HARRISON SEGAL & LEWIS LLP

26

27                                          By:   _Gregory C. Nuti_
                                                  Gregory C. Nuti
28                                                Attorneys for Software Rights Archive, LLC

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

4

1  Gregory C. Nuti (Bar No. 151754)
   gnuti@schnader.com
2  Kevin W. Coleman (Bar No. 168538)
   kcoleman@schnader.com
3  SCHNADER HARRISON SEGAL & LEWIS LLP
4  One Montgomery Street, Suite 2200
   San Francisco, CA  94104-5501
5  Telephone: 415-364-6700
   Facsimile: 415-364-6785
6
7  Attorneys for
   Software Rights Archive, LLC
8
9              UNITED STATES BANKRUPTCY COURT
10             NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
11  ┌──────────────────────────────┬──────────────────────────────
                                     Case No.: 99-50736-RLE
12  In re
                                     CERTIFICATE OF SERVICE RE
13  Site Technologies, Inc.          STATUS CONFERENCE STATEMENT
                                     BY SOFTWARE RIGHTS ARCHIVE,
14        Reorganized Chapter 11 Debtor.   LLC
15                                   Date:       December 17, 2008
                                     Time:       10:30 a.m.
16                                   Location:   280 S. First Street
                                                 San Jose, California
17                                   Courtroom:  3099
                                     Judge:      Hon. Roger Efremsky
18
19
20
21
22
23
24
25
26
27
28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA  94104-5501
415-364-6700

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of eighteen years, employed in the City and County of San Francisco, State of California; and not a party to nor interested in the within action; my business address is One Montgomery Street, Suite 2200, San Francisco, California 94104.

On December 8, 2008, I served the following documents:

**STATUS CONFERENCE STATEMENT BY SOFTWARE RIGHTS ARCHIVE, LLC**

I enclosed true and correct copies of said document in envelopes and placed same for collection and mailing with the United States Postal Service on, December 16, 2008, following the ordinary business practice; addressed as follows:

| | | |
|---|---|---|
| Craig M. Prim<br>Law Offices of Murray & Murray<br>19330 Stevens Creek Blvd., Suite 100<br>Cupertino, CA 95014 | Office of the U.S. Trustee<br>U.S. Federal Building<br>280 South 1st St., #268<br>San Jose, CA 95113 | G. Larry Engel<br>Vincent J. Novak<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105 |
| Lawrence M. Schwab<br>Patrick M. Costello<br>Bialson, Bergen & Schwab<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306 | Mark Parnes<br>Donald Bradley<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304 | Jeffrey Ait<br>1253 Monticello Drive<br>Myrtle Beach, SC 29577 |
| John Murray<br>Law Offices of Murray & Murray<br>19400 Stevens Creek Blvd., Suite 200<br>Cupertino, CA 95014 | Lee Kaplan<br>Smyser Kaplan & Veselka, L.L.P.<br>Bank of America Center<br>700 Louisiana, Suite 2300<br>Houston, TX 77002 | Claude Stern<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 |
| Jennifer Kash<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Scott Shelley<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

2

1    I am readily familiar with my firm's practice for collection and processing of
correspondence for delivery in the manner indicated above, to wit, that correspondence will be
2    deposited for collection in the above-described manner this same day in the ordinary course of
business.
3

4    I am employed in the office of a member of the bar of this court, at whose direction the
service was made.

5    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
6

   Executed on December 16, 2008, San Francisco, California.
7

8                                   /s/ Yolanda Johnson
                                       Yolanda Johnson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
415-364-6700

3

## Miscellaneous:

<u>99-50736 Site Technologies, Inc.</u>

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 5 (San Jose) |
| Judge: RLE | Assets: y | Disp: Standard Discharge |
| Case Flag: PreAct, REOPENED | | |

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Nuti, Gregory C. entered on 12/16/2008 at 2:32 PM PST and filed on 12/16/2008

**Case Name:** Site Technologies, Inc.
**Case Number:** <u>99-50736</u>
**Document Number:** <u>295</u>

**Docket Text:**
Status Conference Statement *by Software Rights Archive LLC* Filed by Interested Party Software Rights Archive, LLC (Attachments: # (1) Certificate of Service) (Nuti, Gregory)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** H:\ecf\Status Conference Statement [3155198_1].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=12/16/2008] [FileNumber=9428289-0] [93535a4283f29125929a4df18d39e3dc99962cfa020221db5eb579eba4d84aefa3 976daa6e84fc7374f5e060804283b981febd4187757b7f11e77ec4bfa9c040]]
**Document description:** Certificate of Service
**Original filename:** H:\ecf\COS Re Status Conference Statement [3155514_1].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=12/16/2008] [FileNumber=9428289-1] [0773a417950846cc001adde7cdd18706919e3b519cd646d8558bd891d96fbe8b42 5ca45f907bd725fba009dcc23694e232600d42b0b2e6199fd8f587a805cfac]]

**99-50736 Notice will be electronically mailed to:**

Patrick M. Costello    pcostello@bbslaw.com, catherine@bbslaw.com

G. Larry Engel    lengel@mofo.com, vnovak@mofo.com,jkline@mofo.com

Gregory C. Nuti    gnuti@schnader.com, yjohnson@schnader.com

Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov

**99-50736 Notice will not be electronically mailed to:**

A. R. Pagan and Co.
,

Jeffrey F. Ait
12702 Morehead
Chapel Hill, NC 27517

Argo Partners
,

Margaret Barron
PricewaterhouseCoopers
Ten Almaden Blvd. #1600
San Jose, CA 95113

Christopher Beard
Beard and Beard
4601 North Park Ave
Chevy Chase, MD 20815

Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

Comerica Bank - California
,

Conxion Corporation
D. Steve Harris
Law Office of D. Steve Harris
601 California St. #2000
San Francisco, CA 94108

Dell Financial Services, Inc.
,

Peder Hong
242 Canterbury Cir.
New Smyrna Beach, FL 32168

Ingram Micro, Inc.
,

Mark V. Isola
Law Offices of Berliner and Cohen
10 Almaden Blvd. 11th Fl.
San Jose, CA 95113-2233

Jennifer A. Kash

Quinn Emanuel et al
50 California St 22nd Fl.
San Francisco, CA 94111

Merrill Corporation

,

Pacific Gas and Electric Company

,

Craig M. Prim
Law Offices of Murray and Murray
19330 Stevens Creek Blvd. #100
Cupertino, CA 95014-2526

A. Nick Shamiyeh
Law Offices of A. Nick Shamiyeh
2221 Olympic Blvd. #100
Walnut Creek, CA 94595

Unisys Corporation
Charles R. Moyer, Senior Attorney
P.O. Box 500, M/S CI-SW19
Blue Bell, PA 19424

Western Management Group
16615 Lark Ave. #201
Los Gatos, Ca 95032

Wilson, Sonsini, Goodrich and Rosati

,

# EXHIBIT B

1   Lawrence M. Schwab, Esq.
    Attorney Bar No.085600
2   Patrick M. Costello, Esq.
    Attorney Bar No.117205
3   BIALSON, BERGEN & SCHWAB
    2600 El Camino Real - Suite 300
4   Palo Alto, California 94306
    Telephone: (650) 857-9500
5   Facsimile: (650) 494-2738

6   Attorneys for GOOGLE INC.,
7   a party in interest

8

9                     UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12
    In re Site Technologies, Inc.          Case No.  99-50736 RLE
13
                                           CHAPTER   11
14

15                                         Date:  December 17, 2008
                                           Time:  10:30 a.m.
16                                         Place: Courtroom 3099
                                           280 South First Street
17                                         San Jose, CA 95113

18

19        **JOINDER TO MOTION TO REOPEN CASE AND RELATED RELIEF**

20          Google Inc. ("Google"), a party in interest and stakeholder under the Chapter 11 Plan

21   confirmed in the above-captioned case[1], hereby joins in and supports the request for relief made

22   by Sherwood Finance (Delaware), LLC ("Sherwood") pursuant to its Motion (I) To Reopen

23   Closed Case Pursuant To 11 U.S.C. § 350(b) And Rule 5010 In Order To Protect And Auction

24   Patents Held *In Custodia Legis*, (II) To Appoint A Trustee, (III) For A Status Conference

25   Pursuant To § 105(d) To Arrange For Protective Orders And Confirmation Of The Continuing
26

27   _____
     [1] Google has acquired all rights and interests of Mr. Donald Grossman, a beneficiary and stakeholder under the
28   confirmed Chapter 11 Plan and former holder of 15,000 shares of the stock of Site Technologies, Inc., with respect to
     his equity interests and attendant rights.

     JOINDER TO MOTION TO REOPEN CASE AND
     RELATED RELIEF
                                           - 1 -

1   Stay, And (IV) For Other Relief (the "Motion to Reopen").

2        The Motion to Reopen presents compelling evidence that a fiduciary under the liquidating

3   plan confirmed in this case has, in a manner wholly outside any authority conferred under the

4   confirmed plan, purported to dispose of valuable assets that should have instead been liquidated

5

6   for the benefit of the plan stakeholders.  This improper disposal was done without any accounting

7   to either the Court or parties in interest, and to the material detriment of plan stakeholders.  The

8   integrity of the plan process and the interests of the plan stakeholders require that the Chapter 11

9   case be reopened, the conduct of this plan fiduciary thoroughly investigated, and the appropriate

10  remedial action taken.

11

12  Dated:  December 3, 2008                    BIALSON, BERGEN & SCHWAB

13

14                                             By: /s/ Patrick Costello
                                                   Patrick Costello, Esq.
15                                                 Counsel for Google Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINDER TO MOTION TO REOPEN CASE AND
RELATED RELIEF
                                    - 2 -