Google Inc. et al v. Egger et al
Doc. 127 Att. 22


# EXHIBIT N

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:07-cv-511 (CE)** |
| | § | |
| **GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC.** | § § § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants** | § | |

**SOFTWARE RIGHTS ARCHIVE, LLC'S OPPOSITION TO GOOGLE INC., AOL LLC, AND YAHOO! INC.'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL, OR IN THE ALTERNATIVE, FOR RECONSIDERATION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... ii

TABLE OF AUTHORITIES ..... iii

I. Defendants' Motion for Certification Should Be Denied ..... 1

A. The Order Does Not Involve a Pure Question of Law ..... 2

B. The Order Does Not Involve a Controlling Question of Law. ..... 3

C. The Order Is Not Subject to a Substantial Ground for Difference of Opinion. ..... 4

D. Certification Will Not Materially Advance the Termination of the Litigation ..... 6

II. Defendants' Motion for Reconsideration Should Be Denied. ..... 7

A. Defendants' Motion Identifies No "Manifest Error of Law." ..... 7

B. Defendants' Motion Impermissibly Rehashes Previous Arguments. ..... 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) ........ 1, 2

*Alberto v. Diversified Group, Inc.*,
55 F.3d 201 (5th Cir. 1995) ........ 8

*ASARCO LLC v. Ams. Mining Corp.*,
396 B.R. 278 (S.D. Tex. 2008) ........ 8, 9

*BASF Corp. v. POSM II Props. P'ship, L.P.*,
2009 WL 5222721 (Del. Ch. Mar. 3, 2009) ........ 8

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*,
295 F. Supp. 2d 400 (D. Del. 2002) ........ 8

*Cabrallo-Seda v. Mun. of Hormigueros*,
395 F.3d 7 (1st Cir. 2005) ........ 5

*California Public Employees' Retirement System v. Worldcom, Inc.*,
368 F.3d 86 (2d Cir. 2004) ........ 3, 4

*Crouch v. J.C. Penney Corp., Inc.*,
564 F. Supp. 2d 636 (E.D. Tex. 2008) ........ 7

*Dupree v. Kaye*,
2008 WL 294532 (N.D. Tex. Feb. 4, 2008) ........ 5

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*,
2008 WL 4057745 (Del. Ch. Sept. 2, 2008) ........ 8

*Fitzgerald v. Cantor*,
1998 WL 842316 (Del. Ch. Nov. 10, 1998) ........ 9

*Halliburton Energy Servs., Inc. v. NL Indus.*,
2007 WL 268492 (S.D. Tex. Jan. 26, 2007) ........ 5, 6

*Harco Nat'l Ins. Co. v. Green Farms, Inc.*,
1989 WL 110537 (Del. Ch. Sept. 19, 1989) ........ 9

*In re Enron Corp.*,
316 B.R. 767 (S.D.N.Y. 2004) ........ 4

*In re Flor*,
79 F.3d 281 (2d Cir. 1996) ........ 5

*In re Foxmeyer Corp.*,
290 B.R. 229 (Bankr. D. Del. 2003) ....................10

*In re M&L Bus. Mach. Co.*,
75 F.3d 586 (10th Cir. 1996) ....................6

*Insituform Techs., Inc. v. CAT Contracting, Inc.*,
385 F.3d 1360 (Fed. Cir. 2004)....................2

*Litton Sys., Inc. v. Raytheon Co.*,
1992 WL 276681 (Fed. Cir. Aug. 4, 1992)....................1

*Mabon, Nugent & Co. v. Tex. Am. Energy Corp.*,
1988 WL 5492 (Del. Ch. Jan. 27, 1988)....................9

*McFarlin v. Conseco Servs., LLC*
381 F.3d 1251 (11th Cir. 2004) ....................3

*Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*,
2004 WL 415251 (Del. Ch. Mar. 4, 2004)....................9

*Midland Interiors, Inc. v. Burleigh*,
2006 WL 3783476 (Del. Ch. Dec. 19, 2006)....................9

*Mobil Oil Corp. v. Linear Films, Inc.*,
718 F. Supp. 260 (D. Del. 1989)....................8

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
71 F. Supp. 2d 139 (E.D.N.Y. 1999) ....................1, 2

*Parcel Tankers, Inc. v. Formosa Plastics Corp.*,
764 F.2d 1153 (5th Cir. 1985) ....................4

*Pauley Petroleum, Inc. v. Continental Oil Co.*,
239 A.2d 629 (Del. 1968) .................... *passim*

*Pereira v. Cogan*,
265 B.R. 32 (S.D.N.Y. 2001)....................5

*Pittway Corp. v. Fyrnetics, Inc.*,
1993 WL 452621 (Fed. Cir. July 30, 1993)....................2

*PYR Energy Corp. v. Samson Res. Co.*,
2007 WL 858803 (E.D. Tex. Mar. 16, 2007) ....................1

*Raber v. Pittway Corp.*,
1994 WL 18499 (Fed. Cir. Jan. 13, 1994) ....................2

*SEC v. U.S. Envtl.*,
155 F.3d 107 (2d Cir. 1998) .......... 7

*Smith v. AET Inc., Ltd.*,
2007 WL 1644060 (S.D. Tex. June 4, 2007) .......... 2

*Sprint Nextel Corp. v. iPCS, Inc.*,
2008 WL 2737409 (Del. Ch. July 14, 2008) .......... 2, 9

*Stoffels v. SBC Commcn's, Inc.*,
572 F. Supp. 2d 809 (W.D. Tex. 2008) .......... 2

*Weber v. U.S.*,
484 F.3d 154 (2d Cir. 2007) .......... 5

*Westport Ins. Corp. v. Stengel*,
571 F. Supp. 2d 737 (E.D. Tex. 2005) .......... 7, 10

*Zubik v. Zubik*,
384 F.2d 267 (3d Cir. 1967) .......... 8

**STATUTES**

28 U.S.C. § 1292(b) .......... *passim*

Defendants' motion for certification should be denied for multiple independent reasons:

- The Court's order does not involve a pure question of law. Alter ego is not an issue that can be decided quickly and without having to study the record, but instead is a fact-intensive inquiry that in this case will require the circuit court to delve into affidavits, SEC filings, deposition transcripts, tax filings, and other documents.
- The Court's order does not involve a controlling question of law. Courts consistently hold this requirement unsatisfied where even one alternative basis exists for potentially upholding the district court's ruling. This Court's order rests on just one of many alternative grounds.
- The Court's order is not subject to a substantial ground for difference of opinion. It presents no difficult question of first impression, but instead merely, and impermissibly, complains that the parties disagree and that the court ruled incorrectly.
- Certification would not materially advance the ultimate termination of the litigation. At best, the Federal Circuit will remand this Court's order for resolution of whether something like fraud occurred and whether standing exists under one of the many alternative theories originally unaddressed by this Court.

Defendants' motion for reconsideration should also be denied:

- Defendants identify no manifest error of law. This Court's order was correctly decided, and *Pauley*, on which this Court relied, is alive and well and comports perfectly with the cases Defendants cite.
- Defendants impermissibly rehash arguments asserted in their original briefing. Their motion is an improper effort to get a fourth bite at the apple.

## I. DEFENDANTS' MOTION FOR CERTIFICATION SHOULD BE DENIED

Motions for certification may be granted only where four requirements are satisfied: "[1] there must be a question of *law*, [2] it must be *controlling*, [3] it must be *contestable*, and [4] its resolution must promise to *speed up* the litigation."[1] Defendants have not satisfied their burden to meet any of these requirements—much less all four.[2] Certification should be denied.

[1] *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (Posner, C.J.); *see Litton Sys., Inc. v. Raytheon Co.*, 1992 WL 276681, at *2 (Fed. Cir. Aug. 4, 1992) (stating the same requirements in a three-part test: (1) the order appealed from involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation); *PYR Energy Corp. v. Samson Res. Co.*, 2007 WL 858803, at *1 (E.D. Tex. Mar. 16, 2007) (same).

[2] In fact, if any requirements even arguably fails—and here they all clearly fail—certification would have to be denied, because interlocutory certifications under § 1292(b) are "not favored," and the statute is to be "strictly construed." *Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995). Moreover, this Court has discretion to deny certification even where all statutory requirements are satisfied. *Nat'l Asbestos Workers Med.*

## A. The Order Does Not Involve a Pure Question of Law.

Certification of an order is appropriate only if it "turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz,* 219 F.3d at 677.[3] It should be denied where the issues "are heavily fact-based and necessarily involve a review of the factual record." *Smith v. AET Inc., Ltd.*, 2007 WL 1644060, at *6 (S.D. Tex. June 4, 2007) (denying certification).[4]

The Court's order here rests on the alter ego doctrine, which is undeniably fact-specific: "[R]esolution of the alter ego issue is heavily fact-specific and, as such, is peculiarly within the province of the trial court." *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004) (applying Fifth Circuit law); *see Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, at *11 (Del. Ch. July 14, 2008) ("Disregard of the corporate entity . . . is a fact-intensive inquiry." (internal quotation marks and modifications omitted)) (applying Delaware law).[5] In fact, the Court's reasoning involved reciting nearly four full pages of the specific facts of this case, such as the precise relationship between Site/Tech and Deltapoint and the specific representations made by Deltapoint to Egger and others. Furthermore, though Defendants try to put an abstract-sounding spin on the question to be certified, their own formulation of that question reveals the failure of this requirement: "whether standing . . . is satisfied . . . absent a showing that . . . [the corporate form] did ***in fact*** perpetrate a fraud or something like fraud"

---

*Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999). Such an exercise of discretion is non-reviewable. *Id.*

[3] *Accord Pittway Corp. v. Fyrnetics, Inc.*, 1993 WL 452621, at *1 (Fed. Cir. July 30, 1993) (declining interlocutory jurisdiction); *Stoffels v. SBC Commcn's, Inc.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008) (denying certification).

[4] *See Raber v. Pittway Corp.*, 1994 WL 18499, at *2 (Fed. Cir. Jan. 13, 1994) (denying certification where "[t]he certified order . . . concerns the law as applied to the specific facts of this case"); *Stoffels*, 572 F. Supp. 2d at 811 ("[P]ermissive interlocutory appeals are not proper for determinations that involve applications of law to fact.").

[5] Defendants' own motion acknowledges that alter ego is an evidentiary inquiry; it states that "discovery sought by [pending] motions may reveal new evidence relevant to this motion" and purports to "reserve the right to supplement this memorandum (including with any newly discovered evidence)." (Defs.' Mot. at 2.)

turns on a hotly disputed fact issue in this case—whether Deltapoint and Site/Tech perpetrated "something like fraud" on Daniel Egger. (Defs.' Mot. at 1.) Thus, the inescapable fact is that, if this order is certified, the circuit court will have to engage in a fact-intensive alter ego analysis, delving into the record—affidavits, deposition transcripts, tax records, SEC filings, and all—to sort through all the fact issues, just as this Court did. This is the opposite of what certification is about: "1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC* 381 F.3d 1251, 1259 (11th Cir. 2004). Therefore, certification should be denied.

**B. The Order Does Not Involve a Controlling Question of Law.**

Certification is inappropriate for the further reason that this Court's order does not involve "a controlling question of law." 28 U.S.C. § 1292(b). The case law is clear that an order is not controlling if the district court could have based it on alternative, unaddressed grounds. For example, in *California Public Employees' Retirement System v. Worldcom, Inc.*, 368 F.3d 86 (2d Cir. 2004), the district court held that the court possessed jurisdiction over plaintiffs' claims because those claims "related to" certain third parties' contribution claims pending against the defendant in bankruptcy. *Id.* at 95. Additional grounds for finding jurisdiction were advanced to the district court, *id.* at 92, but the court declined to address them. *Id.* at 95. Both the district court and the Second Circuit refused to certify the order, because, in the Second Circuit's words:

> Having isolated a single basis for jurisdiction—i.e., certain [third parties'] contribution claims against the [defendant]—the District Court did not decide whether the Directors' indemnification claims against the [defendant] or any other potential claims supported 'related to' jurisdiction. Because at least one alternative basis for 'related to' jurisdiction may exist—i.e., the Directors' indemnification claims against the estate—we are not convinced that the [plaintiffs] have raised a 'controlling question' that should be reviewed on an interlocutory basis.

*Id.* Likewise, in *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153 (5th Cir. 1985), the district court determined that it had personal jurisdiction over the defendant because the defendant owned cargo located at the port of Houston that was the subject of a writ of attachment. *Id.* at 1154. The defendant sought certification, arguing that the writ of attachment was issued unconstitutionally. *Id.* The Fifth Circuit rejected certification, because potential alternative theories for personal jurisdiction rendered the question not controlling:

> Even were we to hold Rule B unconstitutional, as [Defendant] urges, a factual dispute would remain as to whether the district court's in personam jurisdiction over [Defendant] could be sustained on the basis of [Defendant's] continuing contacts with the relevant jurisdiction. . . . Thus, even a holding on our part that jurisdiction could not rest on Rule B would not result in dismissal of the suit. At best, it would only vacate the writ of attachment.

*Id.* at 1155 n.1.[6]

Here, as this Court recognized, numerous alternative grounds potentially support this Court's ruling: "SRA's argument sets forth a number of legal theories which arguably vest title of the patents-in-suit with SRA, thus conferring standing." (Order at 4.) Yet this Court's order rested on just one—alter ego—and expressly declined to address the others: "Because the court finds in favor of SRA on the alter ego issue, the court will forgo analysis of standing under the remaining common law theories." (Order at 5.) Because numerous alternative, unaddressed grounds remain to potentially support this Court's order, the question presented for interlocutory review is not controlling, and certification should be denied.

### C. <u>The Order Is Not Subject to a Substantial Ground for Difference of Opinion.</u>

Certification should be denied for the further reason that the question presented here is not subject to a "substantial ground for difference of opinion." 18 U.S.C. § 1292(b). Very few

[6] *See also In re Enron Corp.*, 316 B.R. 767, 772 (S.D.N.Y. 2004) (denying certification of a bankruptcy court order where there were two alternative bases urged in support of the order, but the bankruptcy court had rested its holding on just one; "If this Court were to reverse the Stay Order, the bankruptcy judge would be required to consider the alternative basis for it. The appeal of the Stay Order therefore does not involve a controlling question of law.").

questions satisfy this requirement. Questions that are raised for certification merely because "counsel disagrees on applicable precedent"[7] or because a party "claim[s] that a district court has ruled incorrectly" do not qualify.[8] In fact, even "a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."[9] Perhaps most tellingly, even "some level of disagreement among courts does not [necessarily] mean that the standards of § 1292(b) are satisfied."[10] Rather, certification is reserved only for "difficult and pivotal questions of law not settled by controlling authority."[11] It is proper only in the exceptional case where "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."[12]

This is not one of those exceptional cases. This Court's order did not violate any circuit's precedent, there is no circuit split that the Federal Circuit must address, and no complex foreign law is implicated here. Nor is the question here—what specific fraud-like facts merit an alter ego finding under Delaware law—a "novel and difficult question of first impression." There are literally hundreds of cases from around the country analyzing alter ego under Delaware law. The case on which this Court's order relied—*Pauley Petroleum, Inc. v. Continental Oil Co.*, 239 A.2d 629 (Del. 1968)—has itself been cited dozens of times in connection with such analyses.

---

[7] *Halliburton Energy Servs., Inc. v. NL Indus.*, 2007 WL 268492, at *11 (S.D. Tex. Jan. 26, 2007).

[8] *Dupree v. Kaye*, 2008 WL 294532, at *3 (N.D. Tex. Feb. 4, 2008); *see also Weber v. U.S.*, 484 F.3d 154, 159 n.3 (2d Cir. 2007) ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function.").

[9] *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks omitted).

[10] *Pereira v. Cogan*, 265 B.R. 32, 35 (S.D.N.Y. 2001).

[11] *Cabrallo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005).

[12] *Dupree*, 2008 WL 294532, at *3 (quoting 24 Am. Jur. 2d *Appellate Review* § 123 (2007)).

Instead, this request is a run-of-the-mill complaint that the parties "disagree[] on applicable precedent" and that the "district court has ruled incorrectly." Specifically, Defendants complain that the Court's order "apparently relied on *Pauley* suggesting that any apparent injustice—even absent fraud or its equivalents—could justify an alter ego finding," which "interpretation" Defendants contend "conflicts with subsequent Delaware cases." (Defs.' Mot. at 6.) To begin, since SRA contended that "something like fraud" was present, and since the Court's order is consistent with such a finding, Defendants' argument that *Pauley* is no longer good law—in addition to being wrong—is somewhat beside the point. But in any event, Defendants' disagreement with this Court's "interpretation" of the controlling precedents does not demonstrate "a substantial ground for difference of opinion" as required by § 1292(b).[13] For this third independent reason, Defendants' motion should be denied.

### D. Certification Will Not Materially Advance the Termination of the Litigation.

Fourth, certification is inappropriate because Defendants have not shown that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants claim that this Court erred, because Delaware alter ego law "requires the purposeful commission of fraud or something like fraud." (Defs.' Mot. at 5.) Defendants are wrong, as explained below. But, even if the Federal Circuit were to agree with Defendants, it would likely remand the issue back to this Court. Still remaining to be resolved would be the fact issue of whether this Court's order was proper because "fraud or something like fraud" was present,[14] and the question of whether standing should be sustained

---

[13] *See, e.g., Halliburton Energy Servs., Inc.*, 2007 WL 268492, at *11 ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." (internal quotation marks omitted)).

[14] *See, e.g., In re M&L Bus. Mach. Co.*, 75 F.3d 586, 591-92 (10th Cir. 1996) (after reversing district court determination that a new limitations period began to run again following the conversion of a Chapter 11 case to a

under one or more of the many independent legal doctrines originally unaddressed by this Court.[15] Accordingly, Defendants' claim that certification would advance the termination of this case "because a ruling that SRA has no standing would terminate all of SRA's claims" is grossly misleading. (Defs.' Mot. at 1.) Because all four independent requirements of § 1292(b) fail, Defendants' motion should be denied.

## II. Defendants' Motion for Reconsideration Should Be Denied.

It is well-settled: Reconsideration is an "extraordinary" remedy to "be used sparingly."[16] "Motions to reconsider . . . serve a very limited purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence."[17] "Mere disagreement with a district court's order does not warrant reconsideration of that order. A party should not restate, recycle, or rehash arguments that were previously made."[18] Defendants' motion disregards all these principles and seeks an unjustified fourth bite at the apple.[19] Moreover, this Court's order was correctly decided in the first instance. Therefore, reconsideration should be denied.

### A. Defendants' Motion Identifies No "Manifest Error of Law."

Defendants' motion identifies no "manifest error of law." It complains that this Court's order "relied centrally on *Pauley*"—a longstanding Delaware Supreme Court case—but then fails entirely to negate *Pauley*'s continuing validity. (Defs.' Mot. at 8.) Defendants cite not one

---

Chapter 7 case, remanding to the district court for determination as to whether the limitations period was equitably tolled under the facts of the case).

[15] *See SEC v. U.S. Envtl.*, 155 F.3d 107, 113 (2d Cir. 1998) (after reversing on interlocutory appeal district court order that dismissed SEC complaint on sole ground that the SEC had failed to allege that defendant was a primary violator, refusing to consider defendant's argument that complaint failed to allege fraud with particularity because "the district court explicitly declined to rule upon that issue").

[16] *See Crouch v. J.C. Penney Corp., Inc.*, 564 F. Supp. 2d 636, 640 (E.D. Tex. 2008).

[17] *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (internal quotation marks omitted).

[18] *Id.* (internal quotation marks and citations omitted).

[19] In contesting standing, Defendants have already filed (1) a motion to dismiss on July 16, 2008 (12 pages), (2) a reply in further support on November 4, 2008 (30 pages), and (3) a sur-reply on January 16, 2009 (5 pages).

case that even remotely disagrees with *Pauley*. Instead, ironically, they rely on several cases that actually affirm *Pauley's* teaching.[20] In point of fact, *Pauley* is alive and well, as is its longstanding and oft-cited principle that piercing the corporate veil "may be done only in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable consideration among members of the corporation require it, are involved."[21] As recently as three months ago, Vice Chancellor Strine cited *Pauley* and quoted that very principle in *BASF Corp. v. POSM II Props. P'ship, L.P.*, 2009 WL 5222721, at *8 n.50 (Del. Ch. Mar. 3, 2009). Other courts from Delaware and around the country—including the Fifth Circuit and the Southern District of Texas—have consistently done the same.[22]

Indeed, it is Defendants' strained reading of Delaware alter ego law that misses the mark. According to Defendants, the ironclad rule over all Delaware alter ego law is this: The corporate veil may be pierced only in the narrow instance where "the corporate form [was] established or operated for the purpose of defrauding and . . . perpetrated a fraud or something like fraud." (Defs.' Mot. at 8.) Delaware law rejects this stilted approach: "[T]he legal test for [disregarding the corporate form] cannot be reduced to a single formula that is neither over nor under-inclusive . . . . [T]he cases inevitably tend to evaluate the specific facts with a standard of 'fraud' or

---

[20] *See, e.g., Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967) ("[T]he appropriate occasion for disregarding the corporate existence occurs when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime."); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 268 (D. Del. 1989) ("Fraud is frequently cited as a basis on which to pierce the corporate veil, but it is not the only one: It may be done only in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable considerations are involved." (internal quotation marks, ellipses, and modifications omitted)).

[21] *Pauley*, 239 A.2d at 633.

[22] *See, e.g., Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 206 n.19 (5th Cir. 1995); *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *11 (Del. Ch. Sept. 2, 2008); *ASARCO LLC v. Ams. Mining Corp.*, 396 B.R. 278, 320 (S.D. Tex. 2008); *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 407-08 (D. Del. 2002).

'misuse' or some other general term of reproach in mind."[23] In fact, Delaware law explicitly holds that fraud, while often sufficient, is not the only type of injustice to give rise to veil-piercing: "Fraud is frequently cited as a basis on which to pierce the corporate veil, but it is not the only one."[24] Rather, the inquiry is a much more flexible one, encompassing both "fraud" specifically and "inequity" and "injustice" more generally.[25]

In fact, even the cases on which Defendants principally rely—*Crosse* and *Wallace*—do not support Defendants' rigid principle. Rather, they stand in harmony with *Pauley* and with this Court's order. *Wallace* states that "[p]iercing the corporate veil under the alter ego theory requires that the corporate structure cause fraud or similar injustice."[26] This in no way contradicts—but rather affirms—*Pauley*'s teaching that alter ego requires a showing of injustice, one non-exclusive example of which is fraud. It also does not contradict this Court's order, which held that "the equities in favor of preventing injustice and contravention of contract strongly demand a piercing of the corporate veil." (Order at 11-12.) It scarcely supports Defendants' rule, which would require actual "defrauding." The case law requires "fraud or similar injustice"—not "fraud or fraud."

---

[23] *Midland Interiors, Inc. v. Burleigh*, 2006 WL 3783476, at *3 (Del. Ch. Dec. 19, 2006) (internal quotation marks omitted).

[24] *Mabon, Nugent & Co. v. Tex. Am. Energy Corp.*, 1988 WL 5492, at *3 (Del. Ch. Jan. 27, 1988); *see Harco Nat'l Ins. Co. v. Green Farms, Inc.*, 1989 WL 110537, at *4 (Del. Ch. Sept. 19, 1989) ("Fraud has traditionally been sufficient reason to pierce the corporate veil. Other grounds also exist.").

[25] *See, e.g., Sprint*, 2008 WL 2737409, at *10 ("Under the alter ego or piercing the corporate veil doctrine, courts will ignore the corporate boundaries between parent and subsidiary if fraud or inequity is shown." (internal quotation marks omitted)); *Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, 2004 WL 415251, at *7 (Del. Ch. Mar. 4, 2004) ("For this Court to pierce the corporate veil . . . , Medi-Tec must prove that some 'fraud or injustice' would be perpetrated through misuse of the corporate form."); *Fitzgerald v. Cantor*, 1998 WL 842316, at *2 (Del. Ch. Nov. 10, 1998) ("This Court will ignore the sanctuary of the corporate form . . . under the alter-ego theory only in the exceptional case where the complainant can show fraud, injustice or inequity in the use of the corporate form."); *ASARCO*, 396 B.R. at 320 ("[F]raud is not required," but rather, "an inherent trait of Delaware's alter-ego theory is injustice or unfairness.").

[26] *Wallace*, 752 A.2d at 1184 (internal quotation marks omitted).

In any event, here "the corporate form was operated for something like fraud." As this Court found, even if the patents belonged to Site/Tech, Deltapoint explicitly assured Egger that it possessed "good and marketable title to the Purchased Assets," and in reliance thereon, "Egger paid at least $80,000 of the $100,000 due under the assignment for the patents." (Order at 11.) For Deltapoint to have shielded the patents in its shell subsidiary Site/Tech, even while representing otherwise to Egger and taking Egger's money, certainly constitutes "operating the corporate form for something like fraud."[27] Therefore, Defendants' motion fails.[28]

**B. <u>Defendants' Motion Impermissibly Rehashes Previous Arguments.</u>**

Defendants' motion also improperly "rehash[es] arguments that were previously made."[29] Defendants argue that "Delaware alter ego case law requires proof that the corporate form was established or operated for the purpose of defrauding and that it in fact perpetrated a fraud or something like fraud . . . . No one contends that Deltapoint and Site/Tech's corporate relationship was established or intentionally operated to avoid liability for a transaction with Egger." (Defs.' Mot. at 10.) Defendants' argument in their reply brief seven months ago is nearly identical: "Under Delaware law, the *alter ego* doctrine applies only where a corporation uses its alleged *alter ego* to perpetrate 'fraud or similar injustice.' . . . Here, there is no evidence that Site Tech [i.e., Deltapoint] and Site/Tech intentionally used their corporate structure to defraud Egger." (Defs.' Reply at 17.) Defendants also relied on the same case law and made the same points as here. In short, Defendants' motion merely seeks a fourth bite at the apple. It should be denied.

---

[27] *See In re Foxmeyer Corp.*, 290 B.R. 229, 241 (Bankr. D. Del. 2003) ("[U]nder Delaware law, it is not necessary in an action . . . to pierce a corporate veil [] to demonstrate that the defendant knew or believed that his misrepresentation was false . . . .").

[28] In a footnote, Defendants point out that, in one place amidst a litany of factual recitations in its order, this Court accidentally wrote "Site/Tech" instead of "Site Tech" or "Deltapoint." This minor error hardly constitutes a "manifest error of fact." Defendants claim no "newly discovered evidence," and indeed, none exists.

[29] *Westport*, 571 F. Supp. 2d at 738.

Respectfully submitted,

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Admitted *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX**
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

Attorneys for Plaintiff
SOFTWARE RIGHTS ARCHIVE LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 15th day of June, 2009.

Lee L. Kaplan