# EXHIBIT O

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-511 |
| | § | |
| GOOGLE INC., YAHOO! INC., IAC | § | |
| SEARCH & MEDIA, INC., AOL, LLC, | § | |
| AND LYCOS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Pending before the court is the defendants' motion for certification of order for interlocutory appeal or, in the alternative, for reconsideration (Dkt. No. 147). For the reasons discussed below, the court denies the motion.

**II.  Factual and Procedural Background**

On March 31, 2009, the court entered an order (Dkt. No. 138), denying the defendants', Google Inc. ("Google"), Yahoo! Inc. ("Yahoo"), IAC Search & Media, Inc. ("IAC"), and Lycos, Inc. ("Lycos") (collectively, "the defendants"), motion to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The dispute regarding standing focused on the characterization of certain mergers and acquisitions; two assignments among the various entities associated with the plaintiff, Software Rights Archive, LLC ("SRA"); and a bankruptcy proceeding. SRA articulated a number of theories in support of standing. Ultimately, the court found standing pursuant to Delaware alter ego law.

In their motion, the defendants request certification to the Federal Circuit of a "controlling question of law as to which there is substantial ground for difference of opinion and

[] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The defendants assert that the order implicates the following controlling issue of law:

> [W]hether standing under the Patent Act is satisfied by an equitable transfer of patent rights under the Delaware alter ego doctrine absent a showing that the purpose of the corporate form was to perpetrate fraud, and that it did in fact perpetrate fraud or something like fraud. See Defendants' Mot. at 5.

The defendants, alternatively, seek reconsideration of the court's decision, on the grounds that it is based on manifest legal error.

The court incorporates by reference the factual and procedural background as discussed in its original March 31, 2009, order.

### III. Discussion

An order is appropriate for certification if (1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). *Litton Systems, Inc. v. Raytheon Co.*, 1992 WL 276681, *2 (Fed. Cir. 1992); *see also Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.") and *In re Flor*, 79 F.3d 281, 284 (2d. Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

### A. Controlling Question of Law

Certification is proper in circumstances involving a pure issue of law, i.e., a question the appellate court can efficiently rule on without making an intensive inquiry into the record. *See Pittway Corp. v. Fynetics, Inc.*, 9 F.3d 977 (Fed. Cir. 1993) ("§ 1292(b), (c) contemplates review of pure questions of law . . . . For proper certification, it is necessary 'that the order involve a clear-cut question of law against a background of determined and immutable facts.'" (citing 9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 110.22[2] (2d ed. 1993))); *Raber v. Pittway Corp.*, 17 F.3d 1444 (Fed. Cir. 1993) ("The certified order here concerns the law as applied to the specific facts of this case. There is no new question of law that would be of general interest or that would be applicable to a wide range of cases. Given the limited applicability of the question and its connection with the facts of this case, we do not consider this order appropriate for immediate review . . . ."); *Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir.) ("because it was an abstract issue of law, it was suitable for determination by an appellate court without a trial record."); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."); *Smith v. AET Inc., Ltd.*, 2007 WL 1644060, *6 (S.D. Tex. 2007) ("The arguments set forth in regard to both appealed orders are heavily fact-based and necessarily involve a review of the factual record. Accordingly, these orders are not appropriate for interlocutory review under the standard set forth in 28 U.S.C. § 1292(b).").

The court's March 31, 2009, order applied Delaware law to determine whether the court should ignore the corporate distinction between Deltapoint and Site/Tech—specifically, the court

3

determined that, at the time of the 1998 assignment to Mr. Egger, Site/Tech and Deltapoint were operating as a single economic entity, and the interests of justice and the compelling equities favored giving title to Egger (and subsequently SRA).

The defendants argue that Delaware law requires a showing that the purpose of the corporate form was to perpetrate fraud, and that it did in fact perpetrate a fraud or something like fraud.  Essentially, they assert that if the appellate court finds that Delaware law requires fraud in its analysis, then under the analysis of the March 31, 2009, order, SRA does not have standing because fraud was not present.  The court rejects this argument.  Standing under the alter ego doctrine is "heavily fact-specific" inquiry.  *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004) (applying Fifth Circuit Law); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, *11 (Del. Ch. 2008) ("Disregard of the corporate entity . . . is a fact-intensive inquiry.").  Assuming the appellate court requires a showing of fraud under Delaware law, the defendants make a tacit assumption that fraud (or a species thereof) would not be present under the facts of this case.  As the March 31, 2009, order did not assess the merits of fraud, the appellate court would likely have to either remand the issue back to this court (see below) or review the record and determine whether the evidence might support a finding of fraud.  Either avenue weighs against certifying the question for interlocutory appeal as it does not involve a clear issue of law.

Furthermore, in opposition to the original motion, SRA asserted a number of theories on which it could assert standing.  That the court ultimately rested its opinion on Delaware alter ego law does not foreclose analysis under those separate theories—indeed, standing may potentially be found to exist under an additional, alternative ground.  *See California Public Employees' Retirement Sys. v. Worldcom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004) ("Because at least one

alternative basis for 'related to' jurisdiction may exist . . . we are not convinced that the Bondholders have raised a 'controlling question' that should be reviewed on an interlocutory basis."); *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1155 (5th Cir. 1985). The defendants have not met this first requirement.

### B.     Substantial Ground for Difference of Opinion

Section 1292(b) requires the question presented to be subject to a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Questions that are raised for certification merely because "counsel disagrees on applicable precedent," or because a party "claim[s] that a district court has ruled incorrectly" do not qualify. *Halliburton Energy Servs., Inc. v. NL Indus.*, 2007 WL 268492, *11 (S.D. Tex. 2007); *DuPree v. Kaye*, 2008 WL 294532, *3 (N.D. Tex. 2008). Furthermore, courts have even found "a question of first impression, standing alone, [as] insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d at 284. The satisfaction of this requirement is reserved for "difficult and pivotal questions of law not settled by controlling authority." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005). Generally, substantial ground for difference of opinion is found where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *DuPree*, 2008 WL 294532 at *3 (citing 24 AM. JUR. 2D APPELLATE REVIEW § 123 (2007)).

The present case does not meet this requirement. Here, the parties merely dispute the application of precedent. In the course of the court's analysis, it considered dozens of cases that applied various facts to pierce the corporate veil under the alter ego theory—indeed, any analysis depends on the facts of each case. *Insituform Techs.,* 385 F.3d at 1380 (applying Fifth Circuit

5

Law); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, *11 (Del. Ch. 2008). The cases relied on have been consistently cited by a number of courts, and the court's analysis is consistent with such precedent. As such, the issue presented by the defendants does not meet this second requirement.

### C. Materially Advance the Ultimate Termination of the Litigation

Finally, certification requires that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As discussed above, under either of the two general avenues that an appellate court may take, disposition would not materially advance the ultimate termination of the litigation. Were the appellate court to agree with the defendants and remand the case, the court would be faced with re-analyzing standing, first, under the fraud standard and, second, under the unaddressed, alternative theories. On the other hand, were the appellate court to agree with the defendants and conduct its own inquiry, there is no indication that this approach would advance the ultimate termination of the litigation given the alternative theories. For these reasons, the issue presented by the defendants does not meet this final requirement.

### D. Reconsideration

Finally, the court denies the defendants' alternative request for reconsideration. The court is not persuaded that its analysis contains a manifest error of law. Motions to reconsider serve a very limited purpose: "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *see Crouch v. J.C. Penney Corp., Inc.*, 564 F. Supp. 2d 636, 640 (E.D. Tex. 2008).

The court's reliance on *Pauley Petroleum, Inc. v. Continental Oil Co.*, 239 A.2d 629 (Del. 1968), is consistent with precedent. *See, e.g., Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 206 (5th Cir. 1995); *EBG Holdings LLC v. Vredezicht's Gravehage*, 2008 WL 4057745, *11 (Del. Ch. 2008); *ASARCO LLC v. Ams. Mining Corp.*, 396 B.R. 278, 320 (S.D. Tex. 2008); *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 407-08 (D. Del. 2002). In their briefing, the defendants do not point to any case that negates the validity of *Pauley*, nor that negates the flexible approach adopted by the great weight of Delaware authority, allowing a court to pierce the corporate veil in instances of fraud *or* injustice. *See Mabon, Nugent & Co. v. Tex. Am. Energy Corp.*, 1988 WL 5492, *3 (Del. Ch. 1988); *Harco Nat'l Ins. Co.*, 1989 WL 110537 at *4; *Sprint*, 2008 WL 2737409; *Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, 2004 WL 415251, *7 (Del. Ch. 2004); *Fitzgerald v. Cantor*, 1998 WL 842316, *2 (De3l. Ch. 1998); *ASARCO*, 396 B.R. at 320. Furthermore, to the extent that the court did make a factual error in its original order, by inadvertently misstating the SEC filing, correction of this error does not alter the court's holding.

**IV. Conclusion**

For all the foregoing reasons, the court denies the defendants' motion for certification of order for interlocutory appeal (Dkt. No. 147). The court is not persuaded that the issue presented for appeal meets the requirements of 28 U.S.C. § 1292(b)—it does not involve a controlling question of law to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of the litigation. Finally, the court denies the defendants' alternative request for reconsideration as there is no manifest error of law.

SIGNED this 24th day of June, 2009.

*/s/ Charles Everingham IV*
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE