**E-FILED on** __10/15/10__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE LLC,<br><br>　　　　Plaintiff,<br>　　v.<br><br>GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH &MEDIA, INC., and LYCOS INC.,<br><br>　　　　Defendants. | No. C-08-03172 RMW<br>No. C-10-03723 RMW<br><br><br>ORDER DENYING MOTION TO STAY PENDING REEXAMINATION<br><br><br>**[Re Docket No. 169]** |
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH &MEDIA, INC., and LYCOS INC.,<br><br>　　　　Counter-Claimants,<br>　　v.<br><br>L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE LLC, and SITE TECHNOLOGIES, INC.,<br><br>　　　　Counter-Defendants. | |

1  Google Inc. ("Google"), AOL LLC ("AOL"), Yahoo! Inc. ("Yahoo!"), and Lycos, Inc.
2  ("Lycos") move for the court to stay this action pending reexamination of U.S. Patent No. 5,544,352
3  ("'352 Patent"), U.S. Patent No. 5,832,494 ("'494 Patent"), and U.S. Patent No. 6,233,571 ("'571
4  Patent").  For the reasons set forth below, the court denies the motion if plaintiff Software Rights
5  Archive ("SRA") elects to narrow its claims in accordance with this order.

## I. BACKGROUND

On November 21, 2007, SRA filed suit against Google, AOL, Yahoo!, IAC Search & Media, Inc. ("IAC"), and Lycos in the Eastern District of Texas, alleging infringement of the '352 Patent, the '494 Patent, and the '571 Patent.  On July 1, 2008, Google, AOL, Yahoo!, IAC,[1] and Lycos filed suit against L. Daniel Egger, SRA, and Site Technologies, Inc. ("Site Technologies") in the Northern District of California, seeking declaratory judgment of non-infringement and invalidity of the '352 Patent, the '494 Patent, and the '571 Patent, among other claims.  On August 22, 2009, the court dismissed Egger as a defendant and stayed the Northern District of California action pending resolution of the case in the Eastern District of Texas or a decision by that court to transfer the action to the Northern District of California.  Upon learning that the Texas case had been transferred to the Northern District of California, the court lifted the stay on August 19, 2010.  The court has related and consolidated the two actions, realigning SRA as the plaintiff and Google, AOL, Yahoo!, IAC, and Lycos as defendants.

In May 2010, Google submitted requests for *ex parte* reexamination of each of the patents in suit to the United States Patent and Trademark Office ("USPTO").  *See* Dkt. No. 169 Exs. G, H, I.  In late July and early August, the USPTO granted the requests for reexamination.  *See* Dkt. No. 169 Exs. J, K, L.  Defendants now seek a stay of the case pending reexamination of the patents in suit.

## II. ANALYSIS

At the hearing on October 1, 2010, SRA indicated that it would be willing to narrow its claims if the court denied the motion to stay, and defendants indicated that they were willing to be bound by the results of the reexamination proceedings to some extent if the court granted the motion

---

[1] IAC and SRA have settled their dispute, and IAC has voluntarily dismissed its claims against SRA and Site Technologies.  *See* Dkt. No. 145.

to stay. The court permitted the parties to submit supplemental briefing on SRA's proposal for narrowing of claims and defenses if a stay were denied and defendants' proposal for conditions of a stay if one were granted. Having considered the parties' proposals and responses thereto, the court denies the motion for a stay if SRA elects to accept the following conditions:

1. Within 15 days of this order, SRA shall narrow its asserted claims to 20.

2. Within 30 days of this order, defendants shall narrow their invalidity contentions to 3 anticipatory references and 3 obviousness combinations per claim.

3. Within 10 days after a claim construction order has been issued, SRA shall narrow its asserted claims to 10 per defendant (no more than 12 total).

4. Within 15 days after a claim construction order has been issued, defendants may amend their invalidity contentions to substitute new anticipatory references or obviousness combinations upon a showing of good cause. To establish good cause, defendants must show why the court's claim construction requires amendment of their invalidity contentions.

Although not a condition for the denial of a stay, SRA and defendants are expected to narrow their claims and defenses further than set forth in (1) through (4) above prior to trial.

A district court has discretion to stay proceedings pending reexamination of a patent by the USPTO. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). In determining whether to stay a case pending reexamination, courts consider the following three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical advantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

A. **Stage of Proceedings**

The stage of the proceedings in this case neither weighs strongly in favor of granting a stay, nor does it weigh strongly against granting a stay. On one hand, discovery is not yet complete, the parties have not yet filed their claim construction briefs, and no motions for summary judgment have been filed. On the other hand, this case has been pending for almost three years, and although no

trial date has been set in this consolidated action, a trial date had been set in the Texas action for May 2011. The court thus looks to the remaining factors to determine whether a stay is appropriate.

### B. Simplification of Issues

Staying the case pending reexamination has the potential to simplify the issues in this case. The USPTO's *Ex Parte* Reexamination Filing Data, as of June 30, 2010, shows that 77% of reexaminations result in some claims being cancelled or amended. *See* Dkt. No. 169 Ex. N. However, all claims are cancelled only 12% of the time. *See id.* Based on these statistics, it does not appear very likely that the USPTO will cancel all of the 64 currently asserted claims. Moreover, with respect to those claims that survive reexamination, defendants argue that they should not be bound by the results of the reexamination unless SRA agrees to forgo its right to an examiner interview and that they should still be permitted to argue obviousness based on the combination of prior art references that were submitted for reexamination with prior art that was not submitted. Consequently, the court finds that if SRA is willing to accept the narrowing of claims set forth above, this would streamline the case and simplify the issues far more than staying the case pending reexamination.

### C. Undue Prejudice or Clear Tactical Advantage

SRA asserts that defendants have engaged in gamesmanship to gain a clear tactical advantage. Google submitted its requests for reexamination in May 2010. According to SRA, Google could have sought the reexams by January 2009. However, the mere fact that defendants did not submit requests for reexamination until May 2010 does not, by itself, suggest gamesmanship.

SRA contends that a stay would cause it undue prejudice. The only prejudice that SRA points to is based on the delay inherent in granting a stay. Because the average reexamination takes a little over two years, *see* Dkt. No. 169 Ex. N, SRA argues that granting a stay pending reexamination would result in loss of institutional knowledge regarding the accused systems, fact witnesses becoming inaccessible, faded witness memories, and technology relevant to the case becoming outdated. However, "the delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *SKF Condition Monitoring, Inc. v SAT Corp.*, 2008 WL 706851, at *6 (S.D. Cal. Feb. 27, 2008).

Although SRA has not established that it would suffer undue prejudice or that defendants would gain a clear tactical advantage from a stay, it appears that the primary benefit of a stay – simplification of the issues – would be better realized from an immediate narrowing of the claims and defenses, followed by further narrowing after claim construction.

### III.  ORDER

For the foregoing reasons, the court denies defendants' motion to stay this action pending reexamination if SRA elects to accept the following conditions and files a notice of its acceptance with the court within 5 days of this order:

1. Within 15 days of this order, SRA shall narrow its asserted claims to 20.
2. Within 30 days of this order, defendants shall narrow their invalidity contentions to 3 anticipatory references and 3 obviousness combinations per claim.
3. Within 10 days after a claim construction order has been issued, SRA shall narrow its asserted claims to 10 per defendant (no more than 12 total).
4. Within 15 days after a claim construction order has been issued, defendants may amend their invalidity contentions to substitute new anticipatory references or obviousness combinations upon a showing of good cause.  To establish good cause, defendants must show why the court's claim construction requires amendment of their invalidity contentions.

The court hereby schedules a case management conference for November 19, 2010 at 10:30 a.m. The parties are to file a joint case management statement no later than November 12, 2010.

DATED:     10/15/10

RONALD M. WHYTE
United States District Judge