1 | [SEE SIGNATURE BLOCKS FOR COUNSEL]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| SOFTWARE RIGHTS ARCHIVE, LLC | No. C-08-03172 RMW |
|---|---|
| Plaintiff, | No. C-10-03723 RMW |
| v. | |
| GOOGLE, INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS INC., | **SOFTWARE RIGHTS ARCHIVE, LLC'S MOTION TO COMPEL LELAND STANFORD JUNIOR UNIVERSITY TO RESPOND FULLY TO RULE 45 SUBPOENA** |
| Defendants. | |
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS INC., | DATE: December 14, 2010 TIME: 10:00 AM CTRM: 5, 4th Floor JUDGE: Hon. Patricia V. Trumbull |
| Counter-Claimants, | |
| v. | |
| L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE LLC, and SITE TECHNOLOGIES, INC., | |
| Counter-Defendants. | |

Software Rights Archive, LLC ("SRA") moves to compel Leland Stanford Junior University ("Stanford") to respond fully to SRA's Rule 45 Subpoena requesting documents.

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
1

193770.1

## I. FACTS

On July 1, 2010, SRA served Stanford with a subpoena for documents. *See* <u>Exhibit 1</u>. The subpoena contained seven specific requests, the first five of which related to five patents assigned to Stanford by Google employees, and all of which explicitly cite at least one of the three Egger patents-in-suit. The sixth request sought documents discussing Mr. Egger, his patents, patent applications and publications. Finally, the seventh targeted request related to agreements between Stanford and Google and its co-founders Lawrence Page and/or Sergey Brin.

Prior to serving the subpoena, SRA's counsel tried to contact Ms. Lauren K. Schoenthaler, who had been identified as the appropriate attorney in Stanford's legal department, to discuss the outlines of the proposed subpoena, to determine whether any agreements could be reached on the scope of the subpoena, and whether Stanford would accept service without further delay and expense. Neither Ms. Schoenthaler nor any other Stanford representative ever responded, so SRA effected service of the subpoena. SRA's counsel made another attempt to discuss the subpoena with Stanford's in-house counsel after receiving confirmation that the subpoena had been served. Again, SRA received no response.

On July 15, 2010, Stanford responded, represented by the same counsel that also represent Google and AOL in this suit. Stanford served multiple objections to the subpoena, essentially objecting to all of the requests on various boilerplate grounds, and stating that "subject to" its multiple objections it would produce "available, non-public, non-privileged documents." *See* <u>Exhibit 2</u>. No explanation was given for Stanford's interpretation of the phrase.

Finally, after months went by without actual production, SRA's counsel indicated that a motion to compel was imminent. Stanford thereupon produced 109 pages, unaccompanied by a

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
2

193770.1

privilege log. SRA moves to compel a complete production on all seven requests.[1]

**II. Stanford's Objections are Not Valid because the Requested Discovery is Relevant.**

This case involves search technology. Stanford owns search technology and licenses it to Google. SRA contends that Google's activities also infringe three Egger patents-in-suit. The documents sought relate directly to critical issues in the suit. For example, during the application process for one of the Stanford patents (assigned to Stanford by Google founder Larry Page), the Patent Office cited the Egger '494 patent-in-suit as prior art justifying rejection of the application. The application had to be revised and narrowed to pass muster; it ultimately issued as U.S. Patent No. 6,285,999 ("the '999 Patent). The '999 Patent and four other patents assigned to Stanford all cite the Egger '494 patent-in-suit; those five patents are the basis of the first five Document Requests. The sixth Document Request asks for information relating to Daniel Egger, his patents, and publications. Finally, the seventh Document Request seeks all documents and things concerning any agreements between Stanford and Google, and/or its founders Larry Page and Sergey Brin. In particular, the seventh Request is designed to obtain the agreements and the documents indicating the value and importance the parties to those agreements placed upon the search technology that was conveyed and licensed back through those agreements—the same technology which, as practiced by Google, is accused of infringement in this suit..

Unfortunately, Stanford objected to all of the document requests on invalid grounds such as relevance. It also stated that any production was "subject to" the objections. Ultimately, in providing just 109 pages of documents, Stanford provided <u>no</u> internal memos, <u>no</u> evaluations of the alleged improvements of these five patents over the prior art, including the Egger patents-in-

---

[1] SRA's undersigned counsel conferred with Stanford's counsel a second time on November 4, 2010, this time outlining specific defects in the objections and obvious gaps in the production. Because of the long-outstanding requests, the breadth of the objections, and the extremely skimpy production, SRA has been forced to set this matter for hearing. If the parties reach any agreements in the next five weeks, SRA will of course notify the Court.

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
3

193770.1

suit, no letters or other correspondence, nor any other information on the prosecution of the five patents that cite the Egger patents-in-suit.

Such information is highly relevant. It relates to the understanding and appreciation of those practicing in the field, including Google principals such as Larry Page, of the significance of the Egger patents-in-suit. Information on the prosecution of the patents should also provide information relevant to secondary considerations. The requested information should also provide valuable evidence relating to the state of mind of Google principals and, in particular, to willful infringement. It also should provide evidence of the immense value of the infringing technology—evidence to be presented to the jury on damages.

Request No. 7, if answered faithfully, without evasions, is expected to provide information relevant to damages. Essentially, the Stanford/Google arrangement involved a license from Stanford to Google of search technology (which Stanford owned because it was developed at Stanford), with Stanford receiving cash plus ███ interest in Google. See Exhibit 3 at STF 0000028.[2] Subsequently, Stanford gave ███████████████ ███████. See Exhibit 4. According to public information, at the time of Google's initial public offering, Stanford's remaining ███ interest in Google was worth approximately $195 million. See Exhibit 5. However, despite this immense sum, Stanford has produced no internal memoranda, no evaluations of the value of the Google search technology which it owns, no letters or other correspondence to or from valuation experts, no accounting of its proceeds from royalties or Google stock sales, nor any other information relating to the value of Google's search technology. It defies belief that Stanford has never written a single word or created a

---

[2] Exhibit 3, part of Stanford's limited production, is an example of a license agreement that should also have been produced by Google over two years ago. It is one of thousands of documents that Google has withheld. Google's misconduct, which has forced SRA to file multiple motions to compel, demonstrates why this lawsuit merits "exceptional case" status under 35 U.S.C. § 285.

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
4

193770.1

single document, other than the license agreements themselves, discussing the value of that technology (and it similarly defies belief that Stanford would have destroyed all those documents). Similarly, it defies belief that there are no documents whatsoever regarding the negotiation and amendment of any of these agreements (in all, there are at least ▮ agreements or amendments thereto beginning in 1998), not even an explanation as to why, when or how Stanford's ownership stake in Google was set at ▮. It defies belief that there are no documents as to how Stanford ever valued its interest in Google, which it received in return for licensing search technology back to Google. Similarly, although Stanford has produced one document showing that ▮ nor any documents relating to the decision. The value of the compensation provided by Google to Stanford for the search technology license is highly relevant. All of these documents are responsive to Request No. 7 and relevant for discovery purposes.

Finally, Stanford's comment that it will produce only non-public documents leaves large gaps in the production. SRA fears that its view of what is "public" and Stanford's view are quite different. If Stanford has responsive documents, they should be provided. SRA should not be forced to search for documents readily available to Stanford.

### III. Conclusion

SRA is entitled to production of all requested documents. The objections, other than attorney-client privilege and work product, should be overruled, and Stanford ordered to produce all responsive documents within ten days, along with a privilege log.

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
5

193770.1

Respectfully submitted,

*[signature]*

Lee L. Kaplan (Texas Bar No. 11094400)
Jeffrey A. Potts (Texas Bar No. 00784781)
Raj Duvvuri (Texas Bar No. 24054185)
(admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
Email: lkaplan@skv.com

Jay D. Ellwanger (California Bar No. 217747)
Victor G. Hardy (Texas Bar No. 00790821)
Chester J. Shiu (Texas Bar No. 24071126)
(admitted *pro hac vice*)
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2630
Facsimile: (512) 539-2627
Email: jellwanger@dpelaw.com

Thomas F. Smegal, Jr. (California Bar No. 34,819)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 217-8383
Facsimile: (415) 399-0593
Email: tomsmegal@smegallaw.com

Attorneys for Software Rights Archive, LLC

**CERTIFICATE OF CONFERENCE**

SRA's counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The personal conferences required by the Rule have been conducted. The date of the last conference was November 4, 2010. The attorneys for Stanford agreed to consider the requests and the potentially missing documents but made no commitments. There remain multiple open issues for this Court to resolve.

*[signature]*

Lee L. Kaplan

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
6

193770.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 5th day of November, 2010.

_____
Lee L. Kaplan

SRA'S Motion to Compel Leland Stanford Junior University
to Respond Fully to Rule 45 Subpoena
CASE NO. 08-CV-3172-RMW-PVT and 10-CV-3723-RMW-PVT
7

193770.1