**E-FILED on** 12/16/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LITIGATION | No. C V 08-03172 RMW<br><br>ORDER DENYING MOTION TO DISMISS FOR LACK OF STANDING<br><br>**[Re Docket No. 227]** |

Defendants Google Inc., Yahoo! Inc., AOL LLC, and Lycos, Inc. move to dismiss this action for lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Daniel Egger, a named inventor of the asserted patents, acquired rights to United States Patent Nos. 5,544,352; 5,832,494; and 6,233,571 in 1998. Egger then created Software Rights Archive, Inc. and assigned the asserted patents to that entity. In February 2007, Software Rights Archive, Inc. signed a binding letter of intent with Altitude Capital Partners L.P. The agreement described in that letter would provide Software Rights Archive, Inc. with funding to enforce the asserted patents, but would give Altitude Capital Partners "control of all settlement, litigation, enforcement and licensing decisions." In preparing to implement this agreement, Egger converted Software Rights Archive, Inc. into Software Rights Archive, LLC–the plaintiff in this lawsuit.

ORDER DENYING MOTION TO DISMISS FOR LACK OF STANDING—No. C V 08-03172   RMW
MEC

In May 2007, Egger executed a "Membership Interest Purchase Agreement" on behalf of Egger Holdings, Inc. to sell Software Rights Archive, LLC to SRA LLC. SRA LLC is a wholly owned subsidiary of Patent River LLC, which is in turn funded by Altitude Capital Partners and several passive investors. The agreement granted SRA LLC "the sole and exclusive right, power and authority to manage and control all licensing, enforcement, settlement and other commercialization efforts with respect to [Software Rights Archive, LLC] and the Patents without prior consent or approval of" Egger, but also provided that Software Rights Archive, LLC would retain title to the patents, and that SRA LLC would "cause [Software Rights Archive, LLC] to be vested with sole and exclusive ownership and control over the Patents."

Plaintiff filed an infringement lawsuit in Texas on November 21, 2007. The vice president and general counsel of Altitude Capital Partners has testified that Altitude Capital Partners controls all litigation, enforcement, and licensing decisions in this lawsuit. Defendants now seek to have this case, brought by Software Rights Archive, LLC, dismissed for lack of standing contending that Altitude Capital Partners and/or its subsidiary SRA LLC, not Software Rights Archive, LLC, hold all substantial rights deriving from the asserted patents.

## II. ANALYSIS

### A. Standing

Standing to sue is a threshold requirement in every federal action, and the party bringing the action bears the burden of establishing that it has standing. *Sicom Systems, Ltd. v. Agilent Tech. Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). "The doctrine of standing . . . has both constitutional and prudential components." *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1313 (Fed. Cir. 2005). Under Article III of the Constitution, the constitutional component of standing requires the following elements: (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Patent Act bears directly on standing, and provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. 281 (2000). "However, if the patentee transfers all substantial rights under the patent, it amounts to an assignment and the assignee may be

1  deemed the effective patentee under 35 U.S.C. 281 for purposes of holding constitutional standing to
2  sue another for patent infringement in its own name." *Sicom Systems, Ltd.* at 976.  A person with no
3  substantial rights, on the other hand, has no legally recognized interest, does not have standing, and
4  cannot bring suit even if the patent owner is joined as a party.  *See Propat*, 473 F.3d at 1189.

5  In most patent infringement suits, plaintiffs that lack exclusionary rights fail to meet the
6  injury in fact requirement because they suffer no legal injury when a party makes, uses, or sells the
7  patented invention.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007).  In
8  addition, the prudential component of standing in a patent infringement case generally requires that a
9  patent owner be joined in any infringement suit brought by a licensee having fewer than all
10 substantial rights in the patent.  *Intellectual Property Development, Inc. v. TCI Cablevision of*
11 *California, Inc.*, 248 F.3d 1333, 1347-48 (Fed. Cir. 2001).

12 Defendants contend that plaintiff Software Rights Archive, LLC does not have sufficient
13 rights in the patents in question to have standing.  The court does not agree.  Although Section 5.4 of
14 the Membership Interest Purchase Agreement gave SRA LLC "the sole and exclusive right, power
15 and authority to manage and control all licensing, enforcement, settlement and other
16 commercialization efforts with respect to [Software Rights Archive, LLC] and the Patents without
17 the prior consent or approval of any Seller Party . . . .," Section 6.15 of the agreement provided that
18 SRA LLC would "cause [Software Rights Archive, LLC] to be vested with sole and exclusive
19 ownership and control over the Patents."  The court must interpret a contract in a way that gives
20 meaning to all of its terms, if possible.  *See McAbee Constr. Inc. v. United States*, 97 F.3d 1431,
21 1435 (Fed. Cir. 1996).  Thus, an interpretation that gives a reasonable meaning to all parts of the
22 Membership Interest Purchase Agreement is preferred to one which leave a portion of the agreement
23 inoperative, void, meaningless, or superfluous.  *See New Valley Corp. v. United States*, 119 F.3d
24 1576, 1580 (Fed. Cir. 1997).  In this case, the interpretation of the Membership Interest Purchase
25 Agreement that gives meaning to both Section 5.4 and Section 6.15 is that Section 5.4 transferred
26 only the control that Egger and his holding company had as the parent company of Software Rights
27 Archive, LLC to SRA LLC, and did not divest Software Rights Archive, LLC of any of the rights
28 attached to its patents.  This case is therefore distinctly different from *Enhanced Sec. Research, LLC*

*v. Juniper Networks, Inc.*, 2010 U.S. Dist. LEXIS 72745 (D. Del. July 20, 2010) and *Enhanced Sec. Research, LLC v. Cisco Sys.*, 2010 U.S. Dist. LEXIS 63831 (D. Del. June 25, 2010). In those cases, the purchase agreements which transferred the patents' exclusionary rights were between the parent company and the subsidiary that held the patents, not between two parent companies regarding their respective rights to control the subsidiary.

In addition, the mere fact that Software Rights Archive, LLC is the subsidiary of companies which exercise some or even significant control over it as the result of the corporate structure does not mean that Software Rights Archive LLC has transferred substantial patent rights to its parent companies. Software Rights Archive LLC holds all important rights in the asserted patents, and thus has standing in this case. The motion to dismiss is denied.

### III.  ORDER

For the foregoing reasons, the court denies defendants' motion to dismiss for lack of standing.

DATED:      12/15/2010

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge