UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LITIGATION | Case No.: C 08-03172 RMW (PSG)<br><br>**ORDER GRANTING-IN-PART DEFENDANT GOOGLE, INC.'S MOTION FOR A PROTECTIVE ORDER**<br><br>**(Re: Docket No. 462)** |

In this patent infringement suit, Defendant Google, Inc. ("Google") moves for a protective order to preclude, or at least limit in scope and duration, the depositions of Google Chief Executive Officer Larry Page ("Page") and Google President Sergey Brin ("Brin"). Plaintiff Software Rights Archive, LLC ("SRA") opposes the motion. Having reviewed the papers and considered the arguments of counsel, Google's motion for protective order is GRANTED-IN-PART.

Google argues that while Page and Brin are named co-inventors on a patent related to certain search algorithms, neither possess any unique knowledge in the case as is required by the law governing so-called "apex" depositions. Before subjecting Page or Brin to the harassment of a deposition, SRA should first take the depositions of other Google employees, including Cos Nicolaou, Jeff Dean, and Bill Coughran, all of whom may possess the information SRA seeks.

ORDER GRANTING-IN-PART GOOGLE'S MOTION FOR PROT. ORDER
Case No. 08-3172 RMW (PSG)     1

During the depositions taken so far, it has been established that the PageRank algorithm developed by Page and Brin was replaced as early as 1999. If SRA is entitled to depose Page and Brin immediately, the depositions should be sequenced so that the deposition of Page proceeds first. Only after Page's deposition has been completed, and SRA has shown that a deposition of Brin is warranted, should his deposition proceed. Even if SRA is permitted to depose Page and Brin at this juncture, the duration and scope of these depositions should nevertheless be limited to three hours.

SRA responds that it seeks to depose Page and Brin not to harass them but to discover specific and relevant facts uniquely within their knowledge. Page and Brin undisputedly created and developed a version of the PageRank algorithm at issue in this case. Page is widely considered a pioneer in link analysis technology and Page and Brin together co-authored the seminal paper on PageRank. In addition:

- Page is the named inventor on seven patents directed to PageRank and other link analysis technologies, all of which cite to one or more of the asserted patents;
- Page's first PageRank patent was initially rejected by the USPTO because of the '494 Patent (an asserted patent in this case);
- Google was funded by Sequoia Capital and Page worked with Defendant Yahoo! when Daniel Egger, the inventor of the asserted patents, disclosed his technology to Yahoo!;
- Page has direct knowledge of the search industry during the relevant time period;
- Page was involved in licensing negotiations for the patent for the PageRank algorithm;
- Page was one of two employees at Google at the time of the hypothetical negotiation of the '352 Patent (another asserted patent in this case) and one of fewer than ten employees at the time of the hypothetical negotiation of the '494 Patent;
- Google's discovery responses specifically reference Page and Brin's unique knowledge of the PageRank algorithms; and
- Google disclosed both Page and Brin as witnesses in the initial disclosures filed on November 14, 2008 in Texas and on December 29, 2008 in California.

Google's website states that PageRank is the "heart" of its software and that its system for ranking web pages was developed by Page and Brin. SRA has already deposed other Google employees, including Matthew Cutts, Aaron D'Souza, Nissan Hajaj, Evan Roseman, Amit Singhal and Yonatan Zunger, and none has provided the information SRA seeks from Page and Brin.

ORDER GRANTING-IN-PART  GOOGLE'S MOTION FOR PROT. ORDER
Case No. 08-3172 RMW (PSG)                                                                                          2

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied."[1] When the party seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may exercise its discretion under the federal rules to limit discovery.[2] In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.[3] Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition.[4] Additionally, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition."[5] A claimed lack of knowledge, by itself, is insufficient to preclude a deposition.[6] "Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery."[7]

Page and Brin are clearly high-level executives whose depositions must satisfy the "apex" requirements. But as discussed above, their positions alone do not shield them from their discovery obligations. SRA has shown that at least Page has unique knowledge of facts that cannot be secured by other less intrusive means of discovery. With respect to Brin, the undersigned is not yet convinced that he has unique and first-hand knowledge of the facts of this case, or that SRA has exhausted other less intrusive methods of discovery.

No later than November 18, 2011, Google shall make Page available for deposition. The

---

[1] *Websidestory, Inc. v. Netratings, Inc.,* C 06-408, 2007 WL 1120567 at *2 (S.D. Cal., Apr. 6, 2007).

[2] *See id.*; Fed. R. Civ. P. 26(b)(1) and (2).

[3] *See Websidestory, Inc.,* 2007 WL 1120567 at *2; *cf. Affinity Labs of Tex. V. Apple, Inc.,* No. C - 09-4436 CW, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (requiring showing that apex deponent has "unique first-hand, non-repetitive knowledge of facts at issue in the case" and that party seeking apex deposition "has exhausted other less intrusive discovery methods" to obtain the information that it seeks").

[4] *See Websidestory, Inc.,* 2007 WL 1120567 at *2.

[5] *Id.*

[6] *See id.*

[7] *Id.*

1 deposition shall last no more than three hours.[8]  If after taking Page's deposition, SRA can identify
2 topics that only Brin can address, it may file an appropriate motion with the court on an expedited
3 basis.  Unless and until such a motion is granted, no deposition of Brin is permitted.  All other relief
4 requested by Google is denied.

5 **IT IS SO ORDERED**.

6 Dated: October 19, 2011

7 *[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

[8]  *Cf. Google, Inc. v. American Blind & Wallpaper Factory,* Case No. 03-5340 JF (RS), 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006) (granting plaintiff limited deposition of Page based on his unique knowledge of changes to trademark policies); *Oracle Am., Inc. v. Google, Inc.,* Case No. 10-3561 WHA (DMR) (Docket No. 229) (granting plaintiff two-hour deposition of Page based on his unique knowledge of negotiations between Sun and Oracle and Google's decision to purchase Android).