1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **IN RE GOOGLE LITIGATION** | Case No. CV 08-03172 RMW<br><br>**[PROPOSED ORDER] AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER TO GOVERN THE PRODUCTION/INSPECTION OF SOURCE CODE AS TO GOOGLE** |

AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER TO GOVERN THE PRODUCTION/INSPECTION OF SOURCE CODE AS TO GOOGLE
CASE NO. CV 08-03172 RMW

1   The District Court of the Eastern District of Texas previously entered an Agreed Protective Order on August 5, 2009 (E.D. Tex. Dkt. No. 161) in this matter. Paragraph 9 of Dkt. No. 161 contemplated that the parties would jointly submit (if agreement could be reached) a supplemental protective order to govern the production/inspection of any source code in this matter. The parties reached agreement, and entered an Agreed Supplemental Protective Order on March 22, 2010 (E.D. Tex. Dkt. No. 250) to govern the production/inspection of any source code in this matter. The Agreed Supplemental Protective Order supplements but does not replace Dkt. No. 161. Plaintiff Software Rights Archive, LLC and Defendant Google Inc. have reached further agreement to amend the Agreed Supplemental Protective Order (Dkt. No. 250) as to Google, and this Agreed Amended Supplemental Protective Order As To Google shall govern the production/inspection of Google's source code in this matter. This Agreed Amended Supplemental Protective Order As To Google supersedes Paragraph 1, Sections (a), (d)(i), (g), (i), (j), and (k) of Dkt. No. 250, but does not replace any other provision of Dkt. No. 161 or Dkt. No. 250. Accordingly, to the extent any term, word, or phrase which was defined in Dkt. No. 161 or the non-superseded provisions of Dkt. 250 is also used in this Agreed Amended Supplemental Protective Order As To Google, the same definition for such term, word, or phrase from Dkt. Nos. 161 and 250 will also apply herein.

Google agrees to provide requested source code and data for inspection in the location and conditions specified herein regardless of how the Court rules with respect to any discovery motions pending as of October 12, 2011, including whether the Court allows Google to meet its discovery obligation by producing code via "live access" in a city designated by Google. In such case, the production in accordance with the procedures herein would supplement any order by the Court.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

(a) Access to a party's Source Code Material shall be provided only on three (3) "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet or be connected to any other computer or peripheral devices in order to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the three separate laptops on

which the source code is provided for inspection) ("stand-alone computers"). The three stand-alone computer(s) shall be available in a secured room at the same time. The producing party shall provide a reasonably comfortable work environment within the secured room, including maintaining a proper room temperature and providing power, lighting, a table or desk, a phone, and chairs. No cameras (including but not limited to cellular phones with camera functionalities), computers, laptops, or storage devices (including but not limited to floppy drives, portable hard drives, and zip drives) shall be permitted in the secured room where the stand-alone computers are made available. The standalone computer(s) may only be located, at the election of the receiving party, at the offices of the producing party's outside counsel or at an escrow facility pursuant to sub-section (k) below, unless otherwise mutually agreed to in writing by the producing party and the receiving party.

(d) The producing party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described below:

  (i) Google and AOL: The stand-alone computer(s) containing Google source code will contain the same exact source code held in one or more TrueCrypt files. Each laptop will have loaded on it a Linux Ubuntu 9.10 virtual machine running on VMWare Workstation 7.0 (including the grep and vi editor tools standard in linux) mounted with the TrueCrypt files. Following a reasonable request in writing by SRA identifying additional relevant source code, Google agrees to supplement the source code available on the stand-alone computer(s) within a reasonable time from the date of the request.

(g) Access to Protected Material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.,* not existing employees or affiliates of a party or an affiliate of a party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8(b) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161) ("Approved Consultants"). Source code may not be disclosed to in-house counsel. For each day that counsel for the receiving party requests a review of the stand-alone computers, it must give at least three business days (and at least 72 hours) written (including e-mail) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the stand-alone computers. The receiving party shall identify all individuals who will be given access to the source code at least ten (10) days prior to any inspection, after which time the producing party may object to providing source code access to any persons so identified. If an objection to an individual is made by the producing party, it will be the burden of the requesting party to prove that individual should be authorized to inspect the producing party's source code. A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the secured room to view the source code and when they enter and depart. Upon seeking to enter the source code inspection facility, each person approved for source code inspection must sign or initial a certification swearing that he/she will abide by the provisions of this Agreed Protective Order and that he/she is not bringing any prohibited devices identified in sub-section (a), above, into the secure room where the stand-alone computers and printed source code pages are made available pursuant to sub-section (j), below. Upon departing the source code

inspection facility, each person must sign or initial a certification swearing that he/she has not removed any printed source code pages from the secure room where the stand-alone computers and printed source code pages are made available except under the procedures set forth in sub-section (j), below. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log. A receiving party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(i) At the review, the receiving party may indicate to the producing party the lines of source code for which it seeks production. The receiving party shall request the production of only such portions as are reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case. If the producing party objects that the portions of the code that the receiving party has requested for production are not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the source code in question is not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims of invalidity in this case. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages on colored paper to the receiving party within five (5) business days and shall retain one copy set. The producing party shall Bates number and label "RESTRICTED CONFIDENTIAL – SOURCE CODE" any and all pages provided to the receiving party. If the producing party believes that the amount of code in the aggregate which the receiving party wishes to have printed during the duration of this case becomes excessive or overly burdensome, the producing party may object on this basis and seek Court intervention on this issue. Similarly, if the producing party believes that the number of consecutive pages of code that the receiving party wishes to have printed at any one time is excessive or overly burdensome, the producing party may object on this basis and seek Court intervention on this issue. The standard for resolving such disputes is whether the code requested for production satisfies the reasonably necessary standard set forth above. Should the requesting party request more than 30,000 pages to be printed over the duration of the litigation, Google may object and withhold production. The requesting party shall be entitled to seek Court resolution according to the reasonably necessary standard set forth above.

(j) Counsel for the receiving party may not make any copies– printed, electronic, or otherwise – of the printed source code; but counsel for the receiving party may request that the producing party make up to two (2) copies of printed source code (for a total of three (3) sets) for the receiving party's use where such use is limited by and subject to all applicable provisions of this protective order. The producing party shall maintain in the inspection location the original copies of checked-in pages for the purpose of preserving any notations made by the receiving party's consultants on the printouts. For purposes of clarification, and without limiting the foregoing, the receiving party may not

create, use, access, or receive electronic images, photographic images, or any other images, of the source code made from the paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology. All three (3) sets of source code printouts or photocopies, along with the three standalone computers described in sub-section (a), above, will be maintained in mutually agreed upon escrow facilities located at DBSi TekPark Facility, 9999 Hamilton Blvd., Breinigsville, PA, 18031, or another escrow facility as mutually agreed upon by the parties. From the source code printouts maintained in the escrow facilities, the requesting party may check out three (3) sets of up to 3500 unique pages of source code. The checked-out pages may be removed from the escrow facility and maintained according to the provisions of this sub-section and sub-section (k), below. No other pages may be removed from the secure room of the escrow facility where the printed source code copies are stored. The receiving party shall maintain a log of all checked-out copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under 8(a)-(b) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161). The log shall include: the date of check-out/check-in, the unique source code pages and number of copies checked in, the unique source code pages and number of copies checked out, the name of outside counselor Approved Consultant responsible for possession of each copy, and locations where the copies are stored. The requesting party shall provide 24-hour written notice to the producing party prior to checking-out or checking-in any source code pages. The producing party shall be entitled to have a person observe all check-out/check-in activity from the source code escrow facility and to receive a copy of the log. Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 12-17 of the August 5, 2009 Agreed Protective Order (Dkt. No. 161) in this matter; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location pursuant to sub-section k, below. The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order. The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

(k) If the receiving party's outside counsel or Approved Consultants obtain checked-out printouts or photocopies of Source Code Material, the receiving party shall ensure that such outside counsel or Approved Consultants keep the printouts or photocopies in a secured locked area in the offices of such outside counsel or Approved Consultants. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.,* a hotel prior to a Court proceeding or deposition), provided, however, that only outside counsel may transport source code outside of its offices and the locked container must remain with counsel at all times during transport.

**PURSUANT TO STIPULATION, IT IS SO ORDERED** that:

- The Agreed Supplemental Protective Order Governing The Production/Inspection of Source Code is amended as to Defendant Google Inc. as recorded above.
- The pending Motion to Supplement As To Google The Supplemental Protective Order To Govern The Production /Inspection Of Source Code (D.I. 507) is hereby rendered moot.

Dated: November 23, 2011

_____
Paul S. Grewal
United States Magistrate Judge