1

2

3

4                                             **E-FILED on**   11/23/2011

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12 IN RE GOOGLE LITIGATION           | No. C-08-03172 RMW

13                                          | ORDER DENYING DEFENDANT GOOGLE
INC.'S MOTION FOR RELIEF FROM

14                                          | NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

15                                          | **[Re Docket No. 573]**

16

17

18

19      Defendant Google Inc. ("Google") objects to the magistrate judge's order granting plaintiff's

20 motion for protective order dated October 31, 2011 (Dkt. No. 559). Specifically, Google objects to

21 the portion of the magistrate judge's order prohibiting it from seeking new standing-related

22 discovery. For the reasons set forth below, the court denies Google's motion for relief.

23      Google argues that the magistrate judge erred on two grounds: first, in finding that this

24 court's December 15, 2010 order denying Google's motion to dismiss resolved all standing disputes,

25 and second, in applying the wrong standard for jurisdictional discovery.

26      This court previously found that an agreement between plaintiff's parent companies did not

27 divest plaintiff Software Rights Archive LLC ("SRA") of any of the rights attached to its patents and

28 further stated:

ORDER DENYING DEFENDANT GOOGLE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE—No. C-08-03172 RMW
LJP

**United States District Court**
For the Northern District of California

1

2

3
> the mere fact that Software Rights Archive, LLC is the subsidiary of companies which exercise some or even significant control over it as a result of the corporate structure does not mean that Software Rights Archive LLC has transferred substantial patent rights to its parent companies.  Software Rights Archive LLC holds all important rights in the asserted patents, and thus has standing in this case.

4  Dkt. No. 296 ("December 15, 2010 Order") at 3-4.  Google argues that the court's holding assumes

5  parent company Altitude Capital Partners ("Altitude") properly observes the corporate form and

6  abides by the contractual language.  Google argues that its new discovery requests are directed to

7  whether that premise is true or whether Altitude exercises direct control of SRA's assets, including

8  the patents-in-suit.  The court has already found that parent-subsidiary control does not translate into

9  an assignment of substantial rights to the parent company, but Google appears to suggest that, if

10  Altitude has improperly wrested control of the patents from SRA, then the court must accept that

11  reality and decline to recognize SRA's rights.  However, without citing legal support for this theory,

12  Google has not presented grounds for new discovery that would disturb this court's finding that SRA

13  has standing.

14  Google next argues that the correct standard for allowing jurisdictional discovery is whether

15  "the jurisdictional facts are contested or more facts are needed," quoting *Laub v. U.S. Dep't of*

16  *Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  The magistrate judge's decision is consistent with this

17  standard, as it found that the December 15, 2010 Order clearly resolved whether SRA holds all

18  important rights in the asserted patents – in other words, no more facts are needed.  *Laub* confirms

19  that "[a] district court is vested with broad discretion to permit or deny discovery."  342 F.3d at

20  1093.  Notably, this is not the usual case in which a court, having denied jurisdictional discovery,

21  dismisses the case for lack of jurisdiction.  Rather, the court has found, after Google obtained

22  discovery and moved to dismiss, that jurisdiction exists and the case can go forward.

23  **ORDER**

24  For the foregoing reasons, the court denies Google's motion for relief.

25

26

27  DATED:  _____11/23/2011_____

28
*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge