UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| **IN RE GOOGLE LITIGATION** | Case No.: C 08-03172 RMW (PSG) <br><br> **ORDER GRANTING-IN-PART PLAINTIFF SOFTWARE RIGHTS ARCHIVE, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY KLEINER PERKINS** <br><br> **(Re: Docket No. 553)** |

In this patent infringement suit, Plaintiff Software Rights Archive LLC ("SRA") moves to compel the production of documents from non-party Kleiner Perkins Caufield and Byers ("KPCB"). KPCB opposes the motion. On December 6, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS-IN-PART SRA's motion to compel.

## I. BACKGROUND

On November 21, 2007, SRA filed suit against Google, Inc. ("Google"), AOL, Yahoo!, and others alleging infringement of certain patents related to research tools and methods for computer indexing, search and display of documents.[1]

---

[1] A comprehensive background of the case has been detailed in prior court orders, including the Order Regarding Discovery Motions dated January 27, 2011. *See* Docket No. 318.

Case No.: 08-3172 RMW (PSG)
ORDER GRANTING-IN-PART SRA'S MOTION TO COMPEL                                                      1

KPCB is a venture capital firm that invested in both Google and AOL. In light of KPCB's investments and the service of one of KPCB's general partners on Google's board of directors, SRA issued a subpoena to KPCB requesting no less than 34 categories of documents, including documents concerning:

- KPCB's consideration to invest and actual investment in Google.
- KPCB's consideration to invest and actual investment in AOL.
- KPCB's review and assessment of Google's web search technology in contrast to other competing technologies.
- KPCB's view of the development and/or evolution of Google's web search technology.
- KPCB's review and assessment of the strength, weakness, and overall performance of Google's technology related to web search.
- any valuations conducted by KPCB of PageRank and/or Google's link-based web search algorithms and any analysis of them to the success or potential success of Google's web search engine.
- any valuations conducted by KPCB of Google's technology licenses related to web search, such as the one with Stanford University, and any analysis as to the success or potential success of its web search engine or the company as a whole.
- Google's revenues and profits.

KPCB objects to the requests on the grounds that they impose an undue burden or expense.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control.[2] "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules."[3] Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)."[4] Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[5] "Relevant information

---

[2] Fed. R. Civ. P. 45(a)(1)(A)(iii).

[3] Fed. R. Civ. P. 45, Advisory Committee Notes (1970).

[4] Fed. R. Civ. P. 34(a).

[5] Fed. R. Civ. P. 26(b).

Case No.: 08-3172 RMW (PSG)
ORDER GRANTING-IN-PART SRA'S MOTION TO COMPEL  2

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] Discovery is subject to certain limitations, however, and is not without "ultimate and necessary boundaries."[7]

Under Rule 26, a court must limit the frequency or extent of discovery if it determines:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[8]

A nonparty commanded to produce documents and tangible things may serve objections to any of the documents or materials sought.[9] "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to a subpoena."[10] "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'"[11]

A nonparty withholding subpoenaed information on the grounds of privilege or otherwise subject to protection must serve a privilege log describing the nature of the documents withheld so that the other parties may assess the privilege or protection claimed.[12]

### III. DISCUSSION

KPCB objects to the document requests as unduly burdensome for two key reasons: (1) the

---

[6] *Id.*

[7] *Id.* at 680 (citing *Pacific Gas and Elec., Co. v. Lynch,* Case No. 01-3023 VRW, 2002 WL 32812098, at *1 (N.D. Cal. Aug. 19, 2002)).

[8] Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

[9] Fed. R. Civ. P. 45(c)(2)(B).

[10] Fed. R. Civ. P. 45(c)(1).

[11] *Exxon Shipping Co. v. U.S. Dept. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994).

[12] *See* Fed. R. Civ. P. 45(d)(2)(A)(ii).

Case No.: 08-3172 RMW (PSG)
ORDER GRANTING-IN-PART SRA'S MOTION TO COMPEL                3

document requests are overly broad; and (2) the document requests seek trade secrets, namely KPCB's internal methods for determining the relative value of various technologies and the investment potential of various companies. Based on SRA's motion to compel and the "signaling" of specific documents that SRA describes therein that it seeks, including documents related to any due diligence KPCB might have conducted in advance of its investment in Google on patent protection for Google's technology and whether Google infringed the patents of others, KPCB nevertheless undertook the following limited search:

> it searched emails dated during the six months preceding the Google investment for the five individuals most involved in the Google investment . . . . It searched for emails containing the word "Google" and at least one of the following words or phrases "patent," "patents," "patented," "intellectual property," and "IP." . . . . In addition, it searched for emails containing the word "Google" that have attachments, on the theory that this might produce documents containing reports or presentations obtained in the course of due diligence . . . . Finally, it searched for emails containing the phrase "search technology" (without limitation to Google).[13]

KPCB reports that no responsive documents whatsoever were located.[14] KPCB therefore concludes that notwithstanding its valid and appropriate objections to the document requests, "it appears that it simply does not have the documents which plaintiffs' [*sic*.] motion implies are the ones it is actually seeking."

SRA responds that KPCB's self-described efforts to conduct a search are, at best, half-hearted. SRA argues that KPCB undertook even this insufficient, limited search only after SRA moved to compel and has fallen far short of its obligations under the federal rules. SRA contends KPCB therefore should be compelled to conduct a more expansive search as specified by its 34 requests.

In balancing the parties' competing interests, as it must, the court cannot help but take note of the fact that Google and AOL are among the most publicly analyzed and discussed corporations

---

[13] *See* Docket No. 570 at 6.

[14] *See id.* KPCB says that one email was identified by its term search. A further review of the email however, showed that it was unrelated to either Google or AOL. KPCB further explains that the limited yield of its search efforts is understandable considering that: (1) KPCB has no systematic procedure for retaining documents related to due diligence conducted years ago, especially paper documents, and (2) KPCB transitioned its electronic documents to a new server in the intervening period.

Case No.: 08-3172 RMW (PSG)
ORDER GRANTING-IN-PART SRA'S MOTION TO COMPEL     4

of our day. While the views of an early investor might shed particular light on all the sources of Google and AOL's success other than the claimed invention, there is no shortage of such views from other, perhaps equally credible public sources, and SRA has offered nothing to explain what steps it has taken to consult these other sources before placing a third party under the duress of a subpoena. A broad search approaching anywhere near the full scope of all 34 of SRA's requests is thus inappropriate.

At best, KPCB's documents on three specific issues are significant enough to justify the burden and expense of their collection, processing, review, and production: (1) the extent to which Google and AOL's success is attributable to the particular component of the accused instrumentalities that SRA alleges infringes its patents; (2) prior art; and (3) knowledge of the patents-in-suit. To that end, while minimizing KPCB's burden and expense, the court looks to the pertinent portions of the Federal Circuit Advisory Council's Model Order on E-Discovery in Patent Cases.[15] Although the model order is directed to discovery from parties, its objective of appropriately scaling the burden of electronic document production to its legitimate benefit would appear as or more applicable to electronic discovery from non-parties like KPCB.

No later than December 16, 2011, SRA shall tender to KPCB a list of five search terms aimed at identifying documents from between January 1, 1999 and December 31, 2004 related to these three issues. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as Google or AOL's names or the names of the accused instrumentalities, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.,* "computer" or "system") broadens the search, and each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.,* "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should

---

[15] *Cf. DCG Sys., Inc. v. Checkpoint Techs, LLC,* No. C-11-03792 PSG, 2011 WL 5244356 (N.D. Cal. Nov. 2, 2011).

Case No.: 08-3172 RMW (PSG)
ORDER GRANTING-IN-PART SRA'S MOTION TO COMPEL                    5

SRA serve search terms beyond the limits agreed to by the parties or granted by the court pursuant to this paragraph, SRA shall bear all reasonable fees and costs caused by such additional discovery. No later than January 13, 2012, KPCB shall produce non-privileged, non-work product documents responsive to these terms from the email and electronic document files of the five persons most involved in the KPCB's investments in Google and AOL. By this same date, KPCB also shall confirm by appropriate declaration that it maintains no specific paper files regarding its investments in Google and AOL.

### IV.  CONCLUSION

SRA's motion to compel documents from non-party KPCB is GRANTED-IN-PART.

Dated:  December 7, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge