United States District Court
For the Northern District of California

**E-FILED on** 1/5/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LITIGATION | No. C-08-03172 RMW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO PRECLUDE, AND IMPOSING ALTERNATIVE SANCTIONS<br><br>**[Re Docket Nos. 355, 366, 451]** |

    Plaintiff Software Rights Archive, LLC ("SRA") moves to preclude defendants Google Inc. ("Google") and AOL LLC from making any argument based on the location of accused activities and to deem it established that all accused activities are performed in the United States. On July 8, 2011, Magistrate Judge Grewal issued a report and recommendation ("R&R") regarding SRA's motion. Dkt. No. 451. Judge Grewal found that Google had violated the court's January 27, 2011 order, which required Google to produce documents or an interrogatory response showing what accused activity is conducted inside and outside the United States. However, Judge Grewal recommended denying SRA's motion to preclude in favor of an order imposing alternative sanctions. On December 16, 2011, Judge Grewal issued an order on SRA's motion for clarification of the R&R that clarifies the recommended sanctions. Dkt. No. 614. Google objects to portions of the sanctions

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO PRECLUDE, AND IMPOSING ALTERNATIVE SANCTIONS—No. C-08-03172 RMW
LJP

recommended by the magistrate judge and requests certain revisions. SRA opposes Google's objections. For the reasons set forth below, the court hereby overrules Google's objections and adopts the report and recommendation in full.

First, Google objects to the recommendation to award fees and costs to SRA. Specifically, Google asks the court to specify what documentation SRA must submit and to allow Google to inspect SRA's billing statements and expert invoices to ensure that costs and fees are properly allocated. The court finds that the recommended sanctions are sufficiently clear in requiring SRA to file "all appropriate declarations detailing the fees and costs it has incurred." Moreover, since Google is permitted to file objections, the court can then address any alleged deficiencies in SRA's submission, without giving Google a preemptive right to inspect SRA's litigation-related records.[1]

Second, Google objects to the recommendation to require Google to make source code available for inspection at a location of SRA's choosing. Instead, Google asks the court to require SRA to conduct a live inspection at either Google's Mountain View or New York office. Google argues that live access is the only way to ensure that SRA has access to the code it seeks because SRA's infringement contentions do not provide Google enough guidance in identifying the relevant source code. Because of the sensitive nature of its source code, Google argues, live access would have to occur at one of its offices. SRA argues that live access would not provide all of the source code it seeks, and Google is arguing for significant restrictions on such live access, including providing only one terminal, redacting certain source code, and imposing supervision by Google engineers and staff. The court finds that Google has not justified the proposed deviation from the source code provisions of the parties' stipulated protective order. The parties may separately agree to use live access as an alternative to the procedures currently in place, but in light of SRA's objections to the method, the court will not independently allow Google to satisfy its obligations by making the subject source code available only through live access.

---

[1] It appears that the parties have already submitted papers addressing, at least in part, the fees and costs that are the subject of the R&R. *See* Dkt. Nos. 578, 593, 603.

**ORDER**

For the foregoing reasons, the court adopts the magistrate judge's report and recommendation in full. SRA's motion to preclude is denied. The court hereby orders the sanctions described in the report and recommendation (Dkt. No. 451 at 11), as clarified by the magistrate judge's December 16, 2011 order (Dkt. No. 614).

DATED: 1/5/2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge